UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-17361 (AIH) |
| | : | |
| RICHARD M. OSBORNE | : | CHAPTER 11 |
| | : | |
| Debtor. | : | Judge: ARTHUR I. HARRIS |

### LIMITED RESPONSE OF CHICAGO TITLE INSURANCE COMPANY TO RICHARD M. OSBORNE'S MOTION TO SELL TWO PARCELS OF REAL PROPERTY FREE OF ANY INTEREST OF ANY ENTITY OTHER THAN THE ESTATE

Now comes Chicago Title Insurance Company ("Chicago Title"), through undersigned counsel, and files this limited response to Richard M. Osborne's ("Debtor") Motion to Sell Two Parcels of Vacant Land on Concord Hambden Road, Permanent Parcel Nos. 08A0140000120 and 08A0140000390, Concord Township, Lake County, Ohio ("Property") Free of Any Interests of Any Entity Other Than the Estate [Doc. 109] ("Motion"). Chicago Title provides this Limited Response on the basis that the Debtor should provide evidence of fair market value, and because the allocation of sale proceeds to the oil and gas well (the "Mineral Rights") is high in relation to what the same entity, Rockefeller Oil Company LLC ("Rockefeller Oil") received to release mineral rights in another transaction. The Debtor should also provide an accounting of how the Debtor proposes to use the proceeds of sale of the Mineral Rights. The reasons for Chicago Title's Limited Response are set forth in more detail below.

1. **The allocation of the Mineral Rights for $300,000 is high compared to the amount Rockefeller Oil received to release mineral rights on another much more valuable parcel within the past several months.**

The Debtor's Motion proposes that in addition to the purchase of the two vacant parcels, Sommers Real Estate Group or its nominee ("Buyer") is also purchasing Mineral Rights from Rockefeller Oil, an entity owned 100% by the Debtor, for Three Hundred Thousand Dollars ($300,000.00). That proposed value assigned to the Mineral Rights is high in relation to a similar transaction Rockefeller Oil engaged in recently.

On March 29, 2018, Rockefeller Oil released mineral rights that it held in a much more valuable commercial property located at 8989 Tyler Boulevard in Mentor for Fifty Thousand Dollars ($50,000.00). That commercial property occupies 7.978 acres, and that property sold for $4,134,000. That property was much more valuable than the Property (vacant land) that is the subject of the Debtor's present Motion. The disparity in price between the two transactions is inexplicable. While the Property described in Debtor's present Motion is larger at 17.36 acres, it is not six times as large, as the valuations suggest; and the value of the commercial property in Mentor (sold for $4,134,000) is much greater than the property that is the subject of Debtor's present Motion (proposed sale for $400,000). The Debtor appears to be attempting to skew the allocation of the land purchase price to be lower and the Mineral Rights purchase price to be higher, in an apparent attempt to steer the maximum amount of funds into a non-bankrupt entity, which if true would not be appropriate.

2. **The Debtor should provide evidence of fair market value in situations where he is selling property to a private buyer.**

The Property was recently subject to a forced Sheriff's Sale in which the proposed purchase price was more than 25% greater than the current offer from the Buyer. A wholly owned entity of the Debtor attempted, less than a year ago, to buy the Property at the Sheriff's Sale for Five

Hundred Ten Thousand Dollars ($510,000.00). Sales prices at forced Sheriff's sales are generally for less than fair market value. Additionally, the real estate market has grown stronger since that proposed Sheriff's Sale. Now through an unforced private sale, the Debtor has a buyer willing to purchase the Property for Four Hundred Thousand Dollars ($400,000.00). This leads to questions regarding the true fair market value of the Property.

The Debtor should be required to provide sufficient evidence of the fair market value of both the Property and the Mineral Rights proposed to be sold to the Buyer. The Debtor must be required to provide that evidence to the Court and creditors to assess the reasonableness of the proposed sale.

