UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE RICHARD M. OSBORNE, SR.<br>*Debtor* | CASE NO. 17-17361<br>JUDGE ARTHUR I. HARRIS<br>CHAPTER 11 |

## MOTION OF DEBTOR FOR ENTRY OF AN AGREED ORDER AUTHORIZING USE OF CASH COLLATERAL WITH ERIE BANK AND GRANTING ADEQUATE PROTECTION

Richard M. Osborne, Sr. debtor and debtor-in-possession ("Debtor") moves the Court pursuant to sections 105(a), 361 and 363 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001, for entry of an order authorizing Debtor to utilize cash collateral and granting adequate protection ("Motion").

### BACKGROUND

On December 17, 2017 ("Petition Date"), Debtor commenced this reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Debtor is continuing in possession of its properties and assets and is operating and managing its businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in Debtor's chapter 11 case.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Prepetition Credit Agreements with Erie bank

The Debtor and one or more of his companies have loans outstanding with Eire Bank fka Lake National Bank ("Erie"). Exhibit A lists these loans. Three of these loans are with the Debtor or the Richard M. Osborne Trust ("Trust"), and are secured by the properties owned by the Debtor or the Trust listed on Exhibit B ("Loans" and "Properties"). On December 17, 2017

the Debtor revoked the Trust which caused the Trust's property to revest in the Debtor on that date. The Properties are therefore property of this bankruptcy estate.

Each of the Loans is secured by a mortgage and an assignment of rents on each of the Properties. The Debtor does not dispute the validity of Erie's loans or liens.

## RELIEF REQUESTED

By this Motion, Debtor seeks authority to use cash collateral generated from the Properties ("Cash Collateral") as that term is defined in section 363(a) of the Bankruptcy Code and provide adequate protection to Erie. In the usual course of his affairs the Debtor would be paying the Loans on a monthly basis.

## BASIS FOR RELIEF

Federal Rule of Bankruptcy Procedure 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 may not be commenced earlier than 15 days after service of such motion. Debtor's ordinary course operations generate Cash Collateral through the collection of rents. Erie asserts a security or ownership interest in Debtor' Cash Collateral that is generated as rents on the Properties.[1]

The monthly payment due Erie under each of the Loans includes an escrow for real estate taxes. In order to preserve the equity in the properties, the real estate taxes must be paid and the Loans must be paid to the extent the Cash Collateral permits.

As adequate protection for any interest in Cash Collateral which Eris has or may have, Debtor is willing to pay the rents collected from the Properties to Erie, with the proviso that Erie first pay the real estate taxes due on the Properties, and any excess amount being available to pay interest on Erie's Loans.

---

[1] Debtor reserves the right to challenge the validity, priority and perfection of all security interests asserted by any party in any assets of Debtor.

2
CLE - 1101989.1

17-17361-aih    Doc 172    FILED 06/18/18    ENTERED 06/18/18 10:12:10    Page 2 of 10

Section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2), and Erie has objected to any use of its Cash Collateral without an order from the Court.

WHEREFORE, for the foregoing reasons, Debtor respectfully request that this Court enter an Order, in the form attached hereto as Exhibit C, (i) authorizing Debtor's use of the Cash Collateral as set forth herein and granting Debtor such other and further relief as is just and equitable.

Respectfully submitted,
/s/ Frederic P. Schwieg
Frederic P. Schwieg, Esq.
Attorney at Law
2705 Gibson Dr
Rocky River OH 44116-3008
(440) 499-4506
fschwieg@schwieglaw.com
Proposed Attorney for Debtor-In-Possession

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion to Use Cash Collateral was electronically transmitted on or about the date filed via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list or was served by U.S. mail, postage prepaid, or certified mail on the persons below as indicated below.
Electronic Mail Notice List
The following is a list of the parties who are on the list to receive e-mail notice/service for this case:
**17-17361 Notice will be electronically mailed to the U.S. Trustee, and:**

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com;mtroha@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons

4

CLE - 1101989.1

rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;heberlein@buckleyking.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

Ordinary US Mail Service:
Treasurer-Lake County
PO BOX 490
Painesville OH 44077-0490

Lake County Prosecutor-Civil
PO BOX 490
Painesville OH 44077-0490

Ohio Department of Job & Family Services
Attn: Program Services/Revenue Recovery
P.O. Box 182404
Columbus, Ohio 43218-2404

Ohio Bureau of Workers' Compensation
Attn: Law Section Bankruptcy Unit
P.O. Box 15567
Columbus, Ohio 43215-0567

Ohio Attorney General
Collections Enforcement Section
attn Bankruptcy Staff
150 E Gay ST Fl 21
Columbus, OH 43215

