**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE RICHARD M. OSBORNE<br>*Debtor* | CASE NO. 17-17361<br>CHAPTER 11<br>JUDGE ARTHUR I. HARRIS |

## MOTION OF RICHARD M. OSBORNE, SR. DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH CHICAGO TITLE INSURANCE COMPANY AND TO ABANDON MEMBERSHIP INTERESTS IN LEIMCO ENTITIES

Richard M. Osborne, Sr. Debtor and Debtor in Possession ("Debtor"), moves the Court pursuant to 11 U.S.C. §§ 365(d) and 507 and Federal Rule of Bankruptcy Procedure 9019(a) for an order approving a settlement of a certain pre-petition claims with Chicago Title Insurance Company ("Chicago Title" and "Chicago Title Claim") and pursuant to 11 U.S.C. §554 for abandonment of the estate's ownership interests in Leimco Development Company LTD and Leimco Holding Company LLC.

### BACKGROUND

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a) and (e) and General Order 84 of the United States District Court for this District. This is a core proceeding in which the Court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(A),(B) and (O).

2. Prepetition, Chicago Title obtained a judgment against the Debtor and obtained a mortgage from Debtor and certain of the Debtor's entities and trusts and filed judgment liens against the Debtor and certain of the Debtor's entities and trusts in several counties, encumbering numerous parcels of real property owned by the Debtor and certain of the Debtor's entities and trusts..

3. Chicago Title filed proof of claim number 77 in the amount of $2,303,763.12 and proof of claim number 78 in the amount of $4,629,748.35 for a total of $6,933,526.47 ("Proofs of Claim"). The Debtor disputes that this is the correct amount owed but acknowledges that there is

-1-

some amount due Chicago Title and that the potential liability due Chicago Title is in excess of the amount that would be paid to Chicago Title in connection with the proposed compromise.

4.   Prepetition the Lake County Treasurer filed a foreclosure action *Lake County Treasurer v. Parcels of Land Encumbered with Liens (Leimco Dev) et al JPO* Case No. 16CF001346 in the Lake County Court of Common Pleas ("Leimco Case").  Chicago Title was named as a defendant in the Leimco Case because it held a mortgage against the property granted by the owner Leimco Development Company LTD ("Development" and the property that is the subject of the Foreclosure the "Leimco Property").  Development is an entity that was owned by the Richard M. Osborne Trust ("Trust"), but is now owned by the Debtor as a result of the revocation of that Trust.

5.   The City of Painesville claims assessments against the Leimco Property totaling nearly $2,000,000, exceeding the value of the Leimco Property.  In addition, considerable real property taxes are outstanding on the Leimco Property, and Home Savings Bank, which had other claims against the Debtor, the Trust and other entities owned by the Debtor and/or the Trust, held a mortgage against the Leimco Property.

6.   The Debtor and certain entities reached a settlement with Home Savings Bank, and as a result the mortgage held by Home Savings against the property was assigned to Leimco Holding Company LLC ("Holding"), an entity also owned by the Debtor.  Holding has no other assets other than the assigned mortgage from Home Savings, and because of the assessments set forth above there is no realizable value to the mortgage that it holds.

7.   On or about January 5, 2018 Chicago Title filed in the Leimco Case its Amended Answer, Counterclaim, Cross-Claim, and Third Party Complaint of Defendant Chicago Title Insurance Company ("Cross-Claim").

8. On March 26, 2014 the Debtor filed in this bankruptcy case a motion to show cause against Chicago Title for filing this Cross-Claim as a violation of the automatic stay [Doc. 84], but withdrew it on May 15, 2018 without prejudice [Doc. 147] as a result of negotiations with Chicago Title. Chicago Title had filed a Second Amended Answer, Cross-claim, and Third Party Complaint, asserting among other things, that Development was supposed to have paid off the Home Savings Mortgage and caused it to be released from the Leimco Property.

9. The parties to the Leimco Case have participated in extensive settlement communications over the past several months, including multiple Status Hearings with the Court in the Leimco Case, facilitated by the Judge presiding over that case. As a result of those communications, an agreement has been reached that is relatively complex and subject to certain specific contingencies that must be met in order for the resolution to be effective.

10. On April 2, 2018 this Court entered its Order Granting Motion of Richard M. Osborne to Sell a Parcel of Commercial Real Property Located at 7000 Fracci Court, Mentor OH Free of Any Interest of Any Entity Other Than the Estate [Doc. 88] ("Fracci Court Sale Order").

11. Chicago Title filed an objection to the motion to sell Fracci Court arguing that the property should not be sold in this case, but instead it should be sold at a foreclosure sale in a pending foreclosure case which was disclosed in the motion to sell. Chicago Title holds a judgment lien against that property (as was disclosed in the motion to sell). Chicago Title's interest in Fracci Court was transferred to the sale proceeds by the Fracci Court Sale Order.

12. The net proceeds from the sale of Fracci Court of $675,932.75 were deposited into a separate DIP Account at Huntington Bank ("Sale Proceeds")

13. On April 16, 2018 the Debtor filed his Motion of Richard M. Osborne to Sell Two Parcels of Real Property Located on Concord-Hambden Road, Concord Township Oh Free of Any Interest of Any Entity Other Than the Estate [Doc. 109] ("Concord Sale Motion"). On May 15, 2018 Chicago Title filed its

Limited Response of Chicago Title Insurance Company to Richard M. Osborne's Motion to Sell Two Parcels of Real Property Free of Any Interest of Any Entity Other Than the Estate [Doc. 152] ("Objection"). These matters remain pending as of the preparation of this Motion.

