# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-17361 |
| RICHARD M. OSBORNE | CHAPTER 11 |
| DEBTOR | JUDGE ARTHUR HARRIS |

## DIANE OSBORNE'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 507(a)(1)

Diane Osborne ("Movant"), by and through her undersigned attorneys, hereby moves this Court (the "Motion") for the entry of an order pursuant to 11 U.S.C. § 507(a)(1) allowing and directing immediate payment to Movant of an administrative expense claim in the amount of $80,000 for post-petition domestic support payments ordered by the Court of Common Pleas Cuyahoga County that requires Richard M. Osborne (the "Debtor") to pay the Movant the sum of $10,000 per month commencing December 1, 1999 for a period of 300 consecutive months. In support of her Motion, Movant respectfully states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This Motion is a "core proceeding" within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

4. Movant consents to the Court's entry of a final order or judgment resolving this Motion.

5. The statutory basis for the relief requested in this Motion is 11 U.S.C. § 507(a)(1).

### BACKGROUND

6. On December 17, 2017 ("Petition Date"), Debtor filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

7. Debtor has continued to operate his business and manage his affairs as debtor in

possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

8. Prior to the Petition Date, the Debtor and Movant entered into a Separation Agreement, dated June 3, 1998 (the "Agreement"), pursuant to which Debtor agreed to pay the Movant spousal support in the sum of $10,000 per month.

9. On November 22, 1999 the Cuyahoga County Court of Common Pleas, Division of Domestic Relations ("Domestic Court"), entered an order ("the Order") adopting the terms and conditions of the Agreement and all addendums to it and incorporated the terms and provisions of the Agreement in the Order which included an order for the Debtor to pay the Movant spousal support in the sum of $10,000 per month commencing December 1, 1999 for a period of 300 consecutive months or until November of 2024.

10. On the date of this Motion, Movant has not received payment for post-petition spousal support payments due after December 17, 2017.

## RELIEF REQUESTED

11. By this Motion, Movant respectfully requests that the Court enter and order (a) allowing Movant an administrative claim for spousal support in the amount of $80,000; (b) ordering the Debtor to pay Movant's allowed administrative spousal support claim immediately; and (c) ordering the Debtor to pay post-petition spousal support on a monthly basis from the Petition Date.

## BASIS FOR RELIEF

**A. The Court Should Allow Movant an Administrative Expense Claim for Unpaid Post- Petition Spousal Support.**

12. The Order from the Domestic Court specifically identifies the payment of $10,000 per month payable to Movant as spousal support.

13. The provision of 11 U.S.C. § 507(a)(1) provide for spousal support as an administrative claim of the highest priority.

14. Movant has not received any post-petition spousal support payments ordered by the Domestic Court and Movant is accordingly entitled to an allowed administrative expense claim against Debtor in the aggregate amount of $ 80,000 for accrued and unpaid spousal support since the filing of Debtor's petition.

15. For these reasons, the Court should allow Movant an administrative expense claim in the amount of $80,000 for unpaid post-petition spousal support owed to the Movant.

### B. The Court Should Compel Immediate Payment of Movant's Administrative Expense Claim.

16. "Courts have discretion to determine when an administrative expense will be paid." *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005) (citing *HQ Global Holdings, Inc.*), 282 B.R. 169, 173 (Bankr. D. Del. 2002)). "In determining the time of payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors." Id.

17. It is set forth in § 1129(a)(9) that, unless the holder of the claims has agreed otherwise, a debtor's plan must provide that the holder of an administrative expense received payment on their claim " on the effective date of plan". A plan can only become effective once it is confirmed by the court. *In re Prussia Assoc.*, 322 B.R. 572, 591 (Bankr.E.D.Pa. 2005).

18. Nothwithstanding, the § 1129(a)(9) requirement of paying administrative claims "on the effective date of plan" has been interpreted as setting an outside limit, with nothing preventing a court from authorizing the payment of an administrative-expense claim earlier than the effective date of the debtor's plan of reorganization. *In Re Plastech Engineered Prods.*, 394 B.R. 147, 152 (Bankr.E.D.Mich.2008) The timing for payment of an administrative claims rising from ordinary course of business payments, such as that made for wages and trade debt, is generally accepted to be an expense that will be paid when due, and not when the debtor's plan becomes effective.

19. When considering the propriety of authorizing an immediate payment to an administrative claimant, courts generally weigh three factors: (a) prejudice to the debtor; (b) hardship to claimant; and (c) potential detriment to other creditors. In *In re Garden Ridge Corp.*, 323 B.R. 136 (Bankr. D. Del. 2005).

20. There is no valid reason to defer payment of Movant's administrative expense claim. The Debtor has an obligation to pay the Movant for post-petition spousal support that is not dischargeable. Payment therefore creates no prejudice to the Debtor if the spousal support is paid current. The failure to pay only creates an immediate hardship to the claimant and further complicates the Debtor's obligations to pay other post-petition expenses on the effective date of plan. The regular payment of the spousal support would afford the Debtor a greater likelihood of a successful reorganization and payment to other creditors. For these reasons, the Court should compel immediate payment of Movant's allowed administrative expense claim.

### C. The Court Should Order Immediate and Continuing Payment of Movant's Spousal Support in Accordance With the Order of the Common Pleas Court.

22. On November 22, 1999, the Domestic Court entered an order adopting the terms and conditions of the Separation Agreement and all addendums to it and incorporated the terms and provisions of the Agreement in the Order.

23. The Bankruptcy Code provides that if the Debtor is required by a judicial or administrative order, or by statute, to pay domestic support obligation, and the Debtor has paid all amounts under such order or such statute for such obligation that first become payable after the date of filing of the petition, it is necessary for the obligation to be paid on the effective date of plan.

24. In order for the Debtor to successfully reorganize it is necessary for the Debtor to pay all domestic support obligations due after December 17, 2017.

25. For these reasons, the Court should authorize the continuing support payments to the Movant as an allowed administrative expense claim.

WHEREFORE, for the reasons stated herein, Movant respectfully requests that the Court enter an order, (a) allowing Movant an administrative expense claim in the amount of $80,000 plus accrued payments for post-petition spousal support; (b) ordering the Debtor to pay Movant's allowed administrative expense claim immediately; (c) ordering immediate and continuing payment of Movant's spousal support in accordance with the order of the Common Pleas Court; and (d) granting such other and further relief as the Court may deem just and proper.

/s/ Dennis J. Kaselak
Dennis J. Kaselak, Esq. (Of Counsel) (#0029133)
Ibold & O'Brien
401 South Street
Chardon, Ohio 44024
440-285-3511
Fax: 440-285-3363
Email: dkaselak@peteribold.com
Attorney for Movant

**CERTIFICATE OF SERVICE**

   A true and correct copy of the foregoing *Diane Osborne's Motion for Allowance and Immediate Payment of Administrative Expense Claim Pursuant to* **11 U.S.C. § 507(a)(1)** was served this 4th day of September 2018, to:

Via Court Electronic System:

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

Glenn E. Forbes on behalf of Debtor Richard M. Osborne
bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com;mtroha@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;heberlein@buckleyking.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee

Scott.R.Belhorn@usdoj.gov

Stephen D. Hobt
shobt@aol.com

And by regular U.S. mail, postage prepaid:

Richard M. Osborne
7265 Markell Road
Waite Hill, Ohio 44094

/s/ Dennis J. Kaselak
Dennis J. Kaselak, Esq.
Attorney for Movant

F:\DKASELAK\Osborne\2018.09.04.Motion for Allowance and Immediate Payment.wpd