# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE RICHARD M. OSBORNE<br>*Debtor* | CASE NO. 17-17361<br>CHAPTER 11<br>JUDGE ARTHUR I. HARRIS |

### RESPONSE TO DIANE OSBORNE'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 507(A)(1)

Richard M. Osborne, Debtor in Possession ("Debtor") responds to Diane Osborne's Motion for Allowance and Immediate Payment of Administrative Expense Claim Pursuant to 11 U.S.C. § 507(a)(1) [Doc. 236] ("Movant" and "Motion") and requests that the Court deny or set an evidentiary hearing on the same.

1. Movant is the Debtors former wife, and the Debtor acknowledges that he owes the Movant $10,000 per month for a domestic support obligation pursuant to a property settlement and divorce decree.

2. However the Motion conflates the priority given to domestic support obligations in 11 U.S.C. §507(a)(1) and administrative claims that are governed by 11 U.S.C. §503.

3. Section 507(a)(1) provides in pertinent part:

> (a)The following expenses and claims have priority in the following order:
>
> (1) First: (A) Allowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, ….

This subsection refers only to domestic support obligations owed "as of the date of filing of the petition" that "are owed to or recoverable by" Movant. Movant seeks payment owed to her *after* the filing of the petition. The general rule is that all creditors in bankruptcy are to be treated equally; therefore the priorities in Section 507 are to be narrowly construed. *In re Birmingham-Nashville Express, Inc.* 224 F.3d 511, 515 (6th Cir 2000). Therefore the amounts

-1-

demanded by Movant are not entitled to priority under Section 507(a)(1), although the amounts owed as of the petition date to Movant are so entitled.

4. The amount sought in the Motion is not an administrative expense allowable under Section 503(b). Movant has the burden of establishing that she is entitled to payment of an administrative expense. E.g., *In re Merry-Go-Round Enters.* 180 F.3d 149 (4Th Cir. 1999). None of the specific subsections of Section 503(b) apply to domestic support obligations, and Subsection (b)(1)(A) only refers to the "actual, necessary costs and expenses of preserving the estate." The domestic support obligations owed Movant do not fit into that category and are therefore not administrative expenses.

5. Even if the Movant had an administrative expense, it is not entitled to immediate payment. Movant cites the requirement for confirmation of a plan that administrative expenses be paid in full on confirmation "unless otherwise agreed" with the holder of the administrative expense claim. 11 U.S.C. §1129(a)(9)(A). However 507(a)(1) claims are treated differently:

> (B) with respect to a class of claims of a kind specified in section 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, each holder of a claim of such class will receive—
>
> (i) if such class has accepted the plan, deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or
>
> (ii) if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim

6. Under this subsection a class of claims must first reject the plan; accordingly the cases cited by the Movant are inapplicable as this subsection requires that the claims first vote on the plan, unlike administrative expenses that must be paid in full.

7. Finally the cases cited by the Movant as allowing immediate payment of administrative expenses require that the Movant show "(a)[the degree or lack of] prejudice to the debtor; (b) hardship to claimant; and (c) potential detriment to other creditors. In *In re Garden Ridge Corp.*,

323 B.R. 136 (Bankr. D. Del. 2005)." Movant has provided no information on her expenses or her other resources available to pay those expenses, and while the estate does have funds it has substantial liabilities to other creditors, some of whom have secured claims (including Movant). Movant has therefore failed to show that any administrative claim is entitled to immediate payment.

Therefore, the Debtor respectfully requests that this Court deny the Motion, or set an evidentiary hearing on the same.

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, OH 44116
(440) 499-4506
Fax: (440) 398-0490
fschwieg@schwieglaw.com
Attorney for Richard M. Osborne

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Response was electronically transmitted on or about the date filed via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list or was served by U.S. mail, postage prepaid, or certified mail on the persons below as indicated below.
Electronic Mail Notice List
Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;heberlein@buckleyking.com;toolejr82560@notify.bestcase.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

/s/ Frederic P. Schwieg
Frederic P. Schwieg