## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: RICHARD M. OSBORNE | ) | CASE NO. 17-17361 |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |
| | ) | JUDGE ARTHUR I. HARRIS |

## OBJECTION OF HOME SAVINGS BANK TO MOTION OF RICHARD M. OSBORNE, SR. DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH NATIONWIDE MUTUAL FIRE INSURANCE COMPANY (DOC. 230)

Now comes Home Savings Bank, successor by merger to The Home Savings and Loan Company of Youngstown, Ohio ("Home Savings"), by counsel, and submits its Objection to the Motion of Richard M. Osborne, Sr. Debtor and Debtor in Possession for Authority to Compromise Controversies with Nationwide Mutual Fire Insurance Company (Doc. 230) (the "Motion"). The Motion should be denied, because: (1) Home Savings has an interest in the insurance proceeds; and (3) the proper procedure is for the insurer to initiate an adversary proceeding in which the insurance proceeds are interpleaded with the Court and wherein parties with an interest in the insurance litigate entitlement thereto.[1]

---

[1] Home Savings objection to the Motion is limited to the $519,690.00 and $11,051.09 in insurance proceeds attributable to the real property and fixtures at issue. Home Savings has no objection to the Motion with respect to the $180,096.23 in proceeds for the loss of contents or the $19,027.62 in proceeds for cleanup costs.

### 1. Home Savings has an interest in the insurance proceeds.

On March 31, 2010, Home Savings extended a loan to the Rigrtona Trust and the Debtor in the principal amount of $750,000. To evidence said loan, the Debtor and the Rigrtona Trust executed and delivered to Home Savings a Cognovit Promissory Note (the "Note") in the amount of' $750,000 which note was secured by a mortgage (the "Mortgage") on real property located in and around Swede Road in Tidioute, Pennsylvania (the "Property"), including improvements and fixtures thereto. The Debtor and the Rigrtona Trust defaulted under the terms of the Note and the Mortgage, and related entities defaulted under the terms of other debt and security instruments. After the defaults, on November 26, 2012, the Debtor, the Rigrtona Trust, and the related entities entered into a Forbearance Agreement with Home Savings to resolve the defaults on obligations collectively exceeding $18,000,000. The Forbearance Agreement was modified four times in February 2013, April 2013, June 2014, and August 2016.

Pursuant to the Note, Mortgage, and the Forbearance Agreement, as modified, the Property was insured under Nationwide Mutual Fire Insurance Company (the "Insurer") Policy No. 5437HO547492 (the "Policy"), a policy that contains a standard mortgagee clause identifying Home Savings as an additional insured. On August 21, 2017, a structure on the Property suffered a complete fire loss. At that time, Home Savings was the holder of the Note and Mortgage, and it became "vested with rights in any insurance proceeds." *Barwick v. State Farm Fire & Cas. Ins. Co.*, 2nd Dist. No. 24526, 2011-Ohio-5689, ¶32.

Subsequently, on September 25, 2017, the Debtor, the Rigtona Trust, and the related entities paid amounts due under the Forbearance Agreement, and, pursuant to the Forbearance Agreement, Home Savings assigned the Note and Mortgage to Rigrtona Holding Company,

LLC, at a time when Home Savings already had written-off millions of dollars owned by the Debtor and the related entities. However, the Debtor, the Rigrtona Trust, and the Rigrtona Holding Company, LLC failed to disclose the fire loss suffered by the Property to Home Savings. And, more importantly, Home Savings only assigned the Note and the Mortgage to Rigrtona Holding Company, LLC, not its right to the insurance proceeds, which vested on August 21, 2017.

Moreover, Home Savings and the Debtor previously litigated entitlement to and application of funds to which Home Savings obtained the right to receive from third-parties while the Forbearance Agreement was in effect. *See Richard M. Osborne, Trustee, v. Home Savings and Loan Company of Youngstown, Ohio*, Lake County Common Pleas Case No. 15CV000404, Judgment Entry (Feb. 8, 2016), a copy of which is attached hereto as Exhibit A. In that case, Lake County initiated a foreclosure against real property subject to a mortgage in favor of Home Savings. *Id*. at p.2. The property was sold at a judicial sale and after payment of delinquent taxes and other costs, a balance remained of $133,555.56. *Id*. The Debtor, the Rigrtona Trust, and related entities filed suit against Home Savings claiming Home Savings had to apply the $133,555.56 to amounts due under the Forbearance Agreement. *Id*. at p.3, 4. Since the $133,555.56 was an involuntary payment and the Forbearance Agreement, as modified, contained no provision requiring Home Savings to apply the $133,555.56 to amounts due under the Forbearance Agreement, the Court dismissed the complaint and held that Home Savings was entitled to the proceeds which it could apply to other debts of the Debtor and the related entities that had been written-off. *Id*. at p.7-9.

Just as in the Lake County case, Home Savings is entitled to receive the insurance proceeds and apply them to the written-off debts.

