UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD OSBORNE, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | |
| | ) | MOTION OF THE HUNTINGTON |
| | ) | NATIONAL BANK FOR |
| | ) | RELIEF FROM STAY AND |
| | ) | ABANDONMENT |
| | ) | |
| | ) | 7741 Auburn Road, Concord Township, OH |
| | ) | Parcel No. 08A020000040 |
| | ) | |
| | ) | 7472 Presley Avenue, Mentor, OH |
| | ) | Parcel No. 16B035N000200 |
| | ) | |
| | ) | 7474 Presley Avenue, Mentor, OH |
| | ) | Parcel No. 16B035N000210 |
| | ) | |
| | ) | 7482 Center Street, Unit #5, Mentor, OH |
| | ) | Parcel No. 16B035N000050 |

THE HUNTINGTON NATIONAL BANK (the "Movant" or "Lender") moves this Court, under Bankruptcy Code §§ 361, 362, and 363, and other sections of Title 11 of the United States Code, under Federal Rule of Bankruptcy Procedure 4001, and under Local Bankruptcy Rule 4001-1 for an order conditioning, modifying or dissolving the automatic stay imposed by Bankruptcy Code § 362. **THIS MOTION DEVIATES FROM THE REQUIRED FORM DUE TO THE UNIQUE POSTURE OF THE MATTER. PURSUANT TO LOCAL RULE 4001-1, PARAGRAPHS DEVIATING FROM THE REQUIRED FORM ARE NOTED IN BOLDFACE TYPE.**

1.        The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.   This

is a core proceeding under 28 U.S.C. § 157(b)(2).   The venue of this case and this motion is proper

under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### 7741 Auburn Road, Concord Township, OH
### (Parcel 08A020000040)

2.        On June 30, 2008, Richard M. Osborne ("Debtor") obtained a loan from Lender in

the amount of $113,500 **(the "7741 Auburn Loan")**.   The 7741 Auburn Loan was evidenced by

a Fixed/Adjustable Rate Note dated June 30, 2008 (the "7741 Auburn Note"), a copy of which is

attached as **Exhibit A**.   The 7741 Auburn Note is a renewal of a certain promissory note dated

April 13, 2006 in the original principal amount of $112,000.

3.        **To secure payment of the 7741 Auburn Note and performance of the other**

**terms contained in it, the Debtor executed a Mortgage in favor of Lender dated November**

**15, 2006 (the "7741 Auburn Mortgage").   A true and correct copy of the 7741 Auburn**

**Mortgage is attached hereto as Exhibit B.   The 7741 Auburn Mortgage granted Lender a**

**first mortgage lien and security interest in certain real property known as 7741 Auburn**

**Road, Concord Township, Ohio 44077, Parcel No. 08A020000040 owned by the Debtor (the**

**"7741 Auburn Property").**

4.        **The lien created by the 7741 Auburn Mortgage was duly perfected by the**

**recording of the Mortgage in the office of the Lake County Recorder as Document**

**2006R014531.**

5.      Based on the Debtors' schedules (Docket 53), the lien is the **1**[st] lien on the 7741 Auburn Property.

6.      **The Lender is in possession of the original 7741 Auburn Note as of the date of this motion.**

7.      **The Lender is the entity servicing the 7741 Auburn Loan.**

8.      **The 7741 Auburn Note has not been transferred by the Lender.**

9.      **The 7741 Auburn Mortgage has not been transferred by the Lender.**

10.     According to the Debtor's schedules, the value of the 7741 Auburn Property is $89,480. (Docket 53).

11.     Movant has completed the worksheet with respect to the 7741 Auburn Loan, attached as **Exhibit C**.

12.     As of **September 11, 2018, $94,325 is due and owing on the 7741 Auburn Note, plus interest accruing on the unpaid** principal balance of $85,705.77 at the rate of 3.75 % per annum from September 11, 2018, as described in more detail on the worksheet.  The total provided in this paragraph cannot be relied upon as a payoff quotation.

13.     **At this time $16,720.49 has accrued on the 7741 Auburn Note.**

14.     **Lender is not holding any funds in suspense and therefore the amount due and owing on the 7741 Auburn Note does not include a credit for any sums held in a suspense account**.

15.     **According to Debtor's schedules, the only other party known to have or potentially have an interest in the 7741 Auburn Property besides the Debtor, the Movant, and the trustee is Citizens Bank N.A. (identified in the schedules as RBS Charter One).**

3

**(Docket 53, p. 81).**

<u>**7472 Presley Avenue, Mentor, OH**</u>
**(Parcel 16B035N000200)**

16.     On September 30, 2008, Debtor obtained a loan from Lender in the amount of $180,000 **(the "7472 Presley Loan")**.   The 7472 Presley Loan was evidenced by a Fixed/Adjustable Rate Note dated September 30, 2008 (the "7472 Presley Note"), a copy of which is attached as <u>**Exhibit D**</u>.

