**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on October 18, 2018, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: October 18, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| IN RE RICHARD M. OSBORNE<br>*Debtor* | CASE NO. 17-17361<br>CHAPTER 11<br>JUDGE ARTHUR I. HARRIS |

### AGREED ORDER GRANTING MOTION OF RICHARD M. OSBORNE, SR. DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

Before the Court is the Motion of Richard M. Osborne, Sr. Debtor and Debtor in

Possession for Authority to Compromise Controversies with Nationwide Mutual Fire Insurance

Company [Doc. 230] ("Motion") and the Objection of Home Savings Bank to Motion of Richard

M. Osborne, Sr. Debtor and Debtor in Possession for Authority to Compromise Controversies

with Nationwide Mutual Fire Insurance Company [Doc. 252] ("Objection"). In the Motion

Richard M. Osborne, Sr. Debtor and Debtor in Possession ("Debtor"), moves the Court pursuant

to 11 U.S.C. §§ 363(b) and Federal Rule of Bankruptcy Procedure 9019(a) for an order

approving a settlement of a certain pre-petition insurance claims with Nationwide Mutual Fire

Insurance Company ("Nationwide"). A hearing on the Motion and the Objection having been

held on October 2, 2018 commencing at 11 AM, the Court having heard from counsel for the

parties and all parties agreeing to the entry of the is order, the Court Finds and Orders as follows:

### THE COURT FINDS:

1. On December 17, 2017 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor has continued in possession of his property and has continued to operate and manage his businesses as debtor-in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official creditor committee has been formed in this case.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), (b) and (e) and General Order 84 of the United States District Court for this District and 28 U.S.C. § 2041. This is a core proceeding in which the Court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(A),(B), (K), (N) and (O).

4. Prepetition title to the a complex of buildings, improvements and land in and around Swede Road in Tidioute, Pennsylvania (the "PA Compound") was in the name of the RIGRTONA Trust ("Trust"). The Trust was a revocable testamentary trust under the Debtor's sole control as its trustee. On December 17, 2017 the Debtor revoked the Trust which caused the Trust's legal title to all property in the Trust to revest in the Debtor on that date (equitable title was already property of the Debtor). The PA Compound is therefore property of this bankruptcy estate.

5. Prepetition the Debtor had insured one of the structures located at the PA Compound against fire loss with Nationwide under Policy No. 5437HO547492 (the "Policy")

6. On or about August 21, 2017, while the PA Compound was still owned by the Trust, subject to all liens and encumbrances, a fire destroyed the building at the PA Compound insured by Nationwide. The Debtor submitted a claim to Nationwide for the loss which Nationwide gave

the identification number Claim No. 811725-GF (the "Fire Claim"). On his schedules the Debtor estimated that the damages due under Fire Claim were $900,000.

7. On May 24, 2018 this Court entered its order approving the retention of Alex N. Sill Company ("Sill") as the Debtor's Public Adjuster to assist the bankruptcy estate in valuing and recovering on the Fire Claim [Doc. 160] (the "Sill Order").

8. After a period of adjustment the parties agree that the Fire Claim should be paid as follows: the building loss to the limit of the coverage which is $519,690.00 (the "Gross Building Proceeds"). The contents, on an actual cash value and depreciated basis, are determined to be worth $180,096.23, which, after deducting a $5,000.00 advance previously made by Nationwide on the contents, leaves $175,096.23 to be paid toward the contents (the "Gross Contents Proceeds"); finally $11,051.09 is the value of the Trees, Plants and Shrubs coverage (the "Greenery Proceeds") for a total of $705,837.32 (the "Gross Insurance Proceeds").

9. In addition to the Gross Insurance Proceeds, there remains the cost of removing the debris from the fire as this work could not be performed until the adjustment of the Fire Claim was completed (the "Cleanup Costs"). The Policy also covers the payment of a reasonable amount Cleanup Costs, but contains a clause limiting the maximum recovery for Cleanup Costs to a cap of 5% of the building coverage of $519,680, which equals $25,984. Once completed, the actual amount of the Cleanup Costs will be paid to the estate or to the persons performing the work by Nationwide (subject to the cap in the Policy), in addition to the payment of the Gross Insurance Proceeds. Nationwide has estimated the Cleanup Costs to be $19,027.62.

