UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 17-17361-aih |
| RICHARD M. OSBORNE, | Chapter 11 |
| Debtor. | Judge Arthur I. Harris |

**FIRST NATIONAL BANK OF PENNSYLVANIA'S OBJECTION TO THE MOTION OF DEBTOR TO EMPLOY WILLIAM T. WULIGER, ESQ. AS SPECIAL COUNSEL [dkt # 266]**

Creditor First National Bank of Pennsylvania ("*FNBPA*"), successor by merger to Park View Federal Savings Bank, by and through its undersigned counsel, files this objection ("*Objection*") to the motion of debtor Richard M. Osborne, Sr. ("*Debtor*") to employ William T. Wuliger, Esq. as special counsel [dkt # 266] (the "*Motion*").

**PRELIMINARY STATEMENT**

1. This is the second time attorney William T. Wuliger, Esq. ("*Wuliger*") has requested this Court approve his employment as special counsel to continue to represent this Debtor and/or various insiders of Debtor. Indeed, in the bankruptcy case of *In re: Orwell-Trumbull Pipeline Co., LLC*, case no. 17-17135-aih, on December 13, 2017, as supplemented on January 17, 2018, Wuliger requested that this Court authorize his employment as special counsel for Orwell-Trumbull Pipeline Co., LLC ("*OTP*"), an insider of Debtor. In denying that request in the OTP bankruptcy case, this Court remarked as follows:

> And I think it's important that, especially in the actions between Mr. Osborne as an individual and these entities that he owned or controlled or was a principal in, that were separate legal entities,

that we sort out all of these things. And if there are actions, for example, the Orwell -- the Gas Natural, which I think is a subsidiary or affiliate of the customer, Orwell Natural Gas, in this case, that we have the proper parties and we figure out who it is that stands to gain from claims. So it may be that [OTP] doesn't have a dog in that fight, but maybe it does. Maybe it needs to intervene. But we can't have just sort of a one lawyer representing the various claim holders to that. And prudence dictates that it be someone that has a clear knowledge as to who their client is and also not have a particular stake in it.

(*In re: Orwell-Trumbull Pipeline Co.*, January 23, 2018 Hearing Transcript, page 28, line 25; page 29, lines 1-16). A copy of the foregoing hearing transcript is attached hereto as Exhibit A.

2. This Motion is no different than the application filed in the OTP bankruptcy case. In fact, central to this Motion is the law suit against Gas Natural, Inc., the same state court matter referred to above. Just like the previous application in the OTP bankruptcy case, this Motion and the accompanying affidavit fail to comply with the mandatory disclosure requirements of Bankruptcy Rule 2014(a), and further fail to meet the requirements of 11 U.S.C. 327(e). Consequently, the Motion must be denied.

## BACKGROUND

3. On December 17, 2017, Debtor filed his voluntary petition for relief under Chapter 11 of Bankruptcy Code.

4. On October 16, 2018, Debtor filed the Motion seeking to employ Wuliger as special counsel for the following matters: (a) the Gas Natural law suit; (b) the Masco Estate; (c) the Gorman claim; the (d) the Greg Osborne claim; and (e) the appeal of the judgment in favor of FNB.

5. The Motion is supported by the Verified Statement of Wuliger (the "***Wuliger Affidavit***"). The Wuliger Affidavit states, in pertinant, the following:

a. "[Wuliger] does not hold a security interest guarantee or other assurance of compensation for services performed and to be performed in the case." (Wuliger Affidavit, ¶ 3.d.)

b. "The Debtor's records show he is owed $118,105.41 in fees by the Debtor for prepetition work, but his records reflect that he has matters that involve both the Debtor and entities controlled by him for which he is owed a total of $447,048.38 as of the petition date. As noted in the Motion he received an assignment of $400,000 from the Gas [N]atural settlement in satisfaction of that amount of his fees. He has represented many companies owned by the Debtor in the past, but he does not have any does not have [sic] an interest materially adverse to the interest of the estate or any class of creditors by reason of any direct or indirect relationship to, connection with the debtor, or for any other reason. A statement of the amount owed on certain matters for the Debtor or his entities in the last 12 months is attached. In the last 12 months he has been paid $114,690.49 from entities owned by the Debtor; $39,000.00 from Sugar Bush Lane, LLC, and $10,000 each from Rockefeller Oil Co., LLC and Cobra Pipeline Co., LLC with the balance being paid from various other entities. He does not have any other interest, direct or indirect, which may be affected by the proposed representation." (Wuliger Affidavit, ¶ 3.f.)

