UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 17-17361-aih |
| RICHARD M. OSBORNE, | Chapter 7 |
| Debtor. | Judge Arthur I. Harris |

## FIRST NATIONAL BANK OF PENNSYLVANIA'S MOTION FOR EXAMINATION OF THE DEBTOR, RICHARD M. OSBORNE, UNDER RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Creditor First National Bank of Pennsylvania ("*FNB*"), successor by merger to Park View Federal Savings Bank ("*Park View*"), by and through its undersigned counsel, hereby moves this Court for the entry of an order authorizing an examination of the debtor, Richard M. Osborne ("*Debtor*"), pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"). FNB believes that Debtor is in possession of additional information related to assets and potential assets of the Debtor's bankruptcy estate which has not been produced yet and which impacts the funds available for creditors.

### BACKGROUND

1. On December 17, 2017 (the "*Petition Date*"), Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), thereby commencing the above-captioned Chapter 11 case (the "*Case*").

2. FNB is one of the Debtor's largest creditors, with a claim that exceeds $12 million. On December 11, 2018, FNB filed a motion to appoint a chapter 11 trustee [dkt # 308] (the "*Trustee Motion*"). FNB incorporates by reference the various factual

allegations and assertions made in support of the Trustee Motion, as if fully restated herein.

3. As described in the more detail in the Trustee Motion, FNB has asserted disconcerting actions of Debtor, including, but not limited to, the following:

    a. Debtor failed to disclose assets of his bankruptcy estate;

    b. Debtor made transfers of shares in various companies in the months before the Petition Date;

    c. Debtor failed to disclose transfers of real and personal property made shortly before the Petition Date;

    d. Debtor revoked the Richard M. Osborne Trust and the Rigrtona Trust in violation of orders of a state court;

    e. Debtor liquidated significant assets of insider entities that he owns and controls, both before and after the Petition Date, and FNB believes Debtor has personal access to the proceeds arising therefrom; and

    f. Debtor selectively disregarded corporate distinctions between insiders entities.

4. FNB believes that Debtor is in possession of information and documentation relating to the foregoing, which information is necessary to determine whether certain assets are property of Debtor's bankruptcy estate and the rights of creditors in and to such assets.

**RELIEF REQUESTED**

5. FNB requests that Debtor be ordered to appear for examination pursuant to the provisions of Bankruptcy Rule 2004(a) and to produce the documents requested herein.

2

17-17361-aih    Doc 310    FILED 12/18/18    ENTERED 12/18/18 23:46:45    Page 2 of 7

## LAW AND ARGUMENT

6. Bankruptcy Rule 2004 provides in relevant part that, "[o]n the motion of any party in interest the court may order the examination of any entity … [regarding] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In . . . a reorganization under chapter 11 of the [Bankruptcy] Code, the examination may also relate to the operation of any business . . . the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." Fed. R. Bankr. P. 2004(a)-(b).

7. This scope "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct[,]" *2435 Plainfield Ave., Inc. v. Twp. Of Scotch Plain, (In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) (citations omitted), "even broader than that of discovery permitted under the [Federal Rules of Civil Procedure,]" *In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990), and "in the nature of a fishing expedition[,]" *Id*. (quotations omitted). "[T]he breadth of scope of a [Rule] 2004 examination derives from the particular purpose for which [Rule] 2004 and its predecessor provisions under the Bankruptcy Act were promulgated. That is to allow a Trustee, or others interested in accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor that might be intentionally concealed or overlooked in ignorance or haste." *Id*. (citing *In*

*re Cinderella Clothing Indust., Inc.*, 93 B.R. 373, 377 (Bankr. E.D. Pa. 1988)) (citations omitted).

8.  To facilitate such investigation, "[t]hird parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination," *In re Valley Forge Plaza Assoc.*, 109 B.R. at 674 (citations omitted), and the inquiry may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him[,]" *In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D. Mass. 1981). See also *In re Gray*, 447 B.R. 524, 532 (E.D. Mich. 2011) (citing *Mantolesky*).

9.  Debtor's actions described above and described in detail in the Trustee Motion concern the assets, liabilities, and matters relevant to the Debtor's case. Accordingly, the relief sought herein falls within the scope of Rule 2004.

WHEREFORE, FNB respectfully requests the entry of an Order directing Debtor to appear for examination on January 17, 2019, or at a date mutually agreed to by the parties, pursuant to the provisions of Bankruptcy Rule 2004(a), and to provide the following documents:

(1) Any documentation, including, but not limited to, bank statements and ledgers, for any and all deposit accounts maintained by or in the name of RMO Inc. for the period beginning December 17, 2015, through current date.

