**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 21, 2018, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: December 21, 2018**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE RICHARD M. OSBORNE<br>DEBTOR | CASE NO. 17-17361<br>CHAPTER 11<br>JUDGE ARTHUR I. HARRIS |

**AGREED ORDER GRANTING MOTION OF RICHARD M. OSBORNE TO SELL A PARCEL OF REAL PROPERTY LOCATED AT 7325 REYNOLDS ROAD, MENTOR OH FREE OF ANY INTEREST OF ANY ENTITY OTHER THAN THE ESTATE**

The matter before the Court is the Motion of Richard M. Osborne to Sell a Parcel of Real Property Located at 7325 Reynolds Road, Mentor OH PPN 16C0700000160 ("7325 Reynolds Road") Free of Any Interest of Any Entity Other Than the Estate  [Doc. 292] ("Motion") filed by Richard M. Osborne, Debtor in Possession ("Debtor") seeking entry of an order pursuant to 11 U.S.C. §§ 102(1)(B)(i), 363(b) and (f), authorizing the sale of the property of the estate described below free of any interest of any entity other than the estate; and the Objection of Citizens Bank, N.A. fka RBS Citizens, N.A. dba Charter One ("Citizens") to the Motion [Doc. 307] (the "Objection").  A hearing on the Motion and the Objection was held on December 18, 2018; all parties agreeing the entry of this order and the Court being apprised in the premises of the Motion and the Objection finds and orders as follows:

-1-

THE COURT FINDS THAT:

1. The Motion and Notice of the Motion was certified as being duly served according to the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

2. On December 17, 2017 (the "Petition Date"), the Debtor filed his voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor has continued in possession of his property and has continued to operate and manage his businesses as debtor-in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and the United States Trustee has indicated that no official creditor committee is being formed in this case.

4. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O). The statutory predicate for the relief sought herein is Section 363(b) and (f) of the Bankruptcy Code.

5. The Debtor seeks to sell a house and lot located at 7325 Reynolds Road, Mentor OH PPN 16C0700000160 ("7325 Reynolds Road"). The Debtor proposes to sell the estate's interest in 7325 Reynolds Road for $290,000 ("Gross Proceeds") less payment of all outstanding real estate taxes consisting of approximately $23,682.73 in current and past due real estate taxes due Lake County Ohio (the "Real Estate Taxes") and costs of sale such as customary prorations, broker commissions and fees through the closing date (the remaining sum the "Net Proceeds") on the terms and conditions set forth in the offer to purchase from Anthony D. Melaragno ("Buyer") attached hereto as Exhibit A. Buyer has no connection to the Debtor and seeks to purchase 7325 Reynolds Road in good faith.

6.  Prepetition title to 7325 Reynolds Road was in the name of the Richard M. Osborne Trust ("Trust").  On December 17, 2017 the Debtor revoked the Trust which caused the Trust's property to revest in the Debtor on that date.  7325 Reynolds Road is therefore property of this bankruptcy estate.

7.  As evidenced by the Full Search attached as Exhibit B to the Motion (the "Title Search"), Citizens has the first and best lien on the Property based on a judgment lien filed on August 21, 2009 with the Clerk of the Lake County Common Pleas Court as judgment lien no. 09-JL-004014, and which judgment lien was renewed on August 18, 2014 as judgment lien no. 14-JL-003247 (collectively, the "Judgment Lien").

8.  Additionally, Citizens holds a mortgage on the Property pursuant to a mortgage, which was recorded with the Lake County Recorder on June 4, 2014 as Instrument No. 2014R013442 (the "Mortgage" and together with the Judgment Lien, "Citizens' Lien").

9.  On April 18, 2018, Citizens filed a proof of claim (the "Claim") in the amount of $8,076,373.53 plus other amounts as stated in the Claim. In the Statement of Claim, which is attached as part of the Claim, the history of the secured obligations owed to Citizens is outlined in detail. The Claim is designated by the Court as Claim No. 28.

10. The Lake County Auditor's fair market appraisal for 7325 Reynolds Road is $307,020.00. The proposed Gross Sales Price is therefore fair and reasonable for 7325 Reynolds Road.

11. There are numerous holders of an interest in 7325 Reynolds Road as set forth on Exhibit B to the Motion, but with the exception of Citizens, no other alleged interest/lienholder has objected to the Motion, and therefore all such holders of any interest consent to the sale free of their interest.

12. Many of the interests in 7325 Reynolds Road are in bona fide dispute.

-3-

13. As the remaining interests are junior in priority to the Judgment Lien, the holder of any interest in 7325 Reynolds Road may be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

14. Therefore 7325 Reynolds Road may be sold free of any interest of any other entity; and any such lien or interest, including Citizens' Lien, shall be transferred as a lien on the Net Proceeds.

