**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| IN RE RICHARD M. OSBORNE, SR. *Debtor* | CASE NO. 17-17361<br>JUDGE ARTHUR I. HARRIS<br>CHAPTER 11 |
|---|---|

**SUPPLEMENTAL BRIEF IN SUPPORT MOTION OF RICHARD M. OSBORNE, SR., DEBTOR IN POSSESSION TO EMPLOY WILLIAM T. WULIGER, ESQ. AS SPECIAL COUNSEL**

Richard M. Osborne, Sr., debtor in possession, ("Debtor"), moves this Court for an order authorizing him to employ special counsel ("Motion"). In further support of the Motion the Debtor seeks the employment of Mr. Wuliger on a contingency fee basis to handle the Gas Natural litigation described in the Motion. A copy of the proposed contingency fee agreement is attached.

In its objection to the Motion FNB identified many cases where Mr. Wuliger had represented the debtor or one of his entities. Most of these cases are concluded, but are further addressed below:

a. Richard M. Osborne, et al., v. Park View Federal Savings Bank, n/k/a First National Bank of Pennsylvania, Cuyahoga County Court of Common Pleas, Case No. CV-14-822810; this is the action that resulted in the judgment in the appointment of the receiver in favor of FNB and that is on appeal. It is the appellate case for which the debtor seeks to employ Mr. Wuliger.

b. Richard M. Osborne, et al., v. Kohrman, Jackson & Krantz PLL, et al., Cuyahoga County Court of Common Pleas, Case No. CV-14-830753; this was a malpractice action which was settled and dismissed prepetition.

c. Richard M. Osborne, et al. v. D.F. King & Co., Inc., et al., Cuyahoga County Court of Common Pleas, Case No. CV-15-844237; this is a suit against a proxy solicitor which was settled and dismissed prepetition.

d. Richard M. Osborne, et al., v. Gas Natural Inc., Cuyahoga County Court of Common Pleas, Case No. CV-15-844836; this is the underlying Gas Natural law suit and resulted in the settlement for which the debtor seeks to employ Mr. Wuliger.

e. Richard M. Osborne, et al. v. FirstMerit Bank NA, Cuyahoga County Court of Common Pleas, Case No. CV-15-852981; this matter was settled and dismissed prepetition.

f. Richard M. Osborne, et al., v. Gas Natural Inc., Cuyahoga County Court of Common Pleas, Case No. CV-17-877354; this is the lawsuit to enforce the settlement agreement reached in the above case described in paragraph d, for which the debtor seeks to employ Mr. Wuliger. The case is currently stayed.

g. FirstMerit Bank NA v. Richard M. Osborne, et al., Lake County Court of Common Pleas, Case No. 13CV002062; this matter was settled and dismissed prepetition.

h. Richard M. Osborne, et al. v. Frantz Ward LLP, et al., Lake County Court of Common Pleas, Case No. 13CV002450; this was part of the FirstMerit suit described above; settled and dismissed prepetition.

i. PNC Bank National Association v. Heisley Hopkins Inc., et al., Lake County Common Pleas, Case No. 14CV000062; this is a foreclosure filed prepetition Mr. Wuliger has closed his file.

j. Richard M. Osborne, et al. v. Gas Natural Inc., et al., Lake County Common Pleas, Case No. 14CV001210; This is a related action to the Gas Natural law suit which was settled and dismissed prepetition.

k. Great Plains Exploration LLC v. Gas Natural Inc., Lake County Common Pleas, Case No. 14CV001326; This is a related action to the Gas Natural law suit which was settled and dismissed.

l. Richard M. Osborne, et al. v. Gas Natural Inc., et al., Lake County Common Pleas, Case No. 14CV001512; This is a related action to the Gas Natural law suit which was settled and dismissed.

m. First National Bank of Pennsylvania v. Junior Properties Ltd., et al., Lake County Common Pleas, Case No. 14CV001716; Junior Properties has retained other counsel and Mr. Wuliger has closed his file.

n. First National Bank of Pennsylvania v. Junior Properties Ltd., et al., Lake County Common Pleas, Case No. 14CV001717; Junior Properties has retained other counsel and Mr. Wuliger has closed his file.

o. First National Bank of Pennsylvania v. Junior Properties Ltd., et al., Lake County Common Pleas, Case No. 14CV001718; Junior Properties has retained other counsel and Mr. Wuliger has closed his file.

