# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE RICHARD M. OSBORNE<br>*Debtor* | CASE NO. 17-17361<br>CHAPTER 11<br>JUDGE ARTHUR I. HARRIS |

## AMENDED RESPONSE OF RICHARD M. OSBORNE TO MOTION OF ZACHARY BURKONS FOR RELIEF FROM STAY

Richard M. Osborne, Debtor in Possession ("Debtor") responds to the Motion for Relief from Stay [Doc. 329] ("Motion") filed by Zachary B. Burkons in his capacity as the duly-appointed receiver in a case captioned *Richard M. Osborne, et al., v. Parkview Federal Savings Bank n/k/a First National Bank of Pennsylvania, et al*., pending before the Cuyahoga County Court of Common Pleas, Case No. Case No. 14-822810 (the "State Court Case" and "Receiver"). The Receiver seeks to terminate the automatic stay "for the purpose of addressing the disposition of the Debtor and his personal property located at 7265 Markell Road, in Waite Hill, Ohio." (The personal property is hereinafter referred to as the "Household Goods" and the real estate at 7265 Markell Road, Waite Hill, Ohio as the "Residence"). As will be explained below, the Receiver is not entitled to evict the Debtor from the Residence under state law as he is not yet sold it, and appears to be taking actions which are not supported either by Huntington National Bank ("HNB") who holds the first and best mortgage against the Residence, or the Estate of Jerome T. Osborne ("JTO Estate") which holds a security interest in the Household Goods.

1.  On August 30, 2018 this Court entered an order granting HNB relief from the automatic stay and abandonment to pursue a foreclosure against the Residence [Doc. 233]. Since that time the Debtor who has continued to use the Residence as his home, has maintained it and has been paying the utilities and insurance on that property.

2. As a result of the abandonment of the Residence from this estate, the Receiver apparently took the position that under an order entered in the State Court Case identified in his Motion he was entitled to possession to sell that property. HNB however was not a party to the State Court Case, and is therefore not bound by that order. The Debtor further understands that HNB does not want the Receiver to sell the Residence, preferring instead to foreclose on it. The Debtor also believes that because the cost of maintenance would have to be paid for by another party if the Debtor were to be removed from the Residence, HNB does not want the Receiver to evict the Debtor.

3. The Debtor has not interfered with the Receiver's attempts to show the Residence for sale, nor to inventory the property on the premises. If the Receiver were to sell the Residence the Debtor would voluntarily move out of it.

4. Furthermore, the JTO Estate has filed its own motion for relief from stay with regard to the Household Goods [Doc. 346]. The Debtor believes that the JTO Estate also does not want the Household Goods removed from the Residence until it is sold.

5. The Receiver moves for relief from stay primarily pursuant to 11 U.S.C. §362(d)(1).

> Section 362(d) provides:
>
> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization;

6. Under Ohio law the Receiver is not entitled to possession of the Residence until such time as the property is sold. *Crowley v. Ickes* 83 F.2d 573 DC Circuit Court of Appeals (1936); see also,

2 Clark on Receivers, §329; The law in Ohio as amended in 2015 is similar. Nothing contained in Chapter 2735 of the Ohio Revised Code transfers title to property to a receiver. Ohio Revised Code §2735.04 governs the powers granted to a receiver but does not effectuate a transfer of title to a receiver.

7. O.R.C.§2735.04(D)(8) provides in pertinent part:

> (a) ***Until the date the court sets for the termination of the fee owner's time to redeem the real property, any fee owner*** of the real property proposed to be sold ***may redeem*** the real property from the sale by paying to the receiver by cashier's check or other form of immediately available funds an amount equal to the greater of the following:
>
> (I) The sale price at which the real property was sold;
>
> (ii) An amount equal to the total of all liens upon the real property that were to be canceled as liens upon the real property by virtue of the sale, including all principal, interest, costs, and other amounts secured by those liens through the date of payment to the receiver.
>
> (b) The amount determined under division (D)(8)(a)(I) or (ii) of this section may include interest on the amount of the sale price at a rate that may be fixed by the court, from the date of the sale to the date of the payment of the full amount to the receiver.
>
> (c) Upon receipt of the amount determined under divisions (D)(8)(a) and (b) of this section, the receiver shall advise the court and all of the parties and persons to whom notice was given pursuant to division (D)(2)(b) of this section of the receipt of that amount and shall set aside the sale. The fee title to the real property shall remain in the name of the owner of the real property, and the liens upon the real property, except as provided in division (D)(3) of this section, shall be transferred in the same order of priority to the proceeds received by the receiver from the owner of the real property.
>
> [emphasis added]

8. Ohio receivership law therefore preserves the Debtor's right to redeem the Residence up until such time as it sold just as in a foreclosure or receivership sale. Until such time, there is no right of possession of the Residence in the Receiver is taking an action not allowed under Ohio law.

9. As the Receiver's Motion states, these issues are currently pending before the Willoughby Municipal Court which issued a stay of the eviction pending an objection to the magistrate's report raising these issues and therefore the Receiver's Motion is at best premature.

10. : It is apparent, that the Receiver is attempting to take actions which are not provided for under Ohio law, and not supported by either of the two parties who have a security interest in either the Residence or the Household Goods. The Debtor is adequately protecting the Receiver's interest if any, in these assets by continuing to ensure them at no cost to the Receiver and is not interfering with the Receiver's attempts to sell the Residence. It therefore follows that the Receiver has not shown cause to terminate the automatic stay.

Therefore, the Debtor respectfully requests that this Court deny the Motion.

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, OH 44116
(440) 499-4506
Fax: (440) 398-0490
fschwieg@schwieglaw.com
Attorney for Richard M. Osborne

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Response was electronically transmitted on or about the date filed via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list or was served by U.S. mail, postage prepaid, or certified mail on the persons below as indicated below.
Electronic Mail Notice List
The following is a list of the parties who are on the list to receive e-mail notice/service for this case:

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Richard W. DiBella on behalf of Creditor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Melody Dugic Gazda on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Shannon M. McCormick on behalf of Creditor Center Street School Condominiums and coachhouses Unit Owners' Association, Inc.
bankruptcy@kamancus.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, grichards@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;toolejr82560@notify.bestcase.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

                                                  /s/ Frederic P. Schwieg
                                                  Frederic P. Schwieg