# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD M. OSBORNE,<br><br>Debtor. | Case No. 17-17361-aih<br><br>Chapter 11<br><br>Judge Arthur I. Harris |

**FIRST NATIONAL BANK OF PENNSYLVANIA'S RESPONSE TO THE SUPPLEMENTAL VERIFIED STATEMENT OF WILLIAM T. WULIGER IN SUPPORT OF THE MOTION OF DEBTOR TO EMPLOY WILLIAM T. WULIGER, ESQ. AS SPECIAL COUNSEL [dkt # 373]**

Creditor First National Bank of Pennsylvania ("*FNBPA*"), successor by merger to Park View Federal Savings Bank, by and through its undersigned counsel, files this response ("*Objection*") to the *Supplemental Verified Statement of William T. Wuliger in Support of Motion of Richard M. Osborne, Sr, Debtor in Possession to Employ William T. Wuliger, Esq. as Special Counsel* [dkt # 373] (the "*Supplement*"). In support of its Objection, FNBPA states as follows:

## BACKGROUND

1. On December 17, 2017, Debtor filed his voluntary petition for relief under title 11 of chapter 11 of the United States Code (the "*Bankruptcy Code*").

2. On October 16, 2018, Debtor filed a motion seeking to employ William T. Wuliger as special counsel for the following matters: (a) the Gas Natural law suit; (b) the Masco Estate; (c) the Gorman claim; the (d) the Greg Osborne claim; and (e) the appeal of the judgment in favor of FNB [dkt # 266] (the "*Application to Employ*").

3. On November 2, 2018, FNBPA filed its initial objection to the Application to Employ [dkt. # 283] (the "**Initial Objection**") because Mr. Wuliger failed to make the disclosures required under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and because Mr. Wuliger does not satisfy the criteria for employment pursuant to section 327(e) of the Bankruptcy Code.

4. The Court conducted hearings on the Application to Employ and the Initial Objection on December 4, 2018, and January 8, 2019, respectively. At the hearing on December 4, 2018, counsel for the Debtor (i) clarified that the Debtor was seeking to employ Mr. Wuliger as special counsel solely with respect to the continuation of litigation against Gas Natural, and (ii) stated that Mr. Wuliger had agreed to represent the Debtor in the Gas Natural litigation on a contingent fee basis.

5. On January 2, 2019, the Debtor filed a *Supplemental Brief in Support of Motion of Richard M. Osborne, Sr. . . to Employ William T. Wuliger As Special Counsel* [dkt. # 328] (the "**Supplemental Brief**"). In the Supplemental Brief, the Debtor provided the status of the forty (40) cases in which Mr. Wuliger represented the Debtor and/or his affiliated entities identified by FNBPA in its Initial Objection.

6. At the hearing on January 8, 2019, counsel for FNBPA and the United States Trustee argued that neither the Debtor nor Mr. Wuliger had made the requisite disclosures pursuant to Bankruptcy Rule 2014, and counsel for FNBPA reiterated its position that Mr. Wuliger should not be employed as special counsel because he does not meet the requirements for retention under section 327(e) of the Bankruptcy Code because he has a conflict of interest with the Debtor with respect to the Gas Natural litigation (i.e., the litigation for which he seeks to be employed as special counsel in this chapter 11 case).

7. Following the hearing on January 8, 2019, the Court entered and order holding the Application to Employ in abeyance until the Debtor or Mr. Wuliger filed supplemental disclosures and requiring the Debtor or Mr. Wuliger to explain the contingent fee agreement and the status of Mr. Wuliger's separate claims in the Gas Natural ligitation [dkt #343]. Specifically, the Court noted that it was unclear whether Mr. Wuliger "intends to (1) waive any assignment, withdraw the motion to intervene, and represent only the Debtor; (2) represent all Plaintiffs jointly including himself as a potential intervenor and take only a one third fee of all funds recovered, but take no personal recovery; or (3) do something else."

