IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE RICHARD M. OSBORNE, SR. <br> *Debtor* | CASE NO. 17-17361 <br> JUDGE ARTHUR I. HARRIS <br> CHAPTER 11 |

**MOTION OF RICHARD M. OSBORNE, SR., DEBTOR IN POSSESSION TO EMPLOY WILLIAM T. WULIGER, ESQ. AS SPECIAL COUNSEL**

Richard M. Osborne, Sr., debtor in possession, ("Debtor"), moves this Court for an order authorizing him to employ special counsel.

**Necessity for Employment**. The Debtor has determined that the administration of assets of the estate and the resolution of claims of creditors require the Debtor to perform or obtain

---

The Court has reviewed the filings and arguments of counsel regarding the application to employ attorney Wuliger as special counsel in the Gas Natural litigation. Despite being given several opportunities, attorney Wuliger apparently has failed to meet the requirements of Bankruptcy Rule 2014 that he submit a verified statement of all his connections with the debtor and other parties in interest. For example, none of attorney Wuliger's verified statements discloses or explains a 2015 UCC-1 financing statement involving himself and the debtor (See Docket #72 at pp. 22-80 in Case No. 17-17135). The Court recognizes attorney Wuliger's familiarity with the Gas Natural litigation and the potential benefit to the debtor's estate in resolving that litigation on favorable terms. The Court does not believe that the $400,000 assignment to attorney Wuliger is an insurmountable obstacle to special representation if waived. Rather the Court believes the provisions of Rule 1.8 of the Ohio Rules of Professional Conduct are more nuanced than suggested by the objecting creditor. For example, the debtor's assignment of an interest in litigation to attorney Wuliger may fall within the provisions of Rule 1.8(a) as opposed to 1.8(e). Nevertheless, the Court will not grant the application to employ attorney Wuliger unless attorney Wuliger (1) agrees in writing to give up all prepetition claims against the debtor and entities owned by the debtor, (2) agrees in writing to waive any personal claims in the Gas Natural litigation, and (3) agrees in writing to accept a one-third contingency fee in the Gas Natural litigation.

*/s/ Arthur I. Harris*