IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **CASE NO. 17-17361** |
| | ) | |
| **RICHARD M. OSBORNE,** | ) | **CHAPTER 11** |
| | ) | |
| Debtor. | ) | **JUDGE ARTHUR I. HARRIS** |
| | ) | |

**Gas Natural Inc.'s Response to Richard M. Osborne, Sr.'s Motion for Order Declaring that the Automatic Stay, 11 U.S.C. Section 362, Does Not Apply to Certain State Court Litigation**

Gas Natural Inc., defendant in the case styled *Richard M. Osborne, et al. v. Gas Natural Inc.*, Cuyahoga County Court of Common Pleas, Case No. 17-CV-877354 (*Gas Natural Litigation*), hereby responds to Debtor's Motion for Order Declaring that the Automatic Stay, 11 U.S.C. Section 362, Does Not Apply to Certain State Court Litigation. (Doc. 460).[1]

The Debtor, and a related trust, commenced the *Gas Natural Litigation* on March 14, 2017. (Complaint, *Gas Natural Litigation* Docket Entry No. 1).[2] Plaintiffs seek to recover money from Gas Natural for an alleged breach of a settlement agreement between the parties. Attorney William Wuliger initially represented both plaintiffs.

Approximately one year later, however, Mr. Wuliger filed a motion to intervene in the *Gas Natural Litigation* on his own behalf, claiming that the Debtor had assigned to Mr. Wuliger certain installment payments called for in the parties' settlement agreement. (W. Wuliger 3/2/18 Mot. for Leave to Intervene, attached as Ex. A). Specifically, Mr. Wuliger alleged that the Debtor assigned

---

[1] Gas Natural is a "party in interest" to the Debtor's motion. *See* 11 U.S.C. § 1109(b). *See also, In re Alpha Natural Res., Inc.,* 544 B.R. 848, 856 (Bankr. E.D. Va. 2016) (party in interest is one having a "pecuniary interest at stake" that "would be directly affected by the bankruptcy proceeding") (citations omitted).
[2] This Court took judicial notice of the *Gas Natural Litigation* docket and case information available online in a marginal Order signed on 1/9/19 (Doc. 343).

1

two, $200,000 annual installment payments to him on October 18, 2016 – five months before Mr. Wuliger filed suit on behalf of the Debtor and Debtor's related trust, alleging that these same two payments belonged to the Debtor. (*Id.*, draft complaint attached thereto, ¶ 7). Mr. Wuliger did not attach this purported assignment to his motion to intervene, claiming it was privileged. (*Id.*, ¶ 8).

Gas Natural responded to Mr. Wuliger's motion on March 15, 2018. (Ex. B, attached). Given the Debtor's then-pending bankruptcy, and the inconsistent positions Mr. Wuliger had taken in the *Gas Natural Litigation* about who owned the rights to the installment payments, we asked the Common Pleas Court to hold Mr. Wuliger's motion in abeyance until this Court determined, *inter alia*, whether the Debtor did in fact assign these installment payments to Mr. Wuliger in October 2016. (Ex. B, pp. 3-7). Additional briefing on the issue followed. (Exs. C and D, attached). Ultimately the Common Pleas Court decided to stay the entire case: "The Court being advised that Richard M. Osborne has filed a bankruptcy petition (Case No. 17-17361), proceedings in this case are stayed (11 U.S.C. Section 362), and the case is removed from the active docket until and unless the Bankruptcy Court grants approval to proceed in this case." (4/5/18 Order, attached as Ex. E).

We agree with the Debtor that "11 U.S.C. Section 362 stays actions *against* the Debtor or property of the estate; it does not prevent the Debtor from prosecuting claims instituted by the Debtor…" (Mot. p. 2, Doc. 460, emphasis in original). But Mr. Wuliger's pending motion to intervene – which the Debtor does not mention in his motion to lift the stay – is an action against the Debtor or property of the estate. If Mr. Wuliger is correct, and the first two installment payments at issue in the *Gas Natural Litigation* were validly assigned by the Debtor to him in October 2016, that directly affects what the Debtor may seek to recover in the *Gas Natural Litigation*. Determining what is, and is not, property of the Debtor's estate requires first resolving the validity of the purported assignment.

2

For these reasons, Gas Natural asked the Court in the *Gas Natural Litigation* to hold Mr. Wuliger's motion to intervene in abeyance, until this Court had an opportunity to address and resolve the purported assignment. *See, e.g., Wash. Mut., Inc. v. FDIC*, 2010 U.S. Dist. LEXIS 144268, at *11 (D.D.C. 2010) ("To the extent any of WMI's claims here relate to property that may be considered part of the bankruptcy estate, this Court is barred from making any determinations as to the ownership of that property."). *See also, Rare, LLC v. Marciano*, 298 B.R. 762, 764 (Bankr. D. Colo. 2003) ("Defendants have taken it upon themselves to make the determination of what is and is not property of the bankruptcy estate. They did, and continue to do so, at their peril, for it lies within the exclusive province of the bankruptcy courts to determine what interests are part of the estate."), *citing Manges v. Atlas*, 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994) ("Whenever there is a dispute regarding whether property is property of the bankruptcy estate, exclusive jurisdiction is in the bankruptcy court.").

Therefore, Gas Natural submits that the *Gas Natural Litigation* should be stayed until this Court has had an opportunity to determine whether the Debtor did in fact validly assign two, $200,000 installment payments to his attorney, Mr. Wuliger, in October 2016. After that issue is resolved, we agree with the Debtor that the stay in the *Gas Natural Litigation* may be lifted.

Respectfully submitted,

/s/ Michael R. Hamed
Michael R. Hamed (0069092)
Kushner & Hamed Co., LPA
1375 East Ninth Street, Suite 1930
Cleveland, Ohio 44114
Phone: (216) 696-6700
Fax:    (216) 696-6772
pkushner@kushnerhamed.com
mhamed@kushnerhamed.com

*Attorney for Gas Natural Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Gas Natural Inc.'s Response to Richard M. Osborne, Sr.'s Motion for Order Declaring that the Automatic Stay, 11 U.S.C. Section 362, Does Not Apply to Certain State Court Litigation* was served by Notice of Electronic Filing and if necessary by email upon the following, on the date filed.

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov,
Trish.Lazich@ohioattorneygeneral.gov;angelique.dennisnoland@ohioattorneygeneral.gov

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr. abakerlaw@sbcglobal.net,
adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC DBrady@Sandhu-Law.com,
bk1notice@sandhu-law.com

LeAnn E. Covey on behalf of Creditor Bank of America, N.A. bknotice@clunkhoose.com

Richard W. DiBella on behalf of Intervenor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A. amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby sjfutterer@sbcglobal.net,
r43087@notify.bestcase.com

Melody Dugic Gazda on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne dkaselak@peteribold.com,
Cynthia@peteribold.com

4

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Kelly Neal on behalf of Creditor The Huntington National Bank kelly.neal@bipc.com,
donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co. jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, kslatinsky@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com,
jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC atomko@sandhu-law.com,
bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com;heberlein@buckleyking.com;
toolejr82560@notify.bestcase.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A. mtucker@ulmer.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

William T. Wuliger, wtwuliger@wuligerlaw.com

Mark E. Kremser, mekremser@wuligerlaw.com

Leslie E. Wargo, leslie@wargo-law.com

/s/ Michael R. Hamed
*Attorney for Gas Natural Inc.*