UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD M. OSBORNE,<br><br>            Debtor. | Case No. 17-17361-aih<br><br>Chapter 7<br><br>Judge Arthur I. Harris |

**FIRST NATIONAL BANK OF PENNSYLVANIA'S SUPPLEMENT TO
ITS MOTION TO APPOINT A CHAPTER 11 TRUSTEE AND
ITS LIMITED RESPONSE TO THE UNITED STATES TRUSTEE'S
MOTION FOR ENTRY OF AN ORDER CONVERTING CASE TO A CHAPTER 7**

First National Bank of Pennsylvania ("***FNBPA***"), by and through its undersigned counsel, hereby supplements its *Motion to Appoint a Chapter 11 Trustee* [Docket No. 309] (the "***Trustee Motion***") and its *Limited Response to the Motion of the United States Trustee for Entry of an Order Converting Case to a Chapter 7* [Docket No. 452] (the "***Response***"), in advance of the hearing that is scheduled to take place before this Court on July 3, 2019 (the "***Hearing***"). In support, FNBPA states as follows:

The Debtor commenced this case on December 17, 2017, by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"). On December 11, 2018, FNBPA filed the Trustee Motion, which is incorporated herein by this reference. In the Trustee Motion, FNBPA requests the appointment of a chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code for cause and/or because the appointment of a chapter 11 trustee is in the best interests of the Debtor's creditors. In the Trustee Motion, FNBPA cites numerous examples of prepetition conduct by the Debtor which demonstrates that the Debtor is unfit or unable to fulfill the fiduciary duties that a debtor-in-possession owes to the bankruptcy estate and creditors. Some of those examples include (among other things) the

Debtor's failure to disclose certain assets and transfers of property on his Schedules of Assets and Liabilities ("*Schedules*") and Statement of Financial Affairs ("*SOFA*"), the Debtor's failure to keep corporate formalities between the various business entities he owns, the Debtor's pre-petition commingling of funds, the Debtor's attempt to waive his automatic stay to purchase estate property at sheriff's sale, and the Debtor's general acrimony toward creditors.

After FNBPA filed the Trustee Motion, the United States Trustee (the "*UST*") filed a *Motion . . . for Entry of an Order Converting Case to a Chapter 7* [Docket No. 439] (the "*Motion to Convert*"). In the Motion to Convert, the UST identified numerous reasons why the UST believes the Debtor's chapter 11 case should be converted to a case under chapter 7 of the Bankruptcy Code (which reasons FNBPA submits also support the appointment of a chapter 11 trustee), including the Debtor's failure to pay real estate taxes as they come due post-petition, the Debtor's failure to include certain information in his Schedules and SOFA despite having amended those documents many times, the Debtor's extraordinary post-petition expenses, especially with respect to travel and entertainment, the Debtor's failure to file financial reports of the value, operations, and profitability of each of the nearly 200 entities that he owns as is required by Fed. R. Bankr. P. 2015.3, and the Debtor's failure to file a disclosure statement and plan of reorganization despite the fact that his bankruptcy case has been pending for more than eighteen months and the exclusivity periods for doing so have expired long ago.

When presented with these problematic actions, the Debtor's typical response is that he is acting in his bankruptcy case the same way he always has acted and that this is "business as usual" for someone with so many different business interests. However, this "business as usual" attitude is precisely the reason why a chapter 11 trustee is necessary in this case. "The point of bankruptcy is to marshal assets in a way that maximizes their value for the benefit, primarily, of

creditors . . . When a debtor remains in possession of his businesses and properties in a chapter 11 case, he does so as a fiduciary for those creditors." In re Futterman, 584 B.R. 609, 618-19 (Bankr. S.D.N.Y. 2018). As is more fully explained in the Trustee Motion and this Supplement, and as will be proven at the Hearing, the Debtor in this case consistently has demonstrated that he is incapable of acting, or is unwilling to act, as a fiduciary for his creditors.

The Debtor and employees who have worked for certain of the Debtor's companies have explained that corporate formalities never have been followed by the Debtor and that money frequently was transferred freely among the Debtor and his various business entities depending upon which entity needed funds at a particular point in time. In fact, the latest iteration of Schedule A/B, filed by the Debtor on June 24, 2019 [Docket No. 469], indicates that the Debtor has loaned nearly $4.2 million dollars, in the aggregate, to certain of his businesses, with respect to which he has not been repaid. As a debtor-in-possession, the Debtor has the duty to investigate and potentially pursue claims for the repayment of those loans for the benefit of his estate and creditors. However, at the same time, the Debtor also owes state-law fiduciary duties to *all* of the business entities that he owns—including the entities to which he has loaned money. Consequently, the Debtor wears too many "hats" and, thus, it is unlikely that he would be willing or able to pursue the estate's claims for the amounts his companies have not repaid. On the other hand, a chapter 11 trustee would be well-suited to investigate these claims and attempt to collect them for the benefit of the estate and creditors.

