UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| RICHARD M. OSBORNE, | ) | Case No. 17-17361-(AIH) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) | Judge Arthur I. Harris |
|  | ) |  |

**APPLICATION OF KARI B. CONIGLIO, INTERIM
CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY AND RETAIN
VORYS, SATER, SEYMOUR AND PEASE LLP AS ATTORNEYS FOR CHAPTER 7
TRUSTEE *NUNC PRO TUNC* TO THE CHAPTER 7 CONVERSION DATE**

Kari B. Coniglio, acting interim Chapter 7 Trustee (the "Trustee", with such definition applying to both the interim and non-interim appointment periods) in the above-captioned Chapter 7 case (this "Chapter 7 Case"), hereby submits this *Application of Kari B. Coniglio, Interim Chapter 7 Trustee, for Authority to Employ and Retain Vorys, Sater, Seymour and Pease LLP as Attorneys for Chapter 7 Trustee Nunc Pro Tunc to the Chapter 7 Conversion Date* (this "Application"). This Application is supported by the *Declaration of Drew T. Parobek in Support of the Application of Kari B. Coniglio, Interim Chapter 7 Trustee, for Authority to Employ and Retain Vorys, Sater, Seymour and Pease LLP as Attorneys for Chapter 7 Trustee Nunc Pro Tunc to the Chapter 7 Conversion Date* (the "Parobek Declaration") filed contemporaneously herewith and attached hereto as Exhibit A, and respectfully states as follows:

**Relief Requested**

1. By this Application, and pursuant to sections 327(a), 328(a) and 330 of Title 11 the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy

Rules of the U.S. Bankruptcy Court for the Northern District of Ohio (the "Local Rules"), the Trustee seeks entry of an order (the "Order") authorizing the Trustee to employ and retain Vorys, Sater, Seymour and Pease LLP ("Vorys") as her counsel *nunc pro tunc* to the Chapter 7 conversion date of July 3, 2019 (the "Conversion Date") to perform the legal services that will be required during this Chapter 7 Case. The Trustee requests that the Court (as defined below) approve the employment of Vorys under the terms and conditions set forth in this Application, as more fully described in the Parobek Declaration.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The legal predicates for the relief sought herein are sections 327(a), 328(a) and 330 of the Bankruptcy Code; Bankruptcy Rules 2014 and 2016; and Rule 2016-1 of the Local Rules.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

5. On December 17, 2017, Richard M. Osborne ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

6. The Debtor's bankruptcy proceeding was converted to a case under Chapter 7 of Title 11 of the United States Code on the Conversion Date.

7. The Trustee was appointed Interim Trustee for the estate of the Debtor on the Conversion Date.

## Basis for Relief

8. The Trustee has selected Vorys as her counsel because of the firm's experience and knowledge in bankruptcy (including fraudulent transfers and turnover), litigation, real estate restructuring/disposition matters, energy transactions, finance and corporate matters.

9. The Trustee is a partner at Vorys, and the retention of Vorys would promote efficiencies that are in the best interests of the estate.

10. There are assets belonging to the bankruptcy estate, and such assets must be administered and disposed of by the Trustee. Generally, the Trustee requires legal counsel in order to prepare and file pleadings, and, if necessary, litigate matters, in connection with the turnover and liquidation of said assets.

11. The Trustee believes that Vorys is both well-qualified and able to represent her in this Chapter 7 Case in an efficient and effective manner. Vorys has the resources necessary to manage a representation of this size, complexity and scope. The Trustee requests that the Court authorize and approve Vorys to represent her in connection with this Chapter 7 Case.

