IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Case No. 17-17361-AIH |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

## APPLICATION OF KARI B. CONIGLIO, TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF LESLIE E. WARGO, ESQ. AND WARGO LAW, LLC AS SPECIAL LITIGATION COUNSEL TO THE TRUSTEE, NUNC PRO TUNC TO JULY 15, 2019

Kari B. Coniglio, acting Chapter 7 Trustee (the "Trustee") in the above-captioned Chapter 7 case of Richard M. Osborne, Sr. (the "Debtor") hereby files this application (the "Application") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Leslie E. Wargo, Esq. and Wargo Law, LLC ("Ms. Wargo") as special litigation counsel to the Trustee *nunc pro tunc* to July 15, 2019, pursuant to 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio (the "Local Rules"). In support of this Application, the Trustee submits the declaration of Leslie E. Wargo, Esq. (the "Wargo Declaration"), attached hereto as **Exhibit B**, and respectfully states as follows.

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2016-1.

**BACKGROUND**

3. On December 17, 2017 (the "Petition Date"), the Debtor filed a voluntary petition with this Court under Chapter 11 of the Bankruptcy Code. From the Petition Date, through July 3, 2019, when this Court converted the above-captioned case to one under Chapter 7 upon the Debtor's motion, the Debtor operated his businesses and managed his property as a debtor-in-possession.

4. On March 1, 2019, the Debtor filed a *Motion to Employ Wargo as Special Counsel to the Debtor* [Doc. 405], and on March 25, 2019, this Court entered the *Agreed Order Granting Motion of Richard M. Osborne, Sr., Debtor in Possession to Employ Leslie E. Wargo, Esq., as Counsel* [Doc. 419]. Thereafter Ms. Wargo acted as counsel to the Debtor with respect to certain discrete collection and litigation matters.

5. Specifically, Ms. Wargo acted as counsel to the Debtor with respect to the following open matters: (a) defense and prosecution of counterclaims in the adversary proceeding brought against the Debtor by Home Savings Bank (the "Home Savings Litigation"); (b) collection of amounts owed to the Debtor's estate by Gas Natural (the "Gas Natural Litigation"); (c) collection of a $268,368 claim owed to the estate by Michael Gorman (the "Gorman Claim"); (d) collection of a claim of $125,000 for stock in Cuyahoga Concrete from the Debtor's son, Greg Osborne (the "Greg Claim"); and (e) tax valuation disputes relating to real estate owned by the Debtor's estate (the "Tax Valuation Matters" and together with the Home Savings Litigation, the Gas Natural Litigation, the Gorman Claim, and the Greg Claim,

the "Chapter 11 Engagement Matters").

6. On July 3, 2019, upon conversion of the Debtor's case to Chapter 7, the Trustee was appointed as the interim trustee over the Debtor's estate. The Trustee is conducting her investigation of assets of the Debtor's bankruptcy estate and has determined that it is in the best interests of the Debtor's estate and its creditors for the Trustee to continue the employment of Ms. Wargo as to some, but not all, of the Chapter 11 Engagement Matters.

7. As of the date of this Application, the Trustee has determined to continue the employment of Ms. Wargo as to the Home Savings Litigation and the Gorman Claim. For the avoidance of doubt, the Trustee is not abandoning the Gas Natural Litigation, the Tax Valuation Matters, or the Greg Claims; however, the Trustee is still evaluating the best avenues for prosecution of the estate's interests in those matters.

8. On July 22, 2019, Ms. Wargo filed her *First and Final Interim Application for Approval of Compensation and Reimbursement of Expenses as Special Counsel for Debtor in Possession* (the "Interim Application") [Doc. 515] seeking allowance and immediate payment of $46,200.00 in fees and $1,092.36 in expenses for her services provided as counsel to the Debtor prior to conversion of his case. The Trustee has advised Ms. Wargo that the Trustee intends to object to the Interim Application (and all interim applications) on the basis that, among other things, consideration and payment of any interim fees of Chapter 11 professionals at this juncture is premature.

## RELIEF REQUESTED

9. By this Application, the Trustee seeks authority to retain and employ Wargo as special litigation counsel for the Trustee, *nunc pro tunc* to July 15, 2019, and to reimburse Wargo for her fees and expenses in connection therewith, pursuant to sections 327(e), 328(a),

and 330 of the Bankruptcy Code upon the conclusion of this case.

10. The Trustee proposes to compensate Ms. Wargo on an hourly basis at a flat fee of $300.00 per hour and to reimburse Ms. Wargo for out of pocket expenses incurred with respect to the litigation, subject to an application and order from this Court in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Orders of this Court.

11. The Trustee requires counsel to pursue the Home Savings Litigation and the Gorman Claim as those litigation matters offer the likely possibility of payments to the Debtor's estate on account of those claims.

