The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on July 29, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: July 29, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| RICHARD M. OSBORNE, | Case No. 17-17361-(AIH) |
| Debtor. | Judge Arthur I. Harris |

### ORDER APPROVING APPLICATION OF KARI B. CONIGLIO, INTERIM CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY AND RETAIN VORYS, SATER, SEYMOUR AND PEASE LLP AS ATTORNEYS FOR CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO THE CHAPTER 7 CONVERSION DATE

Upon the application (the "Application")[1] of Kari B. Coniglio, interim Chapter 7 Trustee (the "Trustee", with such definition applying to both the interim and non-interim appointment periods), for the entry of an order (this "Order") authorizing the Trustee to retain and employ Vorys, Sater, Seymour and Pease LLP ("Vorys") as her counsel effective *nunc pro tunc* to the Conversion Date, pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Banrkuptcy Rules of the United States Bankruptcy Court for the Northern District of Ohio (the "Local Rules"); and the Court having reviewed the Application and the Declaration of Drew T. Parobek (the "Parobek Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Parobek Declaration that Vorys is a "disinterested person" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a); and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Trustee provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Trustee is authorized to retain and employ Vorys as her counsel *nunc pro tunc* to July 3, 2019, the Conversion Date.

3. Vorys is authorized to provide the Trustee with the professional services as described in the Application.

4. In accordance with Bankruptcy Code section 327(a) and, with respect to Vorys' hourly rates, Bankruptcy Code section 328(a), Bankruptcy Rules 2014(a) and 2016 and Local Rule 2016-1, the Trustee is hereby authorized to employ and retain Vorys as her attorneys in this Chapter 7 Case in accordance with Vorys' hourly rates and disbursement policies as contemplated by the Application.

5. Vorys shall apply for compensation and reimbursement of expenses in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

6. Vorys shall provide reasonable notice to the Trustee and the United States Trustee for the Northern District of Ohio (the "U.S. Trustee") after any increases in the rates set forth in the Application are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7. The Trustee and Vorys are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. Notice of the Application is deemed to be good and sufficient notice of such

2

17-17361-aih    Doc 542    FILED 07/29/19    ENTERED 07/29/19 14:39:03    Page 3 of 4

Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9. To the extent that the Application or the Parobek Declaration is inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to interpretation, implementation or enforcement of this Order.

# # #

**SUBMITTED BY:**

/s/ Kari B. Coniglio_____
Kari B. Coniglio (0081463)
Interim Chapter 7 Trustee
200 Public Square, Suite 1400
Cleveland, OH 44114
Tel (216) 479-6167
Fax (216) 937-3766
kbconiglio@vorys.com