# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| RICHARD M. OSBORNE, | ) Case No. 17-17361-(AIH) |
| | ) |
| Debtor. | ) Judge Arthur I. Harris |
| | ) |

**APPLICATION OF KARI B. CONIGLIO, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HOWARD L. KLEIN AND SKODA MINOTTI AS ACCOUNTANTS FOR CHAPTER 7 TRUSTEE**

Kari B. Coniglio, Chapter 7 Trustee (the "Trustee") in the above-captioned Chapter 7 case (this "Chapter 7 Case"), hereby submits this *Application of Kari B. Coniglio, Interim Chapter 7 Trustee, for Entry of an Order Authorizing the Employment and Retention of Howard L. Klein and Skoda Minotti as Accountants for Chapter 7 Trustee* (this "Application"). This Application is supported by the *Affidavit of Howard L. Klein in Support of the Application of Kari B. Coniglio, Chapter 7 Trustee, for Authority to Employ and Retain Howard L. Klein and Skoda Minotti as Accountants for Chapter 7 Trustee* (the "Klein Affidavit") filed contemporaneously herewith and attached hereto as Exhibit A, and respectfully states as follows:

**Relief Requested**

1. By this Application, and pursuant to sections 327(a), 328(a) and 330 of Title 11 the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Northern District of Ohio (the "Local Rules"), the Trustee seeks entry of an order (the "Order") authorizing the Trustee to employ and retain Howard L. Klein and Skoda Minotti (together, "Skoda") as her accountants during this Chapter 7 Case. The

Trustee requests that the Court (as defined below) approve the employment of Skoda under the terms and conditions set forth in this Application, as more fully described in the Klein Affidavit.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The legal predicates for the relief sought herein are sections 327(a), 328(a) and 330 of the Bankruptcy Code; Bankruptcy Rules 2014 and 2016; and Rule 2016-1 of the Local Rules.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

5. On December 17, 2017, Richard M. Osborne ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

6. The Debtor's bankruptcy proceeding was converted to a case under Chapter 7 of Title 11 of the United States Code on the Conversion Date.

7. The Trustee was appointed Trustee for the estate of the Debtor on July 3, 2019 (the "Conversion Date").

## Basis for Relief

8. The Trustee requests the appointment of Skoda as an accountant because it is experienced, qualified, and, in the trustee's experience, efficient. Mr. Howard L. Klein, a partner of Skoda, is a Certified Public Accountant, a Certified Fraud Examiner, and a Certified Insolvency and Restructuring Advisor, and has extensive experience in investigative accounting and reviewing the records of bankruptcy debtors. The Court's authorization to employ Skoda to act as

-2-

accountant is in the best interest of the estate and of the creditors, as Skoda is experienced and qualified to render the professional accounting services needed by the Trustee.

9. As part of her duty to administer and liquidate the estate for the benefit of creditors, the Trustee requires the assistance of a qualified forensic accountant to assist the Trustee in locating assets that rightfully belong to, or are recoverable by, the estate. Additionally, the Trustee needs the assistance of Skoda to advise with respect to various tax implications, to prepare estate returns, and to evaluate the impact of potential consolidation issues with certain non-debtor entities, and whether such consolidation is even appropriate.

10. The Trustee believes that Skoda is both well-qualified and able to represent her in this Chapter 7 Case in an efficient and effective manner. Skoda has the resources necessary to manage a representation of this size, complexity and scope. The Trustee requests that the Court authorize and approve Skoda to represent her in connection with this Chapter 7 Case.

## Services to be Rendered

11. The Trustee proposes to employ Skoda to render such accounting services as may be requested by the Trustee and able to be performed by Skoda, including, without limitation:

   a. Assist the Trustee in determining the assets and liabilities of the Debtor and identifying causes of action and other assets of the Debtor;
   b. Assist the Trustee in recovering assets for the estate;
   c. Assist the Trustee in determining the identities and locations of the creditors; and
   d. Perform any other accounting or tax services the Trustee requires to administer the estate for the best interest of the creditors.

## Professional Fees and Expenses

12. Skoda intends to apply to the Court for compensation in connection with this Chapter 7 Case on an hourly basis and reimbursement of out-of-pocket expenses, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy

Rules, the Local Rules, the guidelines established by the United States Trustee for the Northern District of Ohio, and further orders of this Court.

13. The Trustee proposes to pay Skoda based upon Skoda's standard hourly rates, which are periodically adjusted, $440 per hour for partners, from $370 to $410 per hour for principals, from $330 to $355 per hour for Senior Managers, from $246 to $285 per hour for Managers, $248 per hour for Senior Accountants and from $209 per hour for Staff Accountants, plus reimbursement of actual, necessary expenses incurred by Skoda in the course of the representation. The applicable rates for certain expected timekeepers on this matter are set forth in the Klein Affidavit. Skoda adjusts its rates periodically, generally on or around January 1 of each year.

14. The Trustee understands that, in connection with the reimbursement of reasonable and necessary expenses, it is Skoda's policy to charge its clients for certain expenses incurred in connection with providing certain client services, including, among others, travel, meals, lodging, photocopying, postage, vendor charges, delivery service, and other expenses incurred in providing professional services.

