## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

### TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE

Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), seeks approval to compromise claims between the Trustee and Steve Sadove ("Sadove") pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Rules"). In support of this Motion, the Trustee states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief requested is Rule 9019.

### FACTUAL BACKGROUND

4. On December 17, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Code") [Doc. 1].

5. The Debtor holds a certain note dated May 6, 2005, executed by Nanetta T. LaFountaine ("LaFountaine"), in the amount of $67,710.00 (the "Note").

6. As security for the Note, LaFountaine executed a certain mortgage dated May 6, 2005 (the "Mortgage"), where LaFountaine mortgaged the property commonly known as 2163 Saranac Avenue, Lake Placid, New York 12946 (the "Property").

7. The Mortgage was recorded in the Essex County Clerk's Office (the "Essex Clerk") on May 18, 2005 in Liber 1482 of Mortgages at Page 312.

8. As debtor-in-possession, the Debtor employed Gregory M. Dennin ("Dennin") as special counsel under section 327(e) of the Code to obtain judgment on the Note and foreclosure on the Mortgage [Docs. 81, 124].

9. On September 6, 2018, the Debtor filed an Amended Verified Complaint against LaFountaine and Steve Sadove ("Sadove") in the State of New York Supreme Court in the County of Essex. This action is styled, *Richard M. Osborne Sr., Trustee v. Nanetta T. LaFountaine, et al.*, Index No. CV17-0532 (the "Foreclosure Action").

10. Sadove holds a mortgage interest in the Property by virtue of certain notes and the following mortgages assigned from NBT Bank, N.A. ("NBT") to Sadove (collectively, the "Sadove Mortgages"):

　　a. Mortgage executed by LaFountaine in favor of A.M.J., Inc., in the amount of $150,000.00, recorded with the Essex Clerk on April 21, 1998 in Book 855, Page 134, which was assigned to NBT by Assignment of Mortgage, recorded with the Essex Clerk on June 10, 2003 in Book 276, Page 288;

　　b. Mortgage executed by LaFountaine in favor of NBT, in the amount of $50,000.00, recorded with the Essex Clerk on June 28, 1999 in Book 934, Page 14;

　　c. Mortgage executed by LaFountaine in favor of NBT, in the amount of $56,322.67.00, recorded with the Essex Clerk on June 9, 2003 in Book 1252, Page 259;

　　d. Consolidation and Extension Agreement, executed by LaFountaine in favor of NBT, in the amount of $235,000.00, recorded with the Essex Clerk on June 9, 2003, which consolidated the debt owing pursuant to the three preceding mortgages;

　　e. Mortgage executed by LaFountaine in favor of NBT, in the amount of $135,000.00, recorded with the Essex Clerk on October 5, 2004 in Book 1424, Page 126; and

    f.  Consolidation, Extension and Modification Agreement, executed by LaFountaine in favor of NBT, in the amount of $349,693.83, recorded with the Essex Clerk on December 8, 2006 in Book 1669, Page 33, which consolidated the debt owing pursuant to the prior mortgages and consolidation agreement (the "<u>2006 Consolidation Agreement</u>").

11. The Sadove Mortgages were assigned to Sadove pursuant to that certain Assignment of Mortgage Without Covenant, executed by NBT in favor of Sadove, recorded with the Essex Clerk on September 15, 2016 in Book 459, page 165. The original aggregate amount of the Sadove Mortgages as of the 2006 Consolidation Agreement was $349,693.82, and the Sadove Mortgages were assigned to Sadove in exchange for consideration in the amount of $294,416.62. It is unknown to the Trustee whether the consideration was at par or discounted.

12. The Debtor's bankruptcy proceeding was converted to a case under chapter 7 of the Code on July 3, 2019 (the "<u>Conversion Date</u>") [Doc. 482].

13. On the Conversion Date, the Trustee was appointed the trustee for the Debtor's estate [Doc. 484].

14. The Trustee has not employed Dennin to continue prosecuting the Foreclosure Action since the Conversion Date.

15. In the Foreclosure Action, LaFountaine asserted a statute of limitations defense. The Mortgage specifically includes a provision providing that the Debtor and his friends may stay at LaFountaine's bed and breakfast with all room charges for those stays being applied towards the accrued interest due on the Note. Accordingly, the Debtor, through counsel, has asserted that evidence of those stays will defeat the statute of limitations defense.

16. Sadove argues that because all of the Sadove Mortgages, except for the 2006 Consolidation Agreement, which merely consolidates the prior obligations, precede the filing of the Mortgage, the Sadove Mortgages have a superior mortgage security interest in the Property.

3

17-17361-aih Doc 629 FILED 10/18/19 ENTERED 10/18/19 11:34:47 Page 3 of 10

17. The Trustee understands there is reason to believe that the Sadove Mortgages were subordinated to the Mortgage as a result of the 2006 Consolidation Agreement.

