# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge ARTHUR I. HARRIS |

**MOTION OF TRUSTEE: (I) TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (II) FOR ENTRY OF ORDER VACATING PRIOR ORDER AUTHORIZING SALE**

**(Real Property located at V/L Girdled Road, Concord, Ohio 44077, Lake Cty. Parcel 08-A-001-0000-490)**

Kari B. Coniglio ("Trustee"), the Chapter 7 Trustee of the estate of Richard M. Osborne, Sr. (the "Debtor"), respectfully moves (the "Sale Motion" or "Motion") this Court, pursuant to sections 105(a) and 363 of Title 11 (the "Bankruptcy Code") of the United States Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"), for entry of an order authorizing the sale, (the "Sale") free and clear of liens, encumbrances, and other interests, of real property belonging to the within bankruptcy estate, to Matthew J. Gosnik and Kristen A. Gosnik (together, "Purchaser"), in accordance with the terms and upon the conditions of that certain Vacant Land Purchase Agreement between Trustee and Purchaser dated December 2, 2019 (the "Purchase Agreement," a copy of which is attached hereto as Exhibit A).

Specifically, Trustee seeks entry of an order (the "Sale Order"), substantially in the form of the attached Exhibit B, granting the following relief:

i. pursuant to Bankruptcy Code sections 363(b) and (f), approving the Purchase Agreement and, pursuant to and upon the terms and conditions specified in the Purchase Agreement, authorizing Trustee to consummate the sale of Real Property

(as defined below) to Purchaser (or a higher and better bidder) free and clear of all liens and interests; and

ii. Vacating the Prior Sale Order (defined herein) as the Prior Buyer (defined herein) was unable and/or unwilling to close on the sale contemplated therein.

In support of this Sale Motion, Trustee states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) (2). The venue of this case and this Sale Motion is proper under 28 U.S.C. §§ 1408 and 1409. Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 provide the statutory bases for the relief sought herein.

## BACKGROUND

2. On December 17, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court").

3. On July 3, 2019, the Debtor's case was converted to chapter 7 and the Trustee was thereafter appointed as the duly appointed chapter 7 trustee of the Debtor's estate.

4. At the time of the commencement of the Debtor's case, the Debtor was the owner of or had an ownership interest in certain vacant parcel of real property located at V/L Girdled Road, Concord, OH 44077, permanent parcel no. 08A0010000490 fully described as follows:

Situated in the Township of Concord County of Lake and State of Ohio: and known as being part of Lot 2, Tract I and is further bounded and described as follows:

Beginning at a P.K. Nail with shiner to mark a point in the centerline of Girdled Road (66 feet wide) said point being further located from a P.K. nail found to mark the centerline intersection of Painesville-Ravenna Road with said Girdled Road North 67 degrees 12' 51" East, a distance of 3,177.84 feet, and south 57 degrees 12' 51" West a distance of 433.84 feet from the east line of Lot 2,
Thence thru the lands of the grantors herein the following (4) courses and distances.

North 67 degrees 12' 51" East, a distance of 216.98 feet to a point in the centerline of Girdled Road.

Thence South 00 degrees 02' 28" East (thru a 5/8" capped iron pin set at 35.78 feet) a total distance of 747.29 feet to a capped iron pin set to mark a point.

Thence South 89 degrees 57' 32" West a distance of 197.24 feet to a 5/8" capped iron pin set to mark a point.

Thence North 00 degrees 17" 18" West (thru a capped 5/8" iron pin set at 627.69 feet) a total distance of 663.41 feet to the point of beginning
Said land containing 3.218 acres as surveyed in March 1995 by Timothy E. Stocker P.S. 7245 Crabbs Surveying Service Order No. 1229 and being subject to all legal highway and easement. Basis of bearings are aligned to the eastern boundary lot line of Hawthorne Woods Subdivision as recorded in Volume 15, Page 16.

(the "Real Property").[1]

5. On June 18, 2018, this Court entered an Agreed Order Granting Motion of Richard M. Osborne to Sell a Parcel of Real Property Located at Girdled Road, Concord Township, Ohio Free of Any Interest of Any Entity Other Than the Estate (the "Prior Sale Order") [Doc. 174] authorizing the sale of the Real Property to Sommers Real Estate Group LLC (the "Prior Buyer").

6. Despite entry of the Prior Sale Order, the Prior Buyer was unable and/or unwilling to close on the purchase of the Real Property under the terms of the Prior Sale Order, and thus, title to the Real Property remained in the Debtor's name.

