IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 17-17361-(AIH) |
| Richard M. Osborne, | Chapter 7 |
| Debtor. | Judge Arthur I. Harris |
| Andrew R. Vara, United States Trustee, | |
| Plaintiff, | Adv. Proceeding No. _____ |
| vs. | |
| Richard M. Osborne, | |
| Defendant. | |

## COMPLAINT OBJECTING TO DISCHARGE

Andrew R. Vara, the United States Trustee for Region 9, (the "United States Trustee") by and through his undersigned counsel, brings this action pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), and (a)(5) requesting the Court to deny the discharge of Richard M. Osborne ("Defendant"). In support, the United States Trustee represents as follows:

### I. JURISDICTION, STANDING, AND VENUE

1. This adversary proceeding is brought pursuant to 11 U.S.C. §727 and Rule 7001 of the Federal Rules of Bankruptcy Procedure to deny the Debtor his discharge. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J). Venue is proper pursuant to 28 U.S.C. §1409(a).

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is mandated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. (the

1

"Code). The United States Trustee has standing to be heard pursuant to 11 U.S.C. §§ 307 and 727(c)(1).

3. Federal Rule of Bankruptcy Procedure 4004(a) states that a complaint objecting to a debtor's discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors." Federal Rules of Bankruptcy Procedure 7007(b) states the court may extend the time for filing a complaint objecting to discharge. This Court entered an Order extending the time for filing a motion to dismiss or a complaint objecting to discharge until January 15, 2020. Therefore, the filing of this complaint is timely.

## II. THE DEFENDANT'S FINANCIAL RESOURCES AND EXPERIENCE

4. The Defendant qualifies as a financial sophisticate. He has a long career as a businessman conducting various commercial ventures in northern Ohio and elsewhere, including *inter alia* the sales and leasing of real estate and various companies related to the oil and gas industry. The Defendant's business ventures are both complex and prominent.

5. On information and belief, both before and after he filed his petition, the Defendant has employed—and continues to employ—various full-time staff and outside consultants to assist with his business operations, including *inter alia* a bookkeeper and/or controller and the accounting firm Rea & Associates, Inc.

## III. THE PETITION AND SCHEDULES, AND AMENDMENTS THERETO

6. On December 17, 2017 (the "Petition Date"), the Defendant filed a voluntary petition for relief under Chapter 11 of Title 11 of the Code signed under penalty of perjury (the "Original Petition") in Bankruptcy Case No. 17-17361-(AIH) (the "Underlying Case"). *Bankr. Case No.* 17-17361-(AIH), Doc. 1.

7. On January 17, 2018, the Defendant filed bankruptcy schedules that he signed

2

17-17361-aih    Doc 760    FILED 01/15/20    ENTERED 01/15/20 22:21:44    Page 2 of 17

under penalty of perjury (the "Original Schedules"). *Case No.* 17-17361-(AIH), Doc. 29 *et seq.* Defendant also filed a *Statement of Financial Affairs for Individuals Filing Bankruptcy* (henceforth, the "Statement of Financial Affairs") ("Original SOFA") that he signed under penalty of perjury. *Id.* at 225-232.

8. Since the filing of the Original Schedules, the Defendant has filed amended schedules and documents signed under penalty of perjury no less than nine times, disclosing vital information about the bankruptcy estate in a piecemeal fashion, often doing so in reaction to fresh discoveries by his creditors and other parties in interest.

9. On February 26, 2018, the Defendant filed an amended petition signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 51. On the same day, he filed amended schedules and other documents ("Schedules Amended 02/26/2018") including an amended Statement of Financial Affairs ("SOFA Amended 02/26/2018"), all of which were signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 53. On the same day, he also amended the list of his corporate holdings. *Case No.* 17-17361-(AIH), Doc. 55. Two days late on February 28, 2018, he amended the list again. *Case No.* 17-17361-(AIH), Doc. 56.

10. On March 12, 2018, the Defendant filed amended *Schedule E/F: Creditors who Have Unsecured Claims* and *Schedules A/B: Property* (together, the "Schedules Amended 03/12/2018") that he signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 69, 72. On the same day, the Defendant filed a second amended Statement of Financial Affairs that he signed under penalty of perjury ("SOFA Amended 03/12/2018"). *Case No.* 17-17361-(AIH), Doc. 71.

