IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

### CHAPTER 7 TRUSTEE'S OMNIBUS MOTION TO REJECT CERTAIN LEASES AND GRANTING OTHER RELATED RELIEF

Kari B. Coniglio (the "Trustee"), the duly appointed chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor") hereby files this Omnibus Motion to Reject Certain Leases (the "Motion"), and in support thereof, respectfully states as follow:

### RELIEF REQUESTED

1. Pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure, the Trustee requests authorization to reject certain real estate leases (the "Leases") and to set a bar date by which time the counterparties to the Leases shall file proofs of claim related to the rejection of the Leases. A list identifying and describing the Leases is attached as **Exhibit A**. A proposed form of order is attached as **Exhibit B**.

### JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

3. On December 17, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor's bankruptcy proceeding was converted to a case under chapter 7 of the Bankruptcy Code on July 3, 2019 (the "Conversion Date").

5. On the Conversion Date, the Trustee was appointed the trustee for the Debtor's estate.

6. On July 31, 2019, this Court entered that certain *Order Granting Trustee's Emergency Motion to Operate Debtor's Business for a Limited Period of Time* [Dkt. No. 549] (the "Order").

7. Pursuant to the Order, the Trustee was authorized to operate certain rental properties for a period of six months, through and including January 23, 2020.

8. Over time, a number of tenants vacated the rental properties. These tenants either were evicted for the failure to pay rent or vacated once their leases terminated.

9. Currently, the Trustee, through Ag Real Estate Group, Inc. and Eric M. Silver (collectively, the "Property Manager"), is managing and collecting rent on only five (5) rental properties identified on **Exhibit A** (the "Rental Properties"). *See Order Authorizing the Trustee to Employ Ag Real Estate Group, Inc. and Eric M. Silver as Realtor and Property Manager, Nunc Pro Tunc to August 1, 2019* [Dkt. No. 589].

10. The Leases related to the Rental Properties, to the best of the Trustee's knowledge, are not evidenced by any written agreement. Rather, each Lease is a month-to-month tenancy. Accordingly, it is only in an abundance of caution that the Trustee files this Motion.

11. Given that there are now only five Rental Properties, the monthly administrative cost for operating the Rental Properties exceeds the aggregate amount of rent that is collected monthly. Presently, the Rental Properties yielded rental income equal to $4,000.00 in the

aggregate each month. Property management fees equal $800.00 each month, with additional expenses accruing as required by the properties. The administrative expenses associated with generating monthly reports and bond costs further deplete the rental proceeds.

12. Further, because the Leases are not in writing and can be terminated by either party upon one-month notice, the Leases have no marketable value that could be generated through assumption and assignment.

13. Accordingly, the Trustee has determined that (a) the Leases identified on **Exhibit A** are financially burdensome, (b) the Leases have no marketable value that could be generated through assumption and assignment, and (c) the Trustee's continued performance under the Leases would constitute an unnecessary depletion of value of the bankruptcy estate.

14. The Leases are incapable of providing a continuing benefit to the estate, and absent rejection, the Trustee will unnecessarily incur additional administrative obligations to the detriment of the estates. Accordingly, it is in the best interest of the estate and its creditors that each of the Leases be rejected.

15. The Trustee recognizes that the rejection of an unexpired lease may result in a claim against the estate pursuant to section 365 of the Bankruptcy Code. Accordingly, the Trustee requests that any order authorizing the rejection of the Leases also establishes a bar date by which any counterparties to the Leases shall file proofs of claim related to any claims against the estate arising as a result of the rejection of the Leases be filed within 30 days after entry of an order approving such rejection.

## LAW AND ARGUMENT

16. The relief requested in this Motion is predicated upon section 365 of the Bankruptcy Code and Bankruptcy Rule 6006. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may … reject any executory contract

17-17361-aih    Doc 765    FILED 01/22/20    ENTERED 01/22/20 10:26:48    Page 3 of 7

or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property." *Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993) (citing 2 Collier on Bankruptcy ¶ 365.01[1] (15th ed. 1993)), *cert. dismissed*, 511 U.S. 1026 (1994); *see also In re TransAmerican Nat. Gas Corp.*, 79 B.R. 663, 667 (Bankr. S.D. Tex. 1987).

