The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 28, 2020, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: January 28, 2020**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 )  |
| RICHARD M. OSBORNE, | ) Case No. 17-17361-(AIH) ) |
| Debtor. | ) Judge Arthur I. Harris ) |

### ORDER APPROVING APPLICATION OF KARI B. CONIGLIO, CHAPTER 7 TRUSTEE, FOR AUTHORITY TO EMPLOY AND RETAIN SHAPERO & GREEN LLC, AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, NUNC PRO TUNC, TO DATE OF APPLICATION

Upon the application (the "Application")[1] [Doc. 735] of Kari B. Coniglio, Chapter 7 Trustee (the "Trustee"), for the entry of an order (this "Order") authorizing the Trustee to employ and retain Shapero & Green LLC ("Shapero") as her special counsel, effective *nunc pro tunc* to the date of the Application, pursuant to sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Ohio (the "Local Rules"); and the Court having reviewed the Application and the Declaration of Brian J. Green (the "Green Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Green Declaration that Shapero is a "disinterested person" as defined in Bankruptcy Code section 101(14) and as required by Bankruptcy Code section 327(a); and the Court having found that the relief requested in the Application is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Trustee provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Trustee is authorized to retain and employ Shapero as her special counsel *nunc pro tunc* to the date of the Application.

3. Shapero is authorized to provide the Trustee with the certain professional services as described in the Application.

4. In accordance with Bankruptcy Code section 327(a) and, with respect to Shapero's hourly rates, Bankruptcy Code section 328(a), Bankruptcy Rules 2014(a) and 2016 and Local Rule 2016-1, the Trustee is hereby authorized to employ and retain Shapero as her special counsel in this Chapter 7 Case in accordance with Shapero's hourly rates and reimbursement policies as contemplated by the Application.

5. Shapero shall apply for compensation and reimbursement of expenses in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

6. Shapero shall provide reasonable notice to the Trustee and the United States Trustee for the Northern District of Ohio (the "U.S. Trustee") after any increases in the rates set forth in the Application are implemented. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7. The Trustee and Shapero are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. Notice of the Application is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9. To the extent that the Application or the Green Declaration is inconsistent with this Order, the terms of this Order shall govern.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to interpretation, implementation or enforcement of this Order.

# # #

**SUBMITTED BY:**

/s/ Kari B. Coniglio
Kari B. Coniglio (0081463)
Chapter 7 Trustee
200 Public Square, Suite 1400
Cleveland, OH 44114
Tel (216) 479-6167
Fax (216) 937-3766
kbconiglio@vorys.com

3