The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 28, 2020, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: January 28, 2020



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge ARTHUR I. HARRIS |

**ORDER (I) AUTHORIZING THE TRUSTEE TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (II) VACATING PRIOR ORDER AUTHORIZING SALE**

**(Real Property located at V/L Girdled Road, Concord, Ohio 44077
Lake Cty. Parcel 08-A-001-0000-490)**

This matter is before the Court upon the motion (the "Motion") [Doc. 743] of Kari B. Coniglio ("Trustee"), the Chapter 7 Trustee of the estate of Richard M. Osborne, Sr., ("Debtor") dated December 20, 2019, pursuant to sections 105(a) and 363(f) of Title 11 of the United States

1

Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an Order (i) authorizing and approving the Trustee's sale of the Real Property,[7] pursuant to and upon the terms of the Purchase Agreement, pursuant to Bankruptcy Code sections 363(b) and (f), to Matthew J. Gosnik and Kristen A. Gosnik (together, "Purchaser"), free and clear of all liens and interests; and (ii) vacating the Prior Sale Order. No party in interest filed an objection or otherwise responded to the Motion and the relief requested therein.

The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Due and proper notice of the Motion has been provided to (i) the Office of the United States Trustee for the Northern District of Ohio; (ii) the Purchaser; (iii) the Prior Buyer; (iv) all individuals, entities, or counsel therefor, known to have asserted any lien, claim, encumbrance, right of refusal, or other interest in or upon the Real Property; (v) federal, state and local regulatory or taxing authorities or recording offices or any other governmental authorities that, as a result of the sale of the Real Property, may have claims, contingent or otherwise, in connection with the Debtor's ownership of the Real Property or have reasonably known interest in the relief requested by the Motion; (vi) the Internal Revenue Service; and (vii) all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Motion; and no other or further notice need be provided;

The Court has considered the Motion and the Purchase Agreement; and,

---

[7] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

The Court has found and determined that (i) sound business reasons exist for the Trustee's sale of the Real Property pursuant to the Purchase Agreement; (ii) execution of the Purchase Agreement and consummation of the sale constitute the exercise by the Trustee of sound business judgment and such acts are in the best interests of the bankruptcy estate; (iii) the Trustee has sufficient business judgment reasons justifying the sale pursuant to sections 105 and 363 of the Bankruptcy Code; (iv) the relief sought in the Motion is in the best interests of the Debtor, his estate and creditors, and all parties in interest; and (v) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; accordingly,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is GRANTED, and the Purchase Agreement is hereby approved and the Prior Sale Order is hereby vacated.

2. To the extent of any conflict between the terms of the Purchase Agreement and this Order, the terms of this Order shall apply.

3. The Trustee is authorized to sell the Real Property to Purchaser in accordance with the Motion and the Purchase Agreement (subject to any non-material modifications as agreed to by the Trustee and the Purchaser) pursuant to 11 U.S.C. § 363(b) and (f).

4. The Trustee is authorized and directed to execute and deliver, and empowered to perform under, consummate and implement, the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, and to take all further action as may be reasonably requested by the Purchaser for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser or reducing to possession, the Real Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement.

5. Except as expressly permitted or otherwise specifically provided for in the Purchase Agreement or this Order, upon closing, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Real Property shall be transferred to the Purchaser, and shall be free and clear of all interests of any kind or nature whatsoever with all such interests of any kind or nature whatsoever to attach to the sale proceeds in the order of their priority, and with the same validity, force and effect which they now have as against the Real Property, subject to any claims and defenses the Trustee may possess with respect thereto.

6. Lake County Title ("Escrow Agent"), the escrow agent handling the closing ("Closing") of the sale of the Real Property, is hereby authorized and directed to first disburse from the Purchase Proceeds an amount sufficient to pay the Trustee's portion of the closing costs and brokerage fees set forth in a settlement statement (HUD-1) to be approved by the Trustee and the Purchaser prior to closing, and thereafter to disperse all remaining proceeds to Citizens Bank, N.A., fka RBS Citizens, N.A. dba Chater One ("Citizens"), with (pursuant to the agreement of Citizens) twelve (12%) of such funds to be paid directly to the Trustee in satisfaction of Citizen's Carve-Out Agreement with the Trustee;

7. Following the Closing, the Purchaser is authorized and directed to file with the Lake County Recorder a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all interests in the Real Property of any kind or nature whatsoever. The real estate tax pro-rations paid at Closing shall be final. Therefore, the last 2 sentences in Lines 46-51 of the Purchase Agreement are hereby deleted. Lines 58-61 of the Purchase Agreement are hereby deleted and replaced with: Seller shall pay the following costs through escrow: a) deed preparation, b) real estate transfer tax, c) preparation of this Order, d)

title exam and one half the cost insuring premium for Owners Fee Policy of Title Insurance, e) pro-rations due Buyer, f) Broker's commissions, and g) one-half escrow fee.

8. This Court retains exclusive jurisdiction with regard to all matters, claims, rights, issues or disputes arising from or related to the implementation of this Order and the relief provided for herein and to enforce and implement the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each other agreement related thereto or executed in connection therewith.

9. The fourteen (14) day stay that would otherwise be imposed by Bankruptcy Rule 6004(h) is waived to permit the proposed sale to close as soon as possible following the entry of this Order.

# # #

Submitted by:

*/s/ Patrick R. Akers*

Drew T. Parobek (0016785)
Elia O. Woyt (0074109)
Carrie M. Brosius (0075484)
Patrick R. Akers (0095985)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
dtparobek@vorys.com
eowoyt@vorys.com
cmbrosius@vorys.com
prakers@vorys.com

*Counsel for the Trustee*

Copies sent via electronic mail on the attached service list:

- Patrick R. Akers    prakers@vorys.com
- Gregory P. Amend    gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer    alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain    rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker    abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes    abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr    rbarr@koehler.law, rbarr@koehler.law
- David T. Brady    DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius    cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio    kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey    bknotice@clunkhoose.com
- Richard W. DiBella    rdibella@dgmblaw.com
- Melody A. Dugic    mgazda@hendersoncovington.com
- Bryan J. Farkas    bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com
- Scott D. Fink    ecfndoh@weltman.com
- Stephen R. Franks    amps@manleydeas.com
- Stephen John Futterer    sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Michael R. Hamed    mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein    hheberlein@bdblaw.com, grichards@bdblaw.com
- Dennis J. Kaselak    dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym    bk@hhkwlaw.com
- Jerry R. Krzys    jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Matthew H. Matheney    mmatheney@bdblaw.com, bhajduk@bdblaw.com
- Shannon M. McCormick    bankruptcy@kamancus.com
- Kelly Neal    kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann    dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- Timothy P. Palmer    timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek    dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft    tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler    kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com;deppler@walterhav.com
- John J. Rutter    jrutter@ralaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Michael J. Sikora    msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn    nsinn@bdblaw.com, grichards@bdblaw.com
- Robin L. Stanley    rstanley@peteribold.com, Sonya@peteribold.com;Cynthia@peteribold.com

- Rachel L. Steinlage    rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas    rthomas@hendersoncovington.com, mgazda@hendersoncovington.com
- Andrew M. Tomko    atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole    jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Michael S. Tucker    mtucker@ulmer.com
- Phyllis A. Ulrich    bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo    Leslie@Wargo-Law.com
- Elia O. Woyt    eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06    maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov