IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

### TRUSTEE'S OBJECTION TO MOTION OF OSBORNE FARMS, LLC FOR RELIEF FROM STAY AND TO MOTION OF HURON RIVER PROPERTIES, INC. FOR RELIEF FROM STAY

Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor") objects to *Motion of Osborne Farms, LLC for Relief from Stay* [Dkt. No. 748] (the "Osborne Farms Motion") and *Motion of Huron River Properties, Inc. for Relief from* Stay [Dkt. No. 750] (the "Huron River Motion" and collectively with the Osborne Farms Motion, the "Setoff Motions"). The Setoff Motions seek relief from the automatic stay imposed by 11 U.S.C. §362 to enforce an alleged setoff right against the Debtor's interest as a beneficiary of the probate estate of Jerome T. Osborne (the "Probate Estate"). However, neither Osborne Farms, LLC ("Osborne Farms") nor Huron River Properties, Inc. ("Huron River" and collectively with Osborne Farms, the "Movants" and each a "Movant") have the right to setoff the obligations owed by the Debtor to each Movant against the Debtor's beneficiary interest in the Probate Estate (the "Debtor's Beneficiary Interest"). Accordingly, this Court should overrule the Setoff Motions.

### I. Factual Background

1. On October 15, 2011, Osborne Farms extended a loan to the Debtor and Richard M. Osborne, Trustee of the Richard M. Osborne Trust U/T/A 1/13/95 as Amended (the "Osborne Farms Loan"). (Osborne Farms Motion, ¶2.) As of filing date of the Osborne Farms Motion, the amount outstanding on the Osborne Farms Loan equaled $1,190,000 in principal plus interest

through January 9, 2020 in the amount of $609,798.33 plus interest accruing after January 9, 2020 at the rate of $297.50 per diem.[1] (Id., ¶13).

2. Similarly, on September 29, 2011, Huron River extended a loan to the Debtor and affiliates of the Debtor (the "Huron River Loan"). (Huron River Motion, ¶2.) As of the filing date of the Huron River Motion, the amount outstanding on the Huron River Loan equaled $1,060,000 in principal plus interest through January 9, 2020 in the amount of $366,118.41 plus interest accruing after January 9, 2020 at the rate of $176.67 per diem.[2] (Id., ¶13.)

3. Subsequently, on or about July 27, 2012, Jerome T. Osborne, the sole member of Osborne Farms and the sole shareholder of Huron River, executed The Last Will and Testament of Jerome T. Osborne (the "Will"). (See Setoff Motions, Ex. B.) Pursuant to the Will, in the event that the obligations of the Osborne Farms Loan and/or the Huron River Loan remained outstanding at the time of Jerome T. Osborne' death and the debts are not paid during the administration of the Probate Estate, the Debtor's Beneficiary Interest is to be reduced in an amount sufficient to pay such obligations. (Id., p. 15; and Ex. B, p. 15.)

4. On December 17, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor's bankruptcy proceeding was converted to a case under chapter 7 of the Bankruptcy Code on July 3, 2019 (the "Conversion Date").

6. On the Conversion Date, the Trustee was appointed the trustee for the Debtor's estate.

---

[1] For the purposes of filing this objection to the Setoff Motions only, the Trustee accepts the validity of the facts concerning the Osborne Farms Loan. The Trustee reserves the right to object to any and all claims filed against the Debtor's bankruptcy estate related to the Osborne Farms Loan.

[2] For the purposes of filing this objection to the Setoff Motions only, the Trustee accepts the validity of the facts concerning the Huron River Loan. The Trustee reserves the right to object to any and all claims filed against the Debtor's bankruptcy estate related to the Huron River Loan.

2

7. Currently, the Movants seeks to setoff the Debtor's Beneficiary Interest against the amounts owed by the Debtor to Osborne Farms and Huron River. As discussed below, such setoffs are impermissible pursuant to Title 11 of the United States Code (the "Bankruptcy Code") and Ohio law.

## II. Law and Analysis

8. Section 553 of the Bankruptcy Code provides that

> (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to ***offset a mutual debt*** owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—
> (1) the claim of such creditor against the debtor is disallowed;
> (2) such claim was transferred, by an entity other than the debtor, to such creditor—
> (A) after the commencement of the case; or
> (B) (i) after 90 days before the date of the filing of the petition; and
> (ii) while the debtor was insolvent (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561); or
> (3) the debt owed to the debtor by such creditor was incurred by such creditor—
> (A) after 90 days before the date of the filing of the petition;
> (B) while the debtor was insolvent; and
> (C) for the purpose of obtaining a right of setoff against the debtor (except for a setoff of a kind described in section 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 555, 556, 559, 560, or 561).

