IN THE UNITED BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Judge Arthur I. Harris |

**OBJECTION OF DIANE OSBORNE, TRUSTEE OF THE DIANE M. OSBORNE TRUST, TO MOTION TO VACATE AGREED ORDER GRANTING MOTION OF DIANE OSBORNE, TRUSTEE OF THE DIANE M. OSBORNE TRUST, FOR RELIEF FROM STAY**

Diane Osborne, Trustee of the Diane M. Osborne Trust (hereafter "Diane Osborne"), objects to the Motion of Kari B. Coniglio (hereafter "Trustee"), the Chapter 7 Trustee for the bankruptcy estate of Richard M. Osborne, Sr. (hereafter "Debtor"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Civil Rules") made applicable by Rule 9024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for entry of an order vacating the *Agreed Order Granting Motion of Diane Osborne, Trustee of the Diane M. Osborne Trust, for Relief rom Stay* [Doc. 374] (the "Agreed Order") and such Agreed Order should stand.

**I.   There are insufficient grounds to vacate the Agreed Order Granting Motion of Diane Osborne, Trustee of the Diane M. Osborne Trust, For Relief From Stay.**

As discussed fully herein, the Agreed Order should not be vacated, because:

1. The Trustee presents no new evidence that would qualify to vacate the Agreed Order under any prong of Rule 60(b)

2. The Trustee failed to diligently discover any alleged "newly discovered" evidence and her allegations fail to justify relief under Rule 60(b)

1

Under Rule 60(b), a Court may relieve a party from a final order for:

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or

…

(6) any reason that justifies relief.

### II.   Diane Osborne is the first lienholder on the PA Compound

Diane Osborne made various loans to Richard M. Osborne for $1,100,000.00, which were memorialized in the signed loan agreement on February 25, 2016 (hereafter "February 2016 Agreement"). See attached as Exhibit "A." As collateral for those loans, Richard M. Osborne pledged 35,000 shares of Energy, Inc. stock as primary collateral and some other minor collateral. Currently, the minor collateral has been liquidated leaving a balance of $860,000.00 plus interest owed to Diane Osborne.

At the time, OsAir, Inc. held an existing mortgage for $3,245,327.12 against Rigrtona Trust, the titled owner of the PA Compound (hereafter the "OsAir Loan"). See Exhibit "B." The Rigrtona Trust was solely owned by the Debtor, Richard M. Osborne. The OsAir Loan was subordinate to a mortgage by Home Savings and Loan Company of Youngstown (hereafter the "HSL Mortgage").

On April 25, 2016, the Debtor, Richard M. Osborne, executed an Amendment to the February 2016 Agreement where he and Diane Osborne agreed to substitute the Rigrtona Trust property, the PA Compound, as collateral and as consideration for the release of the Energy, Inc. stock. See Exhibit "C." At the same time, to further effectuate this transaction, Richard M. Osborne, as agent and president for OsAir, Inc., granted an assignment on the existing mortgage

2

17-17361-aih    Doc 811    FILED 02/04/20    ENTERED 02/04/20 10:46:58    Page 2 of 11

(OsAir Loan) to Diane Osborne in the amount of $1,100,000.00 replacing the Energy, Inc. stock as collateral. See Exhibit "C" and "D."

Separately and subsequently, Richard M. Osborne, through Rigrtona Holding Company LLC, purchased the HSL Mortgage from Home Savings and Loan Company of Youngstown on the PA Compound. Richard M. Osborne through Rigrtona Holding Company LLC, pursuant to the February 2016 Agreement, then subordinated said mortgage to Diane Osborne on November 28, 2018. See attached Exhibit "E." More simply, Rigrtona Holding Company LLC as first lienholder subordinated it's HSL Mortgage to Diane Osborne, and Diane Osborne is now the first lienholder on the PA Compound. This clearly demonstrates that Diane Osborne is the said primary lienholder on the PA Compound after the outstanding real estate taxes.

Diane Osborne was the primary lienholder in December 28, 2018, when her Motion for Relief from Stay was filed [Docket #324]. She was primary lienholder on January 30, 2019 when the Order for Relief was granted [Docket #374], and she remains primary lienholder today. The Chapter 7 Trustee's allegations that Diane Osborne obtained relief based upon grounds that did not exist is simply not true and is not grounds to overturn an Order under Civil Rule 60(b).

