UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |
| | ) | |
| | ) | <u>REPLY OF OSBORNE FARMS, LLC</u> |
| | ) | <u>AND HURON RIVER PROPERTIES, INC.</u> |
| | ) | <u>TO TRUSTEE'S OBJECTION TO</u> |
| | ) | <u>MOTION FOR RELIEF FROM STAY</u> |

Osborne Farms, LLC f/k/a Huron Lime Company, LLC and Huron River Properties, Inc. f/k/a Huron Lime, Inc., (collectively, the "Movants") hereby submit their Reply to the *Objection to Motion of Osborne Farms, LLC for Relief from Stay and to Motion of Huron River Properties, Inc. for Relief from Stay* [Dkt. No. 810] (the "Objection") filed by the Chapter 7 Trustee Kari B. Coniglio (the "Trustee").

**I.    INTRODUCTION**

The Trustee objects to both the *Motion of Osborne Farms, LCC for Relief from Stay* (the "Osborne Farms Motion") and the *Motion of Huron River Properties, Inc. for Relief from Stay* (the "Huron River Motion" and collectively, the "Motions For Relief") on the grounds that Movants lack either a common law or contractual setoff right against the Debtor's purported interest as a beneficiary of the probate estate of Jerome T. Osborne (the "Probate Estate"). [See Objection, at p. 1]. Putting aside the Trustee's arguments concerning the Movants' setoff rights, the Trustee's Objection rings hollow for a more fundamental reason: it is premised on the false assumption that the Trustee can rewrite a decedent's will by eliminating specific conditions, which must be

{03074802 -4}

satisfied to establish or maintain a right to payment from the Probate Estate in favor of Richard M. Osborne (the "Debtor"). This is not so.

While the Trustee seeks to disregard the testamentary intent of the Debtor's father, Jerome T. Osborne ("Decedent"), this Court must be mindful that under applicable state law, a court's paramount purpose in constructing a will is to carry out its testator's intent. By failing to pay the amounts due and owing to the Movants under their respective loans to the Debtor and his affiliates, a condition necessary to the Debtor having or maintaining a right to receive testamentary gifts has failed. Moreover, the Decedent intended that upon failure of such condition that Movants be paid from the beneficial gift that otherwise would be payable to the Debtor. While the Trustee may not appreciate the Decedent's tough love for his son, she cannot ignore it, regardless of whether it is couched as a right of setoff or otherwise.

## II. ARGUMENT

"Upon a debtor filing for bankruptcy protection, the trustee succeeds to those interests held by the debtor as of the commencement of the case." *French v. Philip Services Corp.* (*In re Metropolitan Environmental, Inc.*), 293 B.R. 893, 895 (Bankr. N.D. Ohio 2003). To determine whether the debtor has an interest in property and, by extension, whether the Trustee can properly assert an interest in such property, courts look to controlling state law. *See*, *e.g.*, *In re Liber*, 2012 WL 1835164, at *3 (Bankr. N.D. Ohio May 18, 2012) ("In the absence of a countervailing federal interest or specific bankruptcy provision to the contrary, limitations on a debtor's interest in property are created and defined by state law").

Under Ohio law, a "testator has the unquestioned right to attach any condition to his gift, which is not violative of law or public policy." *Bender v. Bateman*, 33 Ohio App. 66, 70, 168 N.E.

574 (5th Dist. 1929). When a testator requires that conditions be satisfied before a devisee may receive a bequest under his will, and those conditions are not fulfilled, the gift fails as a matter of law. *Bank One v. Thomas*, 1989 WL 145971, at *2 (12th Dist. Ct. App. Dec. 4, 1989).

Decedent's Will clearly provides that if, at the time of Decedent's death, all or any portion of the Debtor's indebtedness to the Movants under their respective loans remains outstanding, then unless such indebtedness shall be paid in full during the administration of the Decedent's estate, the share of the Decedent's Probate Estate otherwise devised and bequeathed to the Debtor shall be reduced by up to the amount remaining due on such indebtedness, and Decedent's probate estate shall thereupon pay up to the amount remaining due on such indebtedness including interest to the Movants. [See Motions For Relief, Ex. B]. This provision is a plainly stated enforceable condition required to be satisfied before the Debtor receives the share of the Probate Estate bequeathed to him under the Will. Similarly, the Will's directive that the Movants be paid from the share of the Probate Estate bequeathed to the Debtor, upon failure of such condition, is plainly enforceable, regardless of whether it satisfies the elements required for a contractual or common law setoff. *See e.g., Bank One Trust Co. v. Resident Home Ass'n for Mentally Retarded*, 2003 WL 21674987 (2nd Dist. Ct. App. July 18, 2003) (Doctrine of impossibility of performance did not operate to prevent bequest in last will and testament from lapsing as result of unsatisfied predicate condition; doctrine pertained to law of contracts, and in law of wills and bequests, when a condition attached to bequest is not satisfied, for whatever reason, the bequest lapses.) It matters not whether Movants have a contractual or common law right of setoff. The Decedent's Will alone controls whether the Debtor or Movants get paid.

