UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge ARTHUR I. HARRIS |

**MOTION OF TRUSTEE TO SELL PERSONAL PROPERTY (LITIGATION CLAIMS) FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363**

Kari B. Coniglio (the "Trustee"), the Chapter 7 Trustee of the estate of Richard M. Osborne, Sr. (the "Debtor"), respectfully moves (the "Sale Motion" or "Motion") this Court, pursuant to sections 105(a) and 363 of Title 11 (the "Bankruptcy Code") of the United States Code and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy Rules"), for entry of an order authorizing the sale to the Debtor (the "Sale"), free and clear of liens, encumbrances, and other interests, of certain claims and causes of action belonging to the within bankruptcy estate, in accordance with the terms and upon the conditions stated herein (the "Sale").

Specifically, the Trustee seeks entry of an order (the "Sale Order"), substantially in the form of the attached Exhibit A, granting the following relief:

i. pursuant to Bankruptcy Code sections 363(b) and (f), approving the Sale; and

ii. pursuant to and upon the terms and conditions specified herein, authorizing the Trustee to consummate the Sale to the Debtor free and clear of all liens and interests.

In support of this Sale Motion, the Trustee states as follows:

1

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The venue of this case and this Sale Motion is proper under 28 U.S.C. §§ 1408 and 1409. Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 provide the statutory bases for the relief sought herein.

## BACKGROUND

2. On December 17, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court").

3. On July 3, 2019, the Debtor's case was converted to chapter 7 and the Trustee was thereafter appointed as the duly appointed chapter 7 trustee of the Debtor's estate (the "Estate").

4. The Trustee seeks to sell to the Debtor the following assets or interest of the Estate:

   (a) Any and all claims or causes of action that the Estate may have related to any action taken by Zachary B. Burkons, in his capacity as the receiver (the "Receiver") appointed by the Cuyahoga County Court of Common Pleas in that certain action styled as *Richard M. Osborne, et al. v. Parkview Federal Savings Bank, n.k.a. First National Bank of Pennsylvania, et al.*, Case No. CV-14-822810 (the "Receivership Case"), including, without limitation, any claims that may exist pursuant to 42 U.S.C. § 1983 (collectively, the "Receiver Claims");

   (b) Any and all rights or interests that the Estate may have related to certain appeals filed in the Court of Appeals, Eighth District (Cuyahoga County) (the "Appellate Court"), Case Nos. CA-17-106371, CA-17-106614 and CA-18-107975, each styled as *Richard M. Osborne, et al. v. Parkview Federal Savings Bank, et al.* (collectively, the "Receivership Appeals");

   (c) Any and all claims or causes of action that the Estate may have against Josh Leonardi ("Leonardi") that arise out of any agreement between the Debtor and Leonardi to purchase the real property located at 7325 Reynolds Road, Mentor, Ohio (the "Reynolds Road Property") and/or Leonardi's occupancy of the Reynolds Road Property (collectively, the "Leonardi Claims"); and

2

(d) Any and all claims or causes of action that the Estate may have against the Estate of John R. Masco arising from the assignment of that certain mortgage filed for record with the Geauga County, Ohio Recorder's Office on March 16, 2005 as Instrument No. 200500714047 to First National Bank of Pennsylvania pursuant to that certain assignment recorded with the Geauga County, Ohio Recorder's Office on January 8, 2018 as Instrument No. 201800937 (collectively, the "Masco Claims" and together with the Receiver Claims, the Receivership Appeals and the Leonardi Claims, the "Litigation Claims").

5. In exchange for receiving the Litigation Claims, the Debtor shall pay the Estate an aggregate sum of $40,000.00 (the "Purchase Price").

6. The Trustee has evaluated the Litigation Claims and finds that the Litigation Claims, jointly and severally, are of little or no value to the Estate.

7. Accordingly, the Trustee should be authorized to sell the Litigation Claims free and clear of all liens, encumbrances and other interests pursuant to 11 U.S.C. § 363(b) and (f).

## Receivership Claims

8. Given that state court receivers benefit from quasi-judicial immunity as officers of the court, a receiver may only be held liable for actions taken outside of the scope of authority granted to him or her by the applicable statute and/or the order appointing the receiver.[1]

9. To the Trustee's knowledge, the actions of the Receiver have been within the bounds of the applicable statutory law and the order appointing the Receiver, docketed November 21, 2017 in the Receivership Case (the "Receivership Order"). Further, based upon the information made available to the Trustee, no act of the Receiver gives rise to a claim pursuant to 42 U.S.C. §1983.

10. Moreover, to the extent that a claim or cause of action exists against the Receiver that is unknown to the Trustee, the costs and allocation of time necessary to prosecute such a claim

---

[1] *Hummer v. Hummer*, 8th Dist. Cuyahoga No. 96132, 2011-Ohio-3767, ¶ 23, *citing Murphy v. Holbrook*, 20 Ohio St. 137, 142-143 (1870).

