# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

**FIRST NATIONAL BANK OF PENNSYLVANIA'S LIMITED RESPONSE TO THE CHAPTER 7 TRUSTEE'S MOTION TO SELL PERSONAL PROPERTY (LITIGATION CLAIMS) FREE AND CLEAR OF LIENS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363**

First National Bank of Pennsylvania, successor by merger to Park View Federal Savings Bank ("**FNBPA**"), by and through counsel, respectfully files this limited response in opposition to the Motion of trustee Kari B. Coniglio (the "**Trustee**"), the Chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "**Debtor**"), to sell personal property (litigation claims) free and clear of liens, encumbrances and other interests pursuant to 11 U.S.C. § 363 [dkt. 887] (the "**Motion**"). Capitalized terms used herein shall have the same meaning as those used in the Motion. In support of this motion, FNBPA states as follows:

1. On May 1, 2020, the Trustee filed her Motion seeking approval to sell certain litigation claims to the Debtor in exchange for $40,000. Specifically, the Motion seeks to sell: (a) the Receiver Claims; (b) the Receivership Appeals; (c) the Leonardi Claims; and (d) the Masco Claims. FNBPA files this limited response opposing the sale of the Receiver Claims and the Masco Claims (collectively referred to as the "**Litigation Claims**") to the Debtor.

2. On its face, the Debtor's attempt to purchase the Litigation Claims appear to be nothing more than a collateral attack against FNBPA.

3. The Debtor has filed and/or amended his Schedule A/B numerous times [dkt. # 29, 53, 55, 56, 72, 98, 469, and 687]. Not once did Debtor disclose the Litigation Claims on his schedules.

## The Receiver Claims

4. As described in the Motion, the Receiver Claims consist of "[a]ny and all claims or causes of action that the Estate may have related to any action taken by Zachary B. Burkons, in his capacity as the receiver (the "**Receiver**") appointed by the Cuyahoga County Court of Common Pleas in that certain action styled as *Richard M. Osborne, et al. v. Parkview Federal Savings Bank, n.k.a. First National Bank of Pennsylvania, et al.*, Case No. CV-14-822810 (the "**Receivership Case**"), including, without limitation, any claims that may exist pursuant to 42 U.S.C. § 1983." (Motion, ¶ 4(a)).

5. The Receivership Case is the primary litigation between FNBPA and the Debtor prior to this case, and its history has been laid out before this Court on numerous occasions and across multiple cases. The Receivership Case remains an active case before the Cuyahoga County Court of Common Pleas (the "**Receivership Court**").

6. The Motion specifically identifies the Receiver Claims as claims or causes of action related to any action taken by the Receiver "in his capacity as the receiver."

7. The Barton doctrine, *Barton v. Barbour*, 104 U.S. 126 (1881), requires that any plaintiff wishing to sue a court-appointed receiver for the actions taken while serving in that capacity must first acquire leave from the appointing court. Despite its age, the Barton doctrine has continued vitality in modern cases due to the important interests it protects.

8.  Neither the Debtor, nor any other party, has requested leave of the Receivership Court to bring an action against the Receiver. Such a request certainly would have provided detail as to the nature of any alleged claims, including any under 42 U.S.C. § 1983.

9.  Further, under Ohio state law, a receiver may only be held personally liable if he exceeds the authority granted to him by the receivership court. *Hartley v. Hartley*, 2004-Ohio-4956, ¶ 16, *citing INF Enterprise, Inc. v. Donnellon* (1999), 133 Ohio App.3d 787, 788, 729 N.E.2d 1221); *see also, Hummer v. Hummer*, 8th Dist. Cuyahoga No. 96132, 2011-Ohio-3767, ¶ 23, *citing Murphy v. Holbrook*, 20 Ohio St. 137, 142-143 (1870).

10.  Consequently, any successful claims brought against the Receiver acting within the scope of authority granted to him by the Receivership Court will be taxed against the receivership estate. Such a result would be to the detriment of the creditors of the Receivership Case, many of which, if not all, are also creditors of this Estate.

11.  The Trustee explicitly states in the Motion that to her "knowledge, the actions of the Receiver have been within the bounds of the applicable statutory law and the order appointing the Receiver, docketed November 21, 2017 in the Receivership Case." (Motion, ¶ 9). The Motion further states that "based upon the information made available to the Trustee, no act of the Receiver gives rise to a claim pursuant to 42 U.S.C. § 1983." *Id.*

12.  O.R.C. § 2735.04(c) specifically provides that "[a]ny funds that are expended by or on behalf of the receiver, including receivership fees, [and] fees for professionals assisting the receivership ... shall be taxed as court costs or otherwise treated as an administrative expense of the action." Pursuant to this statute, the mere defense of the Receiver Claims, regardless of their likelihood of success, diminishes the

value of the receivership estate in the Receivership Case. While the Debtor may have paid some portion of $40,000 for the Receiver Claims, there is significant risk that the cost to the same or similar pool of creditors will far exceed the value provided to this Estate.

