IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## NOTICE OF (I) BIDDING PROCEDURES RELATED TO THE SALE OF SPECIFIC REAL PROPERTY, AND (II) SCHEDULING OF AUCTION

**PLEASE TAKE NOTICE** that upon the motion (the "Motion") of Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), the Court has entered an order (the "Order") authorizing and approving the sale of approximately 421.82 acres of land in Warren County, Pennsylvania, commonly known as 225 and 1547 Swede Road and 2359 Campbell Hill Road, Tidioute, Pennsylvania 16351 (the "PA Compound"), free and clear of all liens, claims, and encumbrances, to the party or parties that submit the highest and best competitive bid(s) approved by the Court;

**PLEASE TAKE FURTHER NOTICE** that the competitive bidding process is a published reserve auction, subject to a published reserve price/minimum bid of $1,000,000.00 and the terms and conditions set forth in the Bidding Procedures (as defined below);

**PLEASE TAKE FURTHER NOTICE** that the PA Compound is being sold by parcel or whole entirety. Whichever method realizes the highest price to the Trustee will be final, voiding all other offers.

**PLEASE TAKE FURTHER NOTICE** that upon the Motion, the Court has also approved the bidding, auction, and other procedures relating to the sale of the PA Compound;

**PLEASE TAKE FURTHER NOTICE** that an Auction (as described below) for the sale of the PA Compound will be conducted on **July 25, 2020 at 11:00AM**, with registration starting at 10:00AM, at 225 Swede Road, Tidioute, Pennsylvania 16351 in the East Airplane Hangar; and

**PLEASE TAKE FURTHER NOTICE** that the Winning Bidder (as defined below) will be required to close the sale within thirty-five (35) days after the Winning Bidder is identified, unless such date is extended by agreement of the parties.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, persons desiring to purchase the PA Compound must comply with the following bidding and other procedures respecting the sale (the "Bidding Procedures"):

# BIDDING PROCEDURES

## I. BACKGROUND

Set forth below are the bidding procedures (the "Bidding Procedures") to govern the sale of approximately 421.82 acres of land in Warren County, Pennsylvania, commonly known as 225 and 1547 Swede Road and Campbell Hill Road, Tidioute, Pennsylvania 16351 (the "PA Compound") in connection with the bankruptcy case of Richard M. Osborne (the "Debtor"), Case No. 17-17361, in the United States Bankruptcy Court for the Northern District of Ohio (the "Court"). The PA Compound comprises the following properties:

A. "Parcel A": 1547 Swede Road, Parcel No. TD-001-842000-000.

B. "Parcel B": 2359 Campbell Hill Road, Parcel No. TD-001-835100-000.

C. "Parcel C": 225 Swede Road, Parcel Nos. TD-001-852000-000, TD-001-828000-000, TD-001-862100-000, TD-001-862100-001, TD-001-862200-000, TD-001-944000-000, and TD-001-947720-000.

By order of the Court (the "Order"), these Bidding Procedures have been approved and are applicable to all Qualified Bidders (as defined below), in connection with the sale of the PA Compound free and clear of all liens, claims, and encumbrances.

## II. AS IS, WHERE IS

The sale of the PA Compound will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Trustee or her agents, except to the extent set forth in the Agreement (as defined below). Except as otherwise provided in the Agreement, all of the Debtor's rights, title, and interest in and to the PA Compound will be sold free and clear of all liens, claims, and encumbrances (collectively, the "Liens"). The Liens will attach to the net proceeds of the sale of the PA Compound, in the order of their priority, with the same validity, force, and effect which they now have against the PA Compound, subject to any claims, objections and defenses any party may possess with respect thereto.

## III. TRANSACTIONAL TERMS

Any sale of the PA Compound to a Bidder will be made on the same or substantially similar terms to those set forth in the Residential Real Estate Purchase and Sale Agreement (the "Agreement"), attached hereto as **Exhibit A**.

No party with an asserted lien, claim, or other interest in the PA Compound shall have a credit bid right to offset at closing.

## IV. MARKETING

AWS Commercial, LLC dba Colliers International and Mark Abood (collectively, the "Auctioneer") shall prepare marketing materials with limited information for mass distribution. The Auctioneer will handle all property inquiries, and shall conduct two or three open houses

2

17-17361-aih    Doc 918    FILED 06/24/20    ENTERED 06/24/20 14:19:38    Page 2 of 9

that will provide parties an opportunity to inspect the PA Compound under the supervision of the Auctioneer and its agents and personnel.

