**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, SR., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge ARTHUR I. HARRIS |

## TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE

Kari B. Coniglio (the "Trustee" or "Plaintiff"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), seeks approval to compromise claims between and among the Trustee and Takedown Concrete, LLC ("Defendant") related to the dispute in the related adversary proceeding captioned as *Kari B. Coniglio, Chapter 7 Trustee of the Estate of Richard M. Osborne, Sr. v. Takedown Concrete, LLC*, Ad. Pro. No. 20-01060 (the "Adversary Proceeding"). In support of this Motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief requested is Bankruptcy Rule 9019.

## FACTUAL BACKGROUND

4. Trustee filed a Complaint against the Defendant on July 2, 2020, seeking to avoid certain transfers, totaling $54,283.83.

5. On August 14, 2020, Defendant filed its Answer asserting denials and affirmative defenses to the Complaint. Thereafter the Defendant provided the Trustee with informal discovery supporting the asserted defenses.

6.     In order to avoid the uncertainty and expense of litigation, the Trustee and Defendant have reached an agreement in principal to compromise, settle, and resolve all disputes between them.

7.     Accordingly, the Trustee and Defendant executed a Settlement Agreement and Mutual Release (the "Settlement Agreement").

8.     Under the terms of the Settlement Agreement, Defendant has agreed to pay the total sum of $4,000.00 (the "Settlement Amount") to the Trustee in exchange for the mutual release of all claims by the Trustee and the Defendant in the above captioned case.

9.     Defendant's counsel represented to the Trustee's counsel that the Defendant assented to the terms of the Settlement Agreement by signing and mailing the Settlement Agreement to him on January 7, 2021. *See* Email attached hereto as **Exhibit A**.

10.    Upon information and belief, as of the filing of this Motion, the Settlement Agreement has not been delivered to Defendant's counsel and it is likely that it has been lost in the mail.

11.    Thus, while the executed Settlement Agreement has likely been lost in the mail, the Trustee and Defendant have entered into a binding agreement to compromise, settle, and resolve all disputes between them as outlined above.

## LEGAL DISCUSSION

### Standard of Review

12.    Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises or settlements as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

2

13.     A bankruptcy court has "an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988). *See also In re Horvath*, No. 13-34137, 2015 Bankr. LEXIS 654, at *27 (N.D. Ohio Mar. 3, 2015) (quoting *Protective Committee for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968)).

14.     A trustee has the burden of persuading a court that a compromise is fair and equitable, and thus be approved. *Horvath*, 2015 Bankr. LEXIS 654, at *29 (citation omitted).

15.     Courts consider the following factors when determining whether a compromise or settlement is fair and equitable:

(1)     the probability of success in litigation;
(2)     the difficulties, if any, to be encountered in collecting any judgments that might be rendered;
(3)     the complexity of the litigation involved, as well as the expense, inconvenience and delay necessarily attendant to the litigation; and
(4)     the paramount interests of creditors with proper deference to their reasonable views.

*McGraw v. Yelverton (In re Bell & Beckwith)*, 87 B.R. 476, 478 (N.D. Ohio 1988) (citation omitted).

16.     In considering these factors, a court "does not resolve disputed factual and legal issues, nor should it substitute its judgment for that of the trustee," but it should "canvass the issues and determine whether the proposed settlement "'falls below the lowest point in the range of reasonableness.'" *Horvath*, 2015 Bankr. LEXIS 654, at *28–29 (quoting *McGraw*, 87 B.R. at 478–79; *In re Nicole Gas Prod., Ltd.*, 518 B.R. 429, 441 (Bankr. S.D. Ohio 2014)). In other words, a court must inquire whether the compromise is in the best interest of the estate. *McGraw*, 87 B.R. at 478.

**Application**

Probability of Success in Litigation

17.     This factor weighs in favor of approval of the Settlement Agreement. The Trustee recognizes challenges to prevailing upon this case. The Trustee must overcome the Defendant's denials, and additionally must defeat the Defendant's affirmative defenses. After review of documentary evidence produced in discovery, the Trustee is persuaded that these challenges would be significant in this case.

Difficulty in Collecting Judgment

18.     This factor weighs heavily in favor of approval of the Settlement Agreement. In this case, in addition to the potential for administrative expenses relating to fact discovery and legal briefing and arguing to be extensive the Defendant has provided the Trustee with certain financial information which leads the Trustee to believe that the Defendant holds very few non-exempt assets that could be collected upon, absent the Settlement Agreement.

