IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD M. OSBORNE,<br><br>Debtor. | Case No. 17-17361<br><br>Chapter 7<br><br>Judge: Arthur I. Harris |

### *EX PARTE* MOTION OF LEGACY RIDGE PA LLC
### FOR EXAMINATION PURSUANT TO FEDERAL RULE OF
### BANKRUPTCY PROCEDURE 2004

Legacy Ridge PA LLC ("Legacy Ridge"), by and through its counsel, hereby seeks entry of an order (the "Motion") requiring debtor Richard M. Osborne ("Debtor") to produce and make available for inspection and copying certain documents as more fully described in the order attached hereto within fourteen (14) days after service of a subpoena. Legacy Ridge further seeks authorization from the Court to issue subpoenas with respect thereto. In support hereof, Legacy Ridge respectfully states the following:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtor's Chapter 11 case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409. Rule 2004 of the Federal Rules of Bankruptcy Procedure provides the predicate for the relief sought herein.

### BACKGROUND

2. On December 17, 2017 (the "Petition Date"), Debtor filed for relief under Chapter 11 of the Bankruptcy Code.

3. On July 3, 2019, Debtor's case was converted to one under Chapter 7 of the Bankruptcy Code.

4. Kari B. Coniglio is the duly appointed Chapter 7 Trustee in this case ("Trustee").

5. On March 24, 2020, the Trustee filed her Motion for Entry of Order (I) Authorizing and Approving Sale of Specific Real Property Free and Clear of Liens, Claims and Encumbrances, (II) Approving Biddings Procedures for the Sale of Specific Real Property, and (III) Approving Form and Manner of Notice [Dkt. No. 851] ("Sale Motion") seeking authority to sell certain real property, including approximately 421.82 acres of land in Warren County, Pennsylvania, commonly known as 225 Swede Road, Tidioute, Pennsylvania 16351 (the "PA Compound").

6. On April 23, 2020, the Court granted the Sale Motion [Dkt. No. 878].

7. On August 31, 2020, the PA Compound was sold at public auction for the net sum of $1,694,824.39 to Legacy Ridge.

8. On September 21, 2020, the Trustee reported the sale of the PA Compound to the Court. *See* Dkt. No. 983.

9. Legacy Ridge purchased the PA Compound, which contained certain natural gas wells on the property.

10. Upon information and belief, the gas wells are owned by Tatonka Oil Company, LLC ("Tatonka").

11. Upon information and belief, Debtor is the 100% owner of Tatonka.

12. Legacy Ridge possesses an interest in purchasing the Debtor's equity interests in Tatonka through this bankruptcy.

13. As part of its due diligence in seeking to acquire those equity interests, Legacy Ridge seeks additional information and documentation related to the Debtor's interest in Tatonka.

14. The information sought through this Motion has been previously provided to the Trustee, subject to the Amended Stipulated Protective Order filed in this case on September 2, 2020 [Dkt. No. 947] ("Protective Order").

15. Legacy Ridge agrees to be bound by the terms of the Protective Order to the extent the Court grants this Motion.

## LAW AND ANALYSIS

16. Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Under Rule 2004, a party in interest may seek both documents and oral discovery related to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b), (c).

17. The scope of permissible discovery under Bankruptcy Rule 2004 is necessarily broad, encompassing "[t]he examination of witnesses having knowledge of the debtor's acts, conduct, liabilities, assets, etc. . . . and the inquiry may cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Gray*, 447 B.R. 524, 532 (E.D. Mich. 2011) (internal citations and quotations omitted); *see also Bank One, Columbus, N.A. v. Hammond* (*In re Hammond*), 140 B.R. 197, 201 (S.D. Ohio 1992).

18. A party in interest is entitled to conduct a 2004 examination if good cause exists to do so—i.e., if such examination is "reasonably necessary for the protection of its legitimate interests," and is not to abuse or harass the examinee. *Hammond*, 140 B.R. at 201.

19. As the purchaser of the PA Compound and a party seeking to acquire the Debtor's equity interests in Tatonka, Legacy Ridge is a party in interest. *See Valucci v. Glickman,*

3

*Berkovitz, Levinson & Weiner (In re Glickman, Berkovitz, Levinson & Weiner)*, 204 B.R. 450, 453 (E.D. Pa. 1997) (holding that purchaser of debtor's accounts receivable and WIP was a party in interest under 11 U.S.C. 1109(b)); 11 U.S.C. § 1109(b).

20. Based on these facts, good cause exists to grant Legacy Ridge's Motion. Legacy Ridge requires additional information regarding an asset of the Debtor's bankruptcy estate that is subject to liquidation. Information obtained through a Rule 2004 examination will allow Legacy Ridge to better understand the value of that estate asset, which will benefit all creditors through its sale.

