IN THE BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:

RICHARD M. OSBORNE                        CASE NO 17-17361

                                                      JUDGE ARTHUR I HARRIS

**MOTION OF ALL PARTIES FOR INDICATIVE RULING UNDER RULE 8008(a)(3) OF A MOTION TO COMPROMISE**

      Now come the parties to the appeal pending as Bankruptcy Appellate Panel No. 20-8029 under Federal Bankruptcy Rule 8008(a)(3) seeking an indicative ruling on a resolution to the matter currently pending on appeal from this court.

      Under Bankruptcy Rule 8008(a)(3) while an appeal is pending the Bankruptcy Court, upon timely filing of a Motion for an indicative ruling, can make a statement that the Court would grant the Motion should the court where the appeal is pending remand for that purpose, or state that the Motion raises a substantial issue. Bankruptcy <u>Rule 8008(a)(3)</u>. Under Bankruptcy Rule 8008(c) "If the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue, the district court or BAP may remand for further proceedings, but it retains jurisdiction unless it expressly dismisses the appeal." The parties are seeking an indicative ruling in this Court in an effort to resolve the matter and protect the bankruptcy estate of the Debtor.

      The subject of the appeal from the Bankruptcy Court is whether proper procedure was initially followed in the bidding process of GD3 Ventures for property of the estate and if proceedure was subsequently followed by the court when it set aside the bid and initiated a new bidding process. The parties have been working together to create a resolution that would satisfy all the interests in the property purchase. To that end, the parties have agreed to the following

resolution and seek an indicative ruling of the Bankruptcy Court has to its acceptance of same prior to the dismissal of the appeal pending in the BAP.

1. That the parties would seek an indicative ruling from the Bankruptcy Court.

2. That Stephan Lovick would withdraw his bid for the purchase of the real property if the Bankruptcy Court indicates it would rule in favor of a Motion in Compromise containing the terms as laid out herein.

3. That the Chapter 7 Trustee shall retain the sum of $10,000.00 for the cost of the work performed in defending the Motion of Stephan Lovick and the resulting appeal of the Court's decision.

4. That the Chapter 7 Trustee will accept the offer of GD3 Ventures I, LLC to purchase the real property for its original bid of $275,000.00.

5. That upon acceptance of the purchase by GD3 Ventures I, LLC of the real property for $275,000.00 by the Bankruptcy Court GD Ventures I, LLC will dismiss the appeal in the BAP.

6. The partiers will divide the property as agreed upon confirmation of the sale and the transfer of title from the bankruptcy estate to GD3 Ventures I, LLC.

This agreement protects the bankruptcy estate in that the Chapter 7 Trustee does not have to incur further cost in the defense of the appeal and the estate retains the income from the property that it would have had if the original bid not been challenged by Mr. Lovick. The bankruptcy estate will not have lost assets in that it will retain $10,000.00 of the earnest money deposited by Mr. Lovick to compensate it for the costs of the appeal. The parties are satisfied as Mr. Lovick shall retain the 'buffer' he sought as the reason for his desire for the property and GD3 Ventures I, LLC shall gain the property it desires to develop. This court and the BAP will have resolution to the matters pending before them related to this property sale.

Wherefore the parties move this Court for an indicative ruling under its authority under Bankruptcy Rule 8008(a)(3) as to its determination of its ruling on a Motion in Compromise with the terms of said compromise as laid out in this Motion.

Respectfully submitted,

/s/ Heather L. Moseman
Heather L. Moseman, Esq. (0076457)
MOSEMAN LAW OFFICE, LLC
Attorney for GD3 Ventures 1, LLC
8500 Station Street, Suite 210
Mentor, Ohio 44060
Telephone: 440-255-0832
heather@mosemanlaw.com


/s/ Glenn E. Forbes
Glenn E. Forbes, Esq. (0005513)
FORBES LAW LLC
Attorney for Stephan Lovick
166 Main Street
Painesville, OH 44077
Telephone: 440-357-6211, x 128
gforbes@geflaw.net


/s/ Marcel Duhamel
Marcel Duhamel, Esq (0062171)
Vorys, Sate, Seymour and Peas, LLP
Attorney for Kari B. Coniglio,
Chapter 7 Trustee
200 Public Square, Ste 1400
Cleveland, OH 44114
Telephone: 216-479-6100
mcduhamel@vorys.com


/s/ Joseph P. Szeman
Joseph P. Szeman (0064822)
Hennig, Szeman & Klammer Co., LPA
Attorney for GD3 Ventures 1, LLC
8500 Station Street, Ste 245
Mentor, OH 44060

Telephone: 440-290-7799
szeman@hsklawyers.com

CERTIFICATE OF SERVICE

I certify that on March 18, 2021 a true and correct copy of the MOTION OF ALL PARTIES FOR INDICATIVE RULING UNDER RULE 8008(A)(3) OF A MOTION TO COMPROMISE was served:

Via the court's Electronic Case filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

Heather L. Moseman via ECF filing

Glenn E. Forbes via ECF filing

Marcell Duhamel via ECF filing

Kari B. Conigilio via ECF filing

Joseph P. Szeman via ECF filing

/s/ Heather L. Moseman
Heather L. Moseman (0076457)
MOSEMAN LAW OFFICE, LLC