IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No. 17-17361 |
| | : | |
| RICHARD M. OSBORNE, | : | Chapter 7 |
| | : | |
| Debtor | : | Judge Arthur I. Harris |

**DEBTOR'S AND TATONKA OIL COMPANY, LLC'S
MOTION TO QUASH AND STAY FOR LACK OF
SUBJECT MATTER JURISDICTION AND
OBJECTIONS TO MOTION TO COMPEL**

Now comes Richard M. Osborne, the Debtor, in his dual capacities as the Debtor and as the 100% owner of the outstanding membership interests in Tatonka Oil Company, LLC ("Tatonka"), and Tatonka, by and through a special appearance of counsel, to object to a Motion to Compel set for hearing on May 4, 2021, at 10:00 a.m. in Courtroom 1A of the Howard M. Metzenbaum U.S. Courthouse, at 201 Superior Avenue, Cleveland, Ohio. The hearing is to consider a Motion to Compel discovery from Tatonka. In addition, the Debtor and Tatonka ("Movants") move to Quash and Stay discovery sought of them by Legacy Ridge PA, LLA ("Legacy Ridge").

Your Movants file this Motion to Quash and Stay the discovery efforts of Legacy Ridge because this Court lacks subject matter jurisdiction to authorize discovery from Tatonka and from the Debtor.

- 1 -

17-17361-aih    Doc 1104    FILED 05/03/21    ENTERED 05/03/21 07:35:58    Page 1 of 10

The Court lacks subject matter jurisdiction because Legacy Ridge is not a "party in interest" that would be entitled pursuant to Section 1109(b) of the Bankruptcy Code to an order under Fed.R.Bankr.P. 2204 to authorize an examination of the Movants.

The reasons for granting this Motion are more particularly stated in the Movant's Brief in Support, attached hereto and incorporated herein by reference.

Date:  May 3, 2021  /s/   Stephen G. Thomas
Stephen G. Thomas (0007382)
steve@sgtlaw.net
Stephen G. Thomas Co., L.P.A.
100 North Main Street, Suite 235
Chagrin Falls, Ohio  44022
(440) 247-4765
(440) 247-7446 - fax
Attorney for Debtor (for purposes of this Motion to Quash only)

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2021, I electronically filed the foregoing Debtor's and Tatonka Oil Company, LLC's Motion to Quash and Stay for Lack of Subject Matter Jurisdiction, etc. with the Clerk of the Court by using the EM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/     Stephen G. Thomas
Stephen G. Thomas (0007382)

**BRIEF IN SUPPORT**

**A.  Introduction**

This Motion to Quash and Stay and the Objections stated herein, raise issues that are unresolved in 6th Circuit jurisprudence concerning the standards for evaluating when a stranger to bankruptcy proceedings can qualify as a "party in interest."  *See Schier v. Nathan (In Re Capital Contracting Company)*, 924 F.3d 890 (6th Cir. 2019).

The Objections, Motion to Quash and Stay filed by Tatonka and the Debtor assert that Legacy Ridge is not a "party in interest," pursuant to Section 1109(b) of the Bankruptcy Code, as a result of which this Court lacks subject matter jurisdiction to compel discovery from Tatonka and from Richard M. Osborne, the Debtor, who owns the outstanding membership interests in Tatonka, subject to the Trustee's unexecuted rights to step into the Debtor's shoes as the owner of Tatonka.

The immediacy of this issue is most critical for Tatonka, which is scheduled for a hearing on May 4, 2021, on a Motion to Compel Discovery filed by Legacy Ridge.

The burden of establishing subject matter jurisdiction lies with the party who asserts it exists.  In the present case, that would be Legacy Ridge.  *Imagepoint, Inc. v. JP Morgan Chase Bank (In Re Imagepoint, Inc.),* 2012 WL 5480631 (E.D. Tenn. B. Ct. 2013).

If a court lacks subject matter jurisdiction, it generally is barred from taking any action that would go to the merits of the case until its jurisdiction is resolved.  *Shortt v. Richmond Mall Associates, Inc.*, 922 F.2d 836 (Table) (4th Cir. 1990).  And if a stranger to proceedings seeks to intervene (which Legacy Ridge never did) or to assert rights without standing in the underlying proceeding, a federal court lacks subject matter jurisdiction over

the claim of that stranger. *Mirant Potomac River, LLC v. U.S. Environmental Protection Agency*, 577 F.3d 223 (4th Cir. 2009). And like the uncertainty under 6th Circuit jurisprudence over who qualifies as a party-in-interest under 11 U.S.C. Section 1109(b), so also the non-Article III nature of a bankruptcy court raises questions of justiciability. *Schier v. Nathan (In Re Capital Contracting Company), supra*.

In any event, because the lack of subject matter jurisdiction is never waived, the subject Objections and Motion to Quash and to Stay are timely asserted. "The lack of subject matter jurisdiction is a nonwaivable defect that may be raised at any time to justify dismissal of a pending action." *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984) (citation omitted).

For these reasons, while Tatonka's challenge to subject matter jurisdiction is pending, and until Legacy Ridge meets its burden to demonstrate that subject matter jurisdiction exists, the Court lacks power to consider the Motion to Compel on May 4, 2021, or to enforce any order related to Legacy Ridge's efforts at discovery from Tatonka or the Debtor.

### B. Statement of the Case

Legacy Ridge has obtained an Order from this Court authorizing discovery proceedings from Tatonka. [Doc. 1076.] The Order was granted without opposition and without an entry of appearance by counsel for Tatonka.

Tatonka is an Ohio limited liability company in which the Debtor owns the entire membership interest; it is one of hundreds of business interests of the Debtor that the Trustee controls by reason of her appointment over the Debtor's estate. *See* Adversary

- 4 -
17-17361-aih    Doc 1104    FILED 05/03/21    ENTERED 05/03/21 07:35:58    Page 4 of 10

Complaint filed in Bankruptcy Case No. 17-17361, as Doc. 925, at para. 16 of the Complaint, and Exhibit A thereto.  But because Tatonka is a limited liability company and because Tatonka is not a debtor subject to bankruptcy proceedings other than derivatively through the Debtor's membership interest therein, the assets of Tatonka are not property of the estate.  Rather, to convert the assets of Tatonka into readily-saleable assets of the estate, the Trustee first would need to step into the shoes of the Debtor to dissolve Tatonka.  *In Re Prebul*, 2011 WL 2947045 (E.D. Tenn. B.Ct. 2011), which involved dissolution provisions under New York's law of limited liability companies that are not available under Ohio law at R.C. 1705.43.

As of the present day, Tatonka remains a duly-authorized and operating Ohio limited liability company.  *See* Exhibit A hereto, copy of Articles of Organization on file with the Ohio Secretary of State.  Likewise, Legacy Ridge is an operating Ohio limited liability company.  *See* Exhibit B.

A hearing has been scheduled for May 4, 2021, on a motion to compel discovery from Tatonka.  [Doc. 1094.]  The Motion to Compel was filed on April 15, 2021. [Doc. 1092.]  The Motion to Compel has not been opposed and no counsel has entered an appearance to represent Tatonka on the Motion to Compel, prior to the present Objections and Motion to Quash and Stay.

Discovery reportedly is sought to confirm information already obtained from the Trustee, concerning certain oil and gas wells owned by Tatonka on real property acquired by Legacy Ridge, but Tatonka and the Debtor dispute whether a stranger's interest in obtaining discovery is the kind of concrete interest that qualifies for subject

matter jurisdiction. *Environmental Law & Policy Center v. FirstEnergy Solutions Corp. (In Re FirstEnergy Solutions Corp.)*, 828 FedAppx. 321 (6th Cir. 2020).

Legacy Ridge acquired the relevant real property from the Trustee on August 31, 2020. *See* Legacy Ridge's Motion for Examination, Doc. 1069, at para. 7. Assuming caveat emptor applied, Legacy Ridge acquired 421.82 acres of land without the underlying mineral rights, for a purchase price of $1.7 million. *Id.,* Doc. 1069, at paras. 5 and 7.

Under Pennsylvania law, once a mineral estate is severed from the surface estate, the owner of the surface rights has no enforceable interest in the subsisting mineral estate. *Sedat Inc. v. Fisher*, 420 Pa.Super. 469 (Superior Ct. 1992).

With the acquisition of the surface rights, Legacy Ridge effectively removed the 421.82 acres it acquired from the bankruptcy estate.

Legacy Ridge now seeks as a prospective purchaser of the underlying mineral rights to compel Tatonka and Debtor to respond to discovery, but that coercive power requires Legacy Ridge to demonstrate its standing as a party-in-interest under Section 1109(b) of the Bankruptcy Code before it can compel discovery.

Respectfully, Legacy Ridge is not a party-in-interest under the Bankruptcy Code because its elusive interest as a prospective purchaser of a non-asset of the estate is not a direct interest in property of the estate. Instead it is at best a remote interest that does not qualify Legacy Ridge to be recognized as a party-in-interest.

**C. Argument**

When purchasing the surface rights to 421.82 acres, it was incumbent on Legacy Ridge to determine what derivative rights it might acquire in the mineral estate

from the Trustee.  Any failure to do so was done at the buyer's peril, under the principle of buyer beware.  Thus, any rights Legacy Ridge might seek to enforce against Tatonka as the owner of the mineral estate are illusory and purely speculative.  They are dependent upon a willing buyer (Legacy Ridge) and a willing seller (the Trustee) reaching an agreed price at some future time to acquire property that is not yet an asset of the estate, or upon a not-yet defined intrusion by the mineral estate upon the surface of the property.  Legacy Ridge's effort to involve Tatonka in any sale negotiations to be undertaken with the Trustee is merely an officious fishing expedition.

Thus, while a bidder for assets of a company has the status of a party-in-interest while the bidder is engaging in a court-sanctioned process to bid for assets of an estate, if the bidding process has not commenced the prospective bidder would have no interest as a non-party to enforce a demand for discovery.  *In Re Summit Corporation*, 891 F.2d 1 (1st Cir. 1989).  *See also Herd v. Herd (In Re Herd)*, 2007 WL 2481369 (E.D. Tenn. 2007), holding that a bankruptcy court loses jurisdiction over a purchaser and the assets purchased from a trustee after the sale is complete.

In the present case, there is no evidence and no allegation of a bidding process being sanctioned by the Court that would qualify Legacy Ridge as a party-in-interest.

While there is no conclusive definition of a "party-in-interest" under Section 1109(b), and while courts generally accept a broad interpretation of that status, there are limits.  *Compare In Re Amatex Corporation*, 755 F.2d 1034 (3rd Cir. 1985), holding that future asbestos claimants deserved representation in reorganization proceedings of a

manufacturer of asbestos, with *Matter of James Wilson Associates,* 965 F.2d 160, 169 (7th Cir. 1992), where the court discussed a party-in-interest under Section 1109(b), as follows: "[A]ll the section means is that anyone who has a legally protected interest that could be affected by a bankruptcy proceeding is entitled to assert that interest with respect to any issue to which it pertains, thus making explicit what is implicit in an *in rem* proceeding – that everyone with a claim to the *res* has a right to be heard before the *res* is disposed of since that disposition will extinguish all claims."

But here there is only the mineral estate owned by Tatonka in which Legacy Ridge can claim no interest.

Legacy Ridge can have no right to be heard concerning assets of a bankruptcy in which it has no claim. *Herd v. Herd, supra*. While Tatonka is the owner of the mineral estate that underlies the land of Legacy Ridge, the separation of interests between the surface estate and the mineral estate affords Legacy Ridge no interest that would be legally protectable in bankruptcy proceedings based solely on Legacy Ridge's status as the owner of the surface rights. *See* 28 U.S.C., Section 1334(c)(2), requiring abstention over state law issues in bankruptcy proceedings without an independent basis for jurisdiction.[1]

At most, to enforce a claim arising under Pennsylvania law, Legacy Ridge would have a right to seek relief from the automatic stay, but that right would not qualify Legacy Ridge as a party-in-interest in the absence of a pending claim in the state courts of

---

[1] Legacy Ridge, Tatonka and the Debtor are all citizens of Ohio, and as a result diversity jurisdiction over claims under Pennsylvania law between the owners of the surface and mineral estates would not exist.

Pennsylvania giving rise to seeking relief from the automatic stay. *In Re Overview Equities, Inc.*, 240 B.R. 683 (E.D. N.Y. 1999).

And while the Trustee has a potential interest, if she chooses, to seek a dissolution of Tatonka, until such a proceeding commences the Trustee has no enforceable interest in the assets of Tatonka beyond her right to prohibit a dissipation of its assets in derogation of her rights as the possessor of the Debtor's rights of membership in Tatonka. *See* Adversary Complaint in Case No. 17-17361, Doc. 925.

Further, party-in-interest status should be determined on a case-by-case basis, with emphasis on whether a party has a financial stake or another significant legal stake in a bankruptcy proceeding, which is determined by a court on a fact-finding basis. *El Commandante Management Company, LLC*, 359 B.R. 410, 417 (D. Puerto Rico B.Ct. 2006). To date, there has been no fact-finding of Legacy Ridge's status as a party-in-interest.

Thus, in the absence of controlling authority in the 6th Circuit on determining party-in-interest status, as acknowledged in *Schier v. Nathan (In Re Capital Contracting Company), supra*,[2] the Movants propose that this Court should adopt the limits on party-in-interest standing that were recognized in *In Re Innkeepers USA Trust*, 448 B.R. 131 (S.D. N.Y. B.Ct. 2011).

In the Southern District of New York, courts disqualify a party from "'party in interest' standing where a party's interest in the proceeding is not a direct one." * * * "The 'real party interest' is the one who, [sic] under the applicable substantive law, has the legal

---

[2] *See also Consol Energy, Inc. v. Murray Energy Holdings Co. (In Re Murray Energy Holdings)*, 624 B.R. 606, n. 3 (6th Cir. BAP 2021).

right which is sought to be enforced or is the party entitled to bring suit. [Citations omitted.]." *Id.*, 448 B.R., at 141. *See also Environmental Law & Policy Center v. FirstEnergy Solutions Corp. (In Re FirstEnergy Solutions Corp.), supra,* requiring a direct stake and concrete particularized injury for standing under 11 U.S.C., Section 1109(b) and *In Re Alpha Natural Resources, Inc.*, 544 B.R. 848 (E.D. Va. B.Ct. 2016), applying authority from the 4th Circuit that "party in interest" is defined as "one who has a pecuniary interest in the distribution of assets to creditors." *Id., 448 B.R., at 855.*

In the present case, Legacy Ridge has an inchoate expectancy in an unenforceable hope to be able to buy a mineral estate that the Trustee does not own. It has no pecuniary interest in or claim against the assets of the estate. For reasons not exactly clear from proceedings to date, Legacy Ridge seeks to invoke the jurisdiction of the Bankruptcy Court to authorize a fishing expedition without a direct stake or a showing of particularized injury to sustain "party-in-interest" jurisdiction.

For these reasons, the Motion to Quash and Stay should be granted.

Date: May 3, 2021  /s/  Stephen G. Thomas
Stephen G. Thomas (0007382)