# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## TRUSTEE'S FIRST MOTION FOR ENTRY OF ORDER (I) AUTHORIZING AND APPROVING SALE OF EQUITY INTERESTS, (II) APPROVING COMPETITIVE AND INTERACTIVE BIDDING PROCEDURES FOR THE SALE OF EQUITY INTERESTS, AND (III) APPROVING FORM AND MANNER OF NOTICE

Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1**, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing and approving the sale of the certain equity interests, described below, to the party or parties that submit the highest and best bid(s) in a competitive and interactive bidding process, (ii) approving the bidding process and other procedures relating to the sale of such equity interests (collectively, the "Bidding Procedures") and (iii) approving the form and manner of notice of the Bidding Procedures (the "Bidding Procedures Notice"), attached hereto as **Exhibit 2**. In support of this Motion, the Trustee states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for relief requested herein are sections 105(a) and 363 of the Bankruptcy Code.

## FACTUAL BACKGROUND

4. On December 17, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor's bankruptcy proceeding was converted to a case under chapter 7 of the Bankruptcy Code on July 3, 2019 (the "Conversion Date").

6. On the Conversion Date, the Trustee was appointed the trustee for the Debtor's estate.

7. On June 7, 2021, counsel for the Debtor filed the Notice of Death of Debtor [Doc. 1116], notifying the Court that the Debtor passed away on June 4, 2021.

8. The Debtor indicated in Schedule A/B [Doc. 912] that he owned equity interests in a variety of business entities (the "RMO Entities"). The Debtor's equity interests in the RMO Entities are property of the Debtor's bankruptcy estate.

9. The Trustee, after exercising her business judgment, determined that a section 363 sale is the most efficient way to maximize the value of some of the Debtor's equity interests in the RMO Entities. Specifically, the Trustee determined that a section 363 sale for the equity interests (collectively, the "Equity Interests") listed on the attached **Exhibit 3** is in the best interest of the bankruptcy estate.

10. To the extent that there are no buyers for the Equity Interests, the Trustee reserves the right to take any other appropriate action necessary to administer the Equity Interests.

11. The information listed on **Exhibit 3** related to the Equity Interests are derived upon the information provided by the Debtor, including his bankruptcy schedules, his agents, and/or his attorneys. The Trustee makes no representation of the accuracy and/or completeness of the Debtor's ownership interest in these various entities.

12. The Trustee is unaware of any liens or security interests perfected in the Equity Interests.

**RELIEF REQUESTED**

13. The Trustee has concluded that the best method to obtain the highest and best price for the Equity Interests is to market the Equity Interests and solicit bids from potential purchasers through a procedure that provides for competitive and interactive bidding.

14. The Trustee seeks to sell the Equity Interests through a two-step process, which consists of (A) authorizing and approving the sale of the Equity Interests and approving the Bidding Procedures and Bidding Procedures Notice, and (B) executing a competitive and interactive bidding process to be conducted in accordance with the Bidding Procedures. Upon closure of any sales, the Trustee will file a sale report with the Court.

15. The Trustee seeks authority to sell the Equity Interests pursuant to Section 363(b).

16. The Trustee will market the Equity Interests by publishing a notice identifying the Equity Interests for sale in a general, trade, and/or business publication that the Trustee determines to be most appropriate.

17. The sale of each Equity Interests will be on an "as is, where is" basis and without representation or warranties of any kind, nature, or description by the Trustee or her agents. Each purchaser of an Equity Interest will represent and warrant that such purchaser (i) is aware of the business affairs and financial condition of the issuer of the Equity Interest; (ii) has conducted its own due diligence regarding such issuer and Equity Interest and (iii) has acquired sufficient information to reach an informed and knowledgeable decision to acquire the Equity Interest. To the extent securities laws apply to such sales, such sales will be made pursuant to exemptions from registration under the Securities Act of 1933, as amended (the "Act") and applicable state securities

laws; such sales will not be approved or disapproved by the United States Securities and Exchange Commission (the "SEC"), any state securities commission or any securities exchange or association, nor will the SEC, any state securities commission or any securities exchange or association review or comment on the accuracy or adequacy of the statements contained herein.

18. The Trustee will provide information[1] that she has compiled after a reasonable search regarding the Equity Interests, and/or the companies in which the Equity Interests are held, in a data room to any interested bidder who has signed a non-disclosure agreement, the terms of which will be in the Trustee's sole and absolute discretion. This information was provided to the Trustee by the Debtor, his agents, and/or his attorneys. The trustee makes no representations or warranties as to the accuracy or completeness of the information contained in the data room.

19. The Trustee also seeks approval of the Bidding Procedures and the form and manner of the Bidding Procedures Notice, which is attached hereto as **Exhibit 2**. The Bidding Procedures contain the following material terms and timetable:

   a. Call for Offers. During the period of time that the Equity Interests are being advertised for sale, the Trustee shall entertain bids to purchase from any third party who has an interest in purchasing any of the Equity Interests (each an "Interested Party" and collectively "Interested Parties").

   b. Submission of Qualified Bids. To submit a qualified bid ("Qualified Bid" and, if more than one, "Qualified Bids"), an Interested Party must submit a purchase offer that (1) is in writing, (2) is submitted to the Trustee or her attorney(s), (3) includes an executed Membership Purchase Agreement (in substantially the same form as **Exhibit 4**) (each, the "Purchase Agreement") that clearly designates the Equity Interests that the Interested Party seeks to purchase and the offered purchase price attributable to each of such Equity Interests, (4) if the Interested Party is a partnership, corporation, limited liability company or other entity, provides information and documentation sufficient to demonstrate, in the Trustee's sole and absolute discretion, that the individual executing the Purchase Agreement is authorized to take action on behalf of the Interested Party to consummate the transaction contemplated by the Purchase Agreement, (5) provides evidence sufficient, in the Trustee's sole and absolute discretion, to demonstrate that the

---

[1] The Trustee will not provide any documents that are covered by the work-product doctrine, the attorney-client privilege, or any other applicable state or federal privilege.

Interested Party has immediately available funds in an amount sufficient to close the contemplated transaction, (6) identifies all the Interested Party's connections, if any, to the Debtor or any of his related entities and (7) provides an acknowledgment that the Interested Party has received, reviewed, and understands the Bidding Procedures and the terms of the sale. Qualified Bids may be submitted to the Trustee through and including August 26, 2022 at 5:00 p.m. (the "<u>Bid Deadline</u>"). To the extent that a written offer to purchase any of the Equity Interests does not constitute a Qualified Bid, the Trustee, in her sole and absolute discretion, may choose to contact the Interested Party and provide an opportunity to amend the written offer such that the written offer will constitute a Qualified Bid.

c. <u>Evaluation of Qualified Bid</u>. Immediately following the Bid Deadline through and including September 2, 2022 (the "<u>Final Bid Deadline</u>"), the Trustee shall review each Qualified Bid. Through and including the Final Bid Deadline, the Trustee may contact any Interested Party that submitted a written offer that did not constitute a Qualified Bid and provide such Interested Party an opportunity to amend its written offer such that it will constitute a Qualified Bid.

d. <u>Designation of the Winning Bid</u>. If any of the Equity Interests receive only one Qualified Bid, such bid shall be selected as the winning bid for such Equity Interests (the "<u>Winning Bid</u>"). The Trustee reserves the right to reject any Winning Bid should the Trustee determine, in the exercise of her business judgment, that such Winning Bid does not represent fair consideration for such Equity Interests.

If any of the Equity Interests receives more than one Qualified Bid, the Trustee shall contact the Interested Parties that submitted the Qualifying Bids via telephone and/or electronic mail, inform the parties of the highest and best purchase price and provide each party an opportunity to submit a revised Qualified Bid that provides for an increased proposed purchase price (the "<u>Final Qualified Bid</u>"). A Final Qualified Bid must be received by the Trustee, or her attorney(s), by 5:00 p.m. eastern time on the Final Bid Deadline. The highest and best Final Qualified Bid for any of the Equity Interests, as deemed by the Trustee in her sole and absolute discretion, shall be selected as the Winning Bid. If no Final Qualified Bids are submitted, then the highest and best Qualified Bid, as determined by the Trustee in her sole and absolute discretion, shall be deemed the Winning Bid.

e. <u>Closing</u>. Upon identification of the Winning Bid for each of the Equity Interests, the Trustee shall inform the Interested Party that submitted the Winning Bid (the "<u>Winning Bidder</u>"). A Winning Bidder and the Trustee shall close the transaction contemplated by the respective Purchase Agreement no later than fourteen (14) days after the Final Bid Deadline, unless such date is extended by agreement of the parties. If any Winning Bidder fails to timely close the transaction contemplated by the applicable Agreement, the Trustee, in her sole and absolute discretion, may terminate the Purchase Agreement and, if other Qualifying Bids were received for such Equity Interests, declare the Interested Party that submitted the second best Qualifying Bid as the Winning Bidder.

  f. <u>Sale Report</u>. No later than thirty days after a sale closes, the Trustee will file a sale report with the Court identifying, at a minimum, the Winning Bidder, the Sale Proceeds (i.e. purchase price), an accounting of the Sale Proceeds, and any other information required by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or an order of this Court.

20. The Trustee shall serve the Bidding Procedures within five business days after entry of an order granting this Motion or by July 8, 2022, whichever is later, upon (a) all parties and/or their counsel who have previously expressed an interest in purchasing Equity Interests from the Debtor's Estate; (b) parties in the business of purchasing Equity Interests and other similar assets from bankruptcy estates known to the Trustee; (c) any known members or shareholders of the entities listed on **Exhibit 3**; (d) any entity asserting an interest in any of the Equity Interests; (e) any known secured creditor of the entities listed on **Exhibit 3**; and (f) in accordance with the Court's Order Granting Motion for Order Pursuant to 11 U.S.C. §§ 102(1) and 105(a) and Bankruptcy Rules 2002(m) and 9007 to Establish Noticing Procedures [Doc. 125] (the "<u>Noticing Procedures Order</u>"), the Master Service List.

## SUPPORT FOR RELIEF REQUESTED

**Authorization and Approval of Sale Under Section 363(b) of the Bankruptcy Code**

21. The Trustee seeks authorization and approval to sell the Equity Interests to the bidders that submit the highest and best bids for the respective Equity Interests in accordance with Sections 14, 15, 16, 17, and 18 above and the Bidding Procedures described in Section 19 above.

22. Section 363(b)(1) of the Bankruptcy Code authorizes the Trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate."

23. Although this section does not provide an express standard for determining when a court should approve a particular sale of estate property, case law consistently applies an articulated business judgment standard. *See In re Weatherly Frozen Food Grp., Inc.*, 149 B.R. 480,

482-83 (Bankr. N.D. Ohio 1992) (citing *Stephens Indus., Inc. v. McClung (In re McClung)*, 789 F.2d 386, 390 (6th Cir. 1986)). "The trustee's business judgment is to be given 'great judicial deference.'" *In re Pyschromteric Sys.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007) (citation omitted).

24. Under section 363 of the Bankruptcy Code, a court may not substitute its business judgment for that of the trustee. *See Epic Aviation, Inc. v. Phillips (In re Phillips)*, Nos. 2:12-cv-585-FtM-29, 2:12-cv-669-FtM-20, 2:13-mc-5-FtM-29, 2013 U.S. Dist. LEXIS 65602, at *33 (M.D. Fla. May 7, 2013). Rather, a court must ascertain whether the trustee has articulated a valid business justification for the proposed transaction. *See id.*

25. The Court's power to authorize a sale under section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case-by-case approach. *See In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984). The key consideration is a court's finding that a good business reason exists for the sale. *See McClung*, 789 F.2d at 386.

26. Here, the Court should authorize the sale of the Equity Interests because the sale reflects the Trustee's sound business judgment. The Trustee has determined that the best way to maximize the value of the Equity Interests is to conduct a competitive bidding process pursuant to section 363 of the Bankruptcy Code.

27. A competitive and interactive bidding process represents the best means of maximizing the value of the Debtor's estate. The Equity Interests will be appropriately marketed to potential bidders as set forth above.

28. The Trustee has determined that taking any action pursuant to state law, such as initiating dissolution proceedings, would not maximize the value of the Equity Interests. Further, the proposed sale will not negatively impact the estate because it will maximize the value of the Equity Interests by generating funds to pay the estate's creditors.

29. Generally, to obtain approval of a proposed sale of assets, the Trustee must demonstrate that the "proffered purchase price is the highest and best offer" under the circumstances of the case. *In re Integrated Resources*, 135 B.R. 746, 750 (Bankr. S.D.N.Y.), *aff'd* 147 B.R. 650 (S.D.N.Y. 1992); *see also In re Wilson Freight Co.*, 30 B.R. 971, 965 (Bankr. S.D.N.Y. 1983) (stating debtor's paramount duty in connection with sale is to obtain the best price).

30. By exposing the Equity Interests to a competitive and interactive bidding process, the trustee will be able to ensure that the best possible price is obtained. Generally, "a competitive auction strongly indicates that a purchaser has paid appropriate value for estate assets." *Pursuit Capital Mgmt. Fund I, L.P. v. Burtch (In re Pursuit Capital Mgmt., LLC)*, 874 F.3d 124, 137 (3d Cir. 2017) (citation omitted); *see also In re Jackus*, 442 B.R. 365, 372 (Bankr. D.N.J. 2011). *Cf. Ready v. Rice*, Nos. L-05-3358, L-05-3398, 2006 U.S. Dist. LEXIS 96202, at *12 (D. Md. Sept. 26, 2006). Here, the bidding procedures mimic those of an auction in that they provide an opportunity for the Interested Parties who placed bids on the Equity Interests to raise their offers in an effort to outbid each other.

31. The Bidding Procedures are intended to create a competitive bidding process that is designed to achieve the highest and best offers for the Equity Interests. The Trustee thus submits that the sale of the Equity Interests pursuant to the Bidding Procedures is in the best interest of the estate, and assures that the Trustee is receiving the highest and best offer of the Equity Interests.

32. Accordingly, the Trustee seeks approval to sell the Equity Interests at an amount obtained in a competitive and interactive bidding process, subject to the terms and conditions set forth in the Bidding Procedures.

### Determination of Purchaser as Good Faith Purchaser Under Section 363(m) of the Bankruptcy Code

33. A court authorizing a sale of assets pursuant to section 363(m) of the Bankruptcy Code must make a finding with respect to the "good faith" of the purchaser. *See In re Abbotts Dairies*, 788 F.2d 143, 149-50 (3d Cir. 1986). The purpose of this requirement is to facilitate the operation of section 363(m) of the Bankruptcy Code, which provides a safe harbor for purchasers of a debtor's property when the purchase is in "good faith." *See T.C. Inv'rs v. Joseph (In re M Capital Corp.)*, 290 B.R. 743, 752 (B.A.P. 9th Cir. 2003).

34. The process of marketing and selling of the Equity Interests is designed to ensure a good faith sale to a potential purchaser. The Equity Interests will be marketed by the Trustee as set forth above. Among other things, the Bidding Procedures provide for a fair, competitive and interactive bidding process that will ensure an arms-length, good faith sale. Moreover, the Bidding Procedures are designed with the intent of encouraging competitive bidding, thereby maximizing value. Accordingly, if the sale is approved as requested, the Trustee requests that the Court deem that the Winning Bidder for each respective Equity Interests is a good faith purchaser within the purview of section 363(m) of the Bankruptcy Code.

### Approval of Bidding Procedures

35. The Trustee seeks entry of an order approving the Bidding Procedures. Generally, to obtain approval of a proposed sale of asset, a trustee must demonstrate that the "proffered purchase price is the highest and best offer" under the circumstances of the case. *Integrated Resources*, 135 B.R. at 750.

36. The implementation of competitive bidding procedures to facilitate the sale of a debtor's assets outside of the ordinary course of debtor's business is routinely approved by bankruptcy courts as a means of ensuring that such sale will generate the highest and best return

9

for a debtor's estate. *See* 11 U.S.C. § 105(a); *In re Gould*, 977 F.2d 1038, 1041-42 (7th Cir. 1992) (stating the requirements that the sale be publicly advertised, that bidders supply a ten percent earnest money deposit, and that a purchaser pay the balance of the sale price at closing are routinely competitive bidding procedures in bankruptcy sales); *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) (stating bankruptcy courts have plenary power to provide for competitive bidding); *In re Big Rivers Elec. Corp.*, 213 B.R. 962 (Bankr. W.D. Ky. 1997) (stating bankruptcy court has broad discretion with regard to ordering bidding procedures on sale of such property other than in the ordinary course of business).

37. Approval of the Bidding Procedures will facilitate orderly marketing and bidding for the Equity Interests, and will maximize the value of the Equity Interests and recoveries to the Debtor's creditors.

38. Moreover, the Bidding Procedures serve numerous legitimate purposes. The Bidding Procedures (a) foster competitive bidding among any serious potential purchasers and create a fair and level playing field for all interested bidders; (b) eliminate from consideration purchasers who would waste the estate's time because they would not have the financial ability to consummate the transaction; (c) insure that the highest possible price is obtained for each Equity Interests; and (d) afford broad notice of the proposed sale as possible under the circumstances.

39. Accordingly, the Trustee submits that approving the Bidding Procedures will further the objective of obtaining the highest and best offer for Equity Interests.

**Form and Manner of Bidding Procedures Notice**

40. The Trustee shall serve the Bidding Procedures, attached hereto as **Exhibit 2**, within five business days after entry of an order granting this Motion or by July 8, 2022, whichever is later, upon (a) all parties who have previously expressed an interest in purchasing Equity

Interests from the Debtor's Estate; (b) parties in the business of purchasing Equity Interests and other similar assets from bankruptcy estates known to the Trustee; (c) any known members or shareholders of the entities listed on **Exhibit 3**; (d) any entity asserting an interest in any of the Equity Interests; (e) any known secured creditor of the entities listed on **Exhibit 3**; and (f) in accordance with the Noticing Procedures Order, the Master Service List.

41. The Trustee shall also publish a notice identifying the Equity Interests for sale in a general, trade, and/or business publication that the Trustee determines to be most appropriate.

## NOTICE

42. Notice of this Motion and hearing will be served upon (a) all parties who have previously expressed an interest in purchasing Equity Interests from the Debtor's Estate; (b) parties in the business of purchasing Equity Interests and other similar assets from bankruptcy estates known to the Trustee; (c) any known members or shareholders of the entities listed on **Exhibit 3**; (d) any entity asserting an interest in any of the Equity Interests; (e) any known secured creditor of the entities listed on **Exhibit 3**; and (f) in accordance with the Noticing Procedures Order, the Master Service List.

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit 1**,

1. Granting the Motion;

2. Authorizing and approving the sale of the Equity Interests to the party or parties that submits the highest and best bid(s) in a competitive bidding process subject to the terms and conditions identified in this Motion and Bidding Procedures;

3. Approving the Bidding Procedures;

4. Approving the form and manner of the Bidding Procedures Notice, attached hereto as **Exhibit 2**;

5. Deeming that the Winning Bidder for any of the Equity Interests is a good faith purchaser within the purview of section 363(m) of the Bankruptcy Code;

6. Granting the Trustee such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Marcel C. Duhamel
Marcel C. Duhamel (0062171)
Elia O. Woyt (0074109)
Matthew D. Fazekas (0099693)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
mcduhamel@vorys.com
eowoyt@vorys.com
mdfazekas@vorys.com

*Counsel to the Trustee*

**CERTIFICATE OF SERVICE**

I certify that on May 31, 2022, a copy of the foregoing *Trustee's First Motion for Entry of Order (I) Authorizing and Approving Sale of Equity Interests, (II) Approving Competitive and Interactive Bidding Procedures for the Sale of Equity Interests, and (III) Approving Form and Manner of Notice* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers    prakers@vorys.com
- Gregory P. Amend    gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer    alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain    rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker    abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes    abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr    rbarr@koehler.law, syackly@koehler.law
- Jeffrey W. Bieszczak    jwbieszczak@vorys.com
- David T. Brady    DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius    cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio    kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey    bknotice@clunkhoose.com
- Richard W. DiBella    rdibella@dgmblaw.com
- Melody A. Dugic    mgazda@hendersoncovington.com
- Marcel C. Duhamel    mcduhamel@vorys.com, mdwalkuski@vorys.com
- Douglas M. Eppler    deppler@walterhav.com
- Bryan J. Farkas    bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com
- Matthew D. Fazekas    mdfazekas@vorys.com
- Scott D. Fink    ecfndoh@weltman.com
- Glenn E. Forbes    bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com
- Stephen R. Franks    amps@manleydeas.com
- Stephen John Futterer    sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Marc P. Gertz    mpgertz@gertzrosen.com, dmichna@gertzrosen.com
- Michael R. Hamed    mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein    hheberlein@porterwright.com, mvitou@porterwright.com
- Dennis J. Kaselak    dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym    bk@hhkwlaw.com
- Jerry R. Krzys    jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Scott B. Lepene    scott.lepene@thompsonhine.com, Christine.Broz@thompsonhine.com;ECFDocket@thompsonhine.com
- Jeffrey M. Levinson    jml@jml-legal.com
- Matthew H. Matheney    mmatheney@porterwright.com, cpeskar@porterwright.com

- Shannon M. McCormick     bankruptcy@kamancus.com
- Michael J. Moran     mike@gibsonmoran.com, moranecf@gmail.com;r55982@notify.bestcase.com
- Heather L. Moseman     heather@mosemanlaw.com
- Kelly Neal     kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann     dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- Timothy P. Palmer     timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek     dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft     tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler     kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com;deppler@walterhav.com
- John J. Rutter     jrutter@ralaw.com
- Frederic P. Schwieg     fschwieg@schwieglaw.com
- Michael J. Sikora     msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn     nsinn@porterwright.com, cpeskar@porterwright.com
- Robin L. Stanley     rstanley@peteribold.com, Sonya@peteribold.com;Cynthia@peteribold.com;5478@notices.nextchapterbk.com
- Rachel L. Steinlage     rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas     rthomas@hendersoncovington.com, mgazda@hendersoncovington.com
- Stephen G. Thomas     steve@sgtlaw.net, kim@sgtlaw.net
- Andrew M. Tomko     atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole     jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee     (Registered address)@usdoj.gov
- Michael S. Tucker     mtucker@ulmer.com
- Phyllis A. Ulrich     bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo     Leslie@Wargo-Law.com
- Karey Werner     kewerner@vorys.com
- Elia O. Woyt     eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06     maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35     Scott.R.Belhorn@usdoj.gov

And on the following by regular U.S. Mail:

Richard M. Osborne, Jr.
7050 Jackson St.
Mentor, OH 44060

Donald R. Whiteman
11440 Robin Wood Lane
Chagrin Falls, OH 44023

Omar Kanaan
158 Rainbow Drive, Suite 5829
Livingston, TX 77399

Wuliger & Wuliger, LLC
c/o Amy A. Wuliger-Knee
2003 St. Clair Ave.
Cleveland, OH 44114

| | |
|---|---|
| Angel Macatigos<br>158 Rainbow Drive, Suite 5829<br>Livingston, TX 77399 | OsAir, Inc.<br>c/o Eric Silver, Receiver<br>3659 South Green Road, Suite 100<br>Beachwood, Ohio 44122 |
| Chris Provost<br>2700 Via Fortuna<br>Austin, TX 78746 | Erie Bank<br>c/o CNB Bank<br>One South Second Street<br>Clearfield, PA 16830 |
| Legacy Ridge PA LLC<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215 | JTO Materials, LLC<br>c/o RAR Statutory Service Corp.<br>6685 Beta Drive<br>Cleveland, OH 44143 |
| Evan T. Byron<br>29525 Chagrin Blvd, Suite 250<br>Pepper Pike, Ohio 44122 | Kirk W. Roessler<br>950 Main Avenue<br>Suite 500<br>Cleveland, OH 44113 |
| Erik L. Walter<br>60 South Park Place<br>Painesville, OH 44077 | Brandon D.R. Dynes<br>1282 W. 58th Street<br>Cleveland, OH 44102 |

/s/ Marcel C. Duhamel
Marcel C. Duhamel (0062171)