3. **The Debtor should provide an accounting with respect to the disposition of the sale proceeds of the Mineral Rights.**

The Debtor discloses that an oil and gas well (the Mineral Rights) on the property are owned by Rockefeller Oil, an entity wholly owned by the Debtor. At a minimum, the shares or ownership units of that entity are property of the bankruptcy estate under 11 U.S.C. § 541(a)(1). Since the Debtor discloses that the Mineral Rights are being sold for $300,000, a substantial sum, the Debtor should provide an accounting for how he proposes to use those sale proceeds. The assets and income for Rockefeller Oil are determinative of the value of the Debtor's ownership interest in that entity, which is property of the estate. Allowing the Debtor to freely liquidate assets of wholly owned non-bankrupt entities without any accountability would be inequitable to creditors and contrary to the provisions of the Bankruptcy Code.

Accordingly, Chicago Title requests that before any sale is approved, the Debtor should provide evidence of fair market value for the proposed sale, and an explanation as to the allocation of the land sale price and the Mineral Rights sale price. Additionally, the Debtor must be required to account for the liquidation of any assets of wholly owned entities of the Debtor, including Rockefeller Oil.

Respectfully submitted,

| KOEHLER FITZGERALD LLC | SIKORA LAW LLC |
|---|---|
| /s/ Robert D. Barr | /s/ Michael J. Sikora III |
| Robert D. Barr (0067121) | Michael J. Sikora III (0069512) |
| 1111 Superior Avenue East, Suite 2500 | George H. Carr (0069372) |
| Cleveland, Ohio 44114 | 737 Bolivar Road, Suite 270 |
| (216) 744-2739 (telephone) | Cleveland, Ohio 44115 |
| (216) 916-4369 (facsimile) | (440) 266-7777 (telephone) |
| rbarr@koehlerlaw.com | (440) 266-7778 (facsimile) |
| Co-counsel for Chicago Title Insurance Company | msikora@sikoralaw.com |
| | gcarr@sikoralaw.com |
| | Co-counsel for Chicago Title Insurance Company |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Limited Response of Chicago Title Insurance Company to Richard M. Osborne's Motion to Sell Two Parcels of Real Property Free of Any Interest of any Entity Other Than the Estate* was served on May 15, 2018, as follows:

**Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:**

Adam S. Baker, on behalf of Michael E. Osborne, Sr., at abakerlaw@sbcglobal.net

Robert D. Barr, Attorney for Chicago Title Insurance Company, at rbarr@koehler.law

Michael J. Sikora, III, Attorney for Chicago Title Insurance Company, at msikora@sikoralaw.com

Michael S. Tucker, Attorney for Citizens Bank, N.A., at mtucker@ulmer.com

Christopher J. Klym, Attorney for Ohio Department of Taxation, at bk@hhkwlaw.com

Matthew H. Matheney, Attorney for First National Bank of Pennsylvania, at mmatheney@bdblaw.com

Timothy P. Palmer, Attorney for The Huntington National Bank, at timothy.palmer@bipc.com

John J. Rutter, Attorney for Mentor Lumber & Supply Co., at jrutter@ralaw.com

Frederic P. Schwieg, Attorney for Richard M. Osborne, at fschwieg@schwieglaw.com

Jeffrey C. Toole, Attorney for Zachary B. Burkons, at toole@buckleyking.com

Maria D. Giannirakis ust06, United States Trustee, at maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35, United States Trustee, at Scott.R.Belhorn@usdoj.gov

Gregory P. Amend, Attorney for First National Bank of Pennsylvania, at gamend@bdblaw.com

Nathaniel R. Sinn, Attorney for First National Bank of Pennsylvania, at nsinn@bdblaw.com

Alison L. Archer, Attorney for Lakeland Community College, at
alison.archer@ohioattorneygeneral.com

David T. Brady, Attorney for Tax Ease Ohio, LLC, at DBrady@Sandhu-Law.com

Andrew M. Tomko, Attorney for Tax Ease Ohio, LLC, at atomko@sandhu-law.com


        /s/ Robert D. Barr
        Robert D. Barr (0067121)
        Counsel for Chicago Title Insurance Company