                                              /s/ Frederic P. Schwieg
                                              Frederic P. Schwieg

| POC No | Date | Loan Date | Amount | Property Address | Value | Primary Debtor | Mortagor | Guarantor | Guarantor | Guarantor |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 | 2/6/18 | 1/9/08 | $183,383.91 | 5600 Vrooman Rd | $257,080.00 | RMO Trust/RMO | RMOT/RMO/Vrooman Road Devel. Ltd | | | |
| 12 | 2/15/18 | 1/15/13 | $74,975.00 | 9130-38 Tyler | $225,490.00 | 9130-38 Tyler Blvd LLC | 9130-38 Tyler Blvd LLC | RMO | RMOT | |
| 13 | 2/20/18 | 5/27/11 | $55,422.67 | 8724 Munson Rd | $104,420.00 | 2100 Lakeside LLC | Heisly Hopkins, LLC | RMO | RMOT | Heisly Hopkins, Inc. |
| 14 | 2/21/18 | 2/19/14 | $180,423.98 | 7319 Reynolds Rd | $247,670.00 | Route 306 Properties LLC | Route 306 Properties LLC | RMO | RMOT | Heisly Hopkins, Inc. |
| 15 | 2/21/18 | 7/29/09 | $62,628.10 | 7319 Reynolds Rd | $204,140.00 | RMOT | RMOT | RMO | | |
| 16 | 2/21/18 | 4/30/08 | $90,152.42 | 7317 Reynolds Rd | $145,960.00 | RMOT | RMOT/RMO | | | |
| 17 | 2/21/18 | 7/7/15 | $181,236.92 | 6271-6281 Tin Man Rd | $250,000.00 | RMO | Yellowbrick Storage LLC | | | |
| 18 | 2/21/18 | 8/18/14 | $12,577.03 | 2014 Dodge Ram | $22,725.00 | Osair, Inc. | Osair, Inc. | RMO | | |
| 19 | 3/2/18 | 8/23/16 | $783,559.96 | 6730-6738 Center St+ | $1,150,000.00 | Tatonka Oil Co LLC | Achievement LTD | RMO | | |



**EXHIBIT A**

| POC No. | Loan Date | Amount | Maturity Date | Current Interest Rate | Monthly Payment | Property Address | RE Tax prorated Monthly | Monthly Rent | Value |
|---|---|---|---|---|---|---|---|---|---|
| 11 | 1/9/08 | $183,383.91 | 3/1/2018 | | $1,950.79 | 5600 Vrooman Rd | $89.63 | $750.00 | $257,080.00 |
| 15 | 7/29/09 | $62,628.10 | 9/1/2014 | 6.50% | $967.62 | 11579 Girdled Rd | $410.91 | $900.00 | $204,140.00 |
| 16 | 4/30/08 | $90,152.42 | 6/1/2018 | | $665.75 | 7317 Reynolds Rd | $277.77 | $800.00 | $145,960.00 |

**EXHIBIT B**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE RICHARD M. OSBORNE, SR.<br>*Debtor* | CASE NO. 17-17361<br>JUDGE ARTHUR I. HARRIS<br>CHAPTER 11 |

## AGREED ORDER GRANTING MOTION OF DEBTOR FOR ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Before the Court is the Motion of Debtor for Entry of an Agreed Order Authorizing Use Of Cash Collateral with Erie Bank and Granting Adequate Protection [Doc. __] ( "Motion"), a hearing on the Motion ahveing been scheduled for the July ____ 2018 commencing at 11:00 AM; not party in interest having opposed the Motion the Court finds as follows:

1. it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409;

2. this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interests of Debtor, its estate, creditors, and other parties in interest;

3. adequate and proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary;

**EXHIBIT C**

Motion Cash Collateral EB

4. The Debtor and one or more of his companies have loans outstanding with Eire Bank fka Lake National Bank ("Erie"). Exhibit A to the Motion lists these loans. Three of these loans are with the Debtor or the Richard M. Osborne Trust ("Trust"), and are secured by the properties owned by the Debtor or the Trust listed on Exhibit B to the Motion ("Loans" and "Properties"). On December 17, 2017 the Debtor revoked the Trust which caused the Trust's property to revest in the Debtor on that date. The Properties are therefore property of this bankruptcy estate;

5. Each of the Loans is secured by a mortgage and an assignment of rents on each of the Properties. The Debtor does not dispute the validity of Erie's loans or liens; and

6. good and sufficient cause exists for the granting of the relief requested in the Motion as set forth herein. Accordingly,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Debtor is authorized to pay the rents collected from the Properties to Erie, with the proviso that Erie first pay the real estate taxes due on the Properties, and any excess amount being available to pay interest on Erie's Loans.

2. This Order shall be immediately effective and enforceable upon entry.

# # #

Prepared and submitted by:

/s/ Frederic P. Schwieg
Frederic P. Schwieg, Esq.
Attorney at Law
2705 Gibson Dr
Rocky River OH 44116-3008
(440) 499-4506
fschwieg@schwieglaw.com
Proposed Attorney for Debtor-In-Possession

Agreed to By:
/s/ Sctot Fink, Esq.
Scott D. Fink, Esq

2

CLE - 1101989.1

17-17361-aih    Doc 172    FILED 06/18/18    ENTERED 06/18/18 10:12:10    Page 9 of 10

Weltman Weinberg & Reis
965 Keynote Cir
Brooklyn Heights OH 44131
(216) 739-5644
Fax 739-5680
sfink@weltman.com