14. On June 8, 2018 Chicago Title filed its Motion for Order upon the Debtor, Richard M. Osborne, to appear for Examination Pursuant to Rule 2004(A) of the Federal Rules of Bankruptcy Procedure [Doc. 168] seeking an examination of the Debtor and over 100 related entities. On June 13, 2018 the Debtor filed his Objection to Motion for Order upon the Debtor, Richard M. Osborne, to Appear for Examination Pursuant to Rule 2004(A) of the Federal Rules of Bankruptcy Procedure and Request for Hearing [Doc. 171]. Chicago Title and the Debtor agreed to an order resolving this and setting the examination for August 27, 2018 ("2004 Exam").

### PROPOSED COMPROMISE

15. The Debtor requests that the Court approve as a compromise with Chicago Title for approximately $1.5 Million as described below. No funds will be disbursed from this estate but the ownership interests in Development and Holding will be abandoned from the estate. There is no value to these interests because the concessions being made by the City of Painesville described below in the Leimco Case would not be made available to Development.

16. In the Leimco Case, Development and Holding and the Debtor shall enter into an the Settlement Agreement and the Agreed Entry and Order Conveying the Leimco Property Free and Clear of Liens in substantially the forms attached hereto as Exhibit A ("Leimco Compromise") whereby the Leimco Property will be sold to a third party developer ("Purchaser") free of all liens, claims, and encumbrances for the expected sale amount of approximately $1.72 Million ("Leimco Proceeds"). The City of Painesville will release its assessments from portions of the Leimco Property and agree that portions of its assessments will be paid in the future in

-4-

connection with transactions involving the Purchaser and future third party purchasers of lots in the subdivision. The Purchaser would also donate portions of the Leimco Property to the City of Painesville for future road construction and related improvement projects. The outstanding real property taxes to Lake County would also be paid in full through the date of closing, and the Purchaser would be responsible for real property taxes moving forward. The Purchaser has no relationship to the Debtor, his companies, Holding or Development. As noted above the ownership interests in both Development and Holding will be abandoned to resolve any potential claim that relief or modification of the automatic stay is necessary for them to enter into the Leimco Compromise.

17. In return Chicago Title will release the Debtor and the estate from all claims against them (including any claim to the Fracci Court Sale Proceeds), cancel the 2004 Exam and withdraw its Objection to the Concord-Hambden sale. This will save the estate considerable legal fees and resolve $6,933,526.47 in claims against the estate without needing to use any property of the estate that has any value.

18. The Debtor believes the resolution described herein is fair and equitable considering (a) the risks and probability of success in the Leimco Case and in fully litigating Chicago Title's claims in the within bankruptcy case; (b) the potential for appeals; (c) the costs and expenses associated with litigation; (d) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (e) the value of the subject real estate described herein; and (f) the paramount interest of all creditors. *Se*e *Christo v. Padgett*, 223 F.3d 1324, 1335 (11th Cir.2000), *cert. denied*, 531 U.S. 1191, 121 S.Ct. 1190, 149 L.Ed.2d 106 (2001);*Jeremiah v. Richardson*, 148 F.3d 17, 23 (1st Cir.1998); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir.1996); *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In the Matter of Foster*

*Mortgage Corp.*), 68 F.3d 914, 917 (5th Cir.1995); *In re Flight Transp. Corp. Sec. Litig.*, 730

F.2d 1128, 1135 (8th Cir.1984) (outlining the factors to be considered in reviewing a proposed

compromise).

THEREFORE, the Debtor respectfully requests that this Court enter an order approving

the proposed compromise with Chicago Title, including abandonment of the Debtor's interests in

Leimco Development and Leimco Holding, subject to the proposed settlement and the

contingencies that must be satisfied in the Leimco Case.

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, OH 44116
(440) 499-4506
Fax: (440) 398-0490
fschwieg@schwieglaw.com
Counsel for Richard M. Osborne, Sr. Debtor and
Debtor in Possession

## <u>CERTIFICATE OF SERVICE</u>

A copy of this Motion to Compromise was served on the following on July 13, 2018 filed by Notice of Electronic Filing or email.

The following is a list of the parties who are on the list to receive e-mail notice/service for this case:
**17-17361 Notice will be electronically mailed to the U.S. Trustee, and:**

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com;mtroha@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;heberlein@buckleyking.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

Ordinary US Mail Service:
Eric Condon, Esq.
105 Main Street
P.O. Box 490
Painesville, Ohio 44077
Counsel for Plaintiff Lake County Treasurer

James M. Lyons, Esq.
240 East Main Street
Painesville, Ohio 44077
Counsel for City of Painesville

/s/ Frederic P. Schwieg
Frederic P. Schwieg

**SETTLEMENT AGREEMENT AND RELEASE**

 This SETTLEMENT AGREEMENT AND RELEASE ("Agreement"), effective on the last date executed below, is entered into by Chicago Title Insurance Company ("Chicago Title"); Richard M. Osborne, as an individual ("Osborne"); Leimco Development Company, Ltd. ("Leimco Development") and Leimco Holding Co., LLC ("Leimco Holding"). Chicago Title, Osborne, Leimco Holding, and Leimco Development are hereinafter referred to as "the Parties". This Settlement Agreement is intended by the Parties to effect the extinguishment of certain claims and causes of action running between the Parties, as hereinafter specified.

 WHEREAS, Leimco Development holds title to certain real property located on and/or off Jackson Street in the City of Painesville, Lake County, Ohio identified by the following five Permanent Parcel Numbers with the Lake County, Ohio Auditor's Office: 35A0010000010, 15C036H000310, 35A0010000040, 35A0010000110, and 35A0010000150 ("the Leimco Property").

 WHEREAS, on October 11, 2007, Leimco Development delivered a mortgage in favor of the Home Savings & Loan Company of Youngstown in the amount of $1,200,000 encumbering the Leimco Property ("Home Savings Mortgage"). The Home Savings Mortgage was recorded in the Lake County Recorder's Office on October 12, 2007 as Instrument No. 2007R035402.

 WHEREAS, on April 11, 2013, Citizens Bank, successor in interest by merger to Republic Bank f.k.a. Republic Savings Bank; Chicago Title; Richard M. Osborne, as Trustee of the Richard M. Osborne Trust; Osborne; Jon J. Pinney as Trustee of the Risman Trust GLP Acquisition LLC; Nathan Properties, LLC; The Rigrtona Trust U/T/A December 3, 2001; and Leimco Development entered into a certain settlement and release agreement, which is incorporated herein by reference (the "2013 Settlement"). Pursuant to the 2013 Settlement Leimco Development delivered a Cognovit Note in favor of Chicago Title in the face amount of $1,990,000 (the "Chicago Title Note") and a mortgage securing the Chicago Title Note that encumbered the Leimco Property (the "Chicago Title Mortgage"). The Chicago Title Mortgage was recorded in the Lake County Recorder's Office on April 11, 2013 as Instrument No. 2013R010778. Osborne and certain other Osborne entities and trusts agreed to additional terms and conditions in connection with the 2013 Settlement.

 WHEREAS, Osborne and Leimco did not timely make all payments to Chicago Title pursuant to the 2013 Settlement.

 WHEREAS, on May 18, 2017, Chicago Title filed a Complaint on the Chicago Title Note in Lake County Court of Common Pleas Case No. 17CV000816 and obtained a Judgment on the Chicago Title Note against Osborne and Leimco Development in the amount of $1,657,332.86 plus interest, attorneys' fees, late fees, and other charges due and owing (the "Cognovit Judgment").

 WHEREAS, on May 18, 2017, the Cognovit Judgment was secured against the Leimco Property by the filing of a Judgment Lien with the Lake County Clerk of Courts 17JL002688 in favor of Chicago Title in the amount of $1,657,332.86 (the "Chicago Title Judgment Lien 1").



EXHIBIT

A

WHEREAS, on September 29, 2017, the Cognovit Judgment was secured against the Leimco Property by the filing of a second Judgment Lien with the Lake County Clerk of Courts 17JL004165 in favor of Chicago Title in the amount of $1,657,332.86 (the "Chicago Title Judgment Lien 2").

WHEREAS, on September 25, 2017, Home Savings Bank, successor by merger to the Home Savings & Loan Company of Youngstown assigned the Home Savings Mortgage to Leimco Holding (the "Home Savings Assignment"). The Home Savings Assignment was recorded in the Lake County Recorder's Office on September 28, 2017 as Instrument No. 2017R026085.

WHEREAS, on August 16, 2016, The Lake County Treasurer initiated a foreclosure action against the Leimco Property for non-payment of property taxes, penalties, and assessments in Lake County Court of Common Pleas Case No. 16CF001346 (the "Leimco Case"). Leimco Development, Leimco Holding, and Chicago Title were named as party Defendants in the Leimco Case.

WHEREAS, on December 17, 2017, Osborne filed Chapter 11 Bankruptcy in the United States Bankruptcy Court Northern District of Ohio Case No. 17-17361 (the "Osborne Bankruptcy").

WHEREAS, on May 14, 2018, Chicago Title filed proof of claim no 77 in the Osborne Bankruptcy in the amount of $2,303,763.12 and proof of claim no 78 in the Osborne Bankruptcy in the amount of $4,629,748.35 for total claims in the amount of $6,933,526.47 in the Osborne Bankruptcy (the "Chicago Title Claim").

WHEREAS, on May 25, 2018, Chicago Title Filed its Second Amended Cross-Claim against Leimco Holding in the Leimco Case, among other things, challenging Leimco Holding's priority and the City of Painesville assessments and requesting that the Court distribute the proceeds from the sale of the Leimco Property to Chicago Title for partial satisfaction of the Chicago Title Claim.

WHEREAS, Osborne, Leimco Development, and Leimco Holding dispute the amount of the Chicago Title Claim, and assert that the Home Savings Mortgage is the first and best lien on the Leimco Property, after taxes, and superior to the Chicago Title Mortgage, Chicago Title Judgment Lien 1, and Chicago Title Judgment Lien 2.

WHEREAS, the Parties now desire to avoid the further expense, inconvenience, and distraction of litigation, to compromise and settle matters in controversy between them, and to effect a release of claims, which have been, might have been, and/or could have been asserted by or against each of them, upon the terms and conditions set forth hereafter.

THEREFORE, in consideration of the promises, covenants, and/or agreements contained herein, the Parties agree as follows:

1. **Recitals**. The Parties acknowledge that all of the WHEREAS clauses/Recitals preceding Paragraph 1 herein above are true and correct, and are incorporated herein as material representations intended to induce execution of this Agreement.

2. **Settlement Amount**. Osborne, Leimco Holding, and Leimco Development, jointly and severally agree that Chicago Title will be paid at least One Million Five Hundred Thousand and 00/100 Dollars ($1,500,000) (the "Settlement Payment") exclusively from the Leimco Property Sale, as that term is defined below, and Chicago Title agrees to accept the Settlement Payment as payment in full so long as all of the terms and conditions of this Agreement and the Agreed Entry and Order are strictly satisfied and complied with – time being of the essence

3. **Settlement Funds**. The Settlement Payment shall be funded exclusively by the following:

    a. **Leimco Property Sale**. The Parties shall enter into an Agreed Entry and Order consistent with the form attached hereto as Exhibit __ ("Agreed Entry and Order") and incorporated by reference herein to sell the Leimco Property in the Leimco Case (the "Leimco Property Sale"). The Parties anticipate that the Leimco Property will sell for $1,720,000 and that the sale of the Leimco Property will generate at least $1,500,000 in net proceeds to fund the Settlement Payment.

    b. **Jackson St. Property Transfer.** Upon the Parties' execution and submission of the Agreed Judgment to the Court that is presiding over the Leimco Case, Leimco Development shall acquire title to certain real property located at 1360 W. Jackson St., Painesville, Ohio 44077 PPN 11-A-016-B-00-016-0 (the "Jackson St. Property") so that the Jackson St. Property may be included in the Leimco Property to be sold free and clear of liens and encumbrances as defined by the Agreed Entry and Order. Chicago Title expressly agrees represents and warrants that Leimco Development's delivery of the Jackson St. Property free and clear of liens and encumbrances for inclusion in the Leimco Property Sale, will satisfy any remaining amounts owed by Osborne, Leimco Development, or Leimco Holding under this Agreement, so long as Chicago Title receives by no later than September 1, 2018 at least $1,400,000 from the sale of the Leimco Property not including the Jackson St. Property and all other terms and conditions of this Agreement are satisfied – otherwise this Agreement will be null and void and of no force and effect

    c. In the event that Chicago Title does not receive at least $1,400,000 from the sale of the Leimco Property (not including the Jackson St. Property) by no later than September 1, 2018, then this Agreement will be null and void and of no force and effect and may not ever be used by anyone for any purpose in any proceeding whatsoever.

    d. In the event the parties to the Leimco Case fail to execute and submit the Agreed Entry and Order to the Court that is presiding over the Leimco Case, Leimco

3

Development shall have no obligation to acquire title to the Jackson St. Property and this Agreement, the Agreed Entry and Order, and any and all other agreements related to this settlement and/or the Leimco Property Sale shall be null and void and of no force and effect and may not ever be used by anyone for any purpose in any proceeding whatsoever.

e. In the event that the Court that is presiding over the Leimco Case does not approve the Agreed Entry and Order and/or if any appeals are filed from the Agreed Entry and Order within thirty (30) days after the Agreed Entry and Order is filed, this Agreement, the Agreed Entry and Order, and any and all other agreements related to this settlement or the Leimco Property Sale shall be null and void and of no force and effect and may not ever be used by anyone for any purpose in any proceeding whatsoever.

4. **Osborne Bankruptcy Approval.** Osborne shall file a Motion to Compromise the Chicago Title Claim and for Abandonment in the Osborne Bankruptcy consistent with the form attached hereto as Exhibit __ and incorporated herein (the "Motion to Compromise"). In the event the Motion to Compromise is not granted by the Osborne Bankruptcy Court and/or if any appeal is filed after the Bankruptcy Court grants the Motion to Compromise, this Agreement, the Agreed Entry and Order, and any and all other documents associated with the Leimco Property Sale or Jackson St. Property Transfer shall be null and void and of no force and effect and may not ever be used by anyone for any purpose in any proceeding whatsoever.

5. **Osborne, Leimco Holding and Leimco Development Release of Chicago Title.** So long as all of the terms, conditions, and provisions of this Agreement are satisfied as set forth in this Agreement, Osborne, Leimco Holding, and Leimco Development, including their present and former affiliates, partners, officers, directors, shareholders, employees, agents, representatives, insurers, attorneys, predecessors, successors, heirs, and assigns, in consideration of the agreements and covenants contained in this Agreement, hereby RELEASES AND FOREVER DISCHARGES Chicago Title, Chicago Title's present and former parents, affiliates, subsidiaries, divisions, partners, officers, directors, shareholders, employees, agents, representatives, insurers, attorneys, predecessors, successors, and assigns, of and from any and all actions, suits, debts and sums of money, complaints, claims and demands, whatsoever, in law or equity, which Osborne, Leimco Holding, and Leimco Development ever had, now has, may have, or may claim to have in the future, whether known or unknown, arising out of, referenced therein and/or relating to the 2013 Settlement, Chicago Title Note, Chicago Title Mortgage, Cognovit Judgment, Chicago Title Judgment Lien 1, Chicago Title Judgment Lien 2, Leimco Property, Osborne Bankruptcy, Chicago Title Claim, and/or Leimco Case. Nothing contained herein shall be deemed to release Chicago Title from any of its agreements or obligations contained in this Agreement.

6. **Chicago Title Release of Osborne, Leimco Holding and Leimco Development.** So long as all of the terms, conditions, and provisions of this Agreement are satisfied as set

forth in this Agreement, Chicago Title, including its present and former affiliates, partners, officers, directors, shareholders, employees, agents, representatives, insurers, attorneys, predecessors, successors, heirs, and assigns, in consideration of the agreements and covenants contained in this Agreement, hereby RELEASES AND FOREVER DISCHARGES Osborne, Leimco Holding, Leimco Development, and their present and former parents, affiliates, subsidiaries, divisions, partners, officers, directors, shareholders, employees, agents, representatives, insurers, attorneys, predecessors, successors, and assigns, including, but not limited to: Martin Hathy, Nathan Properties, LLC, The Rigrtona Trust U/T/A December 3, 2011, and the Richard M. Osborne Trust, of and from any and all actions, suits, debts and sums of money, complaints, defenses, claims and demands, whatsoever, in law or equity, which Chicago Title ever had, now has, may have, or may claim to have in the future, whether known or unknown, arising out of, referenced therein or relating to the 2013 Settlement, Chicago Title Note, Chicago Title Mortgage, Cognovit Judgment, Chicago Title Judgment Lien 1, Chicago Title Judgment Lien 2, Leimco Property, Osborne Bankruptcy, Chicago Title Claim, and/or the Leimco Case. Nothing contained herein shall be deemed to release Osborne, Leimco Holding or Leimco Development from any of their agreements or obligations contained in this Settlement Agreement.

Upon receipt of the full Settlement Payment, Chicago Title, including its present and former affiliates, partners, officers, directors, shareholders, employees, agents, representatives, insurers, attorneys, predecessors, successors, heirs, and assigns, will execute and file documents necessary to satisfy the Cognovit Judgment and release of record the Chicago Title Mortgage, Chicago Title Judgment Lien 1, Chicago Title Judgment Lien 2, and Chicago Title Claim.

7. **Compromise Settlement.** It is understood and agreed that this Agreement is the compromise of disputed claims, and that the terms of settlement contained herein and the releases executed are not intended to be, and shall not be construed as admissions of any liability or responsibility whatsoever and each Party expressly denies any liability or responsibility whatsoever.

8. **Successors and Assigns.** The terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of, and shall be enforceable by the respective successors and assigns of the Parties.

9. **Applicable Law.** This Agreement shall be governed by and in accordance with the laws of the State of Ohio. The Parties agree that any action for breach of this Agreement must be brought in the courts of the State of Ohio. The Parties further agree that the Lake County Common Pleas Court, specifically the Court presiding over the Leimco Case will retain jurisdiction to enforce the provisions of this Agreement, if necessary. In the event of any litigation between one or more of the Parties concerning this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party its attorneys' fees and costs incurred at all levels in connection with all proceedings, including any appeals.

10. **Entire Agreement.** The Parties understand, covenant, and agree that the foregoing constitutes the entire Agreement and that there exists no other agreements, oral or written, between Osborne, Leimco Development, Leimco Holding, and/or Chicago Title, relating to any matters specifically addressed in this Agreement with the exception of the settlement documents referenced in this Agreement.

11. **Counterparts and Multiple Originals.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together constitute one and the same instrument. A facsimile version of a signature and/or an electronic image of a signature shall be deemed an original and shall be enforceable as if it is an original signature.

12. **Construction and Severability.** This Agreement will be construed and interpreted to effectuate the intent of the parties to resolve completely any and all claims and disputes related to Chicago Title Claim, subject to the going forward obligations of certain Parties as set forth in this Agreement and the settlement documents referenced in this Agreement. The drafting and negotiation of this Agreement has been undertaken by all Parties hereto. For all purposes, this Agreement shall be deemed to have been drafted jointly by all of the Parties hereto with no presumption in favor of one party over another in the event of any ambiguity. Any term or provision of this Agreement that is found to be ambiguous will not be construed against the drafter. If any provision of this Agreement is found to be invalid, void, and/or illegal, then any such provision will be construed and amended in a manner that would permit its enforcement, but in no event will any such provision affect, impair, and/or invalidate any other provision of this Agreement.

13. **Acknowledgement and Authority.** The Parties acknowledge that they have carefully read this Agreement and all of its terms and that they are fully satisfied, that they have had adequate time to review and consider this Agreement and to consult with legal counsel of their choice with respect thereto, and that they have entered into this Agreement voluntarily and of their own free will, and that they have authority to sign this Agreement and agree to all provisions contained herein. The Parties also acknowledge that they have had adequate time to investigate the matters resolved by this Agreement, and acknowledge that in entering into this Agreement, they are not relying on any representation, factual matter, promise, and/or commitment except as expressly set forth in this Agreement.

14. **Notices.** Any notices to be provided or arising from this Agreement shall be made by electronic mail and/or Federal Express standard overnight delivery to:

        CHICAGO TITLE:    Michael J. Sikora III
                                Sikora Law LLC
                                737 Bolivar Road, Suite 270
                                Cleveland, Ohio 44115
                                msikora@sikoralaw.com

OSBORNE:            Richard M. Osborne
                    7265 Markell Road
                    Waite Hill, Ohio  44094

                    Grant J. Keating
                    Jodi Tomaszewski
                    Dworken & Bernstein Co., LPA
                    60 South Park Place
                    Painesville, Ohio 44077
                    gkeating@dworkenlaw.com
                    jtomaszewski@dworkenlaw.com

LEIMCO
DEVELOPMENT:        Richard M. Osborne
                    7265 Markell Road
                    Waite Hill, Ohio 44094

                    Grant J. Keating
                    Jodi Tomaszewski
                    Dworken & Bernstein Co., LPA
                    60 South Park Place
                    Painesville, Ohio 44077
                    gkeating@dworkenlaw.com
                    jtomaszewski@dworkenlaw.com

LEIMCO
HOLDING:            Richard M. Osborne
                    7265 Markell Road
                    Waite Hill, Ohio 44094

                    Grant J. Keating
                    Jodi Tomaszewski
                    Dworken & Bernstein Co., LPA
                    60 South Park Place
                    Painesville, Ohio 44077
                    gkeating@dworkenlaw.com
                    jtomaszewski@dworkenlaw.com

**IN WITNESS WHEREOF**, the undersigned have set their hand on the dates noted hereunder.

        IN WITNESS WHEREOF, each of the Parties hereto has executed this Agreement on the

date set forth opposite his, her or its name below.

CHICAGO TITLE INSURANCE COMPANY

_____        _____

7

By: _____     Date

Its: _____

STATE OF _____          )

                                                     ) SS

COUNTY OF _____          )

       Before me, a Notary Public in and for said County and State, personally appeared _____, as _____ and authorized representative of Chicago Title Insurance Company, who acknowledged the execution of this document to be the free act and deed of the company and the individual so signing.

       In testimony whereof, I have hereunto set my hand and official seal this _____ day of July, 2017.

_____

Notary Public

My Commission Expires: _____

8

17-17361-aih     Doc 189     FILED 07/13/18     ENTERED 07/13/18 17:28:19     Page 16 of 26

_____          _____
RICHARD M. OSBORNE, Individually              Date


STATE OF OHIO                    )
                                 ) SS
COUNTY OF LAKE                   )

      Before me, a Notary Public in and for said County and State, personally appeared Richard M. Osborne, as an individual, who acknowledged the execution of this document to be his free act and deed.

      In testimony whereof, I have hereunto set my hand and official seal this _____ day of July, 2017.

                            _____
                            Notary Public

My Commission Expires: _____

9

LEIMCO DEVELOPMENT COMPANY, LTD.


By: _____     Date  _____
Its: _____


STATE OF _____          )
                                   ) SS
COUNTY OF _____           )

       Before me, a Notary Public in and for said County and State, personally appeared _____, as _____ and authorized representative of Leimco Development Company, Ltd., who acknowledged the execution of this document to be the free act and deed of Leimco Development Company, Ltd. and the individual so signing.

       In testimony whereof, I have hereunto set my hand and official seal this _____ day of July, 2017.


                                 _____
                                 Notary Public

My Commission Expires: _____

LEIMCO HOLDING COMPANY, LLC


By: _____     Date _____
Its: _____


STATE OF _____          )
                                    ) SS
COUNTY OF _____           )

     Before me, a Notary Public in and for said County and State, personally appeared _____, as _____ and authorized representative of Leimco Holding Company, LLC., who acknowledged the execution of this document to be the free act and deed of Leimco Holding Co. LLC. and the individual so signing.

     In testimony whereof, I have hereunto set my hand and official seal this _____ day of July, 2017.


                                            _____
                                          Notary Public

My Commission Expires: _____

11

IN THE COMMON PLEAS COURT OF LAKE COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| LAKE COUNTY TREASURER | : | CASE NO. 16CF001346 |
| | : | |
| Plaintiff, | : | JUDGE JOHN P. O'DONNELL |
| | : | |
| v. | : | |
| | : | |
| PARCELS OF LAND ENCUMBERED | : | |
| WITH DELINQUENT TAX LIENS, et al. | : | |
| | : | |
| Defendants. | : | |

## AGREED ENTRY AND ORDER CONVEYING
## REAL PROPERTY FREE AND CLEAR OF LIENS

This matter came before the Court on the agreement of the parties who, after litigating the issues in this case fairly extensively, and facing the prospect of a great deal of additional time-consuming and costly litigation, have agreed to resolve their differences—subject to the terms and conditions of this Agreed Entry and Order Conveying Real Property Free and Clear of Liens. By the signatures of their counsel and/or company representative(s) below, the parties and the Purchaser (as defined below) agree and consent to the terms of this Agreed Entry and Order. This is an agreement on the terms of the sale of six (6) parcels of land that are the subject of this case. Permanent Parcel Numbers 11A016B000160 and 35A0010000150 are encumbered by a Mortgage ("CT Mortgage") granted to and held by Chicago Title Insurance Company ("Chicago Title"), and those parcels are herein referred to as "Additional CT Encumbered Parcels." Permanent Parcel Numbers 35A0010000010, 35A0010000040, 15C036H000310, and 35A0010000110 are encumbered by special assessments and the CT Mortgage and are herein referred to as "City and CT Encumbered Parcels." The "Additional CT Encumbered Parcels" and the "City and CT Encumbered Parcels" shall hereinafter be referred to collectively as the "Leimco Property." The legal descriptions for the Leimco Property are attached as Exhibit 1.

{00188274-1}

Each of the parties herein agree that this Order shall not be an admission against interest and shall not be considered resolution of any other relief sought by the parties herein other than that specified in this Order; it is hereby:

**ORDERED** that the proposed sale of the Leimco Property to ProBuilt Homes Inc., ("Purchaser") be approved for the sale amount of $1,720,000.00 ("Transaction"); and it is further

**ORDERED** that the sale of the Leimco Property shall be free of all liens, claims, and encumbrances affecting title to the Leimco Property except the Special Assessments that are set forth herein, and the Recorder, Auditor, and Clerk of Courts of Lake County, Ohio, are authorized and directed to record a copy of this Order, which shall constitute a cancellation of all liens, claims, and encumbrances of record on the terms set forth in this Agreed Entry and Order; and it is further

**ORDERED** that the sale of the Leimco Property is without warranties of any kind and that the Leimco Property is being sold and transferred "As Is"; and it is further

**ORDERED** that the Purchaser of the Leimco Property shall pay all costs associated with the closing of the sale of the Leimco Property, except as set forth below; and it is further

**ORDERED** that the property taxes in the amount of One Hundred Thousand Four Hundred Eighty Dollars and Twenty-Two Cents ($100,480.22), which is the prorated amount of real property taxes through the closing date of September 1, 2018, will be paid in connection with the sale of the Leimco Property and from the proceeds of the sale of the Leimco Property; and it is further

**ORDERED** that existing special assessment on Permanent Parcel Nos. 35A0010000010, 35A0010000110, 35A0010000040, and 15C0364000310 shall be reduced to a special assessment on Permanent Parcel No. 35A0010000010 in the amount of $720,000.00, and that amount shall be entered by the Auditor on the tax duplicate for Permanent Parcel No. 35A0010000010 ("Special Assessment" and the "Assessment Parcel"). That Special Assessment is without interest and that Special Assessment is not due and payable with the general taxes on that Parcel. The $720,000.00 shall be paid at the rate of Five Thousand Dollars ($5,000.00) at the time of the closing of the sale of each individual residential sublot within the residential subdivision that is anticipated to be built on the Assessment Parcel ("Subdivision Lot Assessment Payment"). The Purchaser shall notify the Lake County Treasurer each time a sublot that is part of the Assessment Parcel sells. In the event that a residential subdivision of at least 100 lots is not built by December 31, 2028, then the $720,000.00 special assessment shall then be due and payable in full at that time. In the event that the City of Painesville approves a subdivision plat or plats that totals less than 144 lots, then the $720,000.00 Special Assessment (or the balance of the Special Assessment if payments have been made on it) shall then be satisfied by dividing $720,000.00 by the number of lots that are approved by the City of Painesville. (e.g. 120 lots would equal a payment of $6,000.00 per lot). The payment of the Subdivision Lot Assessment shall be due upon the sale by Purchaser (or the homebuilder) of each individual lot in the Windmill Estates

Subdivision to the buyer of the home constructed on each residential sublot on the Assessment Parcel. The Special Assessment Amount of $720,000.00 shall be reduced dollar for dollar by the amount that is paid for each Subdivision Lot Assessment Payment; and it is further

**ORDERED** that the City of Painesville will not be entitled to any other assessments on the Leimco Property conveyed other than as provided for in this Agreed Entry and Order; and it is further

**ORDERED** that the net sale proceeds at the closing of the sale of the Leimco Property shall be handled and disbursed as follows:

$1,720,000.00 Gross Sale Proceeds / Purchase Price of the Leimco Property
- $100,480.22 Real Property Taxes to Plaintiff prorated through September 1, 2018
- $100,000.00 Payment to City of Painesville for Special Assessments that are currently due and this payment is in addition to the $720,000.00 Special Assessment that is set forth above.
- $4,396.32 Court Costs payment to the Lake County Clerk of Court
- $1,515,123.46 Payment to Chicago Title Insurance Company
$ 0.00

It is further **ORDERED** that in order for Chicago Title Insurance Company to release its Mortgage and Judgment Lien from the Leimco Property, the Bankruptcy Court for the Northern District of Ohio in the bankruptcy case of Richard M. Osborne, Northern District of Ohio Case No. 17-17361-aih by August 8, 2018 must issue an Order stating that the Bankruptcy Court does not object to the Transaction described in this Agreed Entry and Order and grants the Motion to Compromise and for Abandonment between Richard M. Osborne and Chicago Title Insurance Company, and there must be no appeals from that Order or this Order—otherwise the terms of this Agreed Entry and Order will be null and void and of no force and effect; and it is further

**ORDERED** that in order for the City of Painesville to reduce its special assessments as is set forth in this Order, it must receive approval from the Painesville Township School District for a compensation agreement for a TIF District (that will include the Leimco Property and other land that the City deems necessary in this TIF District) that is acceptable to the City of Painesville and to the Painesville Township Schools on or before August 8, 2018, otherwise the terms of this Agreed Entry and Order will be null and void; and it is further

**ORDERED** that this Court shall retain jurisdiction to implement and enforce the provisions of this Order; and it is further

**ORDERED** that the Court finds the parties to this Order, as evidenced by the signatures of their representatives below and in order to maximize value from the sale, have agreed to waive their rights to appeal the entry of this Order and further agree to waive their right to appeal any subsequent entry by this Court of any order sustaining or otherwise confirming the entry of this Agreed Entry and Order; and it is further

**ORDERED** that the closing of the Transaction will take place on September 1, 2018, if all of the terms and conditions of this Agreed Entry and Order are satisfied and at least thirty (30) days have passed since the filing of this Agreed Entry and Order with this Court without an appeal filed and at least fourteen (14) days have passed since the filing of the Bankruptcy Court Order approving compromise and abandonment without an appeal filed; and it is further

**ORDERED** that Leimco Development Company, LTD, the current owner of the Leimco Property, will execute a Deed to convey the Leimco Property to Purchaser in the form attached hereto as Exhibit 2 ("Deed"), and Leimco Development Company, LTD shall provide that Deed to Emerald Glen Title Agency, Ltd. ("Emerald Glen") by no later than August 11, 2018 for Emerald Glen to hold in trust and to be recorded by Emerald Glen immediately following the closing of the Transaction on September 1, 2018. In the event the Transaction does not close by September 1, 2018, Emerald Glen shall immediately return the Deed to Leimco Development Company, Ltd.'s counsel; and it is further

**ORDERED** that the Mortgage in the principal amount of $1,200,000.00 from Leimco Development Company, LTD to The Home Savings and Loan Company of Youngstown, Ohio, Lake County Instrument Number 2007R035402, which encumbers the Leimco Property and was subsequently assigned to Leimco Holding Company, LLC, Lake County Instrument Number 2017R026085, shall be released as to the Leimco Property only ("Leimco Mortgage Release") as will the corresponding Judgment Lien as to the Leimco Property only ("Leimco Judgment Lien Release"). The executed Leimco Mortgage Release and the Leimco Judgment Lien Release will be provided to Emerald Glen by August 21, 2018, to be recorded by Emerald Glen immediately following the closing of the Transaction on September 1, 2018. In the event the Transaction does not close by September 1, 2018, then Emerald Glen shall immediately return the Leimco Mortgage Release and the Leimco Judgment Lien Release to Leimco Holding Company, LLC's counsel. The Leimco Mortgage Release to be used in connection with the Transaction is attached as Exhibit 3, and the Leimco Judgment Lien Release to be used in connection with the Transaction is attached as Exhibit 4; and it is further

**ORDERED** that the Mortgage granted to RBS Citizens, N.A. d/b/a Charter One recorded as Lake County Instrument Number 2014R014172, which encumbers the Leimco Property, shall be released as to the Leimco Property only ("RBS Mortgage Release"). The executed RBS Mortgage Release will be provided to Emerald Glen by August 21, 2018, to be recorded by Emerald Glen immediately following the closing of the Transaction on September 1, 2018. In the event the Transaction does not close by September 1, 2018, Emerald Glen shall immediately return the RBS Mortgage Release to RBS Citizens, N.A. d/b/a Charter One's counsel. The RBS Mortgage Release to be used in connection with the Transaction is attached as Exhibit 5; and it is further

**ORDERED** that the Mortgage granted to Chicago Title Insurance Company recorded as Lake County Instrument Number 2013R010778, which encumbers the Leimco Property shall be released ("Chicago Title Mortgage Release") if all of the terms and conditions of this Agreed Entry and Order are satisfied. The executed Chicago Title Mortgage Release will be provided to Emerald Glen by August 21, 2018. Emerald Glen will not record the Chicago Title Mortgage Release until Chicago Title is paid a sum of at least $1,500,000.00 in total from the Transaction.

In the event that the Transaction does not close by September 1, 2018, Emerald Glen shall immediately return the Chicago Title Mortgage Release to Chicago Title Insurance Company's counsel.   The Chicago Title Mortgage Release to be used in connection with the Transaction is attached as Exhibit 6; and it is further

**ORDERED** that a draft of the proposed Closing Statement to be used in connection with the Transaction is attached as Exhibit 7; and it is further

**ORDERED** that ProBuilt Homes Inc., ("Purchaser") is joined as a Party Defendant to this lawsuit and that ProBuilt Homes Inc., its successors and assigns are subject to further orders of Court in this case and that ProBuilt Homes Inc., its successors and assigns specifically agrees to the $720,000.00 Special Assessment on the Assessment Parcel and Pro Built Homes, Inc. specifically agrees to the payment of the Special Assessment as is set forth above and to the payment of Subdivision Lot Assessment Payment that is set forth above.  ProBuilt Homes, Inc. waives any requirement that it receive a Service of Summons in order to join ProBuilt Homes as a Party Defendant in this matter; and it is further

**ORDERED** that ProBuilt Homes Inc. shall convey to the City of Painesville on or before December 31, 2018 approximately 1.94 acres of land for the Jackson Street relocation that is described in Exhibit 8 and attached hereto.  The City of Painesville agrees to pay the surveying costs and costs for the legal description.  The location of the approximately 1.94 acres of land to be conveyed to the City of Painesville is described in Exhibit 9 attached hereto; and it is further

**ORDERED** that ProBuilt Homes Inc., its successors and assigns shall sign all necessary paperwork so that the six parcels of land that are described above are placed into a Tax Increment Financing District ("TIF District") with the City.  The TIF District shall include all six parcels described above, and it shall also include all of Elizabeth Boulevard and other land that the City of Painesville includes in this TIF District.  The TIF District shall be created by the City of Painesville no later than the time when the first residential, multi-family, or commercial building is constructed on any of the six parcels that are referenced above, and the TIF District shall be for the maximum time period that is allowed by law.  There may be more than one TIF district based on the zoning and when the first development occurs; and it is further

**ORDERED** that in the event that ProBuilt Homes Inc., its successors, and assigns do not sign any necessary paperwork so that the six parcels of land that are described above are placed into a Tax Increment Financing District ("TIF District"), then the City of Painesville is authorized to sign on that paperwork on behalf of ProBuilt Homes Inc.; and it is further

**ORDERED** that the terms and conditions as provided in Exhibit 9 are incorporated into this Order and that these terms and conditions are binding and enforceable against Defendant ProBuilt Homes, Inc., and it is further

**ORDERED** that in order for the City of Painesville to reduce its special assessments as is set forth in this Order, it must receive approval from the Painesville Township School District for a compensation agreement for the TIF District that is acceptable to the City of Painesville and to

the Painesville Township Schools on or before August 8, 2018, otherwise the terms of this Agreed Entry and Order will be null and void; and it is further

  **ORDERED** that in order for the City of Painesville to reduce its special assessments as is set forth in this Order it must receive approval from the Painesville City Council to authorize the terms and conditions of this Order on or before August 8, 2018, otherwise the terms of this Agreed Entry and Order will be null and void; and it is further

  **ORDERED** that Emerald Glen may close this transaction and make other necessary decisions according to local customs and prorations without further Order from the Court, and steps may be taken as necessary to close the real estate transaction transferring title from Leimco Development Company, LTD to Purchaser, equivalent to those actions private sellers may take at their own closing so long as the terms and conditions of this Agreed Entry and Order are strictly complied with; and it is further

  **ORDERED** that the Lake County Recorder is authorized and instructed to accept a certified copy of this Agreed Entry and Order for recording in the chain of title to the Leimco Property; and it is further ordered

  **ORDERED** that the Court hereby waives any additional Court costs that have accrued since the amount of Court costs specified in this Agreed Entry and Order to be paid.

**IT IS SO ORDERED**.


_____

DATE

_____

JUDGE O'DONNELL

Agreed to and submitted by:


_____

Michael J. Sikora III (0069512)
Sikora Law LLC
737 Bolivar Road, Suite 270
Cleveland, Ohio 44115
(440) 266-7777 (telephone)
(440) 266-7778 (facsimile)
msikora@sikoralaw.com
Counsel for Defendant
Chicago Title Insurance Company

_____

James M. Lyons (0011444)
240 East Main Street
Painesville, Ohio 44077
(440) 357-5000 (telephone)
(440) 357-5511 (facsimile)
jasmlyons@ameritech.net
Counsel for Third Party Defendant
City of Painesville

_____
Eric Condon (0040746)
105 Main Street
P.O. Box 490
Painesville, Ohio 44077
(440) 350-2683 (telephone)
(440) 350-2585 (facsimile)
Counsel for Plaintiff Lake County Treasurer

_____
Michael S. Tucker, Esq. (0034398)
Ulmer & Berne LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
(216) 583-7120 (telephone)
(216) 583-7121 (facsimile)
mtucker@ulmer.com
Counsel for Defendant Citizens Bank, N.A.
fka RBS Citizens, N.A.

_____
Grant Keating (0079381)
Dworken & Bernstein, Co., LPA
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391 (telephone)
(440) 352-3469 (facsimile)
gkeating@dworkenlaw.com
Counsel for Defendants
Leimco Development Company
LTD and Leimco Holding
Company LLC

_____
George Davis
ProBuilt Homes, Inc.
PO Box 384
9124 Tyler Boulevard
Mentor, Ohio 44060
(440) 255-6525 (telephone)
(440) 974-8360 (facsimile)
gdavis3rd@probuilt-homes.com
President of Purchaser ProBuilt
Homes, Inc.