2. **The proper procedure is for the Insurer to interplead the proceeds in an adversary proceeding.**

The Motion proposes a compromise under which the Insurer pays the proceeds under the Policy to the Debtor, as a debtor in possession, to be held by the Debtor in a segregated account pending resolution by the Court as to whom is entitled to the proceeds, all in exchange for the parties' release of the Insurer. While Home Savings is not opposed to the general idea of the Insurer making the payments set forth in the Motion and being released from liability, Home Savings objects to the procedure, because the Insurer's payment of the proceeds directly to the Debtor could be construed as granting the Debtor an interest therein converting the insurance proceeds to property of the estate. *See In re Culp*, No. 14-11592, 2018 Bankr. LEXIS 2609, *9 (Bankr. N.D. Del. Aug. 30, 2018) (where debtor was the owner of the property and the policy prepetition, and an insurer paid proceeds directly to the debtors rather than the mortgagee, the debtors owned an interest in the proceeds). In other words, adopting the proposed compromise could be construed as resolving the issue of entitlement to the insurance proceeds before Home Savings even has an opportunity to assert its claim.

Rather, the proper procedure is for the insurance proceeds to be interpleaded with the Court in an adversary proceeding filed by the Insurer, the Debtor, Rigrtona Holding Company, LLC or Home Savings. "Interpleader is a procedural device that allows the stakeholder of a sum of money to sue all those who may assert conflicting claims and force them to litigate their competing claims." *State Farm Life Ins. Co. v. Cai*, No. 09-CV-00396, 2013 U.S. Dist. LEXIS 127594, *4, 2013 WL 4782383 (N.D. Cal. Sept. 6, 2013) (citation omitted). "The primary

purpose of interpleader is 'to protect stakeholders from multiple liability as well as from the expense of multiple litigation.'" *Id.* (citation omitted). "Once a court determines that interpleader is proper and the stakeholder deposits the *res* with the court, the court may discharge a disinterested stakeholder from the action by issuing a judgment in interpleader." *Id*. at *5 (citations omitted). "Federal Rule of Civil Procedure 22 permits interpleader where a plaintiff may be exposed to double or multiple liability and where subject matter jurisdiction is established under the general statutes governing federal jurisdiction." *Id*. at *4 (citations omitted). Federal Rule of Civil Procedure 22 is applicable in bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7022. And, adversary proceedings have been filed in bankruptcy courts to resolve disputes over the entitlement to interplead insurance proceeds. *See e.g. Fed. Ins. Co. v. DBSI, Inc. (In re DBSI, Inc.)*, 2011 Bankr. LEXIS 2727, *3, 2011 WL 3022177 (D. Del. Bankr. July 22, 2011); *Acordia of W. Va., Inc. v. Scharffenberger (In re Allegheny Health, Educ. & Research Found.)*, 322 B.R. 737, 737-38 (W.D. Penn. Bankr. 2005).

Here, the Court has subject matter jurisdiction to determine whether the insurance proceeds are or are not property of the estate. The proper procedure for the Court to make such a determination is for the Insurer to interplead the funds with the Court, for the Court to discharge the Insurer, and for the Debtor, Rigrtona Holding Company, LLC and Home Savings to litigate entitlement to the proceeds.

WHEREFORE, for the reasons set forth above, Home Savings requests that the Court issue an order: (1) denying the relief requested in the Motion (Doc. 230); (2) requiring the parties to initiate an adversary proceeding in which the insurance proceeds at issue may be interpleaded with the Court, the Insurer may be discharged, and the parties may litigate

entitlement to the insurance proceeds; and (3) granting such other and further relief as it deems just and equitable.

> Respectfully Submitted,
>
> HENDERSON, COVINGTON, MESSENGER
>   NEWMAN & THOMAS CO., L.P.A.
>
> /s/ Melody Dugic Gazda
> Richard J. Thomas (0038784)
> Jerry R. Krzys (0078013)
> Melody Dugic Gazda (0047122)
> 6 Federal Plaza Central, Suite 1300
> Youngstown, OH 44503
> Telephone: (330)744-1148
> Facsimile: (330)-744-3807
> rthomas@hendersoncovington.com
> jkrzys@hendersoncovington.com
> mgazda@hendersoncovington.com
> *Attorneys for Home Savings Bank,*
> *successor by merger to The Home Savings and Loan*
> *Company of Youngstown, Ohio*

# CERTIFICATE OF SERVICE

The undersigned certifies that on September 25, 2018, a true and correct copy of the foregoing Objection of the Home Savings Bank to the Motion of Richard M. Osborne, Sr. Debtor and Debtor in Possession for Authority to Compromise Controversies with Nationwide Mutual Fire Insurance Company (Doc. 230) was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichasrds@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov; angelique.dennis-holland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us; abakerlaw@gmail.com

Austin S. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Nationwide Mutual Fire Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
dbrady@sandhu-law.com, bk1notice@sandhu-law.com

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.coom, donna.curcio@bipc.com


David M. Neumann on behalf of Interested Party Zachary B. Burkons
dneumann@meyersroman.com, jray@meyersroman.com, mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com, slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Nationwide Mutual Fire Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathanial R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B. Burkons
rsteinage@meyersroman.com, jray@meyersroman.com, mnowak@meyersroman.com, rbain@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B. Burkons
toole@buckleyking.com, young@buckleyking.com; heberlein@buckeyking.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
scott.r.belhorn@usdoj.gov

**and by Email on:**

Joseph T. Svete, Esq.
svete@smc-law.com
Counsel for Diane Osborne

Michael C. Perlmuter, Esq.
President and General Counsel
Alex N. Sill Company
mperlmuter@sill.com

Richard W. DiBella
rdibella@dgmblaw.com
Counsel for Nationwide Mutual
Fire Insurance Company

/s/ Melody Dugic Gazda
Melody Dugic Gazda (0047122)