17.     **To secure payment of the 7472 Presley Note and performance of the other terms contained in it, the Debtor executed a Mortgage in favor of Lender dated September 30, 2008 (the "7472 Presley Mortgage").   A true and correct copy of the 7472 Presley Mortgage is attached hereto as <u>Exhibit E</u>.   The 7472 Presley Mortgage granted Lender a first mortgage lien and security interest in certain real property known as 7472 Presley Road, Mentor, Ohio 44060, Parcel No. 16B035N000200 owned by the Debtor (the "7472 Presley Property").**

18.     **The lien created by the 7472 Presley Mortgage was duly perfected by the recording of the Mortgage in the office of the Lake County Recorder as Document 2008R027301.**

19.     Based on the Debtors' schedules (Docket 53), the lien is the **1ˢᵗ** lien on the 7472 Presley Property.

20.     **The Lender is in possession of the original 7472 Presley Note as of the date of this motion.**

21.     **The Lender is the entity servicing the 7472 Presley Loan.**

4

22.     **The 7472 Presley Note has not been transferred by the Lender.**

23.     **The 7472 Presley Mortgage has not been transferred by the Lender.**

24.     According to the Debtor's schedules, the value of the 7472 Presley Property is $150,000. (Docket 53).

25.     Movant has completed the worksheet with respect to the 7472 Presley Loan, attached as **Exhibit F**.

26.     As of **September 11, 2018, $165,240.09 is due and owing on the 7472 Presley Note, plus interest accruing on the unpaid** principal balance of $150,843.05 at the rate of 4.0 % per annum from September 11, 2018, as described in more detail on the worksheet.  The total provided in this paragraph cannot be relied upon as a payoff quotation.

27.     **At this time $24,789.41 has accrued on the 7472 Presley Note.**

28.     **Lender is not holding any funds in suspense and therefore the amount due and owing on the 7472 Presley Note does not include a credit for any sums held in a suspense account.**

29.     **According to Debtor's schedules, the only other party known to have or potentially have an interest in the 7472 Presley Property besides the Debtor, the Movant, and the trustee is Citizens Bank N.A. (identified in the schedules as RBS Charter One). (Docket 53, p. 81).**

### 7474 Presley Avenue, Mentor, OH
**(Parcel 16B035N000210)**

30.     On August 22, 2008, Debtor obtained a loan from Lender in the amount of $180,000 **(the "7474 Presley Loan")**.   The 7474 Presley Loan was evidenced by a

5

Fixed/Adjustable Rate Note dated August 22, 2008 (the "7474 Presley Note"), a copy of which is attached as **Exhibit G**.

31.     **To secure payment of the 7474 Presley Note and performance of the other terms contained in it, the Debtor executed a Mortgage in favor of Lender dated August 22, 2008 (the "7474 Presley Mortgage").   A true and correct copy of the 7474 Presley Mortgage is attached hereto as Exhibit H.   The 7474 Presley Mortgage granted Lender a first mortgage lien and security interest in certain real property known as 7474 Presley Road, Mentor, Ohio 44060, Parcel No. 16B035N000210 owned by the Debtor (the "7474 Presley Property").**

32.     **The lien created by the 7474 Presley Mortgage was duly perfected by the recording of the Mortgage in the office of the Lake County Recorder as Document 2008R023942.**

33.     Based on the Debtors' schedules (Docket 53), the lien is the **1ˢᵗ** lien on the 7474 Presley Property.

34.     **The Lender is in possession of the original 7474 Presley Note as of the date of this motion.**

35.     **The Lender is the entity servicing the 7474 Presley Loan.**

36.     **The 7474 Presley Note has not been transferred by the Lender.**

37.     **The 7474 Presley Mortgage has not been transferred by the Lender.**

38.     According to the Debtor's schedules, the value of the 7474 Presley Property is $150,000. (Docket 53).

39.     Movant has completed the worksheet with respect to the 7474 Presley Loan,

6

attached as **Exhibit I**.

40.     As of **September 11, 2018, $164,272.66 is due and owing on the 7474 Presley Note, plus interest accruing on the unpaid** principal balance of $150,072.06 at the rate of 3.75 % per annum from September 11, 2018, as described in more detail on the worksheet.  The total provided in this paragraph cannot be relied upon as a payoff quotation.

41.     **At this time $23,691.92 has accrued on the 7474 Presley Note.**

42.     **Lender is not holding any funds in suspense and therefore the amount due and owing on the 7474 Presley Note does not include a credit for any sums held in a suspense account.**

43.     **According to Debtor's schedules, the only other party known to have or potentially have an interest in the 7474 Presley Property besides the debtor, the Movant, and the trustee is Citizens Bank N.A. (identified in the schedules as RBS Charter One). (Docket 53, p. 81).**

<u>7482 Center Street, Unit #5, Mentor, OH</u>
(Parcel 16B035N000050)

44.     On June 26, 2008, Debtor obtained a loan from Lender in the amount of $268,800 **(the "7482 Center Street Loan")**.   The 7482 Center Street Loan was evidenced by a Fixed/Adjustable Rate Note dated June 26, 2008 (the "7482 Center Street Note"), a copy of which is attached as **Exhibit J**.

45.     **To secure payment of the 7482 Center Street Note and performance of the other terms contained in it, the Debtor executed a Mortgage in favor of Lender dated June 26, 2008 (the "7482 Center Street Mortgage").   A true and correct copy of the 7482 Center**

7

Street Mortgage is attached hereto as <u>Exhibit K</u>. The 7482 Center Street Mortgage granted Lender a first mortgage lien and security interest in certain real property known as 7482 Center Street, Unit #5, Mentor, Ohio 44060, Parcel No. 16B035N000050 owned by the Debtor (the "7482 Center Street Property", together with the 7741 Auburn Property, the 7472 Presley Property and the 7474 Presley Property, the "Collateral").

46. **The lien created by the 7482 Center Street Mortgage was duly perfected by the recording of the Mortgage in the office of the Lake County Recorder as Document 2008R018450.**

47. Based on the Debtors' schedules (Docket 53), the lien is the **1st** lien on the 7482 Center Street Property.

48. **The Lender is in possession of the original 7482 Center Street Note as of the date of this motion.**

49. **The Lender is the entity servicing the 7482 Center Street Loan.**

50. **The 7482 Center Street Note has not been transferred by the Lender.**

51. **The 7482 Center Street Mortgage has not been transferred by the Lender.**

52. According to the Debtor's schedules, the value of the 7482 Center Street Property is $150,000. (Docket 53).

53. Movant has completed the worksheet with respect to the 7482 Center Street Loan, attached as **<u>Exhibit L</u>**.

54. As of **September 11, 2018, $236,009.46 is due and owing on the 7482 Center Street Note, plus interest accruing on the unpaid** principal balance of $219,704.85 at the rate of 3.75% per annum from September 11, 2018, as described in more detail on the worksheet. The

8

total provided in this paragraph cannot be relied upon as a payoff quotation.

55.     **At this time $30,667.94 has accrued on the 7482 Center Street Note.**

56.     **Lender is not holding any funds in suspense and therefore the amount due and owing on the 7482 Center Street Note does not include a credit for any sums held in a suspense account.**

57.     **According to Debtor's schedules, the only other party known to have or potentially have an interest in the 7482 Center Street Property besides the debtor, the Movant, and the trustee is Citizens Bank N.A. (identified in the schedules as RBS Charter One). (Docket 53, p. 81).**

<u>**GROUNDS FOR RELIEF FROM STAY
AND ABANDONMENT**</u>

58.     **Lender is entitled to relief from the automatic stay under Bankruptcy Code §362(d)(1) because the Debtor has failed to provide Lender with adequate protection with respect to each of the above-referenced properties.   The Debtor has ceased making monthly payments on the Loans.   The Debtor's last payment was made in May of 2017 with respect to the 7472 Presley Street Note, the 7474 Presley Note, and 7482 Center Street Note, and in September of 2017 with respect to the 7741 Auburn Note.   Lender has been required to advance for Property taxes post-petition with respect to all four properties.**

59.     **Further, Debtor has no equity cushion in the properties.   The balance of each of Lender's loans exceeds the Debtors' estimated value with respect to the corresponding property and there are multiple other junior encumbrances on the properties.   (*See* Docket No. 49, 53).**

9

60.    Lender is further entitled to relief from stay pursuant to Bankruptcy Code §362(d)(2) because the Debtor has no equity in any of the Collateral and the Collateral is not necessary for an effective reorganization.   As set forth above, when considering Lender's debt and the millions of dollars of junior liens encumbering the property, the Debtor has no equity in the collateral.   *See, e.g. In re Indian Palms Associates, Ltd.*, 61 F.3d 197 (3d Cir. 1995) (for purposes of 11 U.S.C. § 362(d)(2), all encumbrances on the property are considered when determining whether a debtor has equity in property).   Moreover, none of the properties subject to this motion are the Debtor's residence, and, upon information and belief, are not necessary for the Debtor's reorganization.

61.    Movant is further entitled to an order abandoning the Collateral under Section 554(b) of the Bankruptcy Code because the Collateral is burdensome to the estate and is of inconsequential value and benefit to the estate because no proceeds will remain for the benefit of the estate following liquidation.

[Remainder intentionally blank – signature follows]

10

WHEREFORE, Movant prays for an order from the Court (i) granting Movant relief from the automatic stay of Bankruptcy Code § 362 to permit Movant to proceed under applicable nonbankruptcy law and (ii) ordering abandonment of the Collateral under Bankruptcy Code § 554.

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

Dated: October 5, 2018

*/s/ Kelly M. Neal*
Timothy P. Palmer (OH Bar ID No. 0086166)
Kelly M. Neal (PA Bar ID No. 306473)
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
T: (412) 562-8800
F: (412) 562-1041
timothy.palmer@bipc.com
kelly.neal@bipc.com
Counsel for The Huntington National Bank

4842-6587-4033, v. 1

11