10. Pursuant to the Sill Order, Sill is owed a commission of 7.6% of the total recovery for the Fire Claim which is the sum of the Gross Insurance Proceeds plus the $5,000 advanced by Nationwide on the contents coverage, or $54,023.64. (the "Sill Commission").

11. The Gross Insurance Proceeds and the Cleanup Costs are fair and reasonable compensation for the Fire Claim, and the resolution described herein is fair and equitable considering: (a) the terms of the Policy; (b) the professional opinion of Sill on the value of the Fire Claim; (c) the complexity of the issues involved, and the expense, inconvenience and delay necessarily attending further adjustment of the Fire Claim; and (d) the paramount interest of all creditors.

### THE COURT ORDERS:

A.    The proposed compromise with Nationwide is hereby approved.

B.    Upon payment of the Gross Insurance Proceeds and the Cleanup Costs in accordance with this Order below, Nationwide is hereby released from any and all claims of whatever nature for the Fire Claim including, but not limited to, any claim of the Debtor, the bankruptcy estate, Sill, Home Savings Bank, successor by merger to The Home Savings and Loan Company of Youngstown, Ohio ("Home Savings Bank"), Richard Osborne, Ms. Diane M. Osborne, and the Diane M. Osborne Trust.  Nationwide has prepared a Full and Final Release, a copy of which is attached hereto as exhibit "A" ("Release").  The Debtor is hereby authorized to enter into and to execute the Release.

C.    In return, upon payment of the Gross Insurance Proceeds and the Cleanup Costs Nationwide releases the Debtor, the bankruptcy estate, Sill, Home Savings Bank, Richard Osborne, Ms. Diane M. Osborne, and the Diane M. Osborne Trust from any and all claims of whatever nature for the Fire Claim, with the release of Home Savings Bank, subject to it also executing Full and Final Release, Exhibit A to the original Motion to Compromise, as filed, which shall not be interpreted as a release of Home Saving Bank's claim to any of the Gross Insurance Proceeds or the agreement of Home Savings Bank that any of the Net Insurance Proceeds, as hereinafter defined, are property of the bankruptcy estate..

D.     The Sill Commission will be deducted prorata from each of the Gross Building Proceeds, the Gross Contents Proceeds, and the Greenery Proceeds and paid by Nationwide, solely and directly, to Sill in full satisfaction of any and all claims of Sill for compensation due it for services rendered in adjusting the Fire Claim.

E.     Nationwide shall also pay the remaining amount of the Gross Contents Proceeds, less the Sill Commission or $161,408.92 (the "Net Contents Proceeds") to the estate.

F.     Nationwide shall deposit the remaining amount of the Gross Building Proceeds and the Greenery Proceeds, less the Sill Commission or $490,404.77 (the "Net Insurance Proceeds") with the Clerk of this Court. The Clerk shall accept and deposit into the registry of the Court the Net Insurance Proceeds in the amount of $490,404.77 upon receipt from Nationwide.

G.     The Clerk shall deposit Net Insurance Proceeds with the Treasurer of the United States in the name and to the credit of this Court pursuant to 28 U.S.C. § 2041, through depositories designated by the Treasury to accept such deposit on its behalf.

H.     The Net Insurance Proceeds on deposit with the Court are to be invested in the Court Registry Investment System ("CRIS"), administered by the Administrative Office of the United States Courts ("AO") under 28 U.S.C. § 2045, which shall be the only investment mechanism authorized. Funds held in the CRIS remain subject to the control and jurisdiction of the Court. The Director of the AO is designated as custodian for the CRIS, and is authorized and directed by this Order to deduct both the investment services fee for the management of investments in the CRIS, and the registry fee for maintaining accounts deposited with the Court. The investment services fee is assessed from interest earnings to the CRIS pool of funds according to the Bankruptcy Court Miscellaneous Fee Schedule, and is to be assessed before a pro rata distribution of earnings to court cases. The registry fee is assessed by the custodian from each

case's pro rata distribution of the earnings, and is to be determined on the basis of the rates published by the Director of the AO as approved by the Judicial Conference of the United States.

    I.    The interest of any party in interest to the Net Insurance Proceeds are hereby transferred to them for later determination by the Court.

###

| | |
|---|---|
| Prepared by,<br>/s/ Frederic P. Schwieg, Esq. | Agreed to by:<br>/s/ Dennis J. Kaselak |
| Frederic P. Schwieg, Esq. (0030418)<br>Attorney at Law<br>2705 Gibson Dr<br>Rocky River, OH 44116<br>(440) 499-4506<br>Fax: (440) 398-0490<br>fschwieg@schwieglaw.com<br>Counsel for Richard M. Osborne, Sr. Debtor<br>and Debtor in Possession | Dennis J. Kaselak, Esq. (#0029133)<br>Ibold & O'Brien<br>401 South Street<br>Chardon, Ohio 44024<br>440-285-3511<br>Fax: 440-285-3363<br>dkaselak@peteribold.com<br>Attorney for Diane M. Osborne, Diane M.<br>Osborne Trust |
| Agreed to by:<br>HENDERSON, COVINGTON, MESSENGER<br>NEWMAN & THOMAS CO., L.P.A.<br>/s/ Melody Dugic Gazda | Agreed to by:<br>/s/ Richard W. DiBella |
| Richard J. Thomas (0038784)<br>Jerry R. Krzys (0078013)<br>Melody Dugic Gazda (0047122)<br>6 Federal Plaza Central, Suite 1300<br>Youngstown, OH 44503<br>Telephone: (330)744-1148<br>Facsimile: (330)-744-3807<br>rthomas@hendersoncovington.com<br>jkrzys@hendersoncovington.com<br>mgazda@hendersoncovington.com<br>Attorneys for Home Savings Bank, successor<br>by merger to The Home Savings and Loan<br>Company of Youngstown, Ohio | Richard W. DiBella Esq. (0074571)<br>DiBella Geer McAllister & Best, P.C.<br>20 Stanwix St FL 11<br>Pittsburgh PA 15222<br>(412) 261-2900<br>ridibella@dgmblaw.com<br>Counsel for Nationwide Mutual Fire Insurance<br>Company<br><br>Has reviewed:<br>/s/Maria D. Giannirakis |
| | Maria D. Giannirakis (0038220)<br>U.S. Department of Justice<br>Office of the U.S. Trustee<br>Metzenbaum U.S. Courthouse<br>201 E. Superior Ave., Ste. 441<br>Cleveland, Ohio 44114-1240<br>(216) 522-7800, ext. 222<br>maria.d.giannirakis@usdoj.gov |

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Richard W. DiBella on behalf of Intervenor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Melody Dugic Gazda on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;heberlein@buckleyking.com;toolejr82560@notify.bestcase.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov /s/

successor by merger
to The Home Savings
and Loan Company of
Youngstown, Ohio
("Home Savings
Bank")

## FULL AND FINAL RELEASE

Know All Persons, that RICHARD M. OSBORNE, SR., BOTH AS DEBTOR AND DEBTOR-IN-POSSESSION , DIANE M. OSBORNE, INDIVIDUALLY AND ON BEHALF OF THE DIANE M. OSBORNE TRUST, HOME SAVINGS BANK and ALEX N. SILL COMPANY, for and in consideration of the payment by NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, of the dollar amounts known as the "Gross Insurance Proceeds" and the "Cleanup Costs", as are specifically set forth in the *MOTION OF RICHARD M. OSBORNE, SR., DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,"* filed, or to be filed in the United States Bankruptcy Court Northern District of Ohio, Eastern Division at Case No. 17-17361, and to which this FULL AND FINAL RELEASE is attached as Exhibit "A",  do hereby release and discharge and has released and discharged NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, its member companies, agents, servants, employees, attorneys, experts, investigators, and adjusters, be they in-house or independent contractors, from any and all actions or causes of action, suits, costs, claims, judgments, and demands whatsoever, in law or in equity, by reason of any and all claims made under Policy Number 5437HO547492 (the "Policy") for a fire loss claim or claims, occurring on or about August 21, 2017, to property located at RD 1 Swede Road, Tidioute, Pennsylvania, and for all claims arising or resulting from said fire, except that any coverage and any cause of action in connection with, or under the

### EXHIBIT
### A

Debris Removal provision of the Policy, is hereby specifically not released in connection herewith.

IT IS SPECIFICALLY UNDERSTOOD AND AGREED by RICHARD M. OSBORNE, SR., as Debtor and Debtor in Possession, DIANE M. OSBORNE, INDIVIDUALLY AND ON BEHALF OF THE DIANE M. OSBORNE TRUST, HOME SAVINGS BANK and ALEX N. SILL COMPANY that for and in consideration of the payment by NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, of the dollar amounts known as the "Gross Insurance Proceeds" and the "Cleanup Costs", as are specifically set forth in the *"MOTION OF RICHARD M. OSBORNE, SR., DEBTOR AND DEBTOR IN POSSESSION FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH NATIONWIDE MUTUAL FIRE INSURANCE COMPANY,"* filed, or to be filed in the United States Bankruptcy Court Northern District of Ohio, Eastern Division at Case No. 17-17361, and to which this FULL AND FINAL RELEASE is attached as Exhibit "A", that said payment as directed by the Court, pursuant to said Motion, is accepted in full and complete satisfaction of any and all costs, claims, demands, rights, suits, cause or causes of action, for the undersigned's rights under the above-referenced insurance policy, or at law or in equity, whether it arises out of the sale of the policy, claim, or adjustment and handling of said loss, except as set forth above in connection with the Debris Removal coverage in the Policy.

THE UNDERSIGNED, RICHARD M. OSBORNE, SR., AS DEBTOR AND DEBTOR IN POSSESSION, DIANE M. OSBORNE, INDIVIDUALLY AND ON BEHALF

OF THE DIANE M. OSBORNE TRUST, HOME SAVINGS BANK and ALEX N. SILL COMPANY further direct that payment shall be made in a manner as directed by the Court, pursuant to said *Motion*.

That, RICHARD M. OSBORNE, SR., AS DEBTOR AND DEBTOR IN POSSESSION, DIANE M. OSBORNE, INDIVIDUALLY AND ON BEHALF OF THE DIANE M. OSBORNE TRUST, HOME SAVINGS BANK, ALEX N. SILL COMPANY, and NATIONWIDE MUTUAL FIRE INSURANCE COMPANY individually and by their duly authorized agents and representatives as the case may be, have read this Full and Final Release and understand its terms and it is upon advice of respective counsel that their signatures, or those of their representatives, are set forth hereunder with the express intention of being legally bound hereby.

**RICHARD M. OSBORNE, SR.**

_____        _____
Richard M. Osborne, Sr., both as Debtor        Witness Signature
and Debtor-in-Possession

_____        _____
Date        Witness Printed Name

**DIANE M. OSBORNE**

_____        _____
Diane M. Osborne, Individually        Witness Signature
and on behalf of the Diane M. Osborne Trust

_____        _____
Date        Witness Printed Name

**HOME SAVINGS BANK** *successor by merger to The Home Savings and Loan Company of Youngstown, Ohio*

_____
Representative of Home Savings Bank

_____
Witness Signature

_____
Rep. Printed Name and Title

_____
Witness Printed Name

_____
Date

**ALEX N. SILL COMPANY**

_____
Representative of Alex N. Sill Company

_____
Witness Signature

_____
Rep. Printed Name and Title

_____
Witness Printed Name

_____
Date