6. Some of the self-interested averments in the Motion and the Wuliger Affidavit appear to be false, while others seem to raise more questions than provide answers. The Motion and the Wuliger Affidavit fail to meet the mandatory disclosure

3

requirements of Bankruptcy Rule 2014. Moreover, neither the Motion nor the Wuliger Affidavit show how the employment of Wuliger would benefit the estate.

## LAW AND ARGUMENT

**A.     Failure to Disclose as Required by Bankruptcy Rule 2014(a)**

7.      Bankruptcy Rule 2014(a) is applicable to all applications to employ professionals under Bankruptcy Code § 327, including applications to employ special counsel pursuant to § 327(e).

8.      Bankruptcy Rule 2014(a) requires, in pertinent part, that "[t]he application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's **connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants**, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's **connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee**." (Emphasis added).

9.      Bankruptcy Rule 2014 is much more comprehensive than § 327. *In re Southern Kitchens, Inc.*, 216 B.R. 819, 829 (Bankr. D. Minn. 1998). The rule is meant to "ensur[e] that all professionals tender undivided loyalty and provide untainted service in furtherance of their fiduciary responsibilities." *Rome v. Braunstein*, 19 F.3d 54, 57 (1st Cir. 1994).

4

10. The language of Bankruptcy Rule 2014(a) requires mandatory disclosure and precludes those professionals seeking appointment under § 327 from exercising any discretion in deciding which connections merit disclosure. Negligence regarding disclosure is no excuse. *Halbert v. Yousif*, 225 B.R. 336, 346 (E.D. Mich. 1998) (citations omitted).

11. The Motion states that "Mr. Wuliger has been selected by Debtor to perform these services because Mr. Wuliger has represented the Debtor and some of his companies in several pieces of litigation in various courts. These pieces of litigation have long histories and are somewhat complex and therefore it would be difficult for any other counsel to take over that litigation., [sic] and so is already familiar with the issues." (Motion; pg. 1, Reasons for Selection). The Motion further states, "Mr. Wuliger has represented Osborne and a number of his companies since 2014" and that "Mr. Wuliger was engaged in representing himself, the Debtor and others in the matter of *Richard M. Osborne, et al. v. Gas Natural, Inc.*, Cuyahoga Case No. 17-CV-877354 at the time the Debtor filed this bankruptcy case." (Motion, pg. 2). Finally, the Motion discloses that Wuliger filed an appeal on behalf of the Debtor of the judgment rendered in favor of FNB against the Debtor. The Motion does not make any further disclosure of connections with the debtor, creditors, any other party in interest.

12. The Motion and the Wuliger Affidavit fail to disclose numerous connections with Debtor and insiders, including, but not limited to, the following UCC-1 financing statements and accompanying security agreements attached to said UCC-1 financing statements:

    a. That certain UCC-1 financing statement filed September 1, 2015 and identified as OH00188712741, identifying Wuliger, individually, as

5

17-17361-aih    Doc 283    FILED 11/02/18    ENTERED 11/02/18 04:24:14    Page 5 of 14

creditor and Osborne, individually, as a debtor, for obligations defined as estimated billings in excess of $600,000, which are ongoing obligations;

b. That certain UCC-1 financing statement filed September 10, 2015 and identified as OH00188905346, identifying Wuliger, individually, as creditor and Osborne, individually, as a debtor, for obligations defined as estimated billings in excess of $800,000, which are ongoing obligations; and

c. That certain UCC-1 financing statement filed September 10, 2015 and identified as OH00188905891, identifying Wuliger, individually, as creditor and Osborne, individually, as a debtor, for obligations defined as estimated billings in excess of $600,000, which are ongoing obligations. True and correct copies of the foregoing UCC-1 financing statements are attached collectively as <u>Exhibit 1</u>.

13. Not only do the Motion and the Wuliger Affidavit fail to disclose the foregoing security instruments and financing statements, but the Wuliger Affidavit contains the apparently false averment stating, "[Wuliger] does not hold a security interest guarantee or other assurance of compensation for services performed and to be performed in the case."

14. In addition to the foregoing undisclosed security interests, Wuliger has failed to disclose numerous cases in which Wuliger represents Debtor and insiders of the Debtor, including, but not limited to, the following cases:

a. *Richard M. Osborne, et al., v. Park View Federal Savings Bank, n/k/a First National Bank of Pennsylvania*, Cuyahoga County Court of Common Pleas, Case No. CV-14-822810;

6

b. *Richard M. Osborne, et al., v. Kohrman, Jackson & Krantz PLL, et al.*, Cuyahoga County Court of Common Pleas, Case No. CV-14-830753;

c. *Richard M. Osborne, et al. v. D.F. King & Co., Inc., et al.*, Cuyahoga County Court of Common Pleas, Case No. CV-15-844237;

d. *Richard M. Osborne, et al., v. Gas Natural Inc.*, Cuyahoga County Court of Common Pleas, Case No. CV-15-844836;

e. *Richard M. Osborne, et al. v. FirstMerit Bank NA*, Cuyahoga County Court of Common Pleas, Case No. CV-15-852981;

f. *Richard M. Osborne, et al., v. Gas Natural Inc.*, Cuyahoga County Court of Common Pleas, Case No. CV-17-877354;

g. *FirstMerit Bank NA v. Richard M. Osborne, et al.*, Lake County Court of Common Pleas, Case No. 13CV002062;

h. *Richard M. Osborne, et al. v. Frantz Ward LLP, et al.*, Lake County Court of Common Pleas, Case No. 13CV002450;

i. *PNC Bank National Association v. Heisley Hopkins Inc., et al.*, Lake County Common Pleas, Case No. 14CV000062;

j. *Richard M. Osborne, et al. v. Gas Natural Inc., et al.*, Lake County Common Pleas, Case No. 14CV001210;

k. *Great Plains Exploration LLC v. Gas Natural Inc.*, Lake County Common Pleas, Case No. 14CV001326;

l. *Richard M. Osborne, et al. v. Gas Natural Inc., et al.*, Lake County Common Pleas, Case No. 14CV001512;

m. *First National Bank of Pennsylvania v. Junior Properties Ltd., et al.*, Lake County Common Pleas, Case No. 14CV001716;

n. *First National Bank of Pennsylvania v. Junior Properties Ltd., et al.*, Lake County Common Pleas, Case No. 14CV001717;

o. *First National Bank of Pennsylvania v. Junior Properties Ltd., et al.*, Lake County Common Pleas, Case No. 14CV001718;

p. *First National Bank of Pennsylvania v. Junior Properties Ltd.*, et al., Lake County Common Pleas, Case No. 14CV001719;

q. *First National Bank of Pennsylvania v. Richard M. Trust UTA Dated January 13, 1995, et al.*, Lake County Common Pleas, Case No. 14CV001720;

r. *First National Bank of Pennsylvania v. Heisley Hopkins, Inc., et al.*, Lake County Common Pleas, Case No. 14CV001722;

s. *First National Bank of Pennsylvania v. Black Bear Realty Ltd., et al.*, Lake County Common Pleas, Case No. 14CV001723;

t. *Aviation West Charters Inc. v. Richard Osborne, et al.*, Lake County Court of Common Please, Case No. 14CV002116;

u. *8500 Station Street LLC v. Os Air Inc.*, Lake County Court of Common Pleas, Case No. 14CV002124;

v. *CF Bank v. Richard M. Osborne, Trustee, et al.*, Lake County Court of Common Pleas, Case No. 15CF001708;

w. *Willoughby Supply Company v. Richard M. Osborne*, Lake County Court of Common Pleas, Case No. 15CV000956;

x. *FirstMerit Bank NA v. Oz Gas Aviation LLC*, Lake County Court of Common Pleas, Case No. 15CV001880;

y. *Richard M. Osborne Trust, et al. v. FirstMerit Bank NA, et al.*, Lake County Court of Common Pleas, Case No. 16CV000363;

z. *Chicago Title Insurance Company v. Osborne Inc., et al.*, Lake County Court of Common Pleas, Case No. 17CV000880;

aa. *Orwell Trumbull Pipeline Co. LLC v. Cobra Pipeline Co. Ltd.*, Lake County Court of Common Pleas, Case No. 18CV000634;

bb. *Estate of Jerome T. Osborne, et al. v. Village of Kirtland Hills, et al.*, Lake County Court of Common Pleas, Case No. 18CV000725;

cc. *Rockefeller Oil Company LLC v. Orwell Trumbull Pipeline Co. LLC*, Lake County Court of Common Pleas, Case No. 18CV000726;

dd. *Ohio State of Ex Rel Richard M. Osborne v. Judge Eugene* Lucci, Eleventh District Court of Appeals; Case No. 2014-L-125;

ee. *Espyville of Pennsylvania LLC v. Ron Bon Inc., et al.*, Eleventh District Court of Appeals, Case No. 2015-L-086;

ff. *Richard Osborne, Trustee, et al. v. LeRoy Township*, Eleventh District Court of Appeals, Case No. 2015-L-118;

gg. *Richard M. Osborne, Trustee, et al. v. Home Savings & Loan Company of Youngstown Ohio*, Eleventh District Court of Appeals, Case No. 2016-L-023;

hh. *CF Bank v. Richard M. Osborne, Trustee, et al.*, Eleventh District Court of Appeals, Case No. 2016-L-044;

ii. *FirstMerit Bank v. Osborne, Trustee, et al.*, United States District Court, Northern District of Ohio, Case No. 12-cv-02298;

jj. *Wells Fargo Equipment Finance, Inc. v. Osborne*, United States District Court, Northern District of Ohio, Case No. 13-cv-01875;

kk. *Durgerian, et al. v. Osborne, et al.*, United States District Court, Northern District of Ohio, Case No. 13-cv-02805;

ll. *Gas Natural Inc. v. Osborne*, United States District Court, Northern District of Ohio, Case No. 13-cv-02181;

mm. *Osborne, et al. v. Park View Federal Savings Bank, et al.*, United States District Court, Northern District of Ohio, Case No. 15-cv-00299; and

nn. *Cobra Pipeline Co., Ltd. v. Gas Natural Inc. et al.*, United States District Court, Northern District of Ohio, Case No. 15-cv-00481.

15. A search for Wuliger as counsel in the online records of the Clerk of Courts for the Court of Common Pleas, Lake County, Ohio, reveals that Wuliger's entire Lake County, Ohio litigation practice appears to be representing Debtor and various insiders.

16. The most troubling of the litany of undisclosed cases are the cases filed post-petition, specifically, (a) *Estate of Jerome T. Osborne, et al. v. Village of Kirtland Hills, et al.*, Lake County Court of Common Pleas, Case No. 18CV000725, and (b) *Rockefeller Oil Company LLC v. Orwell Trumbull Pipeline Co. LLC*, Lake County Court of Common Pleas, Case No. 18CV000726. In the first of these cases, Wuliger represents the plaintiffs, which includes the Debtor. In the second case, Wuliger represents the plaintiff Rockefeller Oil Company LLC, an insider, against OTP, another insider. Not only did Wuliger seek employment as special counsel for OTP just several months before filing this suit, his office represented OTP as counsel of record in the appeal of the judgment awarded to FNB. This suit is a possible violation of Rule 1.7 of the Ohio Rules of Professional Conduct.

17. The duty to disclose connections with the debtor, creditors, any other party in interest is a mandatory requirement of Bankruptcy Rule 2014, which applies not only § 327(a), but also to § 327(e). Wuliger has failed to meet this requirement, and this alone is grounds to deny the Motion.

B. **Failure to Satisfy the Requirements of § 327(e)**

18. Section 327(e) of the Bankruptcy Code specifically provides, in pertinent part, that Debtor "with the court's approval, may employ, for a specified special purpose,

other than to represent the trustee in conducting the case, an attorney that has represented the debtor, **if in the best interest of the estate**, and **if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed**." (Emphasis added).

19. "The language of § 327(e) sets up a three-prong test for the employment of special counsel. First, the employment may only be authorized for a 'specified special purpose' other than 'conducting the case.' The 'special purpose' must be unrelated to the debtor's reorganization and must be 'explicitly defined or described in the application seeking approval of the attorney's employment.'" *In re Running Horse, L.L.C.*, 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007) (citing 3 *Collier on Bankruptcy* (15th Ed. Rev.) ¶ 327.04[9][d] (2006)).

20. "The second and third prongs of the 'special counsel' test are dependent upon the first. Once the purpose for special counsel's employment is adequately and specifically defined, then the debtor must show that the proposed attorney or law firm 'does not represent or hold any interest adverse to the debtor or to the estate' with respect to the specified purpose of the proposed employment. The Debtor must also show that the employment of special counsel for a specified purpose is in the 'best interest of the estate.'" *Running Horse*, 371 B.R., at 451.

21. The Motion fails to demonstrate that Wuliger does not hold any interest adverse to the Debtor's estate. Rather, the Motion and the Wuliger Affidavit freely admit that Wuliger is individually pursuing a $400,000 claim in the Gas Natural litigation which was allegedly assigned to Wuliger by Debtor as compensation for accrued and unpaid legal fees on various matters. According to the Wuliger Affidavit,

these legal fess were not just owed by the Debtor, but for various insiders as well. The Motion states, "Mr. Wuliger was engaged in representing himself, the Debtor and others" in the Gas Natural litigation. This is clearly an interest adverse to the Debtor's estate, not to mention a possible violation of Rule 3.7(a) of the Ohio Rules of Professional Conduct.

22. Further, it is entirely unclear who is entitled to the claims in the Gas Natural case. At the hearing on the request to employ Wuliger as special counsel for the Gas Natural litigation in the OTP bankruptcy case, Wuliger, arguing on behalf of himself, explained to this Court how the Gas Natural lawsuit was not, in reality, the Debtor's claim. Rather, Wuliger explained that the real party in interest to that claim was OTP, and not Debtor. Debtor, however, was named as the plaintiff to that lawsuit instead of OTP. Apparently this was part of the litigation strategy solely to avoid the specific defense of jurisdictional priority that could have been raised against OTP, but not against the Debtor. Specifically, Wuliger explained to this Court, in pertinent part, as follows:

> Now, why wasn't the Debtor named as a party? Mr. Dortch had filed a similar lawsuit, but not identical, in Lake County, in which he named [OTP]. To avoid a jurisdictional priority argument, because I thought the better court was the Cuyahoga County Court, realizing the Lake County Court had no appetite -- whenever the PUCO is mentioned, they always defer. I knew that the Cuyahoga County Court could not, given the jurisdictional demands in the contract, and so I named Osborne. At the end of the day, the money would have gone to [OTP]. I don't envision any resolution that this Court wouldn't approve with the appropriate disbursements going to [OTP].
>
> (Ex. A, *In re: Orwell-Trumbull Pipeline Co.*, January 23, 2018 Hearing Transcript, page 23, lines 11-24).

23. "A fiduciary ... may not perfect his claim to compensation by insisting that, although he had conflicting interests, he served his several masters equally well or that his primary loyalty was not weakened by the pull of his secondary one." *In re Fretter Inc.*, 219 B.R. 769, 778 (Bankr. N.D. Ohio 1998) (citing *Woods v. National Bank & Trust Co. of Chicago*, 312 U.S. 262, 269, 61 S.Ct. 493, 497, 85 L.Ed. 820 (1941)).

24. In addition to the Gas Natural litigation, the Motion also seeks the appointment of Wuliger as special counsel to resolve a claim with the Masco Estate as it relates to the real property located at 434 Water, Chardon, OH parcel no. 10-154300. 434 Water is no longer a part of the Debtor's estate. The Court granted FNB relief from stay and abandonment of that parcel on April 15, 2018 [dkt # 108]. Clearly, the Debtor's employment of special counsel at a rate of $450 per hour with respect to abandoned property outside of the bankruptcy estate is not within the best interest of the estate.

25. In addition to the Gas Natural litigation and the Masco Estate, the Motion seeks to employ Wuliger as special counsel for both the Gorman claim and the Greg Osborne claim. Both of these appear to potentially be claims against insiders. Greg Osborne is clearly an insider. Notwithstanding, the Motion fails to provide any specificity concerning the Greg Osborne claim to demonstrate to creditors and other interested parties that retaining special counsel at $450 per hour to prosecute what appears to be a simple breach of contract claim for money damages is beneficial. The Motion fails to specify any sort of complexity that would justify such an engagement, as opposed to the retention of special counsel on a contingent fee basis as is routinely done.

26. Likewise, the Motion also lacks any sort of specificity with regards to the Michael Gorman claim. The Motion fails to state why retaining special counsel in Cleveland, Ohio at $450 per hour to prosecute what appears to be a simple claim for

money damages against an individual located in North Carolina is in the best interest of the estate. Further, the Debtor and Wuliger failed to disclose a certain lawsuit filed post-petition known as *Estate of Jerome T. Osborne, et al. v. Village of Kirtland Hills, et al.*, Lake County Court of Common Pleas, Case No. 18CV000725, where attorney Wuliger represents the plaintiffs, including both the Debtor and Georgeann Osborne Gorman. Michael Gorman appears to be a family relation to the Debtor, and therefore, Wuliger potentially failed to disclose the connection.

27. Finally, the Debtor seeks to retain Wuliger as special counsel to prosecute the appeal of the Judgment awarded FNB. The appeal is currently stayed during the pendency of the Debtor's and various insiders' bankruptcy cases. Retaining special counsel at an hourly rate to prosecute a stayed case is not in the best interest of the estate.

WHEREAS, FNB respectfully submits that the Motion, and all relief requested in relation thereto be denied.

| | |
|---|---|
| Dated: November 2, 2018 | Respectfully submitted, |
| | /s/ *Nathaniel R. Sinn* <br> Matthew H. Matheney (0069974) <br> Gregory P. Amend (0081247) <br> Nathaniel R. Sinn (0088467) <br> Buckingham, Doolittle & Burroughs, LLC <br> 1375 E. 9th Street, Suite 1700 <br> Cleveland, Ohio 44114 <br> Telephone: (216) 621-5300 <br> Facsimile: (216) 621-5440 <br> Email: mmatheney@bdblaw.com <br> gamend@bdblaw.com <br> nsinn@bdblaw.com <br> COUNSEL FOR FIRST NATIONAL BANK OF PENNSYLVANIA |

CERTIFICATE OF SERVICE

The undersigned certifies that on November 2, 2018, a true and correct copy of the foregoing was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

- Gregory P. Amend: gamend@bdblaw.com
- Alison Archer: alison.archer@ohioattorneygeneral.gov
- Adam S. Baker: abakerlaw@sbcglobal.net
- Austin B. Barnes III: abarnes@sandu-law.com
- Robert D. Barr: rbarr@koehler.law
- David T. Brady: dbrady@sandu-law.com
- LeAnn E. Covey: lcovey@clunkhoose.com
- Gregory M. Dennin: greg@gmdlplaw.com
- Glenn Forbes: bankruptcy@geflaw.net
- Stephen R. Franks: amps@manleydeas.com
- Stephen John Futterer: sjfutterer@sbcglobal.net
- Stephen D. Hobt: shobt@aol.com
- Christopher J. Klym: bk@hhkwlaw.com
- Matthew H. Matheney: mmatheney@bdblaw.com
- Kelly Neal: kelly.neal@bipc.com
- David M. Nuemann: dnuemann@meyersroman.com
- Timothy P. Palmer: timothy.palmer@bipc.com
- Kirk W. Roessler: kroessler@walterhav.com
- John J. Rutter: jrutter@ralaw.com
- Frederic P. Schwieg: fschwieg@schwieglaw.com
- Michael J. Sikora, III: msikora@sikoralaw.com
- Andrew M. Tomko: atomko@sandhu-law.com
- Jeffrey C. Toole: toole@buckleyking.com
- Michael S. Tucker: mtucker@ulmer.com
- Maria D. Giannirakis: maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn: Scott.R.Belhorn@usdoj.gov

/s/ *Nathaniel R. Sinn*
Nathaniel R. Sinn (0088467)

CL2:487262_v1