(2) Any documentation, including, but not limited to, bank statements and ledgers, for any and all deposit accounts maintained by or in the name of OsAir Inc. for the period beginning December 17, 2015, through current date.

(3) Any documentation, including, but not limited to, bank statements and ledgers, for any and all deposit accounts maintained by or in the name of Rockefeller Oil Company, LLC for the period beginning December 17, 2015, through current date.

(4) Any documentation concerning transfers or proposed transfers of real property owned by Hamilton-Mercantile LLC.

(5) Any documentation concerning transfers or proposed transfers of real property owned by 8667 East Ave LLC.

(6) Any documentation concerning or relating to 7001 Center Street LLC, and/or the settlement of the foreclosure proceeding before the Court of Common Pleas, Lake County, Ohio, known as *CF Bank v. Richard M. Osborne, Trustee, et al.*, and assigned case number 15CF001708.

(7) Any documentation regarding the transfer of shares in Osborne Inc., Osborne Concrete & Stone Co., Fairport Trucking Company, Grand River Asphalt Co., Osborne Co. Ltd., and Cuyahoga Concrete Co.

(8) Documentation concerning the financials of all of the entities listed in Debtor's Amended Schedules, including balance sheets, tax returns for the past four years, lists of assets owned by each entity, income statements, and profit and loss statements.

(9) Documentation of transfers of any real property that is or was owned by any and all of the entities listed in Debtor's Amended Schedules since Debtor filed bankruptcy on December 17, 2017.

(10) Documentation concerning Louie V LLC, including but not limited to agreements between the Debtor and that entity, transfers from the Debtor to and/or from that entity, and money and/or anything of value exchanged with that entity.

Dated:  December 18, 2018               Respectfully submitted,

                                        /s/ *Nathaniel R. Sinn*
                                        Matthew H. Matheney (0069974)
                                        Gregory P. Amend (0081247)
                                        Nathaniel R. Sinn (0088467)
                                        Buckingham, Doolittle & Burroughs, LLC
                                        1375 E. 9th Street, Suite 1700
                                        Cleveland, Ohio 44114
                                        Telephone: (216) 621-5300
                                        Facsimile: (216) 621-5440
                                        Email:    mmatheney@bdblaw.com
                                                  nsinn@bdblaw.com
                                                  gamend@bdblaw.com

                                        COUNSEL FOR FIRST NATIONAL BANK OF PENNSYLVANIA.

6

CERTIFICATE OF SERVICE

    The undersigned certifies that on December 18, 2018, a true and correct copy of the foregoing was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

- Gregory P. Amend: gamend@bdblaw.com
- Alison Archer: alison.archer@ohioattorneygeneral.gov
- Adam S. Baker: abakerlaw@sbcglobal.net
- Austin B. Barnes III: abarnes@sandu-law.com
- Robert D. Barr: rbarr@koehler.law
- David T. Brady: dbrady@sandu-law.com
- LeAnn E. Covey: lcovey@clunkhoose.com
- Gregory M. Dennin: greg@gmdlplaw.com
- Glenn Forbes: bankruptcy@geflaw.net
- Stephen R. Franks: amps@manleydeas.com
- Stephen John Futterer: sjfutterer@sbcglobal.net
- Stephen D. Hobt: shobt@aol.com
- Christopher J. Klym: bk@hhkwlaw.com
- Matthew H. Matheney: mmatheney@bdblaw.com
- Kelly Neal: kelly.neal@bipc.com
- David M. Nuemann: dnuemann@meyersroman.com
- Timothy P. Palmer: timothy.palmer@bipc.com
- Kirk W. Roessler: kroessler@walterhav.com
- John J. Rutter: jrutter@ralaw.com
- Frederic P. Schwieg: fschwieg@schwieglaw.com
- Michael J. Sikora, III: msikora@sikoralaw.com
- Andrew M. Tomko: atomko@sandhu-law.com
- Jeffrey C. Toole: toole@buckleyking.com
- Michael S. Tucker: mtucker@ulmer.com
- Maria D. Giannirakis: maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn: Scott.R.Belhorn@usdoj.gov

And by regular U.S. mail, postage prepaid, to:

Richard M. Osborne
7265 Markell Road
Waite Hill, OH 44094

                                                         /s/ *Nathaniel R. Sinn*
                                                         Nathaniel R. Sinn (0088467)

CL2:488849_v1