15. The Gross Proceeds will be reduced, as delineated by a final Settlement Statement to be approved by the Debtor and Citizens prior to the closing of the sale of 7325 Reynolds Road (the "Closing"), by Prorations/Adjustments, Other Loan Charges, Title Charges and Escrow, brokers' commissions (in the total amount not to exceed $14,500), Government Recording and Transfer Charges and Final Water Sewer Hold (collectively the "Closing Costs"), with the remaining balance of proceeds to be paid directly by the Escrow Agent as follows:

15.01   To the Lake County Treasurer, all outstanding real estate taxes through the closing date, consisting of approximately $29,723.59 (which includes current taxes of approximately $6,040.86 and delinquent taxes of approximately $23,682.73) in real estate taxes due Lake County Ohio (the "Real Estate Taxes"); and

15.02   To Citizens:  a partial payment of $50,000.00 via wire transfer pursuant to wire transfer instructions to be provided to the Escrow Agent prior to the closing of the sale (the "Partial Citizens Payment").

16. After adjustments and payments at Closing of all amounts listed in paragraph 15 above, the remaining amount is estimated to be $187,714.66 (the "Net Proceeds").  The Net Proceeds shall be paid by the Escrow Agent to Debtor, but only for Debtor to hold those funds in a separate and segregated DIP account subject to further court order.

17. While Citizens' asserts that it should be entitled to receive both the Partial Citizens Payment and the Net Proceeds at Closing, the Debtor has expressed a concern over the amount actually owed to Citizens and therefore the parties have agreed that the Net Proceeds shall remain subject to Citizens' Lien, but held by the Debtor subject to further Court order.

THEREFORE IT IS ORDERED THAT:

A.  The Motion is granted as modified by this Order.

B.  The Debtor is hereby authorized to sell 7325 Reynolds Road, free and clear of any interest of any entity other than the estate;

C.  The Escrow Agent, upon the closing of the 7325 Reynolds Road sale, is hereby authorized and directed to disburse from the Gross Sale Proceeds an amount sufficient to pay the Closing Costs, the Real Estate Taxes and the Partial Citizens Payment (via wire transfer to Citizens pursuant to wire transfer instructions to be provided to the Escrow Agent prior to the Closing), and to pay the Net Proceeds to Debtor to hold in a separate and segregated DIP Account subject to further Court order.  For avoidance of any doubt, Debtor may not use or transfer any portion of the Net Proceeds unless and until the Court issues an order instructing how the Net Proceeds are to be distributed, and then, only subject to that order.

D.     Citizens' Lien on the Property shall transfer to and encumber the Net Proceeds, and Citizens may at any time file a Motion seeking the Court to issue an order requiring Debtor to pay the full amount of the Net Proceeds to Citizens.

E.     Nothing in this Order shall be deemed to determine or impair or determine the validity of Citizens' proof of claim, or Citizens' claim and the Net Proceeds which remain subject to the jurisdiction of this Court should its claim later be disallowed .

F.     All other interests in 7325 Reynolds Road are hereby subject to distribution pursuant to

-5-

later order of this Court, in accordance with the respective rights and priorities of the holders any

interest in 7325 Reynolds Road, as such right appears and is entitled to be enforced against 7325

Reynolds Road, the Estate or the Debtor under the Bankruptcy Code or applicable non-

bankruptcy law.

###

**Prepared By:**
/s/ Frederic P. Schwieg, Esq.
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, OH 44116
(440) 499-4506
Fax: (440) 398-0490
fschwieg@schwieglaw.com
Attorney for Richard M. Osborne

**Agreed to By:**
/s/ Michael S. Tucker
Michael S. Tucker (0034398)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113-1448
(216) 583-7120
(216) 583-7121 (Fax)
mtucker@ulmer.com
Counsel for Citizens Bank, N.A. fka
RBS Citizens, N.A. dba Charter One

## SERVICE

The following is a list of the parties who are on the list to receive e-mail notice/service for this case:

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Richard W. DiBella on behalf of Intervenor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Melody Dugic Gazda on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;heberlein@buckleyking.com;toolejr82560@notify.bestcase.com


Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

Ordinary US Mail Service:
Treasurer-Lake County
PO BOX 490
Painesville OH 44077-0490

Lake County Prosecutor-Civil
PO BOX 490
Painesville OH 44077-0490

Ohio Department of Job & Family Services
Attn: Program Services/Revenue Recovery
P.O. Box 182404
Columbus, Ohio 43218-2404

Ohio Bureau of Workers' Compensation
Attn: Law Section Bankruptcy Unit
P.O. Box 15567

Columbus, Ohio 43215-0567

Ohio Attorney General
Collections Enforcement Section
attn Bankruptcy Staff
150 E Gay ST Fl 21
Columbus, OH 43215

Karan A. Moss, Esq.
Witschey Witschey & Firestine Co., LPA
405 Rothrock Road, Suite 103
Akron, Ohio 44321