p. First National Bank of Pennsylvania v. Junior Properties Ltd., et al., Lake County Common Pleas, Case No. 14CV001719; Junior Properties has retained other counsel and Mr. Wuliger has closed his file.

q. First National Bank of Pennsylvania v. Richard M. Trust UTA Dated January 13, 1995, et al., Lake County Common Pleas, Case No. 14CV001720; Junior Properties has retained other counsel and Mr. Wuliger has closed his file.

r. First National Bank of Pennsylvania v. Heisley Hopkins, Inc., et al., Lake County Common Pleas, Case No. 14CV001722; this case is related to the dispute with FNB that is on appeal and that is also stayed.

s. First National Bank of Pennsylvania v. Black Bear Realty Ltd., et al., Lake County Common Pleas, Case No. 14CV001723; this case is also related to the dispute that is on appeal.

t. Aviation West Charters Inc. v. Richard Osborne, et al., Lake County Court of Common Please, Case No. 14CV002116; this matter was settled dismissed prepetition.

u. 8500 Station Street LLC v. Os Air Inc., Lake County Court of Common Pleas, Case No. 14CV002124; this matter is related to the Gas Natural law suit and was settled and dismissed prepetition.

v. CF Bank v. Richard M. Osborne, Trustee, et al., Lake County Court of Common Pleas, Case No. 15CF001708; this was a mortgage foreclosure that was settled and dismissed prepetition.

w. Willoughby Supply Company v. Richard M. Osborne, Lake County Court of Common Pleas, Case No. 15CV000956; this was an action to enforce a settlement agreement which was settled and dismissed prepetition.

x. FirstMerit Bank NA v. Oz Gas Aviation LLC, Lake County Court of Common Pleas, Case No. 15CV001880; this matter was settled and dismissed prepetition.

y. Richard M. Osborne Trust, et al. v. FirstMerit Bank NA, et al., Lake County Court of Common Pleas, Case No. 16CV000363; this matter was settled and dismissed prepetition.

z. Chicago Title Insurance Company v. Osborne Inc., et al., Lake County Court of Common Pleas, Case No. 17CV000880; Mr. Wuliger withdrew from this matter in 2017. However it is now also settled and dismissed.

aa. Orwell Trumbull Pipeline Co. LLC v. Cobra Pipeline Co. Ltd., Lake County Court of Common Pleas, Case No. 18CV000634; this is a suit by the receiver Mr. Burkons to recover on an alleged account receivable on the OTP books.

bb. Estate of Jerome T. Osborne, et al. v. Village of Kirtland Hills, et al., Lake County Court of Common Pleas, Case No. 18CV000725; this is a dispute between the Debtor’s father’s estate with Kirtland Hills over reclamation of the east branch of the Chagrin River.

cc. Rockefeller Oil Company LLC v. Orwell Trumbull Pipeline Co. LLC, Lake County Court of Common Pleas, Case No. 18CV000726; this action is discussed below.

dd. Ohio State of Ex Rel Richard M. Osborne v. Judge Eugene Lucci, Eleventh District Court of Appeals; Case No. 2014-L-125; this was a writ of prohibition action which was denied by the Court of Appeals and Mr. Wuliger has closed his file.

ee. Espyville of Pennsylvania LLC v. Ron Bon Inc., et al., Eleventh District Court of Appeals, Case No. 2015-L-086; this is an appeal handled by Mr. Wuliger which was affirmed. Mr. Wuliger has closed his file.

ff. Richard Osborne, Trustee, et al. v. LeRoy Township, Eleventh District Court of Appeals, Case No. 2015-L-118; this is an appeal of a zoning violation which was affirmed and Mr. Wuliger has closed his file.

gg. Richard M. Osborne, Trustee, et al. v. Home Savings & Loan Company of Youngstown Ohio, Eleventh District Court of Appeals, Case No. 2016-L-023; this matter was settled and dismissed prepetition.

hh. CF Bank v. Richard M. Osborne, Trustee, et al., Eleventh District Court of Appeals, Case No. 2016-L-044; this matter was settled and dismissed prepetition.

ii. FirstMerit Bank v. Osborne, Trustee, et al., United States District Court, Northern District of Ohio, Case No. 12-cv-02298; this matter was settled and dismissed prepetition.

jj. Wells Fargo Equipment Finance, Inc. v. Osborne, United States District Court, Northern District of Ohio, Case No. 13-cv-01875; this matter was settled and dismissed prepetition.

kk. Durgerian, et al. v. Osborne, et al., United States District Court, Northern District of Ohio, Case No. 13-cv-02805; this was a shareholder derivative suit which was settled and dismissed prepetition.

ll. Gas Natural Inc. v. Osborne, United States District Court, Northern District of Ohio, Case No. 13-cv-02181; this is related to the Gas Natural law suit that was settled and resulted in a breach of the settlement agreement for which the Debtor seeks to employ Mr. Wuliger as special counsel.

mm. Osborne, et al. v. Park View Federal Savings Bank, et al., United States District Court, Northern District of Ohio, Case No. 15-cv-00299; this was an attempted removal of the lawsuit against FNB that is on appeal in Cuyahoga County. It was remanded to state court.

nn. Cobra Pipeline Co., Ltd. v. Gas Natural Inc. et al., United States District Court, Northern District of Ohio, Case No. 15-cv-00481. This is part of the Gas Natural dispute which was settled and dismissed.

In particular, FNB complains about Mr. Wuliger's representation of the Rockefeller Oil Company LLC in the case *Rockefeller Oil Company LLC v. Orwell Trumbull Pipeline Co. LLC,* Lake County Court of Common Pleas, Case No. 18CV000726. This is an action to collect from the receiver for the use of the gathering lines owned by Rockefeller Oil Company. There is no conflict of interest as Orwell Trumbull Pipeline Company is now under the control of the receiver Mr. Burkons. The gathering lines which Mr. Burkons contended belonged to Orwell Trumbull Pipeline Company were purchased by Rockefeller free and clear of all liens, claims

and encumbrances from the bankruptcy estate In re Great Plains Exploration LLC, Case No. 12–10058 in the Western District of Pennsylvania Bankruptcy Court. It should be noted that the receiver attempted to prevent Mr. Wuliger from representing Rockefeller in this action for the very same reasons raised by FNB in its response, but his motion was denied by the state court. A copy of that judgment entry is attached. Regardless the Lake County Court of Common Pleas has stayed the lawsuit pending the conclusion of the receivership.

There is no conflict of interest between the Debtor and Rockefeller with regard to these matters and accordingly there is no basis to deny the employment of Mr. Wuliger particularly on matters unrelated to the Rockefeller litigation. Mr. Wuliger is uniquely qualified and knowledgeable about the Gas Natural lawsuit it is the ideal person to pursue collection of that matter on behalf of the estate.

THEREFORE, the Debtor respectfully requests that this Court enter an order authorizing the retention of William T. Wuliger, Esq. as special counsel to Debtor to perform the services necessary for the effective administration of the estate.

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, OH 44116
(440) 499-4506
(440) 398-0490
fschwieg@schwieglaw.com
Attorney for Debtor

## CERTIFICATE OF SERVICE

A copy of this Brief in Support of Motion to Employ Counsel was served on the following on the date filed by Notice of Electronic Filing.

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Richard W. DiBella on behalf of Creditor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Melody Dugic Gazda on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Shannon M. McCormick on behalf of Creditor Center Street School Condominiums and coachhouses Unit Owners' Association, Inc.
bankruptcy@kamancus.com

Kelly Neal on behalf of Creditor The Huntington National Bank

kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, grichards@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;toolejr82560@notify.bestcase.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

And via email
William Wuliger

/s/ Frederic P. Schwieg, Esq.
Frederic P. Schwieg, Esq.

AUTHORITY TO REPRESENT

IN CONSIDERATION of legal services to be rendered by the law firm of Wuliger & Wuliger CO., L.P.A., ("Attorneys") to the Richard M Osborne, Sr. debtor-in-possession retains said Attorneys to prosecute any and all claims, known or unknown, arising from the Gas Natural breach of contract claim currently pending in the case *Richard M. Osborne, et al. v. Gas Natural, Inc.*, Cuyahoga Case No. 17-CV-877354

The Attorneys accept said employment and are authorized to effect a settlement or compromise, subject to client(s) approval, or to institute such legal action and/or actions as may be advisable in Attorneys' judgment, in order to enforce client(s) rights.

The Attorneys' fee shall be a sum equal to 33% of any amount recovered by compromise and/or settlement prior to the filing of suit or demand for arbitrations. The Attorneys' fee shall be a sum equal to 33 % of any amount recovered from and after the filing of suit and/or demand for arbitration. In the event an appeal is taken, the Attorneys' fees shall be a sum equal to 33% of any amount recovered from and after the filing of the appeal. If no recovery is obtained, no fee shall be payable to Attorneys. If Attorneys or client(s) do not wish to proceed with further representation of the Claim, the Attorneys' representation may be terminated by express communication to the other party. However, Attorneys shall have a lien for the value of their services on the Claim and be entitled to reimbursement of their expenses. All Attorneys' fees shall be calculated from the gross recovery.

In the event a structured settlement is entered into providing for deferred periodic payments as to client(s) Claim, the structured settlement may also provide for periodic payments of fees to the Attorneys over such period of time as the periodic payments are made to the client(s); or, at the option of the Attorneys, the payment may be paid at the initial payment of the settlement, or over a period of time less than the time of the structured payment. Fees of the Attorneys, unless otherwise agreed to by and between the Attorneys and the client(s), shall be based upon the present value of such negotiated structured settlement, to the extent the actual cost is ascertainable at the time of the initial payment.

Costs which are, in the exercise of the Attorneys' judgment, necessary to enforce client(s) rights may be advanced by Attorneys, including filing fees, depositions, research, court reporters, investigation, medical records/reports/bills and expert fees. Said advance(s) shall be deducted from any recovery, after the calculation of Attorneys' fees, and returned to the Attorneys at the time of disbursement of the funds. If Attorneys request reimbursement of costs earlier, such costs shall be paid upon request. All costs and expenses advanced shall be payable to Attorneys regardless of whether the client is the prevailing party or a recovery is obtained.

Attorneys may withdraw at any time by giving reasonable written notice to the client at client's last known address. Client(s) agree(s) to permit said withdrawal of counsel and agrees to sign a substitution of counsel if required. In the event of withdrawal by the Attorneys, client(s) shall be indebted to the Attorneys for the amount of Attorneys' fees and costs herein provided.

DATED: ____________ 20____ CLIENT(S)

______________________________________

Richard M Osborne Sr. debtor-in-possession

The above employment is hereby accepted upon the terms stated herein:

______________________________________

Wuliger & Wuliger CO., LP.A



104008280

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

RICHARD M. OSBORNE, ET AL
Plaintiff

K A FIRST NATIONA PARK VIEW FEDERAL SAVINGS BANK N
Defendant

Case No: CV-14-822810

Judge: STUART A FRIEDMAN

## JOURNAL ENTRY

CASE CALLED FOR HEARING ON 05/23/2018. COUNSEL FOR THE RECEIVER WAS PRESENT. THE RECEIVER WAS PRESENT. ATTORNEY WULIGER AND COUNSEL WERE PRESENT. REPRESENTATIVE OF ROCKEFELLER OIL COMPANY, LLC WAS PRESENT. COURT REPORTER WAS PRESENT.

THE COURT HEARD ARGUMENTS FROM COUNSEL REGARDING THE RECEIVER'S 05/14/2018 EXPEDITED MOTION. FOLLOWING REVIEW OF THE PARTIES' ORAL ARGUMENTS, THE PARTIES' BRIEFING, AND THE TERMS OF THIS COURT'S RECEIVERSHIP ORDER, THE COURT HEREBY DENIES IN TOTAL THE RECEIVER'S MOTION.

WITH RESPECT TO THE RECEIVER'S REQUEST TO SHOW CAUSE AND FOR SANCTIONS, THE COURT FINDS THAT THIS COURT'S RECEIVERSHIP ORDER DOES NOT CONTAIN A CLEAR LITIGATION BARRING PROVISION AND DOES NOT APPLY TO NON-PARTIES.

WITH RESPECT TO THE RECEIVER'S REQUEST TO STAY THE LAKE COUNTY LITIGATION AND TO DISQUALIFY ATTORNEY WULIGER, THE COURT FINDS THAT THIS COURT IS WITHOUT THE AUTHORITY OR JURISDICTION TO ADJUDICATE SAID REQUESTS AS THEY PERTAIN TO POTENTIAL ISSUES AND A POTENTIAL CONFLICT IN A LITIGATION PENDING BEFORE ANOTHER COURT. THE COURT FINDS THAT THE POTENTIAL ISSUES OF THE LAKE COUNTY LITIGATION AND THE POTENTIAL CONFLICT IN THE LAKE COUNTY LITIGATION SHOULD PROPERLY BE ADDRESSED WITH THE LAKE COUNTY COURT.
THIS ENTRY TAKEN BY JUDGE JOHN J RUSSO.

J. J. Russo

Judge Signature 05/29/2018

05/29/2018

RECEIVED FOR FILING
05/29/2018 12:23:14
NAILAH K. BYRD, CLERK