8. On January 29, 2019, Mr. Wuliger filed the Supplement.

**FNBPA'S CONTINUED OBJECTION**

9. FNBPA continues to object to the Application to Employ for at least two reasons—because Mr. Wuliger still has not made the disclosures required by Bankruptcy Rule 2014(a), and despite his purported intent to "waive" the assignment he took of a portion of the Debtor's claim in the Gas Natural litigation, he still does not qualify for retention under section 327(e).

   a. *Mr. Wuliger still has not made the disclosures required by Bankruptcy Rule 2014(a).*

10. Even after signing and filing the Supplement, Mr. Wuliger still has not made the disclosures he is required to make pursuant to Bankruptcy Rule 2014(a) and that he has been ordered by this Court to provide. Specifically, Rule 2014(a) provides that an application to employ an attorney (or any other professional) "shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their

3

respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." F. R. Bankr. P. 2014(a).

11. Following the hearing on January 8, 2019, the Court ordered Mr. Wuliger to make supplemental disclosures as none of the Application to Employ, the affidavit of William T. Wuliger submitted with the Application to Employ, or the Supplemental Brief provided the required disclosures. However, the Supplement likewise does not provide the required disclosures. Instead, it merely lists the same forty (40) cases first identified by FNBPA in its Initial Objection and provides no further information than previously provided in the Supplemental Brief (which was simply a brief narrative description of the status of each of those cases). In fact, the language used in the Supplement with respect to those 40 cases appears to be identical to that used in the Supplemental Brief previously filed by Debtor's counsel.

12. Importantly, Mr. Wuliger still has not expressly disclosed the security interests that he has taken against the Debtor and its affiliates or any other or further connections that he may have with the Debtor, the Debtor's creditors (including the Debtor's affiliates that are creditors of the Debtor), or other parties in interest. Bankruptcy Rule 2014 requires Mr. Wuliger to disclose all of the connections he has to the Debtor, his creditors or other parties in interest—not just the connections Mr. Wuliger chooses to disclose—or better yet is forced to disclose because someone other than Mr. Wuliger has discovered such connections and brought them to the Court's attention. Moreover, Mr. Wuliger has had numerous opportunities to cure his previous failures to comply with the Bankruptcy Rules, but he has not taken advantage of those opportunities. And, this Court should not approve the retention of a professional who

4

refuses to comply with, and in fact manifestly ignores, the Bankruptcy Code and its Rules.

      b.    *Mr. Wuliger does not qualify for retention under section 327(e) the Bankruptcy Code.*

13.    FNBPA also submits that with respect to the Gas Natural litigation, Mr. Wuliger has a disqualifying conflict of interest with the Debtor and, therefore, he does not qualify for retention under section 327(e) of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code specifically provides, in pertinent part, that Debtor "with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and **if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed**." (Emphasis added).

14.    In the Application to Employ and the Supplement, Mr. Wuilger admits that he had been representing the Debtor in litigation against Gas Natural to collect the amount Gas Natural agreed to pay to the Debtor pursuant to a settlement agreement while simultaneously pursuing a claim to those funds on his own behalf in the same litigation. Specifically, the Debtor allegedly assigned to Wuliger $400,000 of the amount allegedly owed to the Debtor by Gas Natural as compensation for accrued and unpaid legal fees on various pre-petition matters (the "***Assignment***"). As such, Mr. Wuliger has acquired a proprietary interest in the subject matter of the Gas Natural litigation. Mr. Wuliger even filed a Motion for Leave to Intervene (the "***Motion to Intervene***") on his own behalf to assert that proprietary interest. A true and correct copy of the Motion to Intervene is attached hereto as <u>Exhibit A</u>.

5

15. According to Rule 1.8 of the Ohio Rules of Professional Conduct dealing with conflicts of interest, it is impermissible for an attorney to acquire a proprietary interest in the cause of action or subject matter of litigation the attorney is conducting for a client. Specifically, Rule 1.8(i) of the Ohio Rules of Professional Conduct provides as follows:

> A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may do either of the following: (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; or (2) contract with a client for a reasonable contingent fee in a civil case.

The comments to Rule 1.8 of the Ohio Rules of Professional Conduct, further explain that:

> division (i) states the traditional general rule that lawyers are prohibited from acquiring a proprietary interest in litigation. The general rule has its basis in common law champerty and maintenance and is designed to avoid giving the lawyer too great an interest in the representation. In addition, when the lawyer acquires an ownership interest in the subject of the representation, it will be more difficult for a client to discharge the lawyer if the client so desires.

16. In this instance, Mr. Wuliger took an assignment of a portion of the amounts allegedly owed to the Debtor by Gas Natural. Consequently, Mr. Wuliger has taken an action that is expressly prohibited by the Rule 1.8(i) of the Ohio Rules of Professional Conduct for which he could be disqualified and/or disciplined. See, e.g., *Office of Disciplinary Counsel v. Williams,* 51 Ohio St.3d 36 (1990); *Office of Disciplinary Counsel v. Manogg,* 74 Ohio St. 3d 213, 216-17 (1996).

17. In the Supplement, Mr. Wuliger states that if he is employed as counsel to represent the Debtor in the collection of the Gas Natural settlement, then he will "waive" the Assignment. FNBPA respectfully submits that Mr. Wuliger's agreement to waive the Assignment and instead take a contingent fee is merely an attempt to circumvent the consequences of the action he has already taken; however, it does not

cure his conflict of interest with the Debtor. Mr. Wuliger did not simply take an assignment that potentially could be waived. He took a further step to assert his interest in the amounts owed to the Debtor by Gas Natural. That is, he also has moved to intervene in the Gas Natural litigation on his own behalf, asserting a proprietary interest in the litigation.

18. In the motion to intervene filed with the state court, Mr. Wuliger fully admits he has an interest in the subject matter of the Gas Natural litigation and attempts to insert himself as a party in that litigation. See <u>Exhibit A</u>, Motion to Intervene, at page 4. Specifically, Mr. Wuliger states as follows: "Wuliger claims a legally protectable interest in the property or transaction that is the subject of the action (i.e. money owned under the Settlement). . . . Wuliger is also an intended beneficiary of the Settlement as it requires payment of his unpaid legal fees from his representation of Osborne."

19. This Court should not permit Mr. Wuliger to "undo" his otherwise impermissible actions by converting the Assignment into a contingent fee arrangement. Accordingly, this Court should not approve Mr. Wuliger employment as special counsel.

WHEREAS, FNB respectfully requests the entry of an order denying the Application to Employ, and granting to FNBPA all other and further relief as is just and proper.

Dated: February 8, 2019                    Respectfully submitted,

/s/ *Nathaniel R. Sinn*
Matthew H. Matheney (0069974)
Gregory P. Amend (0081247)
Nathaniel R. Sinn (0088467)
Heather E. Heberlein (0083828)
Buckingham, Doolittle & Burroughs, LLC
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 621-5300
Facsimile: (216) 621-5440
Email: mmatheney@bdblaw.com
       gamend@bdblaw.com
       nsinn@bdblaw.com
       hheberlein@bdblaw.com

COUNSEL FOR FIRST NATIONAL BANK OF PENNSYLVANIA

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 8, 2019, a true and correct copy of the foregoing was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

- Gregory P. Amend: gamend@bdblaw.com
- Alison Archer: alison.archer@ohioattorneygeneral.gov
- Adam S. Baker: abakerlaw@sbcglobal.net
- Austin B. Barnes III: abarnes@sandu-law.com
- Robert D. Barr: rbarr@koehler.law
- David T. Brady: dbrady@sandu-law.com
- LeAnn E. Covey: lcovey@clunkhoose.com
- Gregory M. Dennin: greg@gmdlplaw.com
- Glenn Forbes: bankruptcy@geflaw.net
- Stephen R. Franks: amps@manleydeas.com
- Stephen John Futterer: sjfutterer@sbcglobal.net
- Heather E. Heberlein: hheberlein@bdblaw.com
- Stephen D. Hobt: shobt@aol.com
- Christopher J. Klym: bk@hhkwlaw.com
- Matthew H. Matheney: mmatheney@bdblaw.com
- Kelly Neal: kelly.neal@bipc.com
- David M. Nuemann: dnuemann@meyersroman.com
- Timothy P. Palmer: timothy.palmer@bipc.com
- Kirk W. Roessler: kroessler@walterhav.com
- John J. Rutter: jrutter@ralaw.com
- Frederic P. Schwieg: fschwieg@schwieglaw.com
- Michael J. Sikora, III: msikora@sikoralaw.com
- Andrew M. Tomko: atomko@sandhu-law.com
- Jeffrey C. Toole: toole@buckleyking.com
- Michael S. Tucker: mtucker@ulmer.com
- Maria D. Giannirakis: maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn: Scott.R.Belhorn@usdoj.gov

*/s/ Nathaniel R. Sinn*
Nathaniel R. Sinn (0088467)