In addition to the Debtor's inability or unwillingness to pursue claims against his own business entities, FNBPA has learned that the Debtor has transferred certain real property belonging to the estate and has not tendered the proceeds over to his bankruptcy estate. FNBPA will present evidence at the Hearing, showing that prior to commencing his chapter 11 case, the

Debtor took title to certain real property via Sheriff's deed (as a result of foreclosures involving real property owned by one of this business entities) in the name of limited liability companies that did not yet exist at the time the deed was recorded. Then, post-petition, the Debtor subsequently formed limited liability companies with those names by filing Articles of Organization with the Ohio Secretary of State, and thereafter he sold the real property to third party purchasers for value. The Debtor never listed this real property on his Schedules and the proceeds from the sales of such real property have not been turned over to the estate. A chapter 11 trustee would be well-suited to investigate whether the Debtor owns any other real property in the name yet-to-be-formed limited liability companies that should be sold for the benefit of the estate and creditors.

When faced with a choice between the appointment of a chapter 11 trustee and conversion of a chapter 11 case to case under chapter 7, the distinguishing factor between the two is the expanded possibility of a chapter 11 trustee, using independent judgment and good management to direct the affairs of the estate, including any on-going business operations in order to maximize the recovery for the creditors and the estate. See, In re Sydnor, 431 B.R. 584 (Bankr. D. Md. 2010). According to the monthly operating reports the Debtor has filed with the Court, it appears that the Debtor has on-going business operations, income and assets that could be utilized to potentially propose a plan of reorganization. Thus, the interests of creditors and the estate would better be served by the appointment of a chapter 11 trustee as opposed to conversion of the case to chapter 7.

Based upon all of the foregoing, FNBPA respectfully requests the entry of an order appointing a chapter 11 trustee in this case and granting such other and further relief to FNBPA as is just under the circumstances.

Respectfully submitted,

/s/*Heather E. Heberlein*
Matthew H. Matheney (0069974)
Gregory P. Amend (0081247)
Nathaniel R. Sinn (0088467)
Heather E. Heberlein (0083828)
Buckingham, Doolittle & Burroughs, LLC
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 621-5300
Facsimile: (216) 621-5440
Email: mmatheney@bdblaw.com
gamend@bdblaw.com
nsinn@bdblaw.com
hheberlein@bdblaw.com

COUNSEL FOR FIRST NATIONAL BANK OF PENNSYLVANIA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 26, 2019, true and correct copies of the foregoing are being served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Gregory P. Amend: gamend@bdblaw.com
- Alison Archer: alison.archer@ohioattorneygeneral.gov
- Adam S. Baker: abakerlaw@sbcglobal.net
- Austin B. Barnes III: abarnes@sandu-law.com
- Robert D. Barr: rbarr@koehler.law
- David T. Brady: dbrady@sandu-law.com
- LeAnn E. Covey: lcovey@clunkhoose.com
- Gregory M. Dennin: greg@gmdlplaw.com
- Richard W. DiBella: rdibella@dgmblaw.com
- Glenn Forbes: bankruptcy@geflaw.net
- Stephen R. Franks: amps@manleydeas.com
- Stephen John Futterer: sjfutterer@sbcglobal.net
- Melody Dugic Gazda: mgazda@hendersoncovington.com
- Michael R. Hamed: mhamed@kushnerhamed.com
- Heather E. Heberlein: hheberlein@bdblaw.com
- Dennis J. Kaselak: dkaselak@peteribold.com
- Christopher J. Klym: bk@hhkwlaw.com
- Matthew H. Matheney: mmatheney@bdblaw.com
- Shannon M. McCormick: bankruptcy@kamancus.com
- Kelly Neal: kelly.neal@bipc.com
- David M. Nuemann: dnuemann@meyersroman.com
- Timothy P. Palmer: timothy.palmer@bipc.com
- Tricia L. Pycraft: tpycraft@ccj.com
- Kirk W. Roessler: kroessler@walterhav.com
- John J. Rutter: jrutter@ralaw.com
- Frederic P. Schwieg: fschwieg@schwieglaw.com
- Michael J. Sikora, III: msikora@sikoralaw.com
- Nathaniel R. Sinn: nsinn@bdblaw.com
- Rachel L. Steinlage: rsteinlage@meyersroman.com
- Andrew M. Tomko: atomko@sandhu-law.com
- Jeffrey C. Toole: toole@buckleyking.com
- Michael S. Tucker: mtucker@ulmer.com
- Phyllis A. Ulrich: bankruptcy@carlisle-law.com
- Leslie E. Wargo: Leslie@Wargo-Law.com
- Maria D. Giannirakis: maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn: Scott.R.Belhorn@usdoj.gov

/s/ *Heather E. Heberlein*
Heather E. Heberlein (0083828)

CL2:496796_v1