## Services to be Rendered

12. The Trustee proposes to employ Vorys to render such legal services as may be requested by the Trustee and able to be performed by Vorys, including, without limitation:

    (a) preparation, execution and filing of pleadings, attendance at hearings for the preservation, recovery and liquidation of property and/or other services incidental thereto, including prosecution of appropriate adversary proceedings;

    (b) preparation of pleadings, motions, objections and applications incidental to the administration of the bankruptcy estate;

(c) intervening in, or commencing upon proper application, in state or federal court, proceedings necessary for the preservation, recovery or liquidation of estate assets and the proper administration of the bankruptcy estate;

(d) resisting and opposing applications for reclamation and requested exemptions of the Debtor;

(e) identification of estate assets and engaging in all necessary transactional work necessary with respect to preservation, recovery and liquidation of same;

(f) providing legal advice with respect to the Trustee's powers and duties;

(g) advising and representing the Trustee with respect to any sale of all, substantially all, or any portion of the Debtor's assets under section 363 of the Bankruptcy Code, as may be appropriate;

(h) advising the Trustee concerning, and preparing, on behalf of the Trustee, all necessary applications, motions, answers, orders, reports, and other legal papers, as applicable;

(i) appearing in court to protect the interests of the Trustee;

(j) advising and assisting the Trustee in dealings and/or negotiations with the Debtor, the Debtor's creditors, and other stakeholders;

(k) advising and assisting the Trustee concerning executory contract and unexpired lease assumptions, assignments, and rejections;

(l) assisting the Trustee in reviewing, estimating, and resolving claims asserted against the Debtor's estate;

(m) advising the Trustee on bankruptcy practices and procedures and determinative case law;

(n) commencing, continuing, and conducting litigation necessary and appropriate to assert rights held by the Debtor, protect assets of the Debtor's estate, or otherwise further the goal of completing a successful liquidation of the Debtor's estate; and

(o) performing all other legal services for the Trustee which may be necessary and proper in this Chapter 7 Case.

**Professional Fees and Expenses**

13. Vorys intends to apply to the Court for compensation in connection with this Chapter 7 Case on an hourly basis and reimbursement of out-of-pocket expenses, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee for the Northern District of Ohio, and further orders of this Court.

14. The Trustee proposes to pay Vorys based upon Vorys' standard hourly rates, which are periodically adjusted and range from $360 to $755 per hour for partners, from $215 to $450 per hour for associates and from $135 to $285 per hour for paralegals, plus reimbursement of actual, necessary expenses incurred by Vorys in the course of the representation. Notwithstanding the foregoing, for purposes of this Chapter 7 Case, Vorys has agreed not to charge more than $575 per hour for any attorney. The applicable rates for certain expected timekeepers on this matter are set forth in the Parobek Declaration. Vorys adjusts its rates periodically, generally on or around January 1 of each year.

15. The Trustee understands that, in connection with the reimbursement of reasonable and necessary expenses, it is Vorys' policy to charge its clients for certain expenses incurred in connection with providing certain client services, including, among others, travel, meals,

lodging, photocopying, postage, vendor charges, delivery service, and other expenses incurred in providing professional services.

16. Vorys will be required to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 7 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

## Vorys' Disinterestedness

17. The Trustee has reviewed the Parobek Declaration and, to the best of the Trustee's knowledge, Vorys and its professionals (a) are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code and, as required by section 327(a) and referenced by section 328(c) of the Bankruptcy Code, neither hold nor represent any interest adverse to the Debtor or his estate and (b) except as disclosed in the Parobek Declaration, have no relevant and disabling connection to the Debtor, its significant creditors, or certain other potential parties in interest as set forth in the Parobek Declaration.

18. Vorys has informed the Trustee that it will conduct an ongoing review of its files during this Chapter 7 Case to ensure that no disqualifying circumstances have arisen and that, if any new facts or relationships that Vorys believes should be disclosed to the Court and the parties in interest in the Chapter 7 Case are discovered, Vorys will file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

## Relief Requested and Basis for Relief Requested

19. By this Application, and pursuant to Bankruptcy Code sections 327(a), 328(a) and 330, Bankruptcy Rules 2014(a) and 2016 and Local Rule 2016-1, the Trustee seeks the entry of

an Order authorizing the retention and employment of Vorys as her counsel effective as of the Conversion Date.

20. Bankruptcy Code section 327(a) provides that a trustee, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Pursuant to Bankruptcy Code section 328(a), the Trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

21. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

22. The Trustee submits that for all the reasons stated above and in the Parobek Declaration, the retention and employment of Vorys as counsel for the Trustee is warranted. Further, as stated in the Parobek Declaration, Vorys is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) as required by Bankruptcy Code section

-7-

327(a), and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, his creditors, or other parties-in-interest, except as disclosed in the Parobek Declaration.

### *Nunc Pro Tunc* Relief Is Appropriate

23. Pursuant to the Trustee's request, Vorys has agreed to serve as counsel for the Trustee on and after the Conversion Date with assurance that the Trustee would seek approval of its employment and retention *nunc pro tunc* to the Conversion Date, so that Vorys can be compensated for its pre-Application services. The Trustee believes that no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this Application, because Vorys has provided and continues to provide valuable services to the Trustee during the interim period.

### Notice

24. Notice of this Application has been given to the office of the United States Trustee in accordance with Bankruptcy Rule 2014 and those persons who have formally appeared in this proceeding. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

### No Prior Request

25. The Trustee has not previously sought the relief requested herein from the Court or any other court.

26. WHEREFORE, the Trustee respectfully requests that the Court enter the proposed Order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: July 11, 2019

Respectfully submitted,

/s/ Kari B. Coniglio_____
Kari B. Coniglio (0081463)
Interim Chapter 7 Trustee
200 Public Square, Suite 1400
Cleveland, OH 44114
Tel (216) 479-6167
Fax (216) 937-3766
kbconiglio@vorys.com

**NOTICE**

Pursuant to Local Bankruptcy Rule 9013-1, any objection to this application must be filed by July 25, 2019. If no response or objection is timely filed, the Court is authorized to grant the relief without further notice.

Respectfully submitted,

/s/ Kari B. Coniglio_____
Kari B. Coniglio (0081463)
Interim Chapter 7 Trustee

# Certificate of Service

I certify that a true and correct copy of the foregoing *Application of Kari B. Coniglio, Interim Chapter 7 Trustee, for Authority to Employ and Retain Vorys, Sater, Seymour and Pease LLP as Attorneys for Chapter 7 Trustee Nunc Pro Tunc to the Chapter 7 Conversion Date*, along with the exhibits attached thereto, was served via the Courts Electronic Case Filing System on July 11, 2019 on the following who are listed on the Court's Electronic Mail Notice List:

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Richard M. Bain on behalf of Interested Party Zachary B Burkons
rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

Kari B. Coniglio
kbconiglio@vorys.com, mdwalkuski@vorys.com;jnorth@vorys.com;kbc@trustesolutions.net

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Richard W. DiBella on behalf of Creditor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Melody Dugic Gazda on behalf of Plaintiff Home Savings Bank
mgazda@hendersoncovington.com

-10-

Melody Dugic Gazda on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Michael R. Hamed on behalf of Interested Party Gas Natural Inc.
mhamed@kushnerhamed.com, kgross@kushnerhamed.com

Heather E. Heberlein on behalf of Creditor First National Bank of Pennsylvania
hheberlein@bdblaw.com, vgum@bdblaw.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Dennis J. Kaselak on behalf of Defendant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Jerry R. Krzys on behalf of Plaintiff Home Savings Bank
jkrzys@hendersoncovington.com, jerrykrzys@gmail.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Shannon M. McCormick on behalf of Creditor Center Street School Condominiums and coachhouses Unit Owners' Association, Inc.
bankruptcy@kamancus.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Tricia L. Pycraft on behalf of Accountant Rea & Associates, Inc.
tpycraft@ccj.com, bowman@ccj.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

Kirk W. Roessler on behalf of Creditor Osborne Farms, LLC fka Huron Lime Company, LLC
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Cross-Claimant Richard M. Osborne
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, grichards@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Richard J. Thomas on behalf of Plaintiff Home Savings Bank
rthomas@hendersoncovington.com, mgazda@hendersoncovington.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Phyllis A. Ulrich on behalf of Creditor The Huntington National Bank
bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com

Leslie E. Wargo on behalf of Cross-Claimant Richard M. Osborne
Leslie@Wargo-Law.com

Leslie E. Wargo on behalf of Debtor Richard M. Osborne
Leslie@Wargo-Law.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

/s/ Kari B. Coniglio
Kari B. Coniglio (0081463)
Interim Chapter 7 Trustee