12. The Trustee asserts that Ms. Wargo is the best attorney to handle the foregoing matters given her knowledge of the case and her substantial involvement prior to the conversion. While the Trustee typically negotiates contingent fee recoveries for counsel in collection matters, given the advanced status of the foregoing matters, the Trustee asserts that compensation at the hourly rate of $300.00 will be more cost effective to the estate than payment of a contingent fee.

13. While the Trustee has sought the employment and retention of Vorys, Sater, Seymour and Pease LLP ("Vorys") as general bankruptcy counsel, the Trustee asserts that there will be no duplication of efforts as no Vorys' attorneys (other than the Trustee solely in her capacity as Trustee) will provide any services with respect to the Home Savings Litigation or the Gorman Claim. Conversely, Ms. Wargo will not provide representation to the Trustee on any matters beyond the foregoing litigation.

14. Accordingly, the Trustee asserts that the engagement and retention of Ms. Wargo on the terms and conditions set forth herein is necessary and in the best interests of the Debtor, his estate, his creditors, and other parties in interest, and should be approved.

## WARGO'S CONNECTIONS WITH PARTIES IN INTEREST

15. Section 327(e) of the Bankruptcy Code requires that proposed counsel "not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. §327(e). As set forth in this Application and in the accompanying Wargo Declaration, Ms. Wargo (a) does not have any current connection with the U.S. Trustee, or any person employed in the office of the same, or any judge of the United States Bankruptcy Court for the Northern District of Ohio, or any person employed in the offices of the same, and (b) does not hold or represent interest adverse to the estate on the matters to which she is to be employed.

16. As explained herein, Ms. Wargo has an interest adverse to the estate solely with respect to her unpaid fees and expenses related to services provided on the Chapter 11 Engagement Matters and other services provided in the Chapter 11 case.

## BASIS FOR RELIEF REQUESTED

17. Bankruptcy Code section 327(e) provides that a debtor, subject to Court approval:

> [M]ay employ, for a specified special purpose ... an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

18. In considering whether to appoint special counsel, courts generally consider whether "(1) the representation is in the best interest of the estate, (2) the attorney represented the debtor in the past, (3) the attorney is for a specific purpose approved by the court, other than to represent the debtor in conducting the case, (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (Bankr. D. Del. 2005); *In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999)

("where the interest of the special counsel and the interest of the estate are identical with respect to the matter for which special counsel is retained, there is no conflict and the representation can stand").

19. Additionally, pursuant to Bankruptcy Code section 328(a), the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Bankruptcy Code section 328(a) permits compensation of professionals on flexible terms that reflect the nature, extent, and value of their services and market conditions. *See In re Zylstra Dairy Ltd.*, No. 16-32720, 2016 Bankr. LEXIS 4434 *5 (Bankr. N.D. Ohio Dec. 22, 2016), (granting payment based on a pre-approved fee arrangement under Bankruptcy Code sections 327(a) and 328(a)); *see also In re Vertis Holdings, Inc.*, No. 12-12821 (CSS) (Bankr. D. Del. Nov. 20, 2012) [Docket No. 294] (authorizing the retention and employment of lead counsel to the debtors under Bankruptcy Code sections 327(a) and 328(a)).

20. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21. The Trustee submits that the appointment of Ms. Wargo is important to protecting the estate's interests in the Home Savings Litigation and the Gorman Claim so as to monetize assets for the benefit of the estate and the Debtor's creditors.

## NUNC PRO TUNC RELIEF IS APPROPRIATE

22. Pursuant to the Trustee's request, Ms. Wargo agreed to serve as counsel for the Trustee on and after July 15, 2019, with assurance that the Trustee would seek approval of her employment and retention nunc pro tunc to July 15, 2019. The Trustee believes that no party in interest will be prejudiced by the granting of the nunc pro tunc employment, as provided in this Application, because Ms. Wargo has provided and continues to provide valuable services to the Trustee during the interim period.

## NOTICE

23. Notice of this Application has been given to the office of the United States Trustee in accordance with Bankruptcy Rule 2014 and those persons who have formally appeared in this proceeding. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: July 25, 2019

Respectfully submitted,

/s/ Kari B. Coniglio
Kari B. Coniglio (0081463)
Interim Chapter 7 Trustee
200 Public Square, Suite 1400
Cleveland, OH 44114
Tel (216) 479-6167
Fax (216) 937-3766
kbconiglio@vorys.com

## NOTICE

Pursuant to Local Bankruptcy Rule 9013-1, any objection to this application must be filed by August 8, 2019. If no response or objection is timely filed, the Court is authorized to grant the relief without further notice.

Respectfully submitted,

/s/ Kari B. Coniglio
Kari B. Coniglio (0081463)
Interim Chapter 7 Trustee

# Certificate of Service

I certify that a true and correct copy of the foregoing *Application of Kari B. Coniglio, Trustee, for Entry of an Order Pursuant to 327(e) of the Bankruptcy Code Authorizing the Retention and Employment of Leslie E. Wargo, Esq. as Special Litigation Counsel to the Trustee, Nunc Pro Tunc to July 15, 2019*, along with the exhibits attached thereto, was served via the Courts Electronic Case Filing System on July 25, 2019 on the following who are listed on the Court's Electronic Mail Notice List:

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Richard M. Bain on behalf of Interested Party Zachary B Burkons
rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

Kari B. Coniglio
kbconiglio@vorys.com, mdwalkuski@vorys.com;jnorth@vorys.com;kbc@trustesolutions.net

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Richard W. DiBella on behalf of Creditor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Melody Dugic Gazda on behalf of Plaintiff Home Savings Bank
mgazda@hendersoncovington.com

Melody Dugic Gazda on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Michael R. Hamed on behalf of Interested Party Gas Natural Inc.
mhamed@kushnerhamed.com, kgross@kushnerhamed.com

Heather E. Heberlein on behalf of Creditor First National Bank of Pennsylvania
hheberlein@bdblaw.com, vgum@bdblaw.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Dennis J. Kaselak on behalf of Defendant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Jerry R. Krzys on behalf of Plaintiff Home Savings Bank
jkrzys@hendersoncovington.com, jerrykrzys@gmail.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Shannon M. McCormick on behalf of Creditor Center Street School Condominiums and coachhouses Unit Owners' Association, Inc.
bankruptcy@kamancus.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Tricia L. Pycraft on behalf of Accountant Rea & Associates, Inc.
tpycraft@ccj.com, bowman@ccj.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

Kirk W. Roessler on behalf of Creditor Osborne Farms, LLC fka Huron Lime Company, LLC
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Cross-Claimant Richard M. Osborne
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne

fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, grichards@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Richard J. Thomas on behalf of Plaintiff Home Savings Bank
rthomas@hendersoncovington.com, mgazda@hendersoncovington.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Phyllis A. Ulrich on behalf of Creditor The Huntington National Bank
bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com

Leslie E. Wargo on behalf of Cross-Claimant Richard M. Osborne
Leslie@Wargo-Law.com

Leslie E. Wargo on behalf of Debtor Richard M. Osborne
Leslie@Wargo-Law.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

        /s/ Kari B. Coniglio
        Kari B. Coniglio (0081463)
        Interim Chapter 7 Trustee

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Case No. 17-17361-AIH |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |

**ORDER GRANTING APPLICATION OF KARI B. CONIGLIO, TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF LESLIE E. WARGO, ESQ. AND WARGO LAW, LLC AS SPECIAL LITIGATION COUNSEL TO THE TRUSTEE, NUNC PRO TUNC TO JULY 15, 2019**

Upon the application (the "Application") of Kari B. Coniglio, Trustee (the "Trustee"), for the entry of an order (this "Order") authorizing the Trustee to retain and employ Leslie E. Wargo, Esq. and Wargo Law, LLC ("Ms. Wargo") as special litigation counsel to the Trustee in the above-captioned case, *nunc pro tunc* to July 15, 2019, pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"); and the Court having reviewed the Application and the declaration of Ms. Wargo; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth in the Application.

2. Ms. Wargo's retention and employment as counsel to Kari B. Coniglio, in her capacity as Chapter 7 Trustee of the above-captioned Debtor and his estate, is authorized *nunc pro tunc* to July 15, 2019, in accordance with the terms and conditions set forth in the Application.

3. Ms. Wargo is authorized to provide the Trustee with the professional services as described in the Application.

4. Ms. Wargo shall apply for compensation and reimbursement of expenses incurred in connection with its representation of Trustee in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and shall use her reasonable best efforts to comply with the *United States Bankruptcy Court for the Northern District of Ohio Guidelines for Compensation and Reimbursement of Professionals* and the U.S. Trustee Guidelines.

# # #

Respectfully submitted,

/s/ Kari B. Coniglio_____
Kari B. Coniglio (0081463)
Interim Chapter 7 Trustee
200 Public Square, Suite 1400
Cleveland, OH 44114
Tel (216) 479-6167
Fax (216) 937-3766
kbconiglio@vorys.com

## **EXHIBIT B**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

### DECLARATION OF LESLIE E. WARGO, ESQ. IN SUPPORT OF APPLICATION OF KARI B. CONIGLIO, TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF LESLIE E. WARGO, ESQ. AND WARGO LAW, LLC AS SPECIAL LITIGATION COUNSEL TO THE TRUSTEE, NUNC PRO TUNC TO JULY 15, 2019

I, Leslie E. Wargo, declare as follows:

1. I am over the age of twenty-one and am competent and authorized to make this declaration. I have personal knowledge of the facts set forth herein. To the extent that any information disclosed herein requires amendment or modification upon my completion of further analysis or as additional information becomes available to me, a supplemental declaration will be submitted to the Court reflecting the same.

2. I make this declaration pursuant to the provisions of the Bankruptcy Code regarding the employment of professional persons by Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), and in light of the restrictions and requirements imposed therein by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

3. I have read the *Application of Kari B. Coniglio, Trustee, for Entry of an Order Pursuant to 327(e) of the Bankruptcy Code Authorizing the Retention and Employment of Leslie E. Wargo, Esq. and Wargo Law, LLC as Special Counsel to the Trustee*, Nunc Pro Tunc *to July*

*15, 2019* (the "Application") and, to the best of my knowledge, information, and belief, the Application is true and correct.

4. The Trustee has requested that I pursue the (a) defense and prosecution of counterclaims in the adversary proceeding brought against the Debtor by Home Savings Bank; and (b) collection of a $268,368 claim owed to the estate by Michael Gorman.

5. Neither the declarant, nor any person with whom she is associated in the practice of law, is a relative by blood or marriage of any Bankruptcy Judge of the Northern District of Ohio, the United States Trustee for the Districts of Ohio and Michigan, Region IX, or any employee of said U.S. Trustee, and that she is not now nor has she ever been so connected with any such person as to render her appointment or the Court's approval of her appointment as counsel to the Debtor in the above-captioned matter improper.

    a. I do not and have not served as an employee of the Debtor within two years before the petition filing.

    b. I am not and have not been a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

    c. I am not an insider of the Debtor.

    d. I do not hold a security interest guarantee or other assurance of compensation for services performed and to be performed in the case.

    e. There is no agreement of any nature as to the sharing of any compensation to be paid to me other than my law partnership agreement.

    f. I do not hold or represent any interest, direct or indirect, that is adverse to the Debtor's estate on the matters on which I am to be employed.

6. I previously worked on a matter unrelated to the Debtor or his companies where Richard Baumgart, a former attorney for the Debtor and/or certain of his entities and a creditor of the Debtor's estate, served as an expert witness for my client.

2

17-17361-aih    Doc 531    FILED 07/25/19    ENTERED 07/25/19 16:36:21    Page 17 of 19

7. Further, as detailed in the Application, I served as counsel for the Debtor during the pendency of this case under Chapter 11 of the Bankruptcy Code. On July 22, 2019, I filed the *First and Final Interim Application for Approval of Compensation and Reimbursement of Expenses as Special Counsel for Debtor in Possession* (the "Interim Application") [Docket No. 515], seeking allowance and immediate payment of $46,200.00 in fees and $1,092.36 in expenses for my services provided as counsel to the Debtor prior to conversion of this case. Other than this unpaid administrative expense claim of the Chapter 11 estate, I am not a creditor of the Debtor or his estate.

8. I do not currently represent any creditors of the Debtor on any matter relating to the Debtor or his bankruptcy estate.

9. With respect to my potential past legal representations of creditors of the Debtor, I was a partner (principal) of the law firm, McCarthy, Lebit, Crystal & Liffman Co., L.P.A. ("McCarthy Lebit"), until March 2017. McCarthy Lebit is a medium size law firm that provided a vast range of legal services to its clients, not just in the area of litigation. It is my understanding that McCarthy Lebit represented some of the creditors of the Debtor at various times during my tenure with the firm. To the best of my knowledge, during my more than 17 years with the firm, I may have worked on or assisted with litigation matters on behalf of one of the creditors. Any such work would have been prior to March 2017.

10. Given the nature and complexity of this matter, the rates of compensation set forth in the attached schedule and the Trustee's Application are true and are the customary and usual rates that will be charged by Ms. Wargo for her services in this type of matter.

11. I intend to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the

3

orders of this Court. Subject to allowance by the Court, I will charge the Trustee for my legal services on an hourly basis in accordance with my ordinary and customary hourly rate in effect on the date services are rendered. The current hourly rate charged by me is $300.00.

12. I will bill my customary reimbursements in accordance with applicable guidelines. I am customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter.

13. I have not received a retainer in this matter.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 25, 2019

_____
Leslie E. Wargo (0073112)
WARGO LAW, LLC
1501 North Marginal Road, Suite 182
Cleveland, Ohio 44114
(216) 403-3350
(216) 744-1816 (facsimile)
Leslie@Wargo-Law.com

4