15. Skoda will be required to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this Chapter 7 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

**Skoda's Disinterestedness**

16. The Trustee has reviewed the Klein Affidavit and, to the best of the Trustee's knowledge, Skoda's and its professionals (a) are "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code and, as required by section 327(a) and referenced by section

-4-

328(c) of the Bankruptcy Code, neither hold nor represent any interest adverse to the Debtor or his estate and (b) except as disclosed in the Klein Affidavit, have no relevant and disabling connection to the Debtor, its significant creditors, or certain other potential parties in interest as set forth in the Klein Affidavit.

17. Skoda has informed the Trustee that it will conduct an ongoing review of its files during this Chapter 7 Case to ensure that no disqualifying circumstances have arisen and that, if any new facts or relationships that Skoda believes should be disclosed to the Court and the parties in interest in the Chapter 7 Case are discovered, Skoda will file a supplemental disclosure with the Court and serve such supplemental disclosure on the U.S. Trustee.

**Relief Requested and Basis for Relief Requested**

18. By this Application, and pursuant to Bankruptcy Code sections 327(a), 328(a) and 330, Bankruptcy Rules 2014(a) and 2016 and Local Rule 2016-1, the Trustee seeks the entry of an Order authorizing the retention and employment of Skoda as her accountants.

19. Bankruptcy Code section 327(a) provides that a trustee, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a). Pursuant to Bankruptcy Code section 328(a), the Trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

20. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention

-5-

include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21. The Trustee submits that for all the reasons stated above and in the Klein Affidavit, the retention and employment of Skoda as accountants for the Trustee is warranted. Further, as stated in the Klein Affidavit, Skoda is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) as required by Bankruptcy Code section 327(a), and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, his creditors, or other parties-in-interest, except as disclosed in the Klein Affidavit.

22. WHEREFORE, the Trustee respectfully requests that the Court enter the proposed Order, substantially in the form attached hereto as <u>Exhibit B</u>, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: September 11, 2019

Respectfully submitted,

/s/ Kari B. Coniglio
Kari B. Coniglio (0081463)
Interim Chapter 7 Trustee
200 Public Square, Suite 1400
Cleveland, OH 44114
Tel (216) 479-6167
Fax (216) 937-3766
kbconiglio@vorys.com

## NOTICE

Pursuant to Local Bankruptcy Rule 9013-1, any objection to this application must be filed by September 25, 2019. If no response or objection is timely filed, the Court is authorized to grant the relief without further notice.

Respectfully submitted,

/s/ Kari B. Coniglio
Kari B. Coniglio (0081463)
Chapter 7 Trustee

# Certificate of Service

I certify that a true and correct copy of the foregoing *Application of Kari B. Coniglio, Chapter 7 Trustee, for Entry of an Order Authorizing the Employment and Retention of Skoda Minotti as Accountants for Chapter 7 Trustee*, along with the exhibits attached thereto, was served via the Courts Electronic Case Filing System on September 11, 2019 on the following who are listed on the Court's Electronic Mail Notice List:

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania
gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Richard M. Bain on behalf of Interested Party Zachary B Burkons
rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr.
abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company
rbarr@koehler.law, rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

Kari B. Coniglio
kbconiglio@vorys.com, mdwalkuski@vorys.com;jnorth@vorys.com;kbc@trustesolutions.net

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Richard W. DiBella on behalf of Creditor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Melody Dugic Gazda on behalf of Plaintiff Home Savings Bank
mgazda@hendersoncovington.com

Melody Dugic Gazda on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings &

Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Michael R. Hamed on behalf of Interested Party Gas Natural Inc.
mhamed@kushnerhamed.com, kgross@kushnerhamed.com

Heather E. Heberlein on behalf of Creditor First National Bank of Pennsylvania
hheberlein@bdblaw.com, vgum@bdblaw.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Dennis J. Kaselak on behalf of Defendant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation
bk@hhkwlaw.com

Jerry R. Krzys on behalf of Plaintiff Home Savings Bank
jkrzys@hendersoncovington.com, jerrykrzys@gmail.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania
mmatheney@bdblaw.com, bhajduk@bdblaw.com

Shannon M. McCormick on behalf of Creditor Center Street School Condominiums and coachhouses Unit Owners' Association, Inc.
bankruptcy@kamancus.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank
timothy.palmer@bipc.com, donna.curcio@bipc.com

Tricia L. Pycraft on behalf of Accountant Rea & Associates, Inc.
tpycraft@ccj.com, bowman@ccj.com

Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

Kirk W. Roessler on behalf of Creditor Osborne Farms, LLC fka Huron Lime Company, LLC
kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co.
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Cross-Claimant Richard M. Osborne
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Richard M. Osborne
fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company
msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania
nsinn@bdblaw.com, grichards@bdblaw.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com

Richard J. Thomas on behalf of Plaintiff Home Savings Bank
rthomas@hendersoncovington.com, mgazda@hendersoncovington.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC
atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons
toole@buckleyking.com, young@buckleyking.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A.
mtucker@ulmer.com

Phyllis A. Ulrich on behalf of Creditor The Huntington National Bank
bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com

Leslie E. Wargo on behalf of Cross-Claimant Richard M. Osborne
Leslie@Wargo-Law.com

Leslie E. Wargo on behalf of Debtor Richard M. Osborne
Leslie@Wargo-Law.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

/s/ Kari B. Coniglio
Kari B. Coniglio (0081463)
Chapter 7 Trustee

-10-