18. As of the Conversion Date, the Debtor had not yet responded to discovery requests by LaFountaine, and had not proffered discovery on LaFountaine or Sadove.

19. The Property is currently valued at $248,400.00.

20. In order to conclude the Trustee's involvement in the Foreclosure Action, and to resolve the issues between the Trustee and Sadove, Sadove has offered to pay the Trustee, on behalf of the Debtor's estate, the sum of $22,500.00, to be paid within fourteen days following entry of an order granting this Motion, in exchange for the assignment of the Note and Mortgage (the <u>Settlement Agreement</u>"). A copy of the Settlement Agreement is attached as **Exhibit 1**.

21. The Trustee believes, based on the fact-dependent issues and challenges presented in the Foreclosure Action, that it is in the best interest of the Debtor's estate to compromise and enter into the Settlement Agreement. The Trustee will incur significant administrative expenses to prosecute the Foreclosure Action and resolve the fact-dependent issues. Moreover, the Trustee bears the burden on both the state of limitations and subordination questions, and unless she prevails on *both* issues, the Trustee will recover nothing. Accordingly, to avoid uncertainty and ensure recovery, the Trustee requests that the Court approve the Settlement Agreement.

## LEGAL DISCUSSION

### Standard of Review

22. Rule 9019(a) authorizes a bankruptcy court to approve compromises or settlements as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

23. A bankruptcy court has "an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988). *See also In re Horvath*, No. 13-34137, 2015 Bankr. LEXIS 654, at *27 (N.D. Ohio Mar. 3, 2015) (quoting *Protective Committee for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968)).

24. A trustee has the burden of persuading a court that a compromise is fair and equitable, and thus be approved. *Horvath*, 2015 Bankr. LEXIS 654, at *29 (citation omitted).

25. Courts consider the following factors when determining whether a compromise or settlement is fair and equitable:

(1) the probability of success in litigation;

(2) the difficulties, if any, to be encountered in collecting any judgments that might be rendered;

(3) the complexity of the litigation involved, as well as the expense, inconvenience and delay necessarily attendant to the litigation; and

(4) the paramount interests of creditors with proper deference to their reasonable views.

*McGraw v. Yelverton (In re Bell & Beckwith)*, 87 B.R. 476, 478 (N.D. Ohio 1988) (citation omitted).

26. In considering these factors, a court "does not resolve disputed factual and legal issues, nor should it substitute its judgment for that of the trustee," but it should "canvass the issues and determine whether the proposed settlement "'falls below the lowest point in the range of reasonableness.'" *Horvath*, 2015 Bankr. LEXIS 654, at *28–29 (quoting *McGraw*, 87 B.R. at 478–79; *In re Nicole Gas Prod., Ltd.*, 518 B.R. 429, 441 (Bankr. S.D. Ohio 2014)). In other

5

words, a court must inquire whether the compromise is in the best interest of the estate. *McGraw*, 87 B.R. at 478.

**Application**

Probability of Success in Litigation

27. This factor weighs strongly in favor of approval of the Settlement Agreement. The Trustee recognizes several challenges to prevailing in the Foreclosure Action. The Trustee must first overcome LaFountaine's statute of limitations defense. To do so, the Trustee must show a part-payment that is effective to revive N.Y. Gen. Oblig. Law § 17-107, or "a payment of a portion of an admitted debt, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder." *Lew Morris Demolition Co. v. Bd. of Educ.*, N.Y.S.2d 409, 411 (1976) (citations omitted). Based on the facts currently known to the Trustee, the Trustee would face significant difficulties showing how the alleged agreement between the Debtor and LaFountaine—where the Debtor would stay at LaFountaine's bed and breakfast in exchange for the costs associated with those stays being deducted from the interest accruing on the Mortgage—constituted LaFountaine's reaffirmation of the Mortgage.

28. Additionally, the Trustee must show that the Sadove Mortgages were subordinated to the Mortgage because of the 2006 Consolidation Agreement. While the Trustee believes she has a good-faith argument that modification subordinates the Sadove Mortgages, the inquiry is fact-intensive, and there is a probability that a factfinder may find in favor of Sadove. If the Sadove Mortgages take priority over the Mortgage, the Trustee would likely recover nothing, as the amount of the Sadove Mortgages appear to exceed the value of the Property.

Because there is a substantial probability that the Trustee could recover nothing, the Trustee believes this factor weighs in favor of approval of the Settlement Agreement.

### Difficulty in Collecting Judgment

29. The collectability of any judgment is limited to overcoming the statute of limitations defense, the priority position of the Mortgage, and the value of the Property. If the Trustee cannot overcome the statute of limitations defense, and thus revive the Mortgage, the Trustee will collect nothing. Moreover, only if the Trustee can show that the Sadove Mortgages were modified such that they become subordinate to the Mortgage will the Trustee recover on the Note and Mortgage. The Property is valued at $248,400.00, and the amount of the Note is $67,710.00. However, if the Mortgage is subordinate to the Sadove Mortgages, the Sadove Mortgages will likely capture the entirety of the sale price, as the value of the property is less than the face amount of the Sadove Mortgages and the amount for which Sadove purchased the Sadove Mortgages. Under this scenario, the Trustee would recover nothing.

### Complexity, Expense, and Inconvenience of Litigation

30. This factor strongly weighs in favor of approval of the Settlement Agreement. Absent a settlement, the Trustee would incur significant time and expense overcoming the statute of limitations defense and proving that the Sadove Mortgages were subordinate to the Mortgage. Both the statute of limitations and the subordination questions are fact-dependent and require extensive discovery. The Trustee would not only have to proffer discovery on LaFountaine and Sadove, but she would also have to respond to LaFountaine's outstanding discovery responses. Moreover, because these questions are fact-dependent, the Trustee believes there is a strong likelihood this case would continue well into the future. Therefore, the expense and delay of the Foreclosure Action support approval of the Settlement Agreement.

Interests of Creditors

31.     This factor weighs in favor of approval of the Settlement Agreement.  Here, the compromise will avoid both the time and significant administrative expenses associated with prosecuting the Foreclosure Action.  The Settlement Agreement will provide the Debtor's estate with $22,500.00 from which distributions may be made, while curtailing the amount of administrative expenses.  If the Settlement Agreement is not approved, there is a significant likelihood that the Debtor's estate will incur substantial administrative expenses and recover nothing.  The creditors of the estate will be benefited by the compromise.

32.     For the foregoing reasons, the Trustee requests that the Court enter an order approving this compromise as set forth in this Motion.

Respectfully submitted,

*/s/ Patrick R. Akers*
Drew T. Parobek (0016785)
Elia O. Woyt (0074109)
Carrie M. Brosius (0075484)
Patrick R. Akers (0095985)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
dtparobek@vorys.com
eowoyt@vorys.com
cmbrosius@vorys.com
prakers@vorys.com

*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

I certify that on October 18, 2019, a copy of the foregoing *Trustee's Motion for Approval of Compromise* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers, prakers@vorys.com
- Gregory P. Amend, gamend@bdblaw.com
- Alison L. Archer, alison.archer@ohioattorneygeneral.gov
- Richard M. Bain, rbain@meyersroman.com
- Adam S. Baker, abakerlaw@sbcglobal.net,
- Austin B. Barnes, III, abarnes@sandhu-law.com
- Robert D. Barr, rbarr@koehler.law
- David T. Brady, DBrady@Sandhu-Law.com
- Carrie M. Brosius, cmbrosius@vorys.com
- Kari B. Coniglio, kbconiglio@vorys.com
- LeAnn E. Covey, bknotice@clunkhoose.com
- Gregory M. Dennin, greg@gmdlplaw.com
- Richard W. DiBella, rdibella@dgmblaw.com
- Bryan J. Farkas, bjfarkas@vorys.com
- Stephen R. Franks, amps@manleydeas.com
- Stephen John Futterer, sjfutterer@sbcglobal.net
- Melody Dugic Gazda, mgazda@hendersoncovington.com
- Michael R. Hamed, mhamed@kushnerhamed.com
- Heather E. Heberlein, hheberlein@bdblaw.com
- Dennis J. Kaselak, dkaselak@peteribold.com
- Christopher J. Klym, bk@hhkwlaw.com
- Matthew H. Matheney, mmatheney@bdblaw.com
- Shannon M. McCormick, bankruptcy@kamancus.com
- Kelly Neal, kelly.neal@bipc.com
- David M. Neumann, dneumann@meyersroman.com
- Timothy P. Palmer, timothy.palmer@bipc.com
- Drew T. Parobek, dtparobek@vorys.com
- Tricia L. Pycraft, tpycraft@ccj.com
- Kirk W. Roessler, kroessler@walterhav.com
- John J. Rutter, jrutter@ralaw.com
- Frederic P. Schwieg, fschwieg@schwieglaw.com
- Michael J. Sikora, III, msikora@sikoralaw.com
- Nathaniel R. Sinn, nsinn@bdblaw.com
- Rachel L. Steinlage, rsteinlage@meyersroman.com
- Andrew M. Tomko, atomko@sandhu-law.com
- Jeffrey C. Toole, toole@buckleyking.com

- Michael S. Tucker, mtucker@ulmer.com
- Phyllis A. Ulrich, bankruptcy@carlisle-law.com
- Leslie E. Wargo, Leslie@Wargo-Law.com
- Elia O. Woyt, eowoyt@vorys.com
- Maria D. Giannirakis, maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn, Scott.R.Belhorn@usdoj.gov

And by regular U.S. mail on the following:

Steve Segave
7 Hickory Pine Court
Purchase, New York 10577

*/s/ Patrick R. Akers*
Patrick R. Akers (0095985)

*Counsel to the Trustee*

2