7. The Real Property is valued, per the Lake County Auditor, at $42,250. However, based upon prior offers and the pending offer, the Trustee believes the Real Property has a value of $100,000 to $125,000. The Trustee proposes to close on the sale of the Real Property under the Purchase Agreement within ten (10) days after entry of a final order approving this Motion.

---

[1] The Real Property was previously the subject of a Motion and Order authorizing the Debtor to sell the Real Property for $125,000. See Doc. 174. Unfortunately the buyer in the prior sale was unable to close and the Real Property remains property of the Debtor's estate.

8. Based on title reports available to the Trustee, the applicable liens, claims and interests in and to the Real Property are stated below in the order of priority as such liens and interests attach to the Real Property (subject to 11 U.S.C. § 506(a)(1)):

   i. A judgment lien filed August 21, 2009 and re-filed on August 18, 2014 in favor of Citizens Bank, N.A. fka RBS Citizens, N.A. dba Charter One ("Citizens") for $9,500,000.00.

   ii. A judgment lien filed August 21, 2009 and re-filed on August 18, 2014 in favor of Citizens for $21,211,495.94.

   iii. A judgment lien field July 25, 2011 and re-filed on July 20, 2016 assigned to Rigrtona Holding Company LLC for $737,105.52.

   iv. A judgment lien filed July 25, 2011 and refiled on July 20, 2016 assigned to Leimco Acquisition Company LLC for $1,378,250.02.

   v. A judgment lien filed November 23, 2011 and refiled on July 20, 2016 assigned to Willoughby LLC for $6,412,990.46.

   vi. A mortgage filed August 4, 2014 in favor of Citizens for an unspecified amount.

   vii. A judgment lien filed October 15, 2015 assigned to 7001 Center St. LLC for $662,565.96.

   viii. A judgment lien filed December 19, 2015 in favor of the Ohio Department of Taxation for $594,583.30.

   ix. A lien filed February 19, 2016 in favor of the Ohio Department of Job and Family Services for $150.00.

   x. A judgment lien filed July 20, 2016 assigned to Rigrtona Holding Company, LLC for $737,105.52.

   xi. A judgment lien filed July 20, 2016 assigned to Leimco Acquisition Company LLC for $1,387,520.00.

   xii. A state judgment lien filed March 9, 2017 in favor of the Ohio Department of Workmen's Compensation for $22,188.99.

   xiii. A Workmen's Compensation Lien filed March 10, 2017 in favor of the State of Ohio Bureau of Workmen's Compensation for $22,193.60.

   xiv. A judgment lien filed October 18, 2017 in favor of First National Bank of Pennsylvania for $4,609,385.39 with interest at $952.28 per day.

xv. A judgment lien filed October 18, 2017 in favor of First National Bank of Pennsylvania for $4,609,385.39 with interest at $952.28 per day.

xvi. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $541,388.32 with interest at $47.40 per day.

xvii. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $471,216.54 with interest at $75.48 per day.

xviii. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $104,929.18 with interest at $10.06 per day.

xix. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $34,036.09 with interest at $3.27 per day.

xx. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $557,387.76 with interest at $48.76 per day.

xxi. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $547,470.56 with interest at $121.04 per day.

xxii. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $1,346,107.19 with interest at $117.73 per day.

xxiii. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $93,857.37.

xxiv. A judgment lien filed on October 18, 2017 in favor of First National Bank of Pennsylvania for $142,492.71 with interest at $13.67 per day.

xxv. A judgment lien filed on November 1, 2017 in favor of First National Bank of Pennsylvania for $480,138.04.

xxvi. Taxes for the year 2018, payable in 2019, in the amount of $5,020.59.

9. The Trustee should be authorized to sell the Real Property free and clear of all liens, encumbrances and other interests pursuant to 11 U.S.C. § 363(b) and (f).

10. Pursuant to the Purchase Agreement, Purchaser would acquire the Real Property in consideration of cash in the amount of $100,000.00 (the "Purchase Price").

11. The Trustee has entered into a carveout agreement with Citizens (the "Carveout Agreement"), the senior lienholder with respect to the Real Property. Under the Carveout

Agreement, the Trustee, on behalf of the bankruptcy estate, will receive 12% ("Carveout Amount") of the net sale proceeds that would be otherwise payable to Citizens at closing.

## RELIEF REQUESTED AND REASONS THEREFOR

### Approval of Sale under Bankruptcy Code Section 363(b)

12. By this Sale Motion, Trustee seeks approval of the sale of the Real Property to Purchaser upon the terms and conditions of the Purchase Agreement, free and clear of liens, claims and encumbrances, under Bankruptcy Code sections 363(b) and (f).

13. The proposed sale, subject to the Purchase Agreement, is the result of the efforts of Ag Real Estate Group, Inc. ("Ag Real Estate"), a broker/realtor previously employed pursuant to an Order of this Court [Doc. 589] and Michelle Webb, a realtor affiliated with Century 21 HomeStar, an agency employed by the Debtor [Doc. 315].[2]

14. The sale of estate property under the Bankruptcy Code is conducted by a trustee, who "has ample discretion to administer the estate, including authority to conduct public or private sales of the estate property."[3]

15. While a bankruptcy trustee has a duty to "maximize the value obtained from a sale" of estate assets, in deciding whether to approve a trustee's recommendation of sale, "the bankruptcy court owes the trustee a broad amount of deference, seeking only to ensure that the trustee exercised reasonable 'business judgment.'"[4]

16. When reviewing the trustee's sale recommendation, the courts routinely give a trustee's business judgment "great judicial deference."[5]

---

[2] Despite their review and assistance with the proposed sale, Ag Real Estate has agreed not to receive compensation from the proposed sale if the sale closes to the Purchaser under the Purchase Agreement.
[3] *In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) (citation omitted).
[4] *Video Concepts, LLC v. Volpe Indus. (In re Volpe Indus.)*, 2013 U.S. Dist. LEXIS 120052 at *13 (D. Mass. 2013) (citing *In re Bakalis*, 220 B.R. at 532).
[5] *In re Bakalis*, 220 B.R. at 531-32 (citation omitted); accord *DiStefano v. Stern (In re JFD Enters.)*, 2000 U.S. App. LEXIS 9162 at *15-16 (1st Cir. 2000); *Austin Assocs. V. Howison (in Re Murphy)*, 288 B.R. 1, 5 (D. Me. 2002); *In re Psychometric Sys.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007); *In re Volpe Indus.*, 2013 U.S. Dist. LEXIS 120052 at *13; *In re Alaska Fishing Adventure, LLC*, 594 B.R. 883, 889-90 (Bankr. D. Alaska 2018).

17. Here, the Court should authorize the Sale because the Sale reflects Trustee's sound business judgment. The Purchase Agreement represents Trustee's best opportunity to maximize value of the Real Property. Specifically, the proposed Purchase Price is substantially higher than the auditor's appraised value for the Real Property and appears to be in line with the market value of the Real Property per the opinions of the real estate brokers involved.

18. Additionally, pursuant to the Carve-Out Agreement, the Trustee will realize a return for unsecured creditors on a property that did not otherwise have equity available for unsecured creditors of the Debtor's estate.

19. Thus, the Sale represents the best means of maximizing value for the Debtor's estate and creditors.

### Approval of Sale Free and Clear of Liens, Claims and Encumbrances under Bankruptcy Code section 363(f)

20. The Trustee seeks a Sale Order authorizing the sale of the Real Property free and clear of all liens, claims and encumbrances in accordance with section 363(f) of the Bankruptcy Code. Under section 363(f), the trustee may sell property under section 363(b) or (c) "free and clear of any interest in such property of an entity other than the estate," if any one of the following conditions is satisfied:

   (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   (2) such entity consents;

   (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   (4) such interest is in bona fide dispute; or

   (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such legal interest.[6]

---

[6] 11. U.S.C. § 363(f).

21.     Here, the Trustee believes that section 363(f)(5) would be satisfied with respect to the Sale because any liens, claims, encumbrances or security interests asserted against the Real Property are capable of being satisfied by money, and will attach to the proceeds of the Sale in the same order of priority as existed on the Petition Date.  Additionally, the Trustee believes that Citizens, the senior lienholder, will consent to the Sale.  Thus, section 363(f)(2) is also satisfied.  Accordingly, the Real Property may be sold free and clear of liens, claims, encumbrances, and security interests.

### Authority for Entry Vacating Prior Sale Order

22.     As explained above, the Prior Buyer failed and/or refused to close under the Prior Sale Order.  The Trustee is providing Notice of this Motion to the Prior Buyer and an opportunity to object to the same.

23.     Given the Prior Buyer's failure and/or refusal to close under the Prior Sale Order, and the request for approval of the sale of the Real Property to the Purchaser, the Prior Sale Order should be released, discharged, determined to be moot or void, and/or vacated under Rule 60(b)(4), (5), and/or (6), made applicable to this case by Bankruptcy Rule 9024.

### NOTICE

24.     In accordance with Bankruptcy Rules 2002 and 6004, notice of this Motion and hearing thereon will be given to: (i) the Office of the United States Trustee for the Northern District of Ohio; (ii) the Purchaser; (iii) the Prior Buyer; (iv) all individuals, entities, or counsel therefor, known to have asserted any lien, claim, encumbrance, right of refusal, or other interest in or upon the Real Property; (v) federal, state and local regulatory or taxing authorities or recording offices or any other governmental authorities that, as a result of the Sale of the Real Property, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Real Property or have reasonably known interest in the relief requested by the Sale Motion; (vi) the Internal

Revenue Service; and (vii) all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Sale Motion; and no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that his motion be granted, that she be authorized to sell the Real Property described above at private sale, free and clear of all liens, encumbrances and other interests pursuant to 11 U.S.C. § 363(b) and (f), and that all liens and claims to the Real Property, as described above, be transferred to the proceeds of sale.

Respectfully submitted,

*/s/ Patrick R. Akers*
Drew T. Parobek (0016785)
Elia O. Woyt (0074109)
Carrie M. Brosius (0075484)
Patrick R. Akers (0095985)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
dtparobek@vorys.com
eowoyt@vorys.com
cmbrosius@vorys.com
prakers@vorys.com

*Counsel for the Trustee*

**CERTIFICATE OF SERVICE**

      I certify that on December 20, 2019, a true and correct copy of the foregoing Motion of Trustee: (I) to Sell Real Property Free and Clear of Liens, Encumbrances and Other Interests Pursuant to 11 U.S.C. § 363; and (II) For Entry of Order Vacating Prior Order Authorizing Sale (Real Property Located at V/L Girdled Road, Concord, Ohio 44077, Lake Cty. Parcel 08-A-001-0000-490) was served:

**Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:**

- Patrick R. Akers on behalf of Trustee Kari B. Coniglio prakers@vorys.com
- Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer on behalf of Interested Party Lakeland Community College alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov; angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain on behalf of Interested Party Zachary B Burkons rbain@meyersroman.com, mnowak@meyersroman.com; jray@meyersroman.com
- Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr. abakerlaw@sbcglobal.net, adam@bakerlaw.us; abakerlaw@gmail.com
- Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr on behalf of Creditor Chicago Title Insurance Company rbarr@koehler.law, rbarr@koehler.law
- David T. Brady on behalf of Creditor Tax Ease Ohio, LLC DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius on behalf of Trustee Kari B. Coniglio cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio kbconiglio@vorys.com, mdwalkuski@vorys.com; kbc@trustesolutions.net; jncash2@vorys.com
- LeAnn E. Covey on behalf of Creditor Bank of America, N.A. bknotice@clunkhoose.com
- Richard W. DiBella on behalf of Creditor Nationwide Mutual Fire Insurance Company rdibella@dgmblaw.com
- Melody A. Dugic on behalf of Plaintiff Home Savings Bank mgazda@hendersoncovington.com
- Melody A. Dugic on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio mgazda@hendersoncovington.com
- Bryan J. Farkas on behalf of Trustee Kari B. Coniglio bjfarkas@vorys.com, bjfarkas@vorys.com; caujczo@vorys.com; mdwalkuski@vorys.com
- Scott D. Fink on behalf of Creditor Erie Bank, a Division of CNB Bank s/b/m to Lake National Bank ecfndoh@weltman.com
- Stephen R. Franks on behalf of Creditor Bank of America, N.A. amps@manleydeas.com
- Stephen John Futterer on behalf of Creditor City of Willoughby

- sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Michael R. Hamed on behalf of Interested Party Gas Natural Inc. mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein on behalf of Creditor First National Bank of Pennsylvania hheberlein@bdblaw.com, grichards@bdblaw.com
- Dennis J. Kaselak on behalf of Claimant Diane M. Osborne dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym on behalf of Creditor Ohio Department of Taxation bk@hhkwlaw.com
- Jerry R. Krzys on behalf of Plaintiff Home Savings Bank jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania mmatheney@bdblaw.com, bhajduk@bdblaw.com
- Shannon M. McCormick on behalf of Creditor Center Street School Condominiums and coachhouses Unit Owners' Association, Inc. bankruptcy@kamancus.com
- Kelly Neal on behalf of Creditor The Huntington National Bank kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann on behalf of Interested Party Zachary B Burkons dneumann@meyersroman.com, jray@meyersroman.com; mnowak@meyersroman.com
- Timothy P. Palmer on behalf of Creditor The Huntington National Bank timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek on behalf of Trustee Kari B. Coniglio dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft on behalf of Accountant Rea & Associates, Inc. tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler on behalf of Creditor Estate of Jerome T. Osborne kroessler@walterhav.com, kballa@walterhav.com; slasalvia@walterhav.com; deppler@walterhav.com
- Kirk W. Roessler on behalf of Creditor Osborne Farms, LLC fka Huron Lime Company, LLC kroessler@walterhav.com, kballa@walterhav.com; slasalvia@walterhav.com; deppler@walterhav.com
- John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co. jrutter@ralaw.com
- Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg fschwieg@schwieglaw.com
- Frederic P. Schwieg on behalf of Cross-Claimant Richard M. Osborne fschwieg@schwieglaw.com
- Frederic P. Schwieg on behalf of Debtor Richard M. Osborne fschwieg@schwieglaw.com
- Frederic P. Schwieg on behalf of Defendant Richard M. Osborne fschwieg@schwieglaw.com
- Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania nsinn@bdblaw.com, grichards@bdblaw.com
- Robin L. Stanley on behalf of Defendant Diane M. Osborne rstanley@peteribold.com, Sonya@peteribold.com; Cynthia@peteribold.com
- Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons

- rsteinlage@meyersroman.com, jray@meyersroman.com; mnowak@meyersroman.com; rbain@meyersroman.com
- Richard J. Thomas on behalf of Plaintiff Home Savings Bank rthomas@hendersoncovington.com, mgazda@hendersoncovington.com
- Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- Michael S. Tucker on behalf of Creditor Citizens Bank, N.A. mtucker@ulmer.com
- Phyllis A. Ulrich on behalf of Creditor The Huntington National Bank bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo on behalf of Cross-Claimant Richard M. Osborne Leslie@Wargo-Law.com
- Leslie E. Wargo on behalf of Debtor Richard M. Osborne Leslie@Wargo-Law.com
- Leslie E. Wargo on behalf of Spec. Counsel Leslie E. Wargo Leslie@Wargo-Law.com
- Leslie E. Wargo on behalf of Trustee Kari B. Coniglio Leslie@Wargo-Law.com
- Elia O. Woyt on behalf of Trustee Kari B. Coniglio eowoyt@vorys.com, eowoyt@vorys.com; mdwalkuski@vorys.com
- Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee Scott.R.Belhorn@usdoj.gov

and by regular U.S. Mail, postage prepaid, to:

Richard M. Osborne
7265 Markell Road
Waite Hill, OH 44094-9312

CSX Transportation, Inc.
c/o McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202

Gregory M. Dennin on behalf of Attorney Gregory M. Dennin
Dennin & Dennin
2745 Main Street
Lake Placid, NY 12946
greg@gmdlplaw.com, djensch1@roadrunner.com

Gregory M. Dennin on behalf of Debtor Richard M. Osborne
Dennin & Dennin
2745 Main Street
Lake Placid, NY 12946
greg@gmdlplaw.com, djensch1@roadrunner.com

Scott Hivnor

Advanced Appraisal Services
37721 Vine Street Suite 3
Willoughby, OH 44094

Eric Silver
AG Real Estate Group Inc
3659 South Green Road
#100
Beachwood, OH 44122

Rigrtona Holding Company, LLC
Richard M. Osborne
7001 Center Street-Rear Door
Mentor, OH 44060

Leimco Acquisition Company LLC
Richard M. Osborne
7265 Markell Road
Waite Hill, OH 44094

Willoughby LLC
David J. Richards, Jr.
60 South Park Place
Painesville, OH 44077

7001 Center Street LLC
Richard M. Osborne
7001 Center Street-Rear Door
Mentor, OH 44060

Ohio Department of Job and Family Services
Kimberly Hall, Director
30 East Broad St.
Columbus, OH 43215

Ohio Bureau of Workers' Compensation
Stephanie McCloud
Administrator/CEO
30 W. Spring St.
Columbus, OH 43215-2256

Internal Revenue Service
Charles P. Rettig
Commissioner
1111 Constitution Avenue, NW
Washington, DC 20224

Matthew J. Gosnik and Kristen A. Gosnik

11917 Girdled Rd
Concord, OH 44077

Sommers Real Estate Group LLC
Box 1102
Chardon, Ohio 44024

Treasurer-Lake County
PO BOX 490
Painesville OH 44077-0490

Lake County Prosecutor-Civil
PO BOX 490
Painesville OH 44077-0490

Ohio Department of Job & Family Services
Attn: Program Services/Revenue Recovery
P.O. Box 182404
Columbus, Ohio 43218-2404

Ohio Bureau of Workers' Compensation
Attn: Law Section Bankruptcy Unit
P.O. Box 15567
Columbus, Ohio 43215-0567

Ohio Attorney General
Collections Enforcement Section
attn Bankruptcy Staff
150 E Gay ST Fl 21
Columbus, OH 43215

*/s/ Patrick R. Akers*
Patrick R. Akers (0095985)

*Counsel for the Trustee*