11. On April 5, 2018, the Defendant filed amended schedules ("Schedules Amended 04/05/2018") that he signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 98. On the

3

same day, he filed an amended Statement of Financial Affairs ("SOFA Amended 04/05/2018") that he signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 99.

12. On the Schedules Amended 04/05/2018, the Defendant identifies assets valued at $10,832,185.26. *Case No.* 17-17361-(AIH), Doc. 98 at 1. This consists of real estate valued at $9,303,407.00 and personal property valued at $1,528,715.26. *Id.* at 73, 79. On the Schedules Amended 04/05/2018, the Defendant identifies an interest in over 90 active businesses and approximately 100 inactive businesses. *Id.* at 80 – 84. The Defendant lists the value for all of these business interests as "Unknown." *Id.* at 76, question #19.

13. On October 9, 2018, the Defendant filed amended *Schedule E/F: Creditors who Have Unsecured Claims* (the "Schedules Amended 10/09/2018") that he signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 241.

14. On September 18, 2018, the Defendant filed amended *Schedule E/F: Creditors who Have Unsecured Claims* (the "Schedules Amended 09/18/2018") that he signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 263.

15. On December 20, 2018, the Defendant filed amended *Schedule D: Creditors who Have Claims Secured by Property* and other documents ("Schedules Amended 12/20/2018") including an amended Statement of Financial Affairs ("SOFA Amended 12/20/2018"), all of which were signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 316.

16. On November 7, 2019, the Defendant filed amended *Schedules A/B: Property*. ("Schedules Amended 11/07/19") that he signed under penalty of perjury. *Case No.* 17-17361-(AIH), Doc. 687. On the Schedules Amended 11/07/2019, Defendant identifies assets valued at $10,858,949.12. *Case No.* 17-17361-(AIH), Doc. 687 at 1. This consists of real estate valued at $9,303,407.00 and personal property valued at $1,555,479.12. *Id.* at 1, 66, 73.

17. On the Schedules Amended 11/07/19, the Defendant identifies liabilities totaling $33,112,471.52. *Case No.* 17-17361(AIH), Doc. 687 at 1. On the Schedules Amended 11/07/19, the Defendant identifies an interest in over 90 active businesses and approximately 100 inactive businesses. *Id.* at 74-83. Even in his last and presumably definitive disclosure, the Defendant continues to lists the value for all of his business interests as "Unknown." *Id.* at 69, question #19.

## IV. THE DEFENDANT'S OMISSIONS OF OTHER NECESSARY REPORTING

18. Since the Petition Date, various business entities in which the Defendant has an interest have continued to operate.

19. Pursuant to Fed. R. of Bankr. Proc. 2015.3, Chapter 11 debtors in possession of the assets of the bankruptcy estate have a duty to file with the Court financial reports that list the value, operations, and profits and losses of each entity they operate (the "Rule 2015.3 Report"). The initial report is due no later than seven days before the first date set for the meeting of creditors and subsequent reports must be filed every six months thereafter.

20. During the seventeen months of his Chapter 11 proceeding, the Defendant never filed a single Rule 2015.3 Report.

21. On multiple occasions, the United States Trustee requested financial information for the entities that the Defendant operated as debtor-in-possession.

22. The Defendant never provided the requested information to the United States Trustee, including valuations. Upon information and belief, these business entities have significant value.

## V. CONVERSION TO CHAPTER 7 AND THE TRUSTEE'S APPOINTMENT

23. On July 3, 2019 (the "Conversion Date"), the Court entered an order converting the Underlying Case to one under Chapter 7 of the Code. *Case No.* 17-17361-(AIH), Doc. 482.

24. The United States Trustee appointed Kari B. Coniglio ("Trustee") to serve as the chapter 7 trustee. As such, the Trustee is an officer of the estate charged with custody of property under this title.

## VI. THE DEFENDANT'S CONTINUING MATERIAL OMISSIONS

25. During the course of the Underlying Case, the Defendant has testified, under penalty of perjury, at three different meetings of creditors and multiple examinations and depositions.

26. Despite his numerous amendments to the schedules and the Statement of Financial Affairs and his repeated examinations under oath, the Defendant has continued to make material omissions regarding his financial affairs including his income and the property of the estate.

27. On information and belief, the Defendant's material omissions constitute or else include one or more false oaths made knowingly and fraudulently, or else with a "reckless disregard for the truth." *See Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 685-686 (6th Cir. 2000).

28. Since the Petition Date, the Defendant has exhibited a pattern of omitting to disclose valuable estate assets, and then subsequently and repeatedly amending his schedules when creditors or other parties in interest discover the assets he omitted.

29. For example, in his Original Schedules, in response to question 4 of *Schedule A/B: Property*, which requires debtors to disclose their interest in any watercrafts, aircrafts, motor homes, etc., Defendant answered "No." *Case No.* 17-17361-(AIH), Doc. 29 at 67. At the Meeting of Creditors on July 12, 2018 when specifically asked if he had a boat, Defendant responded he had a 22'–23' "scarab" that he purchased three years prior for $25,000. The boat was sitting in the Defendant's garage in Waite Hill, the home he claims is his primary residence.

30. Similarly, the Defendant failed to disclose all transfers made within two years of

6

the filing as is required on the Statement of Financial Affairs. A creditor discovered a suspicious check for $69,553.54 dated June 6, 2017 (*i.e.*, less than a year before the Petition Date) deposited into one of the corporate accounts controlled by the Defendant. The check was issued by a dealer in precious metals, Elemetal Direct USA, LLC and made out to the Defendant's son Richard Osborne Jr. ("Junior"), who then endorsed the check to the Defendant.

31. When questioned about the check, the Defendant testified that the money was for the sale of a metal object he referred to as the "Gold Blob." This Gold Blob contained significant volumes of gold and silver, and weighed 3,752.326 grams (8 ¼ lbs.), and was treasure from the *Nuestra Señora de Atoche* shipwreck. The Defendant testified that he split the proceeds of the sale between himself, his son and his daughter. More than a year after the Petition Date, the Defendant disclosed the transfer. *See* SOFA Amended 12/20/2018; Case No. 17-17361-(AIH), Doc. 316 at 30.

32. Defendant also testified he transferred certain vacant lots (the "Sugarbush Lots") to his daughter within the two years prior to the filing. The Defendant failed to disclose the transfer in his Original SOFA or any subsequent amendments to the Statement of Financial Affairs.

33. On information and belief, the Defendant transferred the Gold Blob and the Sugarbrush Lots with the intent to hinder, delay, or defraud his creditors. *See* 11 U.S.C. § 727(a)(2)(A).

34. The Defendant initially disclosed an interest in 123 parcels of real property.

35. On information and belief, the Defendant had an interest in more than 300 parcels of real property as of the Petition Date.

36. On information and belief, to date the Defendant has failed to disclose his interests in certain real property, including the following parcels:

7

| Owner | Street Address | Parcel | County |
|---|---|---|---|
| 1344 West Jackson St. LLC | 1344 Jackson Street | 11A-016-B-00-023-0 | Lake |
| Achievement, Ltd. | 6738 Center Street | 16C-077-I-00-010-0 | Lake |
| Achievement, Ltd. | Bellflower Road | 16C-077-J-00-005-0 | Lake |
| Bishop Road LLC | Miller Road West | 31A-025-0-00-047-0 | Lake |
| Black Bear Realty, Ltd. | Edgewater | 11B-043-A-00-032-0 | Lake |
| Checkers of Ohio, Inc. | Sycamore | 11B-041-G-04-004-0 | Lake |
| Checkers of Ohio, Inc. | Sycamore | 11B-041-G-04-005-0 | Lake |
| Lakeshore & Rt. 306, LLC | 7339 Lake Shore Boulevard | 16C-080-C-00-001-0 | Lake |
| Mentor Condominiums, LLC | 7482 Center Street | 16B-035-L-00-006-0 | Lake |
| RMO Trustee & Jerome T. Osborne | Lake Shore Boulevard | 19A-093-0-00-003-0 | Lake |
| Rockwell Property, LLC | 1403 East 6th Street | 101-05-018 | Cuyahoga |
| The Jerome T. Osborne Family Limited Partnership | Johnnycake Ridge Road | 16A-005-0-00-005-0 | Lake |
| The Retirement Management Company | Bishop Road | 29B-009-0-00-014-0 | Lake |

37. The United States Trustee believes there may be other real estate owned by the Defendant personally or by entities owned by Defendant and income from rents and sales the Defendant collected during the pendency of the case, but which he has knowingly and fraudulently omitted from his Schedules, testimony, and other required disclosures.

38. Likewise, the Defendant initially disclosed that he had an interest in 117 business entities.

39. On information and belief, the Defendant had an interest in more than 225 business entities as of the Petition Date.

40. On information and belief, the Defendant omitted to disclose his legal and/or

8

equitable interests in the following entities: 1344 West Jackson St. LLC; 2100 Lakeside LLC; 7300 Center Street, Inc.; 7350 Palisades Parkway, Inc.; Acacia Ventures, LLC; Center Investments Corp.; Chardon Properties, Inc.; Fairport Harbor Properties, Inc.; Great Lakes Nitrogen Pipeline Company, Inc.; Great Lakes Oxygen Welders Supply, Inc.; Great Lakes Propane, Inc.; Hamilton Partners, Inc.; Hamilton-Mercantile LLC; Jackson-Hopkins, LLC; Kay-MC, Inc.; Lake Heisley I & II, Inc.; Lake Shore Blvd, LLC; Lake Shore Gas Storage, Inc.; Mentor Joint Venture; Mentor Leasing, Inc.; Middle Sister Island Co.; Mini Management Company, Ltd.; 3DVentures Tyler; and Parkway Commerce LLC.

41. On information and belief, many of these entities own real properties and have value that would be available for the estate.

## VII. THE DEFENDANT HAS FAILED TO MAINTAIN RECORDS AND WITHHELD RECORDS IN HIS POSSESSION FROM THE TRUSTEE

42. At a minimum, the Defendant has concealed and/or failed to keep and preserve records from which his financial condition and/or business transactions might be ascertained. *See* 11 U.S.C § 727(a)(3).

43. The Defendant has consistently testified that his businesses did not follow corporate or accounting formalities. Instead, the Defendant either transferred or else permitted the transfer of funds from one entity to another on a regular basis without consideration, including transfers to and from financial accounts in his personal name. On information and belief, such transfers included the payment of corporate payroll obligations.

44. The Defendant has testified that he also paid the liabilities of one entity by relying on whichever entity had funds available, irrespective of any formal relationship or agreement between the entities. According to the Defendant, such commingling was routine.

45. To date, the Defendant has provided little to no financial records documenting these

transfers.

46. On information and belief, the Defendant knowingly and fraudulently has withheld from the Trustee, an officer of the estate, certain books, documents, records, and papers related to the Defendant's property and/or financial affairs, including the records described as the "Peachtree Files." *See* Case No. 17-17361-(AIH), Doc. 62; *see also* 11 U.S.C. § 727(a)(4)(D).

**VIII. THE DEFENDANT'S FRAUDULENT TRANSFERS OF ESTATE ASSETS**

47. The Defendant with the intent to hinder, delay, or defraud his creditors and/or the Trustee has transferred property of the estate after the filing of the petition. *See* 11 U.S.C. § 727(a)(2)(B).

48. Prior to the Petition Date, the Defendant purchased certain properties in the names of limited liability companies that were not yet formed at the time the deeds transferring title to the properties were executed. These include the property commonly known as V/L Lake Shore Boulevard, Willoughby, Ohio 44094. On October 23, 2015, the Defendant caused this property to be transferred to Lake Shore Blvd, LLC by Sheriff's Deed.

49. However, the Defendant did not actually form Lake Shore Blvd, LLC until July 27, 2018. The Defendant is the sole member of Lake Shore Blvd, LLC.

50. On January 29, 2019, the Defendant transferred the property from Lake Shore Blvd, LLC to Equity Trust Company Custodian FBO Account #200380924 in consideration for $27,000.00.

51. The Defendant with the intent to hinder, delay, or defraud his creditors and/or the Trustee concealed Lake Shore Blvd. LLC, the subject real estate, the fraudulent transfers, and the cash proceeds of the sale.

52. Similarly on October 23, 2015, a Defendant-controlled entity the United States

10

Wetlands Conservatory, Inc. transferred a certain property, Parcel No. 16B-065-0-00-035-0 to Hamilton-Mercantile LLC by Quit-Claim Deed.

53. Approximately three years later on September 14, 2018, the Defendant performed the acts necessary to form Hamilton-Mercantile LLC. The Defendant is the sole member of Hamilton-Mercantile LLC.

54. On October 10, 2018, Hamilton-Mercantile LLC granted a mortgage to OsAir in the amount of $950,000.00.

55. During a June 25, 2019 examination, the Defendant testified that he gave the mortgage to OsAir because he, and not Hamilton-Mercantile LLC, owed money to OsAir.

56. On or around October 19, 2018, Hamilton-Mercantile LLC transferred to the subject property to Mentor Industrial Development LLC for $445,500.00.

57. The Defendant with the intent to hinder, delay, or defraud his creditors and/or the Trustee concealed Hamilton-Mercantile LLC, the subject real estate, the fraudulent transfers, and the cash proceeds of the sale.

58. On March 10, 2015, the Lake County Sheriff conveyed the property commonly known as 1344 West Jackson Street, Painesville, Ohio 44077 to 1344 West Jackson St. LLC by Sheriff's Deed.

59. Not until November 16, 2018 would Defendant take the steps to actually form 1344 West Jackson St. LLC. The Defendant is the sole member of 1344 West Jackson St. LLC.

60. The Defendant with the intent to hinder, delay, or defraud his creditors and/or the Trustee concealed 1344 West Jackson St. LLC and the real estate he fraudulently transferred.

61. By forming the foregoing entities post-petition, the Debtor effected the transfer of property of the estate into non-Debtor entities without approval of the Court or notice to the

11

17-17361-aih    Doc 760    FILED 01/15/20    ENTERED 01/15/20 22:21:44    Page 11 of 17

Debtor's creditors.

62. The Defendant is the sole member of Yellowbrick Storage, LLC ("Yellowbrick").

63. Yellowbrick is in the business of selling storage units.

64. The Trustee discovered that Yellowbrick was selling storage units after the Conversion Date.

65. Yellowbrick has sold nine storage units since the Conversion Date, for total gross revenue of approximately $386,500.

66. Despite the Trustee repeated requests, the Defendant has provided no information relating to distributions or the sale of those storage units or the funds obtained from those sales.

67. Upon information and belief, Yellowbrick has no creditors. Accordingly, any income of Yellowbrick should be distributed to the Debtor's bankruptcy estate on account of the Defendant's membership interests.

68. To date, the Trustee has received no funds from the sale of storage units.

### Count 1 – 11 U.S.C. §727(a)(2)
### Concealment of Asset – Businesses, Real Property, Assets and Income

69. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

70. 11 U.S.C. §727(a)(2)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor, with intent to hinder, delay or defraud a creditor or officer of the estate has transferred, removed, destroyed or concealed property of the debtor within one year before the filing of the petition.

71. The United States Trustee alleges that the Defendant transferred the Gold Blob and the Sugerbrush Lots with the intent to hinder, delay, or defraud one or more creditors and/or the Trustee, an officer of the estate.

12

72. 11 U.S.C. §727(a)(2)(B) provides that the Court shall deny the debtor a discharge if it is found that the debtor, with intent to hinder, delay or defraud a creditor or officer of the estate has transferred, removed, destroyed or concealed property of the estate after the filing of the petition.

73. The United States Trustee alleges that the Defendant transferred and/or concealed estate assets after the Petition Date, including *inter alia* real estate transfers and sale proceeds with intent to hinder, delay or defraud one or more creditors and/or the Trustee, an officer of the estate. These include *inter alia* the real estate that the Defendant fraudulently transferred to Lake Shore Blvd, LLC, Hamilton-Mercantile LLC, and 1344 West Jackson St. LLC, and the sales thereafter. These also include the Defendant's sales of the nine Yellowbrick storage units.

74. The United States Trustee alleges that pursuant to 11 U.S.C. Section 727(a)(2) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 2 – 11 U.S.C. §727(a)(3)
### Concealment of or Failure to Maintain Records

75. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

76. 11 U.S.C. §727(a)(3) provides that the Court shall deny the debtor a discharge if it is found that the debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, from which the debtor's financial condition or business transactions might be ascertained.

77. The United States Trustee alleges that the Defendant has not filed any information as required by Fed. R. of Bankr. Proc. 2015.3; has not produced any information requested by the United States Trustee; and has not provided any financial information or documentation from which the Defendant's financial condition might be ascertained. In fact, the Defendant's lack of

13

17-17361-aih    Doc 760    FILED 01/15/20    ENTERED 01/15/20 22:21:44    Page 13 of 17

business formalities suggest Defendant failed to keep or preserve any recorded information that reasonably would allow Defendant's financial condition to be ascertained.

78. The United States Trustee alleges that pursuant to 11 U.S.C. Section 727(a)(3) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 3 – 11 U.S.C. §727(a)(4)
### False Oath – Failure to Disclose Businesses and Real Estate

79. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

80. 11 U.S.C. §727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

81. The United States Court of Appeals for the Sixth Circuit has held that the element of fraud under 11 U.S.C. §727(a)(4)(A) may be proven by evidence that the debtor filled out his schedules and other bankruptcy forms with a "reckless disregard for the truth." *See Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 685-686 (6th Cir. 2000).

82. The United States Trustee alleges Defendant knowingly and fraudulently made a false oath in his Schedules by failing to disclose all of his business entities; failed to disclose all of his real estate holdings and failed to disclose all of his income earned from these assets.

83. The United States Trustee alleges that pursuant to 11 U.S.C. §727(a)(4) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 4 – 11 U.S.C. §727(a)(4)
### False Oath – Failure to Disclose Boat and Jewelry

84. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

14

85. 11 U.S.C. §727(a)(4)(A) provides that the Court shall deny the debtor a discharge if it is found that the debtor knowingly and fraudulently in or in connection with the case made a false oath or account.

86. The United States Court of Appeals for the Sixth Circuit has held that the element of fraud under 11 U.S.C. §727(a)(4)(A) may be proven by evidence that the debtor filled out his schedules and other bankruptcy forms with a "reckless disregard for the truth." *See Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 685-686 (6th Cir. 2000).

87. The United States Trustee alleges Defendant knowingly and fraudulently made a false oath in his bankruptcy filings by failing to list the a 22'–23' "scarab" boat in his initial filings or in multiple amendments.

88. The United States Trustee alleges Defendant knowingly and fraudulently made a false oath in his Schedules by failing to disclose the arrangement with his son to split the proceeds of the sale of the "Gold Blob"; and failing to disclose the cash transfers and the transfer of the Sugarbush lots to his daughter.

89. The United States Trustee alleges that pursuant to 11 U.S.C. §727(a)(4) the Court shall not grant the Defendant a chapter 7 discharge.

### Count 7 - 11 U.S.C. §727(a)(4)(d)
### False Oath – Failure to Provide Financial Information

90. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

91. 11 U.S.C. §727(a)(4)(D) provides that the Court shall deny the debtor a discharge if it is found that the debtor withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

92. The United States Trustee alleges that the Defendant withheld information from an officer of the estate by failing to file financial reports of the value, operations, and profitability of each of his business interests as is required by Fed. R. of Bankr. Proc. 2015.3.

93. The United States Trustee alleges that the Defendant withheld information from an officer of the estate by failing to provide information regarding the value, operations, and profitability of each of his business interests to the United States Trustee.

94. The United States Trustee alleges that the Defendant withheld information from an officer of the estate by failing to provide information to the Trustee.

95. The United States Trustee alleges that pursuant to 11 U.S.C. §727(a)(4(D), the Court shall not grant the Defendant a chapter 7 discharge.

### Count 8 – 11 U.S.C. §727(a)(5)
### Failed to Explain Loss or Deficiency of Assets

96. The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

97. 11 U.S.C. §727(a)(5) provided the that the Court shall deny the debtor a discharge if the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet debtor's liabilities

98. The United States Trustee alleges that the Defendant has not explained satisfactorily any loss of assets or deficiency of assets to meet his liabilities. The Defendant has not provided documentation or financial information regarding his business entities and any income derived from those business entities. The Defendant's repeatedly has amended his schedules and yet he has still not disclosed all of his financial information. The Defendant has not observed corporate formalities. Together, the evidence demonstrates that the Defendant is unable to explain the loss of or deficiency of assets to meet the liabilities.

99. The United States Trustee alleges that pursuant to 11 U.S.C. §727(a)(5) the Court shall not grant the Defendant a chapter 7 discharge.

**WHEREFORE**, the United States Trustee respectfully asks this Court to deny the Defendant's chapter 7 discharge under 11 U. S. C. § 727(a)(2); (a)(3); (a)(4); and (a)(5) and for such further relief as this Court deems just and proper.

Respectfully submitted,

ANDREW R. VARA
United States Trustee, Region 9

by: */s/ Scott R. Belhorn*
Scott R. Belhorn (#0080094)
Maria D. Giannirakis (#0038220)
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee
H. M. Metzenbaum U.S. Courthouse
201 Superior Avenue East, Suite 441
Cleveland, Ohio 44114-1240
(216) 522-7800, ext. 260 (SRB)
            ext. 222 (MDG)
(216) 522-7193 (facsimile)
scott.r.belhorn@usdoj.gov
maria.d.giannirakis@usdoj.gov

17