17. Courts routinely approve motions to reject executory contracts or leases upon a showing that the debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment. See, e.g., Par-More, Inc. v. Strouss Bldg. Associates, 204 B.R. 948 (N.D. Ohio 1997); Allied Technology, Inc. v. R.B. Brunemann & Sons, Inc., 25 B.R. 484 (Bankr. S.D. Ohio 1982); In re Penn Traffic Co., 524 F.3d 373 (2nd Cir. 2008). *See also NLRB v. Bildisco & Bildisco*, 465 U.S. 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts and unexpired leases).

18. The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate. *See In re Pisces Energy, LLC*, Nos. 09-36591-H5-11, 09-36593-HF-11, 2009 Bankr. LEXIS 4709, at *18 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment.").

19. As explained above, the Trustee has undertaken a review of the Leases related to the remaining Rental Properties and has determined that (a) the Leases are financially burdensome, (b) the Leases have no marketable value that could be generated through

assumption and assignment, and (c) the Trustee's continued performance under the Leases would constitute an unnecessary depletion of value of the estate. Accordingly, the Trustee has determined in the sound exercise of her reasonable business judgment, that it is in the best interest of the estate and creditors that each of the Leases be rejected.

WHEREFORE the Chapter 11 Trustee respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: January 22, 2020

Respectfully submitted,

*/s/ Patrick R. Akers*
Drew T. Parobek (0016785)
Elia O. Woyt (0074109)
Carrie M. Brosius (0075484)
Patrick R. Akers (0095985)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
dtparobek@vorys.com
eowoyt@vorys.com
cmbrosius@vorys.com
prakers@vorys.com

*Counsel for the Trustee*

# CERTIFICATE OF SERVICE

I certify that on January 22, 2020, a copy of the foregoing *Chapter 7 Trustee's Omnibus Motion to Reject Certain Leases* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers   prakers@vorys.com
- Gregory P. Amend   gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer   alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov; angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain   rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker   abakerlaw@sbcglobal.net, adam@bakerlaw.us; abakerlaw@gmail.com
- Austin B. Barnes   abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr   rbarr@koehler.law, rbarr@koehler.law
- David T. Brady   DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius   cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio   kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey   bknotice@clunkhoose.com
- Richard W. DiBella   rdibella@dgmblaw.com
- Melody A. Dugic   mgazda@hendersoncovington.com
- Bryan J. Farkas   bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com
- Scott D. Fink   ecfndoh@weltman.com
- Stephen R. Franks   amps@manleydeas.com
- Stephen John Futterer   sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Michael R. Hamed   mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein   hheberlein@bdblaw.com, grichards@bdblaw.com
- Dennis J. Kaselak   dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym   bk@hhkwlaw.com
- Jerry R. Krzys   jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Matthew H. Matheney   mmatheney@bdblaw.com, bhajduk@bdblaw.com
- Shannon M. McCormick   bankruptcy@kamancus.com
- Kelly Neal   kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann   dneumann@meyersroman.com, jray@meyersroman.com; mnowak@meyersroman.com
- Timothy P. Palmer   timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek   dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft   tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler   kroessler@walterhav.com, kballa@walterhav.com; slasalvia@walterhav.com; deppler@walterhav.com
- John J. Rutter   jrutter@ralaw.com

- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Michael J. Sikora    msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn    nsinn@bdblaw.com, grichards@bdblaw.com
- Robin L. Stanley    rstanley@peteribold.com, Sonya@peteribold.com; Cynthia@peteribold.com
- Rachel L. Steinlage    rsteinlage@meyersroman.com, jray@meyersroman.com; mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas    rthomas@hendersoncovington.com, mgazda@hendersoncovington.com
- Andrew M. Tomko    atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole    jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Michael S. Tucker    mtucker@ulmer.com
- Phyllis A. Ulrich    bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo    Leslie@Wargo-Law.com
- Elia O. Woyt    eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06    maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov

And by regular U.S. mail on the following:

Ann Brown
11579 Girdled Road
Painesville, OH 44077

Mark Zukowski
5660 Vrooman
Painesville, OH 44077

Kara
7317 Reynolds Road
Mentor, OH 44060

Richard Balog
7792 Ravenna Road
Painesville, OH 44077

R & G RVS LLC
6913 N. Chestnut St.
Ravenna, OH 44266

*/s/ Patrick R. Akers*
Patrick R. Akers (0095985)
*Counsel to the Trustee*