11 U.S.C. §553(a). (Emphasis added.)

9. Section 553 of the Bankruptcy Code does not create a federal right of setoff, but, instead preserves setoff rights that otherwise exists under non-bankruptcy federal or state law. *Rabin v. NGDM Enters. (In re Farinacci)*, 2012 Bankr. LEXIS 5671, 2012 WL 6055785 (Bankr. N.D. Ohio Dec. 6, 2012), *quoting Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18 (1995).

3

Accordingly, to exercise a setoff right, a creditor must establish that it has a valid setoff right under applicable state or other non-bankruptcy law.

10. The Movants assert they have a contractual and common-law right of setoff. (Setoff Motions, ¶ 7.) However, as discussed below, no such setoff rights exist.

### A. Due to a lack of mutuality, the Movants do not have a common-law right of setoff.

11. The Movants fail to identify the common law that they rely upon to assert their setoff right. However, given that the Debtor is a resident of Ohio, the Movants are Ohio entities and the Will is governed by Ohio law, Ohio common law is applicable. (*See Osborne Farms Motion*, Ex. B, pp. 13 and 14 and Ex. C; *Huron River Motion*, Ex. B, pp. 13 and 14 and Ex. C.)

12. Pursuant to Ohio law, setoff is a "right which exists between two parties, each of whom under an independent contract owes a definite amount to the other, to set off their respective debts by way of a mutual deduction." *Beck v. Mar Distribs. of Toledo*, 2012-Ohio-5321, 2012 Ohio App. LEXIS 4641, 2012 WL 5831165, ¶12 (6th App. Dist. (Lucas Cty.) Nov. 16, 2012), *quoting Witham v. South Side Bldg. & Loan Ass'n of Lima, Ohio*, 133 Ohio St. 560, 562, 15 N.E.2d 149 (1938) and *citing Tejeda v. Toledo Heart Surgeons, Inc.*, 186 Ohio App. 3d 465, 2009 Ohio 3495, 928 N.E.2d 1138, ¶ 53 (6th Dist.). Mutuality is a central element of the right to setoff. *Id.* at ¶13 (internal cites omitted). Similarly, the Bankruptcy Code only permits a creditor to offset a ***mutual debt*** owed by such creditor to the debtor. 11 U.S.C. §553(a); In re Semcrude, L.P., 399 B.R. 388 (Bankr. Del. 2009), *aff'd*, 428 B.R. 590 (D. Del. 2010); In re Lehman Bros., 458 B.R. 134 (Bankr. S.D.N.Y. 2011); see In re Woodside Group, LLC, 2009 Bankr. LEXIS 4360 (Bankr. C. D. Cal. Dec. 30, 2009) (noting that courts strictly construe the mutuality requirement in § 553); In re Edwards, 553 B.R. 902 (Bankr. N.D. Ala. 2016) (stating

4

that a creditor must have "both an independent right of setoff under applicable non-bankruptcy law, and further satisfy the additional requirements imposed under § 553(a)").

13. Hence, both Ohio common law and the Bankruptcy Code only allow for the setoff of **mutual debt**. *Id*. and 11 U.S.C. §553(a). Debts are "mutual" when they are owing between two parties in the same right and in the same capacity. Triangular setoffs – when A attempts to offset an obligation owed to B against B's debt to C – are prohibited; in such instances, there is no mutuality of debt between two parties. *U.S. Aeroteam, Inc. v. Delphi Automotive Sys., LLC (In re U.S. Aeroteam, Inc.),* 327 B.R. 852, 864 (Bankr. S.D.Ohio 2005), *citing Off'l Committee of Unsecured Creditors v. ITT Commercial Finance Corp. (In re Baja Boats, Inc.*), 1997 Bankr. LEXIS 2125, 1997 WL 811694, at *7 (Bankr. N.D.Ohio Aug. 15, 1997); *Beck*, 2012-Ohio-5321, ¶13.

14. In *Beck,* appellants attempted to setoff a judgment awarded in favor of the appellee against amounts allegedly owed to the appellants from an affiliate of the appellee. 2012-Ohio-5321 at ¶13. The Ohio court, on appeal, found that the appellants laid no foundation that the appellee and the affiliate were one and the same; rather they were separate legal entities. *Id.* Further, the appellee was not a party to the contract pursuant to which the appellants claimed a setoff right. *Id.* Thus, the court held that the appellants' setoff claim failed due to a lack of mutual obligation. *Id.*

15. Here, each Movant is attempting to conduct a triangular setoff. The Debtor owes debts to Osborne Farms and Huron River. The Probate Estate "owes" the Debtor the Debtor's Beneficiary Interest. Osborne Farms is seeking to offset the Probate Estate's obligation to the Debtor against the Debtor's obligation to Osborne Farms; Huron River is seeking to offset the

5

Probate Estate's obligation to the Debtor against the Debtor's obligation to Huron River. In either case, there is no mutuality of debt between the Debtor and the Movants.

16. Further, although Jerome T. Osborne, and now the Probate Estate, is the sole member/shareholder of the Movants, Osborne Farms and Huron River are separate entities and are not one and the same as Jerome T. Osborne or the Probate Estate. *See* Osborne Farms Motion, Ex. C; Huron River Motion, Ex. C. Accordingly, the Movants cannot overcome the lack of mutual debt by making a claim through the Probate Estate.

17. Given the absence of a mutual debt owed by the Debtor to either Movant, a setoff right pursuant to Ohio common law or the Bankruptcy Code does not exist.

**B. No contractual right of setoff exists.**

18. The Movants also assert that a contractual setoff right exists through the Will. (Setoff Motions, ¶¶5 and 7). As discussed above, the Movants are not attempting to offset debts that they owe to the Debtor. Rather, they are attempting to offset an obligation that the Probate Estate owes to the Debtor. Thus, the Movants appear to imply that there is a contractual agreement that sets aside the mutuality requirement.

19. However, the Will is signed only the Jerome T. Osborne. Neither the Movants nor the Debtor are a party to the Will. Accordingly, the Will does not create a contractual agreement among the Debtor, the Movants and Jerome T. Osborne for a triangular setoff.

**C. Even if a contractual right of setoff existed, such an agreement would be prohibited by the Bankruptcy Code.**

20. The Bankruptcy Code only permits a creditor to offset a ***mutual debt*** owed by such creditor to the debtor. 11 U.S.C. §553(a). Moreover, there is no exception to the "mutual debt" requirement that may be created by private agreement. In re Semcrude, L.P., 399 B.R. 388, 399 (Bankr. Del. 2009), *aff'd*, 428 B.R. 590 (D. Del. 2010); In re Lehman Bros., 458 B.R.

134 (Bankr. S.D.N.Y. 2011). Thus, even if the Will was a contract where the Debtor, the Movants and Jerome T. Osborne agreed to a triangular setoff, the Will still would not create a setoff permissible pursuant to the Bankruptcy Code. The Bankruptcy Code does not permit parties to contract around the mutuality requirement of §553 of the Bankruptcy Code. *Id.*

21. In *In re Semcrude, L.P.*, a creditor entered into contracts with 3 affiliated debtors for the sale or purchase of crude oil. 399 B.R. at 391. As of the petition date, two of the affiliated debtors owed the creditor money while the creditor owed money to the third debtor. *Id.,* 392. The creditor and debtors were parties to various contracts that permitted the setoff of amounts due to one subsidiary against amounts owed by other subsidiaries. *Id.,* 391. Accordingly, the creditor argued that it could setoff the debt the creditor owed to one debtor against the debt owed to the creditor by the other two debtors.

22. The court noted that while §553 of the Bankruptcy Code preserves a creditor's setoff right under applicable non-bankruptcy law, it also imposes additional restrictions that must be met. *Id.,* 393; One of those restrictions is that in order to effectuate a setoff, the debts to be offset must be mutual, prepetition debts and mutually requires that "each party must own his claim in his own right severally, with the right to collect in his own name against the debtor in his own right and severally." *Id., quoting In re Garden Ridge Corp.*, 338 B.R. 627, 633-634 (Bankr. D. Del. 2006). Accordingly, the court found that triangular setoffs are impermissible.

23. The court further noted that "non-mutual debts cannot be transformed into a "mutual debt" under section 553 simply because a multi-party agreement allows for setoff of non-mutual debts between the parties to the agreement." *Id*., 398. Thus, the court held that there is no exception to the "mutual debt" requirement under §553 that can be created by private agreement. *Id.* The court provided that any such exception would be contrary to both the plain

7

language of the Bankruptcy Code as well as "the principle of equitable distribution that lies at the heart of the Code." *Id.*, 399.

24. Accordingly, the Will, even if it was a contract between the Debtor, the Movants and the Probate Estate, does not provide an avenue for the Movants to sidestep the mutuality requirement imposed by the Bankruptcy Code.

25. The lack of mutually prohibits any setoff of the Debtor's obligations to Osborne Farms and Huron River with the obligations the Probate Estate owes to the Debtor to distribute the Debtor's Beneficiary Interest. Thus, the Setoff Motions should be overruled.

**D. Even if this Court finds that mutuality exists, the Motions should not be granted at this time.**

26. Section 553(a) preserves non-bankruptcy setoff rights provided certain exceptions do not apply. 11 U.S.C. § 533(a). One of those exceptions is that the disallowance of the claim that a creditor seeks to exercise a setoff against. 11 U.S.C. § 533(a)(1).

27. Here, the Trustee has not had an opportunity to evaluate Osborne Farms' and Huron River's claims. Moreover, the information provided with the Motions is insufficient for the Trustee to assess the validity of such claims.

28. Accordingly, in the event that the Court finds that mutuality exists, the Trustee asks that this Court holds the Motions in abeyance until the claims asserted by the Movants with respect to the Osborne Farms Loan and the Huron River Loan are indefeasible allowed claims against the Debtor's bankruptcy estate.

## Conclusion

For the foregoing reasons, this Court should overrule the *Motion of Osborne Farms, LLC for Relief from Stay* and the *Motion of Huron River Properties, Inc. for Relief from Stay*. In the alternative, should this Court find that mutuality exists between debt owed by the Debtor to the

8

Movants and the obligation owed by the Probate Estate to the Debtor, the Trustee requests that the Motions be held in abeyance until she may determine whether cause exists to object to the claims related to the Osborne Farms Loan and the Huron River Loan.

        Respectfully submitted,

        */s/ Patrick R. Akers*
        Drew T. Parobek (0016785)
        Elia O. Woyt (0074109)
        Carrie M. Brosius (0075484)
        Patrick R. Akers (0095985)
        VORYS, SATER, SEYMOUR AND PEASE LLP
        200 Public Square, Suite 1400
        Cleveland, Ohio 44114
        (216) 479-6100
        (216) 479-6060 (facsimile)
        dtparobek@vorys.com
        eowoyt@vorys.com
        cmbrosius@vorys.com
        prakers@vorys.com

        *Counsel to the Trustee*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Trustee's Objection to Motion of Osborne Farms, LLC for Relief from Stay and to Motion of Huron River Properties, Inc. for Relief from Stay* was served via the Court's Electronic Case Filing System on February 3, 2020 on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers     prakers@vorys.com
- Gregory P. Amend     gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer     alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain     rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker     abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes     abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr     rbarr@koehler.law, rbarr@koehler.law
- David T. Brady     DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius     cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio     kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey     bknotice@clunkhoose.com
- Richard W. DiBella     rdibella@dgmblaw.com
- Melody A. Dugic     mgazda@hendersoncovington.com
- Bryan J. Farkas     bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com
- Scott D. Fink     ecfndoh@weltman.com
- Stephen R. Franks     amps@manleydeas.com
- Stephen John Futterer     sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Michael R. Hamed     mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein     hheberlein@bdblaw.com, grichards@bdblaw.com
- Dennis J. Kaselak     dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym     bk@hhkwlaw.com
- Jerry R. Krzys     jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Matthew H. Matheney     mmatheney@bdblaw.com, bhajduk@bdblaw.com
- Shannon M. McCormick     bankruptcy@kamancus.com
- Kelly Neal     kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann     dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- Timothy P. Palmer     timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek     dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft     tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler     kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com;deppler@walterhav.com
- John J. Rutter     jrutter@ralaw.com
- Frederic P. Schwieg     fschwieg@schwieglaw.com

- Michael J. Sikora    msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn    nsinn@bdblaw.com, grichards@bdblaw.com
- Robin L. Stanley    rstanley@peteribold.com, Sonya@peteribold.com;Cynthia@peteribold.com
- Rachel L. Steinlage    rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas    rthomas@hendersoncovington.com, mgazda@hendersoncovington.com
- Andrew M. Tomko    atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole    jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Michael S. Tucker    mtucker@ulmer.com
- Phyllis A. Ulrich    bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo    Leslie@Wargo-Law.com
- Elia O. Woyt    eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06    maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov

    */s/ Patrick R. Akers*
Patrick R. Akers (0095985)
*Counsel to the Trustee*