### III. The Agreed Order should stand, because there is **no** newly discovered evidence

To vacate an Agreed Order pursuant to Civil Rule 60(b)(2), a movant must demonstrate by *clear and convincing evidence* that he/she "(1) exercised due diligence in obtaining the information and (2) evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.,* 750 F.3d 573, 584-85 (6th Cir. 2014.) See also, *In re Teixeira,* No. 17-15280, 2019 Bankr. LEXIS 1081, at *10 (Bankr. N.D. Ohio Apr. 5, 2019).

The Trustee presents to this Court a long litany of the history of this matter. However, most of that history has little relevance to the history of this motion and whether or not this motion should be vacated. She simply ignores how the motion occurred and why it remains in place one year after it was ordered.

There is no doubt that the Chapter 7 Trustee has her hand on many irons in the fires related to the Chapter 7 Bankruptcy Case of the Debtor. She may have indeed consulted with real estate professionals regarding to the real estate owned by the Debtor in Warren County, Pennsylvania (hereafter "PA Compound"), but she failed to exercise due diligence and fails to present any new evidence that would lead to vacating the Agreed Order.

The Chapter 7 Trustee's sole argument is that she *believes* that there is substantial value in the PA Compound. This is not new and this is not evidence. The only evidence of value for the PA Compound is that the Warren County Auditor's market value of $744,818.00. This value was has not changed from when it was presented to the Court on December 28, 2018, as part of the original Motion for Relief from stay [Doc. 324]. Furthermore, the PA Compound is subject to deed restrictions regarding the timber and the mineral rights have separate ownership, which significantly affects the value.

The allegations by the Chapter 7 Trustee as to her perception of value are not credible. They are merely hearsay from overanxious realtors, who want to profit from selling the property. In the six months since her appointment, she has not sought to have the property appraised.

If there is truth to the Chapter 7 Trustee's allegations, she could have used due diligence and had the real estate appraised. Instead, she relies on the same argument and response that the Debtor presented in his opposition to Diane Osborne's original motion filed December 28, 2018 [Docket 357]. Debtor also had a *belief* that the property was more valuable. Debtor previously

4

listed the PA Compound with a National Real Estate Broker. His realtor conducted a national sales and marketing campaign. Despite the allegations asserted by the Chapter 7 Trustee, all communication about the potential sale of the property was conducted by the Debtor's realtor and not the Debtor.

At the time of the Agreed Order, Diane Osborne agreed to allow the Debtor to have 90 days after January 30, 2019 to secure an offer on the property. Debtor, the person most familiar with the property, was not able to even get a single offer.

Contrary to the Trustee's assertions, the Debtor had every incentive to sell the real estate while in his Chapter 11 bankruptcy, because he needed cash flow to keep his Chapter 11 case alive. A conversion to Chapter 7 would almost certainly mean the loss of this asset. The ability to use any equity that might be achieved to pay debt is the same ideal for which the Chapter 7 Trustee strives. But Diane Osborne has already walked through that fire and no offers were received.

Diane Osborne waited considerably longer than the requested 90 days to initiate her Pennsylvania foreclosure against the PA Compound, and the property did not sell during that additional time either, and neither were any offers received.

The Debtor's case was converted to Chapter 7 on July 3, 2019. The Chapter 7 Trustee was certainly aware of all Motions and Orders for Relief From Stay that were granted against the Debtor by merely looking at the docket. Diane Osborne, pursuant to the Agreed Order Granting Motion of Diane Osborne Trustee of the Diane M. Osborne Trust for Relief from Stay [Docket 374], proceeded to file her foreclosure complaint in August 27, 2019.

The Chapter 7 Trustee knew about the initiated foreclosure as early as October 15, 2019. Did she get an appraisal done of the property? No, she did not take any action.

5

17-17361-aih    Doc 811    FILED 02/04/20    ENTERED 02/04/20 10:46:58    Page 5 of 11

Therefore, the Chapter 7 Trustee failed to exercise due diligence and presents no new evidence that was not available when the original Motion for Relief from Stay was filed on December 28, 2018.

IV.     **Relief from the Agreed Order is not justified under Civil Rule 60(b)(6).**

Even stricter standards are routinely applied to motions under subsection (6) of Rule 60(b) than to motions made under other provisions of the rule. *Stokes v. Williams,* 475 F.3d 732, 735 (6th Cir. 2007). Relief pursuant to Civil Rule 60(b)(6) may be granted "only in exceptional or extraordinary circumstances that are not addressed by the first five enumerated clauses of the Rule." Id. (quoting *Ollie v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)). "Courts…must apply subsection (b)(6) only as a means to achieve substantial justice when something more than one of the grounds contained in Rule 60(b)'s first five clauses is present." Id. The 'something more' must include unusual and extreme situations where principles of equity *mandate* relief. Id. (emphasis in original). "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of finality of judgments and 'incessant command of the court's conscience that just be done in light of all the facts.'" Id. at 736 (6th Cir. 2007) (quoting *Blue Diamond Coal Co. v. Trs. Of United Mine Workers of Am. Combined Benefits Fund,* 249 F.3d 519, 529 (6th Cir. 2001)).

The Trustee tries to use *State Bank v. Gledhill (In re Gledhill),* 76 F.3d 1070 to try to justify why the Order should be vacated. However, such an attempt should be rebuffed by this Court. In that matter, the Chapter 7 Trustee was appointed on the eve of a foreclosure sale and was not able

to make a determination on whether or not a sheriff sale should proceed due to the actual value of the property. *State Bank v. Gledhill (In re Gledhill),* 76 F.3d 1070, 1072.

In the matter before us, the Chapter 7 Trustee has been in place since July 3, 2019, and has simply failed to take action in this matter. In *In re Gledhill*, after the foreclosure, the trustee commissioned an appraisal. *State Bank v. Gledhill (In re Gledhill),* 76 F.3d 1070, 1074. No appraisal has been commissioned by the Chapter 7 Trustee in this matter.

Because of the appraisal, the Court there found that the value of the real estate had substantially increased over the eleven months since the relief from stay had been granted. *Id.* at 1075. The Court today simply does not have any evidence of a change in value from the Auditor's Market Value in Warren County, Pennsylvania of $744,818.00. The arguments presented by the Chapter 7 Trustee today are merely speculation that it could or might bring more money that the claim of Diane Osborn, the first lienholder.

Additionally, in *In re Gledhill,* the stay was lifted initially, because the Debtors were being punished for acting in bad faith by filing a second Chapter 11. *State Bank v. Gledhill (In re Gledhill),* 76 F.3d 1070, 1073. Our case is different. The stay was not lifted, because the Debtor was acting in bad faith. The stay was lifted, because the Debtor, Richard M. Osborne, failed to make regular payments to Diane Osborne and she was not adequately protected as first lienholder of the PA Compound. The parties compromised to give the Debtor a longer time to try to sell the PA Compound, which proved fruitless.

The Trustee also cites to *In re Ganim,* 2007 WL 880598 for the same proposition as *State Bank v. Gledhill (In re Gledhill),* 76 F.3d 1070. However, in that case, the stay was vacated under 60(b)(1), which is not alleged in this matter. *In re Ganim,* 2007 WL 880598. *5. Additionally, the main factor that the Court found persuasive was that at the time of the Motion to Vacate, a

7

17-17361-aih    Doc 811    FILED 02/04/20    ENTERED 02/04/20 10:46:58    Page 7 of 11

proposed purchaser stood ready to make an offer for the property that would pay all claims. *In re Ganim,* 2007 WL 880598, *5. No such purchaser exists, and the possibility that a purchaser will appear to pay the speculated amount that the Trustee *believes* the property might be worth does not rise to the level of an exceptional or extraordinary case that *mandates* relief.

THEREFORE, the Creditor, Diane Osborne, Trustee of the Diane M. Osborne Trust, requests that this Court deny the Trustee's Motion to Vacate.

Respectfully submitted,

/s/ Robin L. Stanley
Robin L. Stanley, Esq. (#0076421)
Ibold & O'Brien
401 South Street
Chardon, Ohio 44024
Phone: 440-285-3511
Facsimile: 440-285-3363
E-mail:rstanley@peteribold.com
Attorney for Defendants Diane M. Osborne and
Diane Osborne, Trustee of the Diane M. Osborne Trust

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing ***Objection of Diane Osborne, Trustee of the Diane M. Osborne Trust, To Motion to Vacate Agreed Order Granting Motion of Diane Osborne, Trustee of the Diane M. Osborne Trust, From Relief From Stay***, was served via the Court's Electronic Case Filing system on the following who are listed on the Court's Electronic Mail Notice List, this 4th day of February, 2020, to the following:

Patrick R. Akers prakers@vorys.com

Gregory P. Amend gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer alison.archer@ohioattorneygeneral.gov,

Trish.Lazich@ohioattorneygeneral.gov; angelique.dennisnoland@ohioattorneygeneral.gov

Richard M. Bain rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com

Adam S. Baker abakerlaw@sbcglobal.net, adam@bakerlaw.us; abakerlaw@gmail.com

Austin B. Barnes abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr rbarr@koehler.law, rbarr@koehler.law

David T. Brady DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

Scott R. Belhorn ust35 Scott.R.Belhorn@usdoj.gov

Carrie M. Brosius cmbrosius@vorys.com, mdwalkuski@vorys.com

Kari B. Coniglio kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com

LeAnn E. Covey bknotice@clunkhoose.com

Gregory M. Dennin, at greg@gmdlplaw.com

Richard W. DiBella rdibella@dgmblaw.com

Melody A. Dugic mgazda@hendersoncovington.com

Bryan J. Farkas bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com

Scott D. Fink ecfndoh@weltman.com

Stephen R. Franks amps@manleydeas.com

Stephen John Futterer sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Maria D. Giannirakis ust06 maria.d.giannirakis@usdoj.gov

Michael R. Hamed mhamed@kushnerhamed.com, kgross@kushnerhamed.com

Heather E. Heberlein hheberlein@bdblaw.com, grichards@bdblaw.com

Stephen D. Hobt, at shobt@aol.com

Christopher J. Klym bk@hhkwlaw.com

Jerry R. Krzys jkrzys@hendersoncovington.com, jerrykrzys@gmail.com

Matthew H. Matheney mmatheney@bdblaw.com, bhajduk@bdblaw.com

Shannon M. McCormick bankruptcy@kamancus.com

Kelly Neal kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann dneumann@meyersroman.com, jray@meyersroman.com; mnowak@meyersroman.com

Timothy P. Palmer timothy.palmer@bipc.com, donna.curcio@bipc.com

Drew T. Parobek dtparobek@vorys.com, mdwalkuski@vorys.com

Tricia L. Pycraft tpycraft@ccj.com, bowman@ccj.com

Kirk W. Roessler kroessler@walterhav.com, kballa@walterhav.com; slasalvia@walterhav.com; deppler@walterhav.com

John J. Rutter jrutter@ralaw.com

Frederic P. Schwieg fschwieg@schwieglaw.com

Michael J. Sikora msikora@sikoralaw.com, aarasmith@sikoralaw.com

Nathaniel R. Sinn nsinn@bdblaw.com, grichards@bdblaw.com

Rachel L. Steinlage rsteinlage@meyersroman.com, jray@meyersroman.com; mnowak@meyersroman.com;rbain@meyersroman.com

Richard J. Thomas rthomas@hendersoncovington.com, mgazda@hendersoncovington.com

Andrew M. Tomko atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com

United States Trustee (Registered address)@usdoj.gov

Michael S. Tucker mtucker@ulmer.com

Phyllis A. Ulrich bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com

Leslie E. Wargo Leslie@Wargo-Law.com

Elia O. Woyt eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com

And by regular U.S. mail on the following:

Kari B. Coniglio
Chapter 7 Trustee
200 Public Square, Suite 1400
Cleveland, OH 44114

Patrick R. Akers, Esq.
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114
*Counsel for Trustee*

Rigrtona Holding Company LLC
Leimco Holding Company, LLC
Back Land, LLC and Front Land, LLC
c/o Richard M. Osborne, Statutory Agent
P.O. Box 1020
Mentor, OH 44061

Joseph T. Svete
Svete & McGee Co. L.P.A.
401 South Street, Building 1A
Chardon, OH 44024

Timothy R. Bevevino
SWANSON, BEVEVINO AND SHARP, P.C.
311 Market Street
Warren, PA 16365

Jeffrey M. Levinson
LEVINSON LLP
55 Public Square, Suite 1750
Cleveland, OH 44113

Rigrtona Holding Company LLC
Osair, Inc.
Attn: Richard M. Osborne
7001 Center Street
Mentor, OH 44060

/s/Robin L. Stanley_____
Robin L. Stanley, Esq. (#0076421)
Attorney for Defendants Diane M. Osborne and Diane
Osborne, Trustee of the Diane M. Osborne Trust