In light of the foregoing, Movants recognize that the Motions for Relief may be

{03074802 -4}

3

unnecessary since the amounts payable from the Probate Estate to Movants represent a lapsed gift in which the Debtor has no interest and which must be excluded from the bankruptcy estate. *See e.g., In re Heck*, 355 B.R. 813 (Bankr. D. Kan. 2006) (the court held that a conditional gift was not property of the bankrupt estate where the debtor failed to satisfy the condition attached to the gift). Consequently, Movants hereby withdraw the Motions for Relief.

### III.   CONCLUSION

As a matter of law, and regardless of whether any setoff rights exist in favor of Movants, the Debtor's indebtedness to Movants is entitled to be paid from that portion of the testamentary gift to the Debtor, which has lapsed due to a failed condition. Those funds do not constitute part of the Debtor's bankruptcy estate, and consequently, the payment of those funds to Movants is not subject to the automatic stay imposed by Bankruptcy Code § 362. Accordingly, Movants will be filing a separate Notice of Withdrawal of the Motions prior to the scheduled hearing date.

Respectfully submitted,

WALTER | HAVERFIELD LLP

*/s/ Kirk W. Roessler*
KIRK W. ROESSLER (0060931)
SHELLY R. LASALVIA (0077291)
DOUGLAS M. EPPLER (0087018)
1301 East Ninth Street, Suite 3500
Cleveland, OH  44114
Phone: (216) 928-2905
Fax:     (216) 575-0911
E-mail: kroessler@walterhav.com
           slasalvia@walterhav.com
           deppler@walterhav.com
*Attorneys for Huron River Properties, Inc. and Osborne Farms, LLC*

# CERTIFICATE OF SERVICE

The undersigned certifies that on February 10, 2020, a true and correct copy of the foregoing Reply of Osborne Farms, LLC and Huron River Properties, Inc. to Trustee's Objection to Motion for Relief from Stay was served via the Court's electronic case filing system on the following who are listed on the Court's Electronic Mail Notice List:

Patrick R. Akers on behalf of Trustee Kari B. Coniglio
prakers@vorys.com

Gregory P. Amend on behalf of Creditor First National Bank of Pennsylvania - gamend@bdblaw.com, grichards@bdblaw.com

Alison L. Archer on behalf of Interested Party Lakeland Community College
alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov

Richard M. Bain on behalf of Interested Party Zachary B Burkons
rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com

Adam S. Baker on behalf of Creditor Michael E. Osborne, Sr. - abakerlaw@sbcglobal.net, adam@bakerlaw.us; abakerlaw@gmail.com

Austin B. Barnes, III on behalf of Creditor Tax Ease Ohio, LLC
abarnes@sandhu-law.com, bk1notice@sandhu-law.com

Robert D. Barr on behalf of Creditor Chicago Title Insurance Company - rbarr@koehler.law

David T. Brady on behalf of Creditor Tax Ease Ohio, LLC
DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com

Carrie M. Brosius on behalf of Trustee Kari B. Coniglio
cmbrosius@vorys.com, mdwalkuski@vorys.com

Kari B. Coniglio
kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com

LeAnn E. Covey on behalf of Creditor Bank of America, N.A.
bknotice@clunkhoose.com

Richard W. DiBella on behalf of Creditor Nationwide Mutual Fire Insurance Company
rdibella@dgmblaw.com

Melody A. Dugic on behalf of Plaintiff Home Savings Bank
mgazda@hendersoncovington.com

Melody A. Dugic on behalf of Respondent Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio
mgazda@hendersoncovington.com

Bryan J. Farkas on behalf of Trustee Kari B. Coniglio
bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com

Scott D. Fink on behalf of Creditor Erie Bank, a Division of CNB Bank s/b/m to Lake National Bank
ecfndoh@weltman.com

Stephen R. Franks on behalf of Creditor Bank of America, N.A.
amps@manleydeas.com

Stephen John Futterer on behalf of Creditor City of Willoughby
sjfutterer@sbcglobal.net, r43087@notify.bestcase.com

Michael R. Hamed on behalf of Interested Party Gas Natural Inc.
mhamed@kushnerhamed.com, kgross@kushnerhamed.com

Heather E. Heberlein on behalf of Creditor First National Bank of Pennsylvania
hheberlein@bdblaw.com, grichards@bdblaw.com

Dennis J. Kaselak on behalf of Claimant Diane M. Osborne
dkaselak@peteribold.com, Cynthia@peteribold.com

Christopher J. Klym on behalf of Creditor Ohio Department of Taxation - bk@hhkwlaw.com

Jerry R. Krzys on behalf of Plaintiff Home Savings Bank
jkrzys@hendersoncovington.com, jerrykrzys@gmail.com

Matthew H. Matheney on behalf of Creditor First National Bank of Pennsylvania - mmatheney@bdblaw.com, bhajduk@bdblaw.com

Shannon M. McCormick on behalf of Creditor Center Street School Condominiums and coachhouses Unit Owners' Association, Inc.
bankruptcy@kamancus.com

Kelly Neal on behalf of Creditor The Huntington National Bank
kelly.neal@bipc.com, donna.curcio@bipc.com

David M. Neumann on behalf of Interested Party Zachary B Burkons
dneumann@meyersroman.com, jray@meyersroman.com; mnowak@meyersroman.com

Timothy P. Palmer on behalf of Creditor The Huntington National Bank - timothy.palmer@bipc.com, donna.curcio@bipc.com

Drew T. Parobek on behalf of Trustee Kari B. Coniglio
dtparobek@vorys.com, mdwalkuski@vorys.com

Tricia L. Pycraft on behalf of Accountant Rea & Associates, Inc.
tpycraft@ccj.com, bowman@ccj.com

John J. Rutter on behalf of Creditor Mentor Lumber & Supply Co. - jrutter@ralaw.com

Frederic P. Schwieg on behalf of Debtor Richard M. Osborne - fschwieg@schwieglaw.com

Michael J. Sikora, III on behalf of Creditor Chicago Title Insurance Company - msikora@sikoralaw.com, aarasmith@sikoralaw.com;mtroha@sikoralaw.com

Nathaniel R. Sinn on behalf of Creditor First National Bank of Pennsylvania - nsinn@bdblaw.com, kslatinsky@bdblaw.com

Robin L. Stanley on behalf of Defendant Diane M. Osborne
rstanley@peteribold.com, Sonya@peteribold.com; Cynthia@peteribold.com

Rachel L. Steinlage on behalf of Interested Party Zachary B Burkons
rsteinlage@meyersroman.com, jray@meyersroman.com mnowak@meyersroman.com rbain@meyersroman.com

Richard J. Thomas on behalf of Plaintiff Home Savings Bank
rthomas@hendersoncovington.com, mgazda@hendersoncovington.com

Andrew M. Tomko on behalf of Creditor Tax Ease Ohio, LLC - atomko@sandhu-law.com, bk1notice@sandhu-law.com

Jeffrey C. Toole on behalf of Interested Party Zachary B Burkons - toole@buckleyking.com, young@buckleyking.com; heberlein@buckleyking.com

Michael S. Tucker on behalf of Creditor Citizens Bank, N.A. - mtucker@ulmer.com

Phyllis A. Ulrich on behalf of Creditor The Huntington National Bank
bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com

{03074802 -4}

Leslie E. Wargo on behalf of Cross-Claimant Richard M. Osborne
Leslie@Wargo-Law.com

Leslie E. Wargo on behalf of Debtor Richard M. Osborne
Leslie@Wargo-Law.com

Leslie E. Wargo on behalf of Defendant Richard M. Osborne
Leslie@Wargo-Law.com

Leslie E. Wargo on behalf of Spec. Counsel Leslie E. Wargo
Leslie@Wargo-Law.com

Leslie E. Wargo on behalf of Trustee Kari B. Coniglio
Leslie@Wargo-Law.com

Elia O. Woyt on behalf of Trustee Kari B. Coniglio
eowoyt@vorys.com, eowoyt@vorys.com; mdwalkuski@vorys.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee -
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee -
Scott.R.Belhorn@usdoj.gov

And by regular U.S. Mail to:

Richard M. Osborne
7265 Markell Road
Waite Hill, OH 44094

CSX Transportation, Inc.
c/o McGuireWoods LLP
50 N. Laura Street, Suite 3300
Jacksonville, FL 32202

{03074802 -4}

9

Gregory M. Dennin on behalf of Attorney Gregory M. Dennin
Dennin & Dennin
2745 Main Street
Lake Placid, NY 12946

Gregory M. Dennin on behalf of Debtor Richard M. Osborne
Dennin & Dennin
2745 Main Street
Lake Placid, NY 12946

Scott Hivnor
Advance Appraisal Services
37721 Vine Street Suite 3
Willoughby, OH 44094

Eric Silver
AG Real Estate Group Inc.
3659 South Green Road , Suite 100
Beachwood, OH 44122

                                                  */s/ Kirk W. Roessler*
                                                  KIRK W. ROESSLER (0060931)
                                                  *Attorney for Huron River Properties, Inc.*
                                                  *and Osborne Farms, LLC*