3

would be great while the likelihood of success minimal. The great expense coupled with the small margin of success render any such claims burdensome to the Estate.

**Receivership Appeals**

11. The Debtor filed three (3) separate appeals with the Appellate Court. In Appellate Case No. CA-17-106371, the Debtor and certain related entities appealed the judgments awarded in favor of Parkview Federal National Bank ("Parkview") against the Debtor and certain related entities for loans extended by Parkview to the Debtor and certain related entities (the "First Appeal"). In Appellate Case No. CA-17-106371, the Debtor appealed the scope of the receivership and the powers of the Receiver in the Receivership Case (the "Second Appeal"). In Appellate Case No. 18-107975, the Debtor appealed an order granting the Receiver authority to evict and to employ a locksmith to remove the Debtor from his residence (the "Third Appeal").

12. The Trustee has examined each matter raised on appeal by the Debtor and has determined that each appeal has little or no value to the Estate.

13. The First Appeal relates to certain judgments awarded in favor of Parkview. In the event that the Trustee finds cause to challenge Parkview's claims (secured and unsecured), the Trustee has the ability to object to Parkview's claims pursuant to Bankruptcy Rule 3007. Thus, the First Appeal has no value to the Estate and there is no justification for the Trustee to undertake the expense of continuing the First Appeal.

14. The Second Appeal relates to the scope of the receivership and the powers granted the Receiver pursuant to the Receivership Order. Specifically, the Receiver was granted powers over not only the named defendants but a number of entities in which any named defendant owned a controlling membership or ownership interest. The Trustee has weighed the cost of pursuing this appeal, the potential benefits of a successful appeal and the actual realization of such benefits.

4

Given the lack of regard the Debtor and his related entities have displayed for *corporate separateness* and the manner in which the Debtor and his related entities operated, the Trustee has found that the costs of such appeal greatly outweigh the likelihood of success. Accordingly, the Second Appeal has little or no value to the Estate.

15. In the Third Appeal, the Debtor challenged a decision that granted the Receiver authority to evict the Debtor from his home and to change the locks. The Appellate Court dismissed the Third Appeal because the underlying order was not a final, appealable order.[2] Given that the Debtor's residence is subject to a foreclosure action pending in the Lake County Court of Common Pleas, Case No. 19CF000743, style as *The Huntington National Bank v. Richard Osborne, et al.*, the subject of the Third Appeal is likely to be moot and have little or no value to the Estate.

**Leonardi Claims**

16. The Leonardi Claims pertain to any claims that the Debtor may have against Leonardi related to a purchase agreement between the Debtor and Leonardi for the Reynold Road Property; Josh Leonardi's alleged breach or termination of said purchase agreement; and Josh Leonardi's occupancy of the Reynold Road Property without providing adequate compensation to the Debtor.

17. Based upon the facts known to the Trustee, in exchange for the purchase price, the purchase agreement required to the Debtor to develop the Reynold Road Property by building a single family home on it and to provide Josh Leonardi title to the Reynolds Road Property, free and clear of any and all liens. After the construction of the home was completed, Leonardi moved into the home and continued to live at the Reynolds Road Property for approximately four years.

---

[2] *See* Journal Entry, dated March 6, 2019 issued by the Appellate Court in Case No. CA-18-107975.

After four years, the Debtor still was unable to remove all of the liens against the Reynolds Road Property, and Leonardi vacated the Reynolds Road Property and terminated the purchase agreement.

18. Given that the Debtor breached the terms of the purchase agreement, any claim arising out of any act or breach on the part of Leonardi is likely to fail. Moreover, to the Trustee's knowledge, the purchase agreement did not require Leonardi to compensate the Debtor for occupying the home prior to closing the sale and no lease agreement existed between Leonardi and the Debtor. Given the lack of documentation pertaining to the occupancy of the Reynolds Road Property prior to the sale closing, it will be difficult to successfully assert any claims that would compensate the Debtor for Leonardi's use of the property. Accordingly, the Trustee finds that the Leonardi Claims have little or no value to the Estate.

## Masco Claims

19. Heisley-Hopkins, Inc. (an entity wholly owned by the Debtor) granted a mortgage security interest in the real property commonly known as 432 Water Street, Chardon, Ohio (the "Water Street Property") to John R. Masco that was recorded on March 16, 2005 as Instrument No. 200500714047 (the "Water Street Mortgage"). John R. Masco passed away in 2006. The Estate of John R. Masco (the "Masco Estate") assigned the Water Street Mortgage to First National Bank of Pennsylvania pursuant to that certain assignment recorded with the Geauga County, Ohio Recorder's Office on January 8, 2018 as Instrument No. 201800937 (the "Water Street Assignment").

20. The Debtor asserts that the debt secured by the Water Street Mortgage has been paid in full. Accordingly, the Debtor takes the position that the Masco Estate should have released the Water Street Mortgage and lacked the authority to assign it to First National Bank of

6

Pennsylvania. However, the Debtor also advises that there is no evidence of payment in full or other satisfaction of the underlying debt.

21. The Trustee has examined the potential claims that the Estate may have against the Masco Estate and finds that no such claims exists. First, Water Street Property has been owned by Heisley-Hopkins, Inc. since November 15, 2001, not the Debtor. Second, Heisley-Hopkins, Inc. is the mortgagor of the Water Street Mortgage, not the Debtor. Accordingly, most, if not all claims related to the Masco Estate's failure to release the Water Street Mortgage and its assignment of the mortgage belong to Heisley-Hopkins, Inc. At best, the Debtor may have an unjust enrichment claim against the Masco Estate if the Debtor was the source of the funds that satisfied the underlying debt. However, any claim that the Debtor may have against the Masco Estate is significantly hampered by the lack of evidence of the satisfaction of debt.

22. Moreover, over $21,000 is owed in delinquent taxes on the Water Street Property. The Water Street Property is subject a foreclosure action by the Geauga County Treasurer for the failure to pay real estate taxes; it is encumbered by liens in favor of RBS Citizens Bank, N.A. and Parkview; and the property currently is being administered by the Receiver. Such facts diminish any damages calculation that may pertain to any failure on the part of the Masco Estate to release the Water Street Mortgage.

23. Accordingly, the Trustee has determined that the Masco Claims have little or no value to the Estate.

## RELIEF REQUESTED AND REASONS THEREFOR

### Approval of Sale under Bankruptcy Code Section 363(b)

24. By this Sale Motion, the Trustee seeks approval of the sale of the Litigation Claims to the Debtor upon the terms and conditions of state herein, free and clear of liens, claims and encumbrances, under Bankruptcy Code sections 363(b) and (f).

25. The sale of estate property under the Bankruptcy Code is conducted by a trustee, who "has ample discretion to administer the estate, including authority to conduct public or private sales of the estate property."[3]

26. While a bankruptcy trustee has a duty to "maximize the value obtained from a sale" of estate assets, in deciding whether to approve a trustee's recommendation of sale, "the bankruptcy court owes the trustee a broad amount of deference, seeking only to ensure that the trustee exercised reasonable 'business judgment.'"[4]

27. When reviewing the trustee's sale recommendation, the courts routinely give a trustee's business judgment "great judicial deference."[5]

28. Here, the Court should authorize the Sale because the Sale reflects the Trustee's sound business judgment. The Purchase Price is the Trustee's best opportunity to maximize value of the Litigation Claims. Specifically, the proposed Purchase Price exceeds the value that the Estate is likely to realize if it were to litigate the Litigation Claims. Moreover, the Sale allows for the Estate to obtain funds immediately for the Litigation Claims as opposed to over time, after likely enduring drawn out litigation.

---

[3] *In re Bakalis*, 220 B.R. 525, 531 (Bankr. E.D.N.Y. 1998) (citation omitted).
[4] *Video Concepts, LLC v. Volpe Indus. (In re Volpe Indus.)*, 2013 U.S. Dist. LEXIS 120052 at *13 (D. Mass. 2013) (citing *In re Bakalis*, 220 B.R. at 532).
[5] *In re Bakalis, 220 B.R. at 531-32* (citation omitted); *accord DiStefano v. Stern (In re JFD Enters.)*, 2000 U.S. App. LEXIS 9162 at *15-16 (1st Cir. 2000); *Austin Assocs. V. Howison (in Re Murphy)*, 288 B.R. 1, 5 (D. Me. 2002); *In re Psychometric Sys.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007); *In re Volpe Indus.*, 2013 U.S. Dist. LEXIS 120052 at *13; *In re Alaska Fishing Adventure, LLC*, 594 B.R. 883, 889-90 (Bankr. D. Alaska 2018).

29. Thus, the Sale represents the best means of maximizing value for the Debtor's estate and creditors.

**Approval of Sale Free and Clear of Liens, Claims and
Encumbrances under Bankruptcy Code section 363(f)**

30. The Trustee seeks a Sale Order authorizing the sale of the Litigation Claims free and clear of all liens, claims and encumbrances in accordance with section 363(f) of the Bankruptcy Code. Under section 363(f), the trustee may sell property under section 363(b) or (c) "free and clear of any interest in such property of an entity other than the estate," if any one of the following conditions is satisfied:

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such legal interest.[6]

31. Here, the Trustee believes that sections 363(f)(1) and (5) would be satisfied with respect to the Sale. As an initial matter, the Trustee is unaware of any lien encumbering the Litigation Claims. However, if any party asserts a lien in the Litigation Claims, those lien rights would be capable of satisfaction through a monetary judgment and could be transferred in the same order and priority as existed as of the Petition Date to the sale proceeds. Accordingly, the Litigation Claims may be sold free and clear of liens, claims, encumbrances, and security interests to the extent any such interests exist.

---

[6] 11. U.S.C. § 363(f).

## NOTICE

32. In accordance with Bankruptcy Rules 2002 and 6004, notice of this Motion and hearing thereon will be given to: (i) the Office of the United States Trustee for the Northern District of Ohio; (ii) the Debtor; (iii) all individuals, entities, or counsel therefor, known to have asserted any lien, claim, encumbrance, right of refusal, or other interest in or upon the Litigation Claims; (iv) the Internal Revenue Service; and (v) all parties who have requested notice pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Sale Motion; and no other or further notice need be provided.

WHEREFORE, the Trustee respectfully requests that her motion be granted, that she be authorized to sell the Litigation Claims described above at private sale, free and clear of all liens, encumbrances and other interests pursuant to 11 U.S.C. § 363(b) and (f), and that all liens and claims to the Litigation Claims, as described above, be transferred to the proceeds of sale.

Respectfully submitted,

/s/ Kari B. Coniglio
Kari B. Coniglio (00081463)
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Telephone: (216) 479-6167
Facsimile: (216) 479-6060
E-mail: kbconiglio@vorys.com

*Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2020, a true and correct copy of the foregoing Motion of Trustee to Sell Personal Property Free and Clear of Liens, Encumbrances and Other Interests Pursuant to 11 U.S.C. § 363 was served:

**Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:**

- Patrick R. Akers   prakers@vorys.com
- Gregory P. Amend   gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer   alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov; angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain   rbain@meyersroman.com, mnowak@meyersroman.com; jray@meyersroman.com
- Adam S. Baker   abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes   abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr   rbarr@koehler.law, rbarr@koehler.law
- Jeffrey W. Bieszczak   jwbieszczak@vorys.com
- David T. Brady   DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius   cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio   kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey   bknotice@clunkhoose.com
- Richard W. DiBella   rdibella@dgmblaw.com
- Melody A. Dugic   mgazda@hendersoncovington.com
- Marcel C. Duhamel   mcduhamel@vorys.com, mdwalkuski@vorys.com
- Douglas M. Eppler   deppler@walterhav.com
- Bryan J. Farkas   bjfarkas@vorys.com, bjfarkas@vorys.com; caujczo@vorys.com; mdwalkuski@vorys.com
- Scott D. Fink   ecfndoh@weltman.com
- Stephen R. Franks   amps@manleydeas.com
- Stephen John Futterer   sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Michael R. Hamed   mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein   hheberlein@bdblaw.com, kslatinsky@bdblaw.com
- Dennis J. Kaselak   dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym   bk@hhkwlaw.com
- Jerry R. Krzys   jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Jeffrey M. Levinson   jml@jml-legal.com
- Matthew H. Matheney   mmatheney@bdblaw.com, bhajduk@bdblaw.com
- Shannon M. McCormick   bankruptcy@kamancus.com
- Michael J. Moran   mike@gibsonmoran.com, moranecf@gmail.com; r55982@notify.bestcase.com
- Kelly Neal   kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann   dneumann@meyersroman.com, jray@meyersroman.com; mnowak@meyersroman.com

11

- Timothy P. Palmer    timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek    dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft    tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler    kroessler@walterhav.com, kballa@walterhav.com; slasalvia@walterhav.com; deppler@walterhav.com
- John J. Rutter    jrutter@ralaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Michael J. Sikora    msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn    nsinn@bdblaw.com, jpietro@bdblaw.com;SCerny@bdblaw.com
- Robin L. Stanley    rstanley@peteribold.com, Sonya@peteribold.com;Cynthia@peteribold.com
- Rachel L. Steinlage    rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas    rthomas@hendersoncovington.com, mgazda@hendersoncovington.com
- Andrew M. Tomko    atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole    jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Michael S. Tucker    mtucker@ulmer.com
- Phyllis A. Ulrich    bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo    Leslie@Wargo-Law.com
- Elia O. Woyt    eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06    maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov

and by regular U.S. Mail, postage prepaid, to:

Richard M. Osborne
7265 Markell Road
Waite Hill, OH 44094-9312

Internal Revenue Service
Charles P. Rettig
Commissioner
1111 Constitution Avenue, NW
Washington, DC 20224

Osborne Farms, LLC fka Huron Lime Company, LLC
c/o Jodi Littman-Tomaszewski
60 South Park Pl.
Painesville, OH 44077

*/s/ Kari B. Coniglio*
Kari B. Coniglio (00081463)
*Chapter 7 Trustee*