13. Moreover, FNBPA requested the appointment of the Receiver. Under Ohio law, there may be scenarios where FNBPA is directly at risk for the Receiver's compensation if the expenses of the receivership were to exceed the assets of the receivership estate. See e.g. *Carr v. Acacia Country Club Co.*, 2012-Ohio-4723, ¶ 21.

14. The acrimony the Debtor holds toward the Receiver is not a mystery.

15. The Debtor's attempt to purchase the Receiver Claims appears to be an attempt to simply embroil the Receiver in prolonged litigation. This directly impacts FNBPA's recovery in the Receivership Case and poses a risk (albeit appearing small) to expose FNBPA to direct liability.

### The Masco Claims

16. The Motion defines the Masco Claims as "[a]ny and all claims or causes of action that the Estate may have against the Estate of John R. Masco arising from the assignment of that certain mortgage filed for record with the Geauga County, Ohio Recorder's Office on March 16, 2005 as Instrument No. 200500714047 to First National Bank of Pennsylvania pursuant to that certain assignment recorded with the Geauga County, Ohio Recorder's Office on January 8, 2018 as Instrument No. 201800937." (Motion, ¶ 4(d)).

17. Like the attempt to purchase the Receiver Claims, the only conceivable explanation to the Debtor's attempt to purchase the Masco Claims seems to be to create litigation involving actions taken by FNBPA prior to the initiation of this case.

18. Importantly, the Motion explicitly states that "[t]he Debtor asserts that the debt secured by the Water Street Mortgage has been **paid in full**. Accordingly, the Debtor takes the position that the Masco Estate should have **released** the Water Street Mortgage and lacked the authority to assign it to [FNBPA]…"

19. Regardless of the existence of any supporting evidence, if the Debtor's contention is true then FNBPA was the only party harmed by the assignment of the Water Street Mortgage from the Masco Estate.

20. As this Court is aware, this Debtor regularly attempted to create or acquire liens encumbering real property he or his affiliated entities owned. This historical practice by the Debtor to actively cloud title to real property caused FNBPA to purchase the Water Street Mortgage from the Masco Estate.

21. As the Trustee notes in the Motion, in addition to the Water Street Mortgage, there are unpaid real estate taxes, the mortgage liens of FNBPA and RBS Citizens N.A., plus countless judgment liens encumbering the Water Street Property. Additionally, the sale of the Water Street Property by the Receiver is currently pending before the Receivership Court.

22. Absent the Water Street Mortgage, FNBPA holds the first and best lien against both parcels associated with the Water Street Property. A true and correct copy of the title commitment submitted by the Receiver to the Receivership Court on January 31, 2020 is attached hereto as Exhibit 1.

23. If the Water Street Mortgage secured an obligation from the Debtor to the Masco Estate which was indeed satisfied, then FNBPA's mortgage lien is the first and best mortgage lien against the Water Street Property. (See Exhibit 1).

24. It is unimaginable to fashion a legal theory in this situation in which the Debtor suffered harm. Without a doubt, FNBPA appears to be the only party harmed.

25. On its face, the Debtor's attempt to purchase the Masco Claims appears to be an attempt by this Debtor to involve himself in relation to the only lien (other than real estate taxes) potentially superior to FNBPA's mortgage lien against the Water Street Property.

26. An attempt by the Debtor to attack the assignment of the Water Street Mortgage to FNBPA and to insert himself in this lien position against the Water Street Property will do nothing more than embroil FNBPA in further litigation with no likelihood of success for the Debtor. As with the Receiver Claims, should this occur the harm to FNBPA would far exceed the benefit conferred upon the Estate.

27. For the foregoing reasons, FNBPA states that the sale of the Receiver Claims and the sale of the Masco Claims to the Debtor do not maximize value for the Estate and the creditors.

Respectfully submitted,

/s/ *Nathaniel R. Sinn*
Matthew H. Matheney (0069974)
Nathaniel R. Sinn (0088467)
Heather E. Heberlein (0083828)
Buckingham, Doolittle & Burroughs, LLC
1375 E. 9th Street, Suite 1700
Cleveland, Ohio 44114
Telephone: (216) 621-5300
Facsimile: (216) 621-5440
Email: mmatheney@bdblaw.com
nsinn@bdblaw.com
hheberlein@bdblaw.com

COUNSEL FOR FIRST NATIONAL BANK OF PENNSYLVANIA

# **CERTIFICATE OF SERVICE**

I certify that on June 8, 2020, a copy of the foregoing was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers, on behalf of the Trustee, at prakers@vorys.com
- Gregory P. Amend, on behalf of First National Bank of Pennsylvania, at gamend@bdblaw.com
- Alison L. Archer, on behalf of Lakeland Community College, at alison.archer@ohioattorneygeneral.gov
- Richard M. Bain, on behalf of Zachary B. Burkons, at rbain@meyersroman.com
- Adam S. Baker, on behalf of Michael E. Osborne, Sr., at abakerlaw@sbcglobal.net
- Austin B. Barnes, III, on behalf of Tax Ease Ohio, LLC, at abarnes@sandhu-law.com
- Robert D. Barr, on behalf of Chicago Title Insurance Company, at rbarr@koehler.law
- Jeffrey W. Bieszczak, on behalf of the Trustee, at jwbieszczak@vorys.com
- David T. Brady, on behalf of Tax Ease Ohio, LLC, at DBrady@Sandhu-Law.com
- Carrie M. Brosius, on behalf of the Trustee, at cmbrosius@vorys.com
- Kari B. Coniglio, the Trustee, at kbconiglio@vorys.com
- LeAnn E. Covey, on behalf of Bank of America, N.A., at bknotice@clunkhoose.com
- Gregory M. Dennin, on behalf of the Debtor and himself, at greg@gmdlplaw.com
- Richard W. DiBella, on behalf of Nationwide Mutual Fire Insurance Company, at rdibella@dgmblaw.com
- Melody A. Dugic, on behalf of Home Savings Bank, Successor by Merger to The Home Savings & Loan Company of Youngstown, Ohio, at mgazda@hendersoncovington.com
- Douglas M. Eppler, on behalf of Osborne Farms, LLC fka Huron Lime Company, LLC, at deppler@walterhav.com
- Bryan J. Farkas, on behalf of the Trustee, at bjfarkas@vorys.com
- Scott D. Fink, on behalf of Erie Bank, a Division of CNB Bank s/b/m to Lake National Bank, at ecfndoh@weltman.com
- Stephen R. Franks, on behalf of Bank of America, N.A., at amps@manleydeas.com
- Stephen John Futterer, on behalf of City of Willoughby, at sjfutterer@sbcglobal.net
- Michael R. Hamed, on behalf of Gas Natural Inc., at mhamed@kushnerhamed.com

- Heather E. Heberlein, on behalf of First National Bank of Pennsylvania, at hheberlein@bdblaw.com
- Dennis J. Kaselak, on behalf of Diane M. Osborne, at dkaselak@peteribold.com
- Christopher J. Klym, on behalf of Ohio Department of Taxation, at bk@hhkwlaw.com
- Matthew H. Matheney, on behalf of First National Bank of Pennsylvania, at mmatheney@bdblaw.com
- Shannon M. McCormick, on behalf of Center Street School Condominiums and Coachhouses Unit Owners' Association, Inc., at bankruptcy@kamancus.com
- Michael J. Moran, on behalf of Diane M. Osborne, at mike@gibsonmoran.com
- Kelly Neal, on behalf of The Huntington National Bank, at kelly.neal@bipc.com
- David M. Neumann, on behalf of Zachary B. Burkons, at dneumann@meyersroman.com
- Timothy P. Palmer, on behalf of The Huntington National Bank, at timothy.palmer@bipc.com
- Drew T. Parobek, on behalf of the Trustee, at dtparobek@vorys.com
- Tricia L. Pycraft, on behalf of Rea & Associates, Inc., at tpycraft@ccj.com
- Kirk W. Roessler, on behalf of Estate of Jerome T. Osborne, Osborne Farms, LLC fka Huron Lime Company, LLC, and Huron River Properties, Inc., at kroessler@walterhav.com
- John J. Rutter, on behalf of Mentor Lumber & Supply Co., at jrutter@ralaw.com
- Frederic P. Schwieg, on behalf of the Debtor, at fschwieg@schwieglaw.com
- Shapero Green & Michel LLC, on behalf of the Trustee, at BGreen@ShaperoLaw.com
- Michael J. Sikora, III, on behalf of Chicago Title Insurance Company, at msikora@sikoralaw.com
- Nathaniel R. Sinn, on behalf of First National Bank of Pennsylvania, at nsinn@bdblaw.com
- Robin L. Stanley, on behalf of Diane M. Osborne, at rstanley@peteribold.com
- Rachel L. Steinlage, on behalf of Zachary B. Burkons, at rsteinlage@meyersroman.com
- Andrew M. Tomko, on behalf of Tax Ease Ohio, LLC, at atomko@sandhu-law.com
- Jeffrey C. Toole, on behalf of Zachary B. Burkons, at toole@buckleyking.com
- Michael S. Tucker, on behalf of Citizens Bank, N.A., at mtucker@ulmer.com
- Phyllis A. Ulrich, on behalf of The Huntington National Bank, at bankruptcy@carlisle-law.com
- Leslie E. Wargo, on behalf of the Debtor, the Trustee, and herself, at Leslie@Wargo-Law.com
- Elia O. Woyt, on behalf of the Trustee, at eowoyt@vorys.com

- Maria D. Giannirakis, on behalf of the United States Trustee, at maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn, on behalf of the United States Trustee, at Scott.R.Belhorn@usdoj.gov

*/s/ Nathaniel R. Sinn*
Nathaniel R. Sinn (0088467)