### V. INTERESTED PARTIES

An "Interested Party" is any person who obtains from the Auctioneer a due diligence package (the "Due Diligence Package"). The Due Diligence Package shall contain information pertaining to the PA Compound.

The Trustee has not provided any of the information regarding the PA Compound or the Debtor that is to be provided in the Due Diligence Package. No representation is made by the Trustee regarding the information provided in the Due Diligence Package or in connection with these Bidding Procedures. All Interested Parties are encouraged to perform their own due diligence and consult their own advisors regarding such information.

### VI. AUCTION

The auction will be conducted on **July 25, 2020 at 11:00AM**, with registration starting at 10:00AM, in the East Airplane Hangar at 225 Swede Road, Tidioute, Pennsylvania 16351 (the "Auction"). The Auction is a published reserve auction, subject to a published reserve price/minimum bid of $1,000,000.00 (the "Reserve Price") and the terms and conditions set forth in these Bidding Procedures.

Parcels A, B, and C are being sold by parcel or whole entirety. Whichever method realizes the highest price to the Trustee will be final, voiding all other offers.

### VII. QUALIFIED BIDDER

Only a Qualified Bidder (as defined below) may bid to purchase the PA Compound. A "Qualified Bidder") is an Interested Party who provides the following items to the Auctioneer at the Auction:

A. Valid, state-issued identification.

B. Presentation of a certified or cashier's check in the amount of not less than $25,000.00 for Parcels A or B, and $100,000.00 for Parcel C or the entirety.

C. A signed document (the "Representations") containing the following:

1. Representation that the Interested Party has received, reviewed, and understands the Agreement, the Terms of Sale attached hereto in substantial form as **Exhibit B**, and the Due Diligence Package, and that the Interested Party or its agent has inspected the PA Compound.

2. Representation that the Interested Party has the requisite internal authorizations and approvals necessary to consummate the sale without the necessity of obtaining the consent of any other person or entity.

3

3. Representation that the Interested Party is capable of closing if it is the Winning Bidder (as defined below).

4. Representation that if the Interested Party is selected as (a) the Winning Bidder (as defined below), then the bid will remain open and irrevocable until the closing of the sale of the PA Compound; or (b) the Backup Bidder (as defined below), then (i) the bid will remain open and irrevocable until the closing of the sale of the PA Compound to the Winning Bidder, and (ii) should the sale of the PA Compound to the Winning Bidder fail to close for any reason, the Backup Bidder will close on the sale within five (5) business days of receipt of written notice from the Auctioneer that the sale of the PA Compound failed to close with the Winning Bidder, or on a date that is extended by agreement of the parties.

5. Identification of all the Interested Party's connections, if any, to the Debtor or his related entities, a list of which is attached hereto as **Exhibit C**, any attorney or accountant of the Debtor or his related entities, the United States Trustee, or any person employed in the office of the United States Trustee.

## VIII. AUCTION PROCEDURES

The Trustee will conduct the Auction in the manner she determines will result in the highest, best, or otherwise financially superior offer for the PA Compound. In conducting the Auction, the following procedures (collectively, the "Auction Procedures") shall apply:

A. Parcels A, B, and C will be auctioned first, with the high bids for each parcel being held. Once all the parcels have received bids, the total of held parcel bids will be added up together. The PA Compound will then be offered in its entirety. In order to break the total of held parcel bids, the entirety bid must exceed the total of held parcel bids by an amount in the Auctioneer's sole discretion. The entirety bid will then be held. The parcel bidders will then be asked if they wish to raise their earlier held parcel bids by an amount in the Auctioneer's sole discretion. The new held parcel bids will then be added up together. The property will be auctioned in this fashion until all bidding has terminated in the Auctioneer's sole discretion.

B. All bids at the Auction shall be made and received in one room on an open basis. All Qualified Bidders shall be entitled to be present for all bidding with the understanding that the true identity of each such Qualified Bidder and the bid amount will be fully disclosed to all other Qualified Bidders throughout the entire Auction.

C. Mobile bidding is permitted. Qualified Bidders must meet certain criteria in order to be qualified to bid via this platform, including depositing earnest money with Madison Title (as defined below) in advance, and signing the Agreement and Representations.

D. The Qualified Bidder with the highest and best final bid at the close of the Auction (the "Successful Bid"), as determined by the Auctioneer, shall be the "Winning Bidder." The Qualified Bidder having the next highest bid below the Successful Bid of the Winning Bidder (the "Cover Bid"), as determined by the Auctioneer, shall be the "Backup Bidder." The Successful Bid shall remain open, irrevocable, and binding on the Winning Bidder until the closing of the sale of the PA Compound subject to such Bid. The Cover Bid shall remain open, irrevocable, and binding on the Backup Bidder until the closing of the sale of the PA Compound to the Winning Bidder.

E. The Auctioneer shall provide notice of the identities of the Winning Bidder and the Backup Bidder at the conclusion of the Auction.

F. No sale shall occur until the Auctioneer announces that the PA Compound, in whole or part, has been sold. In the event that the Reserve Price is not met, in whole or part, the highest bids will be considered an offer to purchase the PA Compound.

G. The "Total Purchase Price" equals the Successful Bid plus a buyer's premium in an amount equal to eight percent (8%) of the Successful Bid (the "Buyer's Premium").

H. The Winning Bidder and Backup Bidder shall immediately tender to the Auctioneer a certified or cashier's check in the amount of not less than $25,000.00 in the instance of a Successful Bid on Parcels A or B, and $100,000.00 in the instance of a Successful Bid on Parcel C or the entirety (the "Deposit"). The Winning Bidder is required to increase its Deposit to ten percent (10%) of the Total Purchase Price via wire transfer within five (5) days of the Auction. The Deposits will be held in escrow by Madison Title Agency, LLC ("Madison Title").

I. The Winning Bidder will forfeit its Deposit if (1) attempts to modify or withdraw the Successful Bid without the Trustee's consent before the consummation of the sale contemplated by the Agreement, or (2) breaches the Agreement. The Backup Bidder will forfeit its Deposit if it (1) attempts to modify or withdraw the Cover Bid prior to the closing of the sale of the PA Compound to the Winning Bidder, (2) refuses to close following notice from the Auctioneer that the closing has not occurred with the Winning Bidder, or (3) if applicable, breaches the Agreement. Failure to close may also result in the Winning Bidder or, if applicable, Backup Bidder being held in contempt of court.

The Trustee and the Auctioneer may adopt such other Auction Procedures that, in their reasonable judgment, will best promote the goal of a fair and competitive bidding process consistent with these Bidding Procedures, the Order, and any other applicable Court orders. In formulating and instituting such other Auction Procedures, if any, such additional Auction Procedures must be fair and open, with no participating Qualified Bidder disadvantaged in any material way as compared to any other Qualified Bidder.

### IX. CLOSING OF SALE

The Winning Bidder (or, if applicable, the Backup Bidder) and the Trustee shall close the transaction contemplated by the Agreement no later than thirty-five (35) days following identification of the Winning Bidder, unless such date is extended by agreement of the parties. Upon the completion of the sale to the Winning Bidder, the Auctioneer will instruct Madison Title to return the Backup Bidder's Deposit to the Backup Bidder.

### X. DISTRIBUTION OF SALE PROCEEDS

Following the closing of the sale of the PA Compound, Madison Title shall immediately distribute from the proceeds the Buyer's Premium to the Auctioneer. The Total Purchase Price less the Buyer's Premium (the "Sale Proceeds") shall be distributed (1) to pay any and all accrued real estate taxes and assessments; (2) to pay any and all closing costs customarily assigned to a seller in a real estate transaction; and (3) to reimburse Madison Title for the cost of title work performed in relation to the sale. Madison Title shall then distribute the remaining Sale Proceeds (the "Net Sale Proceeds") to the Trustee, who will maintain the remaining Net Sale Proceeds in a segregated bank account. The Trustee reserves all rights to seek Court approval to surcharge costs and expenses associated with the sale, including attorneys' fees, against the Net Sale Proceeds ("Reserved Surcharge Amounts"), and may use the Net Sale Proceeds to reimburse the Auctioneer for out-of-pocket marketing expenses not to exceed $15,000.00 that have been approved through an application and order of the Court ("Marketing Expenses"). All liens and interests will attach to the Net Sale Proceeds less Reserved Surcharge Amounts and Marketing Expenses in the same order and priority as existed immediately prior to the sale, with such proceeds to be held by the Trustee in a segregated bank account pending a resolution of the validity and priority of such liens and interests.

### XI. SALE REPORT

No later than thirty (30) days after the sale closes, the Trustee will file a sale report with the Court identifying, at a minimum, the Winning Bidder, the Sale Proceeds, an accounting of the Sale Proceeds, and any other information required under title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, or any order of the Court.

### XII. MISCELLANEOUS

A party's participation in the sale process outlined herein shall constitute (A) consent by such party to be subject to the jurisdiction of the Court, for all purposes, in connection with any and all matters relating to the sale of the PA Compound and these Bidding Procedures; and (B) the party's acknowledgement of its review, understanding, and acceptance of all of the Bidding Procedures outlined herein.

Respectfully submitted,

*/s/ Patrick R. Akers*
Drew T. Parobek (0016785)
Elia O. Woyt (0074109)
Carrie M. Brosius (0075484)
Patrick R. Akers (0095985)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
dtparobek@vorys.com
eowoyt@vorys.com
cmbrosius@vorys.com
prakers@vorys.com

*Counsel to the Trustee*

**CERTIFICATE OF SERVICE**

I certify that on June 24, 2020, a copy of the foregoing *Notice of (I) Bidding Procedures Related to the Sale of Specific Real Property, and (II) Scheduling of Auction* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers, prakers@vorys.com
- Gregory P. Amend, gamend@bdblaw.com
- Alison L. Archer, alison.archer@ohioattorneygeneral.gov
- Richard M. Bain, rbain@meyersroman.com
- Adam S. Baker, abakerlaw@sbcglobal.net,
- Austin B. Barnes, III, abarnes@sandhu-law.com
- Robert D. Barr, rbarr@koehler.law
- David T. Brady, DBrady@Sandhu-Law.com
- Carrie M. Brosius, cmbrosius@vorys.com
- Kari B. Coniglio, kbconiglio@vorys.com
- LeAnn E. Covey, bknotice@clunkhoose.com
- Gregory M. Dennin, greg@gmdlplaw.com
- Richard W. DiBella, rdibella@dgmblaw.com
- Bryan J. Farkas, bjfarkas@vorys.com
- Stephen R. Franks, amps@manleydeas.com
- Stephen John Futterer, sjfutterer@sbcglobal.net
- Melody Dugic Gazda, mgazda@hendersoncovington.com
- Michael R. Hamed, mhamed@kushnerhamed.com
- Heather E. Heberlein, hheberlein@bdblaw.com
- Dennis J. Kaselak, dkaselak@peteribold.com
- Christopher J. Klym, bk@hhkwlaw.com
- Matthew H. Matheney, mmatheney@bdblaw.com
- Shannon M. McCormick, bankruptcy@kamancus.com
- Kelly Neal, kelly.neal@bipc.com
- David M. Neumann, dneumann@meyersroman.com
- Timothy P. Palmer, timothy.palmer@bipc.com
- Drew T. Parobek, dtparobek@vorys.com
- Tricia L. Pycraft, tpycraft@ccj.com
- Kirk W. Roessler, kroessler@walterhav.com
- John J. Rutter, jrutter@ralaw.com
- Frederic P. Schwieg, fschwieg@schwieglaw.com
- Michael J. Sikora, III, msikora@sikoralaw.com
- Nathaniel R. Sinn, nsinn@bdblaw.com
- Rachel L. Steinlage, rsteinlage@meyersroman.com

- Andrew M. Tomko, atomko@sandhu-law.com
- Jeffrey C. Toole, toole@buckleyking.com
- Michael S. Tucker, mtucker@ulmer.com
- Phyllis A. Ulrich, bankruptcy@carlisle-law.com
- Leslie E. Wargo, Leslie@Wargo-Law.com
- Elia O. Woyt, eowoyt@vorys.com
- Maria D. Giannirakis, maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn, Scott.R.Belhorn@usdoj.gov

And by regular U.S. mail on the following:

Osair, Inc.
c/o Richard M. Osborne, Statutory Agent
7001 Center Street
Mentor, OH 44060

Rigrtona Holding Company, LLC
c/o Richard M. Osborne, Statutory Agent
7001 Center Street rear door
Mentor, OH 44060

Jeffrey M. Levinson
LEVINSON LLP
55 Public Square, Suite 1750
Cleveland, Ohio 44113

Joseph T. Svete
Svete & McGee Co. L.P.A.
401 South Street, Building 1A
Chardon, Ohio 44024

Timothy R. Bevevino
SWANSON, BEVEVINO AND SHARP, P.C.
311 Market Street
Warren, Pennsylvania 16365

Mark Abood
Colliers International
200 Public Square, Suite 1200
Cleveland, Ohio 44114

    */s/ Patrick R. Akers*
    Patrick R. Akers (0095985)

    *Counsel to the Trustee*