Complexity, Expense, and Inconvenience of Litigation

19.     This factor strongly weighs in favor of approval of the Settlement Agreement. Absent a settlement, the Trustee could expend significant time and expense in fact discovery relating to the alleged and disputed interests of the parties in the Transfers. Likewise, the Trustee would incur significant time and expense in moving for, and likely defending against, summary judgment. Therefore, the expense and delay of this case support approval of the Settlement Agreement.

Interests of Creditors

20.     This factor weighs heavily in favor of approval of the Settlement Agreement. Here, the compromise will avoid both the time and administrative expenses. If the Settlement Agreement

4

is not approved, there is a significant likelihood that the Debtor's estate will incur substantial administrative expenses and recover nothing. The creditors of the estate will be benefited by the compromise.

21.     For the foregoing reasons, the Trustee requests that the Court enter an order approving this compromise as set forth in this Motion and order that the Settlement Agreement is binding and enforceable between the Trustee and Defendant.

Respectfully submitted,

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel (0062171)
Carrie M. Brosius (0075484)
Karey E. Werner (0095685)
Matthew D. Fazekas (0099693)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
mcduhamel@vorys.com
cmbrosius@voyrs.com
kewerner@vorys.com
mdfazekas@vorys.com

*Counsel to the Trustee*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on February 1, 2021, a true and correct copy of Trustee's Motion for Approval of Compromise was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers    prakers@vorys.com
- Gregory P. Amend    gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer    alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain    rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker    abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes    abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr    rbarr@koehler.law, syackly@koehler.law
- Jeffrey W. Bieszczak    jwbieszczak@vorys.com
- David T. Brady    DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius    cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio    kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey    bknotice@clunkhoose.com
- Richard W. DiBella    rdibella@dgmblaw.com
- Melody A. Dugic    mgazda@hendersoncovington.com
- Marcel C. Duhamel    mcduhamel@vorys.com, mdwalkuski@vorys.com
- Douglas M. Eppler    deppler@walterhav.com
- Bryan J. Farkas    bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com
- Matthew D. Fazekas    mdfazekas@vorys.com
- Scott D. Fink    ecfndoh@weltman.com
- Glenn E. Forbes    bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com
- Stephen R. Franks    amps@manleydeas.com
- Stephen John Futterer    sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Marc P. Gertz    mpgertz@gertzrosen.com, dmichna@gertzrosen.com
- Michael R. Hamed    mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein    hheberlein@porterwright.com, mvitou@porterwright.com
- Dennis J. Kaselak    dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym    bk@hhkwlaw.com
- Jerry R. Krzys    jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Jeffrey M. Levinson    jml@jml-legal.com
- Matthew H. Matheney    mmatheney@porterwright.com, cpeskar@porterwright.com
- Shannon M. McCormick    bankruptcy@kamancus.com

- Michael J. Moran    mike@gibsonmoran.com,
  moranecf@gmail.com;r55982@notify.bestcase.com
- Heather L. Moseman    heather@mosemanlaw.com
- Kelly Neal    kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann    dneumann@meyersroman.com,
  jray@meyersroman.com;mnowak@meyersroman.com
- Timothy P. Palmer    timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek    dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft    tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler    kroessler@walterhav.com,
  kballa@walterhav.com;slasalvia@walterhav.com;deppler@walterhav.com
- John J. Rutter    jrutter@ralaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Michael J. Sikora    msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn    nsinn@porterwright.com, cpeskar@porterwright.com
- Robin L. Stanley    rstanley@peteribold.com,
  Sonya@peteribold.com;Cynthia@peteribold.com;5478@notices.nextchapterbk.com
- Rachel L. Steinlage    rsteinlage@meyersroman.com,
  jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas    rthomas@hendersoncovington.com,
  mgazda@hendersoncovington.com
- Stephen G. Thomas    steve@sgtlaw.net, kim@sgtlaw.net
- Andrew M. Tomko    atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole    jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Michael S. Tucker    mtucker@ulmer.com
- Phyllis A. Ulrich    bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo    Leslie@Wargo-Law.com
- Karey Werner    kewerner@vorys.com
- Elia O. Woyt    eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06    maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov

and to the following via regular U.S. mail on February 1, 2021:

Takedown Concrete, LLC
c/o James Gridiron, Jr., Statutory Agent
530 Malvern Drive
Painesville, OH 44077

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel (0062171)