## EX PARTE RELIEF TO MOVE FORWARD EXPEDITIOUSLY

21. Despite the fact that most interested parties will receive notice of this Motion via ECF, Legacy Ridge seeks relief on an *ex parte* basis to move forward expeditiously and submits that no notice is required for the relief requested herein. A motion for a Rule 2004 examination may be considered *ex parte* or after notice. *See In re Hickman*, 151 B.R. 125, 128 (Bankr. N. D. Ohio 1993); *see also In re Symington*, 209 B.R. 678, 684 (Bankr. D. Md 1997) ("While the Rule 2004 examination is normally authorized by the bankruptcy court without advance notice, this does not deprive the prospective deponent of the right to object after the motion is granted or to file a motion for protective order.").

## NO PRIOR REQUEST

22. No prior request for the relief sought herein has been made to this or any other court.

WHEREFORE, Legacy Ridge respectfully requests this Court enter an order substantially in the form attached hereto and uploaded with this Court simultaneously herewith: (i) compelling the production of documents set forth on the attached order, and (ii) granting such other and further relief as this Court deems just and proper.

Date: February 19, 2021
Cleveland, Ohio

Respectfully submitted,

**THOMPSON HINE LLP**

*/s/ Scott B. Lepene*
Scott B. Lepene (0076763)
3900 Key Center/127 Public Square
Cleveland, OH 44114
Phone: 216.566.5936
*Scott. Lepene@ThompsonHine.com*

*Counsel for Legacy Ridge PA LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 17-17361 |
| RICHARD M. OSBORNE, | Chapter 7 |
| Debtor. | Judge: Arthur I. Harris |

**[PROPOSED] ORDER GRANTING *EX PARTE* MOTION
OF LEGACY RIDGE PA LLC FOR EXAMINATION PURSUANT TO FEDERAL
RULE OF BANKRUPTCY PROCEDURE 2004**

Upon the motion (the "Motion") of Legacy Ridge PA LLC ("Legacy Ridge") seeking entry of an order compelling Debtor Richard M. Osborne (the "Debtor") to produce and make available for inspection and copying certain documents as more fully described in the form of Exhibit A attached hereto within fourteen (14) days after service of a subpoena; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY[1]

---

[1] Any capitalized term not defined herein shall have the meaning ascribed to it in the Motion.

**ORDERED,** that the Motion is GRANTED in its entirety; and it is further

**ORDERED,** that Legacy Ridge is authorized to issue subpoenas to the Debtor compelling the production of documents; and it is further

**ORDERED,** that within 14 days after service of a subpoena, Debtor shall produce to counsel for Legacy Ridge the documents requested in the form of document request in **Exhibit A** attached hereto; and it is further

**ORDERED,** that this Order is without prejudice to the rights of Legacy Ridge or other parties in interest to apply for further discovery of any other material witness or document.

**IT IS SO ORDERED.**

###

Submitted By:

**THOMPSON HINE LLP**

*/s/ Scott B. Lepene*
Scott B. Lepene (0076763)
3900 Key Center/127 Public Square
Cleveland, OH 44114
Phone: 216.566.5936
*Scott. Lepene@ThompsonHine.com*

*Counsel for Legacy Ridge PA LLC*

# **EXHIBIT A**

## Instructions

A.　　You are required, in responding to these requests, to provide, obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants or attorneys, to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents, servants or attorneys.

B.　　Each request which seeks information relating in any way to communications to, from or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

C.　　Each request should be responded to separately. However, a document which is the response to more than one request, if the relevant portion is marked or indexed, may be produced and referred to in a later response.

D.　　If you object to part of any request, respond to the remainder of the request.

E.　　If you claim attorney-client privilege or work product immunity with respect to any Communication, Document or Thing, you are requested to state the date of such Communication, Document or Thing, describe its general nature (*e.g.*, letter, memorandum, photograph, computer printout, etc.) and subject matter, and specify:

  1.　　the author or originator of the Communication, Document or Thing;

  2.　　each person indicated as an addressee or copy recipient, or known by you to have received a copy of the Communication, Document or Thing;

  3.　　the present custodian of each copy of the Communication, Document or Thing

4. the alleged ground or grounds of the claimed privilege or immunity; and

5. sufficient particulars to evaluate the claim of privilege or immunity.

F. Each request refers to all information that is either known by the parties or that can be located or discovered by reasonably diligent efforts of the parties.

G. Any documents produced in response to these requests shall include all attachments and enclosures.

H. Any documents requested for production include those in the possession, custody or control of the Debtor, his agents, representatives or attorneys.

I. If the original of any Communication, Document or Thing that refers to or relates to the subject matter of these Document Requests has been destroyed or lost, set forth the substance of such Communication, Document or Thing; the location of each copy of such Communication, Document or Thing; the date such Communication, Document or Thing was destroyed or lost, the procedures and authority under which it was destroyed, and identify the last known custodian of such Communication, Document or Thing prior to its destruction.

J. Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

K. Unless otherwise indicated, each request is to be construed as encompassing all information which pertains to the stated subject matter and to events which transpired during the "relevant time period," as that term is defined below.

L. Unless otherwise specified the Document Requests made herein relate to any time between January 1, 2016 and the present time.

## **DEFINITIONS**

1. "Bankruptcy", "Bankruptcy Case", and "this Case" refers to Debtor's Chapter 7 bankruptcy proceeding, in the United States Bankruptcy Court for the Northern District of Ohio, No. 17-17361.

2. "Bankruptcy Code" means Title 11 of the United States Code.

3. "Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of Ohio.

4. "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure.

5. "Claim" has the meaning given such term in section 101(5) of the Bankruptcy Code and means a demand or assertion, whether oral or written, formal or information, by any person for monetary payment, the undertaking of action, or the cessation of action.

6. The terms "relating to," "relates to," "related to," "with respect to," or "relate to" is used in the broadest sense and includes, without limitation, all documents addressed to, concerning, regarding, about, evidencing, constituting, with respect to, referring to, alluding to, responding to, connected with, or commenting on the particular subject matter or issue identified in the Document Request.

7. "Communication" shall mean any conversation or other oral and electronic contact, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted or transferred, whether or not subsequently recorded in a Document. It includes, but is not limited to, meetings, telephone conversations, electronic mail (e-mail), test messages, discussions, reports, executive summaries, briefings and oral requests for information.

8. "Debtor" means Richard M. Osborne.

9. "Describe" means to state with particularity, as applicable, (i) the date or dates of the transaction, Communication, event, position or occurrence in question, (ii) the identity and role of each person involved in the transaction, Communication, event or occurrence in question, and (iii) the specific nature, terms, conditions, substance, responsibilities and/or subject matter of the transaction, Communication, event, position or occurrence in question.

10. "Document" or "documents" includes without limitation any written, typed, printed, recorded or graphic matter, however preserved, produced or reproduced, of any type or description, regardless of origin or location, including, without limitation, any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, survey, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, without limitation, inter-office and intra-office communication), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial date acknowledgment, computer or data processing card, computer or data processing disk, computer generated matter, photograph, photographic negative, phonograph recording, transcript or log of any such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries on investigations, drafts and revisions of drafts of any document and original preliminary notes or sketches, no matter how produced or maintained in your actual or constructive possession, custody or control, or the existence of which you have knowledge, and whether prepared, published or released by you or any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of

4

subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy is a separate document.

11. "Financial Affairs" means any matter relating to the receipt, earning, expenditure, investment, deposit, holding, disposition, transfer, conveyance or allocation of your monies.

12. "Gas Wells" means those certain natural gas wells owned and operated by Tatonka.

13. "Legacy Ridge" means Legacy Ridge PA LLC.

14. "Mineral Rights" means ownership claims against the natural resources located beneath a plot of land, including, without limitation, oil, silver or natural gas.

15. "PA Compound" means that real property commonly known as 225 Swede Road, Tidioute, Pennsylvania 16351 and more particularly described in the Sale Documents.

16. "Sale" means that certain public auction of the PA Compound conducted by the Trustee on August 31, 2020 and as ordered by the Bankruptcy Court.

17. "Sale Documents" means the Documents evidencing, supporting and memorializing the Sale.

18. "Tatonka" means Tatonka Oil Company, LLC.

19. "Thing" shall mean the original and any copy of any physical specimen or other tangible item other than a document in the actual or constructive possession, custody, care or control of the Debtor.

20. "Trustee" means Kari B. Coniglio, the duly appointed Chapter 7 Trustee in this Case.

21. Terms not otherwise defined herein shall have the meanings ascribed to them in Legacy Ridge's Motion for Rule 2004 Examination.

Requests for Production

1. All Documents relating to any real property, personal property, or Mineral Rights owned or acquired by Tatonka from January 1, 2016 through the present.

2. All Documents relating to Tatonka's operation of the Gas Wells.

3. All Documents with respect to Tatonka affording parties the right to consume natural gas produced by the Gas Wells, including, without limitation, leases, contracts and all other agreements memorializing such an understanding.

4. Any and all lease documents relating to the PA Compound where Tatonka is a party.

5. All tax returns and related Documents of the Debtor for 2016, 2017, 2018, 2019, 2020, and 2021, which show ownership of any interest, direct or indirect, in Tatonka.

6. All tax returns and related Documents of Tatonka for 2016, 2017, 2018, 2019, 2020, and 2021.

7. Any and all documents concerning the formation, ownership, and management of Tatonka, including, without limitation, articles and certificates of formation, membership agreements, operating agreements, limited liability company agreements, minutes of member and/or management meetings, written consents and other authorizations of members and/or management with respect to Debtor actions, and membership and transfer records. Such documents produced should include not only the original documents but also any and all amendments thereto.

## CERTIFICATE OF SERVICE

I certify that on this date, a true and correct copy of the foregoing *Ex Parte Motion for Examination Pursuant to Federal Rule of Bankruptcy Procedure 2004* was served on all parties of record through the Court's CM/ECF system.

This 19th day of February 2021.

**THOMPSON HINE LLP**

*/s/ Scott B. Lepene*
Scott B. Lepene (0076763)

*Counsel for Legacy Ridge PA LLC*