# Exhibit 2

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## NOTICE OF (I) BIDDING PROCEDURES RELATED TO THE SALE OF EQUITY INTERESTS AND (II) SCHEDULING OF SALE AND BIDDING PROCESS

**PLEASE TAKE NOTICE** that upon the motion (the "Motion") of Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), the Court has entered an order (the "Order") authorizing and approving the sale of the property identified in the attached **Exhibit A** (collectively and individually, the "Equity Interests") to the party or parties that submit the highest and best competitive bid(s) approved by the Court;

**PLEASE TAKE FURTHER NOTICE** that upon the Motion, the Court has also approved the bidding and other procedures relating to the sale of the Equity Interests;

**PLEASE TAKE FURTHER NOTICE** that bids on each Equity Interests must be submitted in writing to the Trustee pursuant to the terms of the Bidding Procedures by no later than **August 26, 2022 at 5:00 p.m.** (the "Bid Deadline");

**PLEASE TAKE FURTHER NOTICE** that each Winning Bidder (as defined below) will be required to close the sale within fourteen (14) days after such Winning Bidder is identified, unless such date is extended by agreement of the parties; and

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a person desiring to purchase any Equity Interests must comply with the following bidding and other procedures respective the sale (the "Bidding Procedures"):

# BIDDING PROCEDURES

## I.     BACKGROUND

Set forth below are the bidding procedures (the "Bidding Procedures") to govern the sale of the property identified in the attached **Exhibit A** (collectively and individually, the "Equity Interests") in connection with the bankruptcy case of Richard M. Osborne (the "Debtor"), Case No. 17-17361, in the United States Bankruptcy Court for the Northern District of Ohio (the "Court"). The attached **Exhibit A** provides the details of the Equity Interests.

By order of the Court (the "Order"), these Bidding Procedures have been approved and are applicable to all Interested Parties (as defined below), in connection with the sale of the Equity Interests.

## II.    AS IS, WHERE IS

The sale of each of the Equity Interests will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Trustee or her agents, except as set forth in the Purchase Agreement (as defined below).  The ownership interests listed on **Exhibit A** are derived upon the information provided by the Debtor, including his bankruptcy schedules, his agents, and/or his attorneys. The Trustee makes no representation of the accuracy of the Debtor's ownership interest in these various entities.

Each purchaser of an Equity Interest represents and warrants that such purchaser (i) is aware of the business affairs and financial condition of the issuer of the Equity Interest; (ii) has conducted its own due diligence regarding such issuer and Equity Interest; and (iii) has acquired sufficient information to reach an informed and knowledgeable decision to acquire the Equity Interest. To the extent securities laws apply to such sales, such sales will be made pursuant to exemptions from registration under the Securities Act of 1933, as amended (the "Act") and applicable state securities laws; such sales will not be approved or disapproved by the United States Securities and Exchange Commission (the "SEC"), any state securities commission or any securities exchange or association, nor will the SEC, any state securities commission or any securities exchange or association review or comment on the accuracy or adequacy of the statements contained herein.

## III.   TRANSACTIONAL TERMS

Any sale of the Equity Interests to a Bidder will be made on the same or substantially similar terms to those set forth in the Membership Purchase Agreement (the "Purchase Agreement"), attached hereto as **Exhibit B**

## IV.   MARKETING/DUE DILIGENCE

Within seven business days after entry of the Order the Trustee will market the Equity Interests by publishing a notice identifying the Equity Interests for sale in a general, trade, and/or business publication that the Trustee determines to be most appropriate. Additionally, the Trustee

will serve this Notice within five business days after entry of an order granting the Motion or by July 8, 2022, whichever is later, upon (a) all parties who have previously expressed an interest in purchasing Equity Interests from the Debtor's Estate; (b) parties in the business of purchasing Equity Interests and other similar assets from bankruptcy estates known to the Trustee; (c) any known members or shareholders of the entities listed on **Exhibit 3** to the Motion; (d) any entity asserting an interest in any of the Equity Interests; (e) any known secured creditor of the entities listed on **Exhibit 3** to the Motion; and (f) in accordance with the Court's Order Granting Motion for Order Pursuant to 11 U.S.C. §§ 102(1) and 105(a) and Bankruptcy Rules 2002(m) and 9007 to Establish Noticing Procedures [Doc. 125] (the "Noticing Procedures Order"), the Master Service List.

Upon execution of a non-disclosure agreement (the "Non-Disclosure Agreement") that is made on the same or substantially the same terms as the attached **Exhibit C**, the Trustee will provide an Interested Party, as defined below, access to a data room with information related to the Equity Interests.[1] The Trustee or her attorneys will handle all inquiries.

The Trustee has not drafted the information related to the Equity Interests. The Trustee obtained this information from the Debtor, his agents, and/or his attorneys. No representation is made by the Trustee regarding the accuracy and/or completeness of this information. All Interested Parties are encouraged to perform their own due diligence and consult their own advisors regarding such information.

## V.      INTERESTED PARTIES

An "Interested Party" is any person who has an interest in purchasing any Equity Interests.

## VI.     SUBMISSION OF QUALIFIED BIDS TO PURCHASE

Upon entry of the Order granting the Motion, the Trustee shall entertain bids to purchase any Equity Interests from any Interested Party until the Bid Deadline. To be a qualified bid ("Qualified Bid" and, if more than one, "Qualified Bids"), the purchase offer must:

(1)      be submitted in writing;

(2)      received by the Trustee, or her attorney(s) via mail, email or facsimile at the following address, email, or fax number:

Kari B. Coniglio
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114

216-479-6100 – T

---

[1] The Trustee will provide information that she has compiled after a reasonable search. This information shall not include any documents that are covered by the work-product doctrine, the attorney-client privilege, or any other applicable state or federal privilege.

216-937-3766 – Fax
kbconiglio@vorys.com
mcduhamel@vorys.com
eowoyt@vorys.com
mdfazekas@vorys.com
(*please call to <u>confirm</u> the receipt of all sent emails*)

(3)      received by the Trustee, or her attorney(s), on or before Bid Deadline;

(4)      include an executed Purchase Agreement that clearly designates the Equity Interests that the Interested Party Seeks to purchase and the offered purchase price attributable to each such Equity Interests;

(5)      if the Interested Party is a partnership, corporation, limited liability company or other entity, provide information and documentation sufficient to demonstrate, in the Trustee's sole and absolute discretion, that the individual executing the Purchase Agreement is authorized to do so and is authorized to take action on behalf of the Interested Party to consummate the transaction contemplated by the Purchase Agreement;

(6)      provide evidence sufficient, in the Trustee's sole and absolute discretion, to demonstrate that the Interested Party has immediately available funds in an amount sufficient to close the contemplated transaction;

(7)      identify all the Interested Party's connections, if any, to the Debtor or any of his related entities, which are listed on **Exhibit D**; and

(8)      provide an acknowledgment that the Interested Party has received and reviewed and understands the Bidding Procedures and the terms of the sale.

To the extent that a written offer to purchase any of the Equity Interests does not constitute a Qualified Bid, the Trustee, in her sole and absolute discretion, may contact the Interested Party and provide an opportunity for the Interested Party to amend the written offer such that the written offer will constitute a Qualified Bid.

## VII.    EVALUATION OF QUALIFIED BIDS

Immediately following the Bid Deadline through and including **September 2, 2022 at 5:00 p.m.** (the "<u>Final Bid Deadline</u>"), the Trustee shall review each Qualified Bid. Through and including the Final Bid Deadline, the Trustee may contact any Interested Party that submitted a written offer that did not constitute a Qualified Bid and provide such Interested Party an opportunity to amend its written offer such that it will constitute a Qualified Bid.

## VIII.    DESIGNATING THE WINNING BID

If any of the Equity Interests receives only one Qualified Bid, as determined by the Trustee in her sole and absolute discretion, such bid shall be selected as the winning bid for the respective

4

Equity Interests (the "<u>Winning Bid</u>"). The Trustee reserves the right to reject any Winning Bid should the Trustee determine, in the exercise of her business judgment, that such Winning Bid does not represent fair consideration for such Equity Interests.

If any of the Equity Interests receives more than one Qualified Bid, the Trustee shall contact the Interested Parties that submitted the Qualifying Bids via telephone and/or electronic mail, inform the parties of the highest and best purchase price and provide each party an opportunity to submit a revised Qualified Bid that provides for an increased purchase price (the "<u>Final Qualified Bid</u>"). A Final Qualified Bid must be received by the Trustee by 5:00 p.m. eastern time on the Final Bid Deadline. The highest and best Final Qualified Bid for any Equity Interests, as deemed by the Trustee in her sole and absolute discretion, shall be selected as the Winning Bid. If no Final Qualified Bids are submitted, then the highest and best Qualified Bid, as determined by the Trustee in her sole and absolute discretion, shall be deemed the Winning Bid.

## VIX.   SALE REPORT

No later than thirty (30) days after any sale closes, the Trustee will file a sale report with the Court identifying, at a minimum, the Winning Bidder, the Sale Proceeds, an accounting of the Sale Proceeds, and any other information required under title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, or any other of the Court.

## X.   MISCELLANEOUS

A party's participation in the sale process outlined herein shall constitute (A) consent by such party to be subject to the jurisdiction of the Court, for all purposes, in connection with any and all matters relating to the sale of the Equity Interests and these Bidding Procedures; and (B) the party's acknowledgment of its review, understanding, and acceptance of all Bidding Procedures outlined herein.

The Trustee may adopt such other terms and procedures that, in her reasonable judgment, will best promote the goal of a fair and competitive bidding process consistent with these Bidding Procedures, the Order, and any other applicable Court orders. In formulating and instituting such other terms and procedures, if any, such additional terms or procedures must be fair open, with no participating Interested Party that has submitted a Qualified Bid disadvantaged in any material way as compared to any other Interested Party that has submitted a Qualified Bid.

Respectfully submitted,

/s/ Marcel C. Duhamel
Marcel C. Duhamel (0062171)
Elia O. Woyt (0074109)
Matthew D. Fazekas (0099693)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
mcduhamel@vorys.com
eowoyt@vorys.com
mdfazekas@vorys.com

*Counsel to the Trustee*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on May 31, 2022 a copy of the foregoing *Notice of (I) Bidding Procedures Related to the Sale of Equity Interests and (II) Scheduling of Sale and Bidding Process* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers    prakers@vorys.com
- Gregory P. Amend    gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer    alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain    rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker    abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes    abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr    rbarr@koehler.law, syackly@koehler.law
- Jeffrey W. Bieszczak    jwbieszczak@vorys.com
- David T. Brady    DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius    cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio    kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey    bknotice@clunkhoose.com
- Richard W. DiBella    rdibella@dgmblaw.com
- Melody A. Dugic    mgazda@hendersoncovington.com
- Marcel C. Duhamel    mcduhamel@vorys.com, mdwalkuski@vorys.com
- Douglas M. Eppler    deppler@walterhav.com
- Bryan J. Farkas    bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com
- Matthew D. Fazekas    mdfazekas@vorys.com
- Scott D. Fink    ecfndoh@weltman.com
- Glenn E. Forbes    bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com
- Stephen R. Franks    amps@manleydeas.com
- Stephen John Futterer    sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Marc P. Gertz    mpgertz@gertzrosen.com, dmichna@gertzrosen.com
- Michael R. Hamed    mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein    hheberlein@porterwright.com, mvitou@porterwright.com
- Dennis J. Kaselak    dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym    bk@hhkwlaw.com
- Jerry R. Krzys    jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Scott B. Lepene    scott.lepene@thompsonhine.com, Christine.Broz@thompsonhine.com;ECFDocket@thompsonhine.com
- Jeffrey M. Levinson    jml@jml-legal.com
- Matthew H. Matheney    mmatheney@porterwright.com, cpeskar@porterwright.com
- Shannon M. McCormick    bankruptcy@kamancus.com

- Michael J. Moran    mike@gibsonmoran.com,
  moranecf@gmail.com;r55982@notify.bestcase.com
- Heather L. Moseman    heather@mosemanlaw.com
- Kelly Neal    kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann    dneumann@meyersroman.com,
  jray@meyersroman.com;mnowak@meyersroman.com
- Timothy P. Palmer    timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek    dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft    tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler    kroessler@walterhav.com,
  kballa@walterhav.com;slasalvia@walterhav.com;deppler@walterhav.com
- John J. Rutter    jrutter@ralaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Michael J. Sikora    msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn    nsinn@porterwright.com, cpeskar@porterwright.com
- Robin L. Stanley    rstanley@peteribold.com,
  Sonya@peteribold.com;Cynthia@peteribold.com;5478@notices.nextchapterbk.com
- Rachel L. Steinlage    rsteinlage@meyersroman.com,
  jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas    rthomas@hendersoncovington.com,
  mgazda@hendersoncovington.com
- Stephen G. Thomas    steve@sgtlaw.net, kim@sgtlaw.net
- Andrew M. Tomko    atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole    jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Michael S. Tucker    mtucker@ulmer.com
- Phyllis A. Ulrich    bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo    Leslie@Wargo-Law.com
- Karey Werner    kewerner@vorys.com
- Elia O. Woyt    eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06    maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov

And on the following by regular U.S. Mail:


Richard M. Osborne, Jr.                     Donald R. Whiteman
7050 Jackson St.                            11440 Robin Wood Lane
Mentor, OH 44060                            Chagrin Falls, OH 44023


Omar Kanaan                                 Wuliger & Wuliger, LLC
158 Rainbow Drive, Suite 5829               c/o Amy A. Wuliger-Knee
Livingston, TX 77399                        2003 St. Clair Ave.
                                            Cleveland, OH 44114

Angel Macatigos
158 Rainbow Drive, Suite 5829
Livingston, TX 77399

Chris Provost
2700 Via Fortuna
Austin, TX 78746

Legacy Ridge PA LLC
c/o Corporation Service Company
50 West Broad Street, Suite 1330
Columbus, OH 43215

Evan T. Byron
29525 Chagrin Blvd, Suite 250
Pepper Pike, Ohio 44122

Erik L. Walter
60 South Park Place
Painesville, OH 44077

OsAir, Inc.
c/o Eric Silver, Receiver
3659 South Green Road, Suite 100
Beachwood, Ohio 44122

Erie Bank
c/o CNB Bank
One South Second Street
Clearfield, PA 16830

JTO Materials, LLC
c/o RAR Statutory Service Corp.
6685 Beta Drive
Cleveland, OH 44143

Kirk W. Roessler
950 Main Avenue
Suite 500
Cleveland, OH 44113

Brandon D.R. Dynes
1282 W. 58th Street
Cleveland, OH 44102

/s/ Marcel C. Duhamel
Marcel C. Duhamel (0062171)

## EXHIBIT A

| PROPERTY DESCRIPTION (Equity Interests) | TYPE OF ENTITY | BELIEVED OWNERSHIP INTEREST[2] |
|---|---|---|
| Achievement, Ltd. | Limited Liability Company | 100% |
| Big Oat's Oil Field Supply Company, LLC | Limited Liability Company | 100% |
| David Oil Company LLC | Limited Liability Company | 100% |
| Great Lakes Parkway LLC | Limited Liability Company | 100% |
| Tatonka Oil Company LLC | Limited Liability Company | 100% |

[2] The ownership interest is derived upon the information provided by the Debtor, including his bankruptcy schedules, his agents, and/or his attorneys. The Trustee makes no representation of the accuracy of the Debtor's ownership interest in these various entities.

# **Exhibit B**

## MEMBERSHIP INTERESTS PURCHASE AGREEMENT

THIS MEMBERSHIP INTERESTS PURCHASE AGREEMENT (this "Agreement") is made by and between Kari B. Coniglio, as Chapter 7 Trustee for the Bankruptcy Estate of Richard M. Osborne in United States Bankruptcy Court, Northern District of Ohio Case Number 17-17361 (the "Trustee" or "Seller") and _____ ("Buyer"). The "Effective Date" of this Agreement shall be the date this Agreement is signed by Seller, if Seller is the last to sign, or by Buyer, if Buyer is the last to sign.

## RECITALS

**WHEREAS**, the Trustee, is authorized to sell the Membership Interests (as defined below) of [_____] (the "Company").

**WHEREAS**, the Seller, desires to sell, and Buyer desires to purchase from Seller, subject to the terms and conditions set forth in this Agreement, all of the membership interests in the Company owned by Richard M. Osborne, Sr. (the "Membership Interests").

**NOW, THEREFORE**, in consideration of the foregoing premises, which are incorporated into, and made part of, this Agreement, and the other representations, warranties, covenants and agreements herein contained, and intending to be legally bound hereby, the parties agree as follows:

1.  RECITALS. The Recitals set forth above are incorporated by reference into this Agreement.

2.  THE MEMBERSHIP INTERESTS. On the terms and subject to the conditions of this Agreement Seller shall sell, transfer and deliver all of the Membership Interests to Buyer, and Buyer shall purchase all of the Membership Interests from Seller, in consideration for the Purchase Price.

3.  PURCHASE PRICE. The price shall be $_____ (the "Purchase Price"), to be paid in immediately available funds to Seller within fourteen (14) business days following the Effective Date.

4.  PAYMENT.  Buyer shall tender the Purchase Price to Seller within 14 days after the Effective Date. Upon receipt of available funds and the Assignment of Membership Interests (the "Assignment) in the form attached hereto as Exhibit A executed by Buyer, Seller shall execute and deliver to Buyer the Assignment.

5.  CONDITION OF THE MEMBERSHIP INTERESTS; DISCLOSURES.

    a.  Purchase of the Property "As-Is." **EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN, BUYER DOES HEREBY ACKNOWLEDGE,**

REPRESENT, WARRANT AND AGREE TO AND WITH SELLER THAT: (I) BUYER IS EXPRESSLY PURCHASING THE MEMBERSHIP INTERESTS IN THEIR EXISTING CONDITION "AS IS, WHERE IS, AND WITH ALL FAULTS" AND SPECIFICALLY AND EXPRESSLY WITHOUT ANY WARRANTIES, REPRESENTATIONS OR GUARANTIES, EITHER EXPRESS OR IMPLIED, OF ANY KIND, NATURE OR TYPE WHATSOEVER FROM OR ON BEHALF OF SELLER WITH RESPECT TO ALL FACTS, CIRCUMSTANCES, CONDITIONS AND DEFECTS; (II) SELLER HAS SPECIFICALLY BARGAINED FOR THE ASSUMPTION BY BUYER OF ALL RESPONSIBILITY TO INSPECT AND INVESTIGATE THE MEMBERSHIP INTERESTS AND THE COMPANY AND OF ALL RISK OF ADVERSE CONDITIONS AND HAVE STRUCTURED THE PURCHASE PRICE AND OTHER TERMS OF THIS AGREEMENT IN CONSIDERATION THEREOF; (III) BUYER IS AND WILL BE RELYING STRICTLY AND SOLELY UPON SUCH INSPECTIONS AND EXAMINATIONS AND THE ADVICE AND COUNSEL OF ITS CONSULTANTS, AGENTS, LEGAL COUNSEL AND OFFICERS TO DETERMINE IF THE PURCHASE PRICE IS FAIR AND ADEQUATE CONSIDERATION FOR THE MEMBERSHIP INTERESTS; (IV) SELLER IS NOT MAKING AND HAS NOT MADE ANY WARRANTY OR REPRESENTATION WITH RESPECT TO ANY MATERIALS OR OTHER DATE PROVIDED BY SELLER TO BUYER (WHETHER PREPARED BY OR FOR THE SELLER OR OTHERS) OR THE EDUCATION, SKILLS, COMPETENCE OR DILIGENCE OF THE PREPARERS THEREOF OR THE PHYSICAL CONDITION OR ANY OTHER ASPECT OF ALL OR ANY PART OF THE PROPERTY AS AN INDUCEMENT TO BUYER TO ENTER INTO THIS AGREEMENT AND THEREAFTER TO PURCHASE THE MEMBERSHIP INTERESTS FOR ANY OTHER PURPOSE; AND (V) BY REASON OF ALL THE FOREGOING, BUYER ASSUMES THE FULL RISK OF ANY LOSS OR DAMAGE FOLLOWING CLOSING OCCASIONED BY ANY FACT, CIRCUMSTANCE, CONDITION OR DEFECT PERTAINING TO THE MEMBERSHIP INTERESTS. WITHOUT LIMITING THE GENERALITY OF ANY OF THE FOREGOING, BUYER SPECIFICALLY ACKNOWLEDGES THAT SELLER DOES NOT REPRESENT OR IN ANY WAY WARRANT THE ACCURACY OF ANY INFORMATION DESCRIBING THE MEMBERSHIP INTERESTS OR THE INFORMATION, IF ANY, PROVIDED BY SELLER TO BUYER.

b. <u>No Warranties</u>. SELLER HEREBY DISCLAIMS ALL WARRANTIES OF ANY KIND OR NATURE WHATSOEVER (INCLUDING WARRANTIES OF CONDITION, MERCHANTABILITY, AND FITNESS FOR PARTICULAR PURPOSES), WHETHER EXPRESSED OR IMPLIED. BUYER FURTHER ACKNOWLEDGES THAT BUYER IS BUYING THE MEMBERSHIP INTERESTS "AS IS" AND IN ITS PRESENT CONDITION AND THAT EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS AGREEMENT, BUYER IS NOT RELYING UPON ANY REPRESENTATION OF ANY KIND OR NATURE

**MADE BY SELLER, OR ANY OF ITS RESPECTIVE EMPLOYEES, AGENTS OR OTHER REPRESENTATIVES WITH RESPECT TO THE LAND OR PROPERTY, AND THAT, IN FACT, NO SUCH REPRESENTATIONS WERE MADE EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT.**

        c.     <u>No Representations</u>. **TO SELLER'S KNOWLEDGE AND BELIEF, RICHARD M. OSBORNE, SR. (THE "DEBTOR") OWNED ALL OR SOME OF THE MEMBERSHIP INTERESTS IN THE COMPANY AND SUCH MEMBERSHIP INTERESTS OWNED BY THE DEBTOR ARE PROPERTY OF THE DEBTOR'S BANKRUPTCY ESTATE. SELLER MAKES NO REPRESENTATIONS AS TO THE OWNERSHIP OR VALIDITY OF THE MEMBERSHIP INTERESTS OR IF ANY LIENS, CLAIMS, OR OTHER INTERESTS EXIST IN THE MEMBERSHIP INTERESTS. BUYER TAKES TITLE TO THE MEMBERSHIP INTERESTS ASSUMING ALL RISKS AND LIABILITIES ASSOCIATED WITH THE MEMBERSHIP INTERESTS. ADDITIONALLY, SELLER MAKES NO REPRESENTATIONS OR WARRANTIES REGARDING THE ASSETS AND/OR LIABILITIES OF THE COMPANY.**

        6.     <u>REPRESENTATIONS AND WARRANTIES OF BUYER</u>. Buyer represents and warrants to Seller as follows:

        a.   That Buyer has the full power and authority to enter into this Agreement and to carry out the obligations herein.

        b.   That Buyer is aware of the business affairs and financial condition of the Company.

        c.   That Buyer has conducted its own due diligence regarding the Company.

        d.   That Buyer has acquired sufficient information to reach an informed and knowledgeable decision to acquire the Membership Interests.

        e.   That Buyer is purchasing the Membership Interests solely for the account of the Buyer for investment and not with a view to, or for resale in connection with, any distribution thereof within the meaning of the Securities Act of 1933, as amended (the "Act"). The Buyer further represents that it does not have any present intention of selling, offering to sell or otherwise disposing of or distributing the Membership Interests or any portion thereof.

        f.   That Buyer is aware that this sale will be made pursuant to exemptions from registration under the Act and applicable state securities laws, and will not be approved or disapproved by the United States Securities and Exchange Commission (the "<u>SEC</u>"), any state securities commission or any securities

exchange or association, nor will the SEC, any state securities commission or any securities exchange or association review or comment on the accuracy or adequacy of the statements contained herein.

    g.   The Buyer understands that the Membership Interests have not been registered under the Act. In this connection, the Buyer understands that it must retain the Membership Interests indefinitely without any intention of reselling or otherwise disposing of the Membership Interests either presently or at the end of any particular period unless it is subsequently registered under the Act or an exemption from registration is available.

    7.     <u>REGISTRATION OF THE MEMBERSHIP INTERESTS</u>. The parties hereto stipulate and agree that the Membership Interests have not and will not be registered under any state or federal securities laws, and the sale of the Membership Interests contemplated hereby is exempt from such registration.

    8.     <u>EXPENSES</u>. Each party hereto shall bear its own expenses incurred in connection with this Agreement and the transactions herein contemplated whether or not such transaction shall be consummated, including, without limitation, fees of its legal counsel, financial advisors, and accountants.

    9.     <u>ENTIRE AGREEMENT; ASSIGNMENT</u>. This Agreement, including any addendum, constitutes the entire agreement between the parties. No other conditions representations, warranties or agreements, expressed or implied, have been made or relied upon by Buyer or Seller. The representations, warranties and agreements contained in this Agreement shall survive the transfer of title. This Agreement shall not be assigned, changed, modified, altered or amended except by written agreement duly executed by both parties.

    10.   <u>NON-RECOURSE TO TRUSTEE</u>. This Agreement is executed by the Trustee solely in Trustee's capacity as Chapter 7 Trustee for the Bankruptcy Estate of Richard M. Osborne in United States Bankruptcy Court, Northern District of Ohio Case Number 17-17361, and this Agreement (and any document executed in connection herewith) is without recourse against the Trustee individually, her law firm, the Debtor's estate, or any of the assets of each.

    11.   <u>PARTIES BOUND AND BENEFITTED</u>. This Agreement shall bind and benefit the parties hereto and their heirs, personal representatives, successors and assigns.

    12.   <u>NOTICE</u>. All notices given pursuant to this Agreement shall be communicated in writing (including electronic mail) and shall be deemed given upon actual receipt, and shall be provided for as follows:

If to Seller:    Kari B. Coniglio
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Email: kbconilgio@vorys.com

With a copy to: Marcel C. Duhamel
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Email: mcduhamel@vorys.com

If to Buyer:    _____

_____

_____

_____

With a copy to:_____

_____

_____

_____

13.    <u>GOVERNING LAW</u>.  The laws of the state of Ohio govern this Agreement (without giving effect to its conflicts of law principles).

14.    <u>WAIVER OF JURY TRIAL</u>. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY HERETO HEREBY IRREVOCABLY AND EXPRESSLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDINGS, OR COUNTERCLAIM (WHETHER BASED UPON  CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THE ACTIONS OF ANY PARTY IN CONNECTION WITH THE NEGOTIATION, ADMINISTRATION, OR ENFORCEMENT OF THIS AGREEMENT.

15.    <u>SEVERABILITY</u>. The parties may execute this Agreement in any number of counterparts, each of which is an original but all of which constitute one and the same instrument. This Agreement is signed when a party's signature is delivered by facsimile, email, or other electronic medium. Such signatures shall be treated in all respects as having the same force and effect as original signatures.

16.    <u>COUNTERPARTS; ELECTRONIC SIGNATURES</u>. The parties may execute this Agreement in any number of counterparts, each of which is an original but all of which constitute one and the same instrument. This Agreement is signed when a party's signature is delivered by

facsimile, email, or other electronic medium. Such signatures shall be treated in all respects as having the same force and effect as original signatures.

17.     <u>CONDITION PRECEDENT</u>. It shall be a condition precedent to Seller's obligations hereunder that Seller shall have received all necessary authorizations and approvals from the Court in United States Bankruptcy Court, Northern District of Ohio Case Number 17-17361, and the conditions of Buyer under Section 4 of this Agreement are satisfied.

[*Signature Page Follows*]

**THIS AGREEMENT IS A LEGALLY BINDING CONTRACT. IF YOU HAVE ANY QUESTIONS OF LAW, CONSULT YOUR ATTORNEY.**

SELLER:                                          BUYER

                                                 [_____]

By: _____          By: _____
Kari B. Coniglio, as Chapter 7 Trustee     Print (name):_____
for the Bankruptcy Estate of Richard M.
Osborne in United States Bankruptcy Court,
Northern District of Ohio Case Number
17-17361

Date:_____           Date:_____

# Exhibit A

## ASSIGNMENT OF MEMBERSHIP INTERESTS

This ASSIGNMENT OF MEMBERSHIP INTERESTS (this "Assignment") is made effective as of _____, 2022 by and between Kari B. Coniglio, Chapter 7 Bankruptcy Trustee ("Assignor") and _____ ("Assignee") pursuant to and in accordance with that certain *Order Granting Trustee's Motion for Entry of Order (I) Authorizing and Approving Sale of Specific Property, (II) Approving Competitive and Interactive Bidding Procedures For the Sale of Specific Property, and (III) Approving Form and Manner of Notice* entered on _____, 2022 in the Chapter 7 bankruptcy proceeding known as In re: Richard M. Osborne, Sr.., Case No. 17-17361, United States Bankruptcy Court for the Northern District of Ohio, Eastern Division.

For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor and Assignee agree as follows:

1.      Incorporation of Purchase Agreement. This assignment is subject to the terms and conditions of that certain Membership Interests Purchase Agreement (the "Agreement") made by and between Assignor and Assignee and effective as of _____.

2.      Assignment.  Assignor does hereby grant, convey, transfer, assign, set over, and deliver to Assignee all of the membership interests of Richard M. Osborne, Sr. in _____, an Ohio limited liability company (the "Membership Interests"). This Assignment is executed without recourse and without representations or warranties of any kind or nature, expressed, implied or imposed by law, except as provided in the Agreement.

3.      Acceptance of Assignment.   Assignee hereby accepts the assignment from Assignor of the Membership Interests.

4.      Miscellaneous.

(a)      Headings.  The headings in this Assignment are solely for convenience and shall not be given any effect in the construction or interpretation of this Assignment.

(b)      Counterparts.   This Assignment may be executed in a number of counterparts, each of which shall be deemed an original and all of which shall constitute one and the same Assignment. Any counterpart may be executed by facsimile or .pdf signature and such facsimile or .pdf signature shall be deemed an original.

IN WITNESS WHEREOF, Assignor and Assignee have caused this Assignment to be duly executed as of the date first written above.

SELLER:                                          BUYER

                                                 [_____]

By: _____                     By: _____
Kari B. Coniglio, as Chapter 7 Trustee           Print (name):_____
for the Bankruptcy Estate of Richard M.
Osborne in United States Bankruptcy Court,
Northern District of Ohio Case Number
17-17361

Date:_____                    Date:_____

# **Exhibit C**

<u>NON-DISCLOSURE AGREEMENT</u>

THIS NON-DISCLOSURE CONFIDENTIALITY AGREEMENT (the "Agreement") is made this __ day of _____ 2022 by and between Kari B. Coniglio, as Chapter 7 Trustee for the Bankruptcy Estate of Richard M. Osborne in United States Bankruptcy Court, Northern District of Ohio Case Number 17-17361 (the "<u>Trustee</u>") and _____ (the "<u>Bidder</u>").

WHEREAS, on _____, 2022, the Trustee has filed a Motion to Sell in the above-captioned case seeking bids for the purchase of certain equity interests (the "<u>Equity Interests</u>") in certain companies (the "<u>RMO Entities</u>");

WHEREAS, the Bidder has expressed an interest in purchasing some or all of the Equity Interests from the Trustee;

WHEREAS, in order to facilitate a sale with the Bidder, the Trustee wishes to disclose certain Confidential Information (as defined below) related to the RMO Entities and the Equity Interests to the Bidder;

WHEREAS, the Trustee would suffer irreparable harm if such Confidential Information was used for an improper purpose, became public, or was obtained in some fashion by a third party;

WHEREAS, the Trustee is willing to allow for inspection of Confidential Information upon the agreement of confidentiality and execution of this Agreement; and

NOW, THEREFORE for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      "Confidential Information" shall mean all information which is disclosed by the Trustee to the Bidder including, but not limited to, any and all information classified by the Trustee as "confidential", "confidential information", or any other words/phrases of similar import (which classification may be made by titling a folder "Confidential Information" in a virtual data room maintained by the Trustee in connection with any potential bids made by the Bidder) and any and all information related to the RMO Entities and/or the Equity Interests that the Trustee has disclosed to the Bidder in any form or manner.

2.      The Parties hereby agree that any and all Confidential Information that is furnished, delivered or made available on or after the Effective Date shall be provided only pursuant to the terms of this Agreement and exclusively pursuant to a classification by the Trustee that the information is confidential. Under no circumstances shall any Confidential Information be furnished, delivered, or made available by the Trustee or her representatives in a manner not explicitly authorized by this Agreement.

3.     The Bidder shall not disclose such Confidential Information to any third party other than necessary personal, financial, legal, or similar advisor (each individually a "Representative" and collectively, the "Representatives") to the Bidder and only upon the execution of a copy of this Agreement by such financial, legal or other similar advisors with the Trustee.

4.     After the execution of this Agreement, the Trustee will provide the Bidder access to the data room referenced in Paragraph 1 of this Agreement for the purposes of evaluating whether the Bidder will submit a bid for some or all of the Equity Interests.

5.     At the request of Trustee, the Bidder shall cause, and shall cause each Bidder Representative, to promptly destroy or return all Confidential Information to the Trustee.

6.     The Bidder recognizes the irreparable harm that would be caused if Confidential Information were used or disclosed in violation of this Agreement. Therefore, in the event of a breach of this Agreement by the Bidder, the Trustee shall have all remedies in law and/or equity available to her, including injunctive relief or specific performance as may be granted by a court of competent jurisdiction.

7.     The obligations and restrictions of this Agreement do not apply to that part of Confidential Information that Bidder demonstrates: (a) was or becomes generally publically available other than as a result of a disclosure by the Bidder in violation of this agreement; (b) was or becomes available to the Bidder on a nonconfidential basis, but only if (i) the source of such information is not bound by a confidentiality agreement with the Trustee or is not otherwise prohibited from transmitting the information to the Bidder or a Bidder Representative by a contractual, legal, fiduciary, or other obligation; and (ii) the Bidder provides the Trustee with written notice of such possession either (1) before the execution and delivery of this agreement or (2) if the Bidder later becomes aware (through disclosure to the Bidder) of any aspect of the Confidential Information, promptly on the Bidder so becoming aware; or (c) was developed by the Bidder independently without breach of this agreement.

8.     In the event the Bidder is requested or required, as a result of a judicial, regulatory or similar proceeding, to disclose any Confidential Information, the Bidder shall (a) provide the Trustee with prompt notice of any such request or requirement before disclosure so that the Trustee may seek a protective order or other appropriate remedy, and (b) provide reasonable assistance to the Disclosing Party in obtaining any such protective order.

9.     All Confidential Information shall remain the exclusive property of the Trustee.

10.    ALL CONFIDENTIAL INFORMATION IS PROVIDED "AS IS." THE TRUSTEE MAKES NO WARRANTIES, EXPRESS, IMPLIED, OR OTHERWISE, REGARDING THE ACCURACY, COMPLETENESS, OR PERFORMANCE OF ANY SUCH INFORMATION.

11.     This Agreement is the entire agreement between the Bidder and the Trustee with respect to the subject matter hereof. This Agreement may be amended only be means of a written instrument executed on behalf of both parties.

12.     This Agreement shall survive for a period of ten (10) years from the date of execution.

13.     The Bidder may not assign any of its rights under this Agreement, except with the prior written consent of the Trustee.

14.     All notices give pursuant to this Agreement shall be communicated in writing (including electronic mail) and shall be deemed given upon actual receipt, and shall be provided for as follows:

If to Seller:     Kari B. Coniglio
                  Vorys, Sater, Seymour and Pease LLP
                  200 Public Square, Suite 1400
                  Cleveland, Ohio 44114
                  Email: kbconilgio@vorys.com

With a copy to: Marcel C. Duhamel
                  Vorys, Sater, Seymour and Pease LLP
                  200 Public Square, Suite 1400
                  Cleveland, Ohio 44114
                  Email:mcduhamel@vorys.com

If to Buyer:     _____
                 _____
                 _____
                 _____

With a copy to:_____
                 _____
                 _____
                 _____

15.     The laws of the state of Ohio govern this Agreement (without giving effect to its conflicts of law principles).

16.     No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this Agreement will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right,

or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will constitute a continuing waiver, unless the writing so specifies.

17.     If any provision of this Agreement or the application of any such provision to any person or circumstance shall be held invalid, illegal or unenforceable in any respect by a court of competent jurisdiction, the parties hereto request that the court reform such provision in a manner sufficient to cause such provision to be enforceable, and in any event such provision shall not affect the enforceability of the remainder of this Agreement.

18.     The parties may execute this Agreement in any number of counterparts, each of which is an original but all of which constitute one and the same instrument. This Agreement is signed when a party's signature is delivered by facsimile, email, or other electronic medium. Such signatures shall be treated in all respects as having the same force and effect as original signatures.

[*Signature Page Follows*]

**THIS AGREEMENT IS A LEGALLY BINDING CONTRACT. IF YOU HAVE ANY QUESTIONS OF LAW, CONSULT YOUR ATTORNEY.**

THE TRUSTEE:                                    THE BIDDER:

By: _____               By: _____

Kari B. Coniglio, as Chapter 7 Trustee          _____
for the Bankruptcy Estate of Richard M.
Osborne in United States Bankruptcy Court,
Northern District of Ohio Case Number
17-17361

000 MENTOR AVENUE, LLC

000 RICHMOND ROAD, LLC

000 WEST JACKSON, LLC

001 JACKSON STREET, LLC

1058 PEACH BLVD., LLC

11447 VICEROY, LLC

11486 VICEROY, LLC

11495 VICEROY, LLC

11520 MONARCH, LLC

11575 GIRDLED ROAD, LLC

1180 W. JACKSON ST., LLC

1344 LOST NATION ROAD, LLC

1344 WEST JACKSON ST. LLC

1392 JACKSON STREET LLC

1450 JACKSON STREET II, LLC

1450 JACKSON STREET, LLC

15499 KINSMAN ROAD LLC

2100 LAKESIDE LLC

2412 N. NEWTON FALLS ROAD LLC

26 BROADWAY LLC

2681 ORCHARD WAY, INC.

2737 HUBBARD RD LLC

27981 EUCLID CO., LLC

306 LAKESHORE, LLC

362 CENTER STREET LLC

366 CENTER STREET LLC

38700 PELTON ROAD, LLC

5480 WOODSIDE ROAD, LLC

5848 VROOMAN ROAD LLC

6631 RIDGE ROAD, LLC

7001 CENTER STREET, LLC

7123 INDUSTRIAL PARK BLVD., INC.

7300 CENTER STREET, INC.

7341 LAKESHORE , LLC

7350 PALISADES PARKWAY, INC.

7597 MENTOR AVENUE, LLC

7621 MENTOR AVENUE, LLC

8014 BELLFLOWER, LLC

815 SUPERIOR AVENUE LIMITED LIABILITY COMPANY

8420 MENTOR AVENUE, LLC

8491 MAYFIELD ACQUISITIONS, LLC

8644 STATION STREET, LLC

8667 EAST AVENUE, LLC

8755 MUNSON ROAD, LLC

8990 TYLER BOULEVARD, LLC

9010 TYLER, LLC

9130-38 TYLER BOULEVARD, LLC

A000 MENTOR AVENUE, LLC

ACACIA VENTURES, LLC

ACHIEVEMENT, LTD.

ALTA GAS SERVICES LLC

ANDOVER PROPANE, LLC

ANGRMO OIL & GAS

BACK LAND, LLC

BARNES, LLC

BEDFORD PROPERTIES LTD.

BIG OAT'S OIL FIELD SUPPLY COMPANY, LLC

BISHOP ROAD LLC

BLACK BEAR REALTY, LTD.

BLACKBROOK ROAD, LLC

BLUE HERON DEVELOPMENT LTD.

BRAINARD GAS CORP.

BUTCHCOAT, LLC

CARDINAL FRANCHISE CORP.

CENTER INVESTMENTS CORP.

CENTER STREET INVESTMENTS, INC.

CHARDON BANK BUILDING, LLC

CHARDON PROPERTIES, INC.

CHECKERS OF OHIO, INC.

CHOWDER GAS STORAGE FACILITY, LLC

CHOWDER LAND DEVELOPMENT CO., LLC

CHR, LLC

COBRA PIPELINE CO., LTD.

COLUMBUS TILE YARD, LLC

CONCORD GROUP, LLC

CONCORD/HAMBDEN ROAD, LLC

CRILE ROAD DEVELOPERS, LTD.

CUBBY'S RECYCLING LLC

DAVID OIL COMPANY, LLC

DELICIOUS DESIGNATED DRIVERS, LLC

DMO PROPERTIES, INC.

EAST 27TH STREET LLC

ERIE-COKE PROPERTIES, INC.

ESPYVILLE PA, LLC

FAIRPORT HARBOR PROPERTIES, INC.

FAIRPORT PROPERTIES PARKING LLC

FAIRPORT PROPERTIES, LLC

FARLEY LAND, LLC

FIRST INDEMNITY, LTD.

FLAGLER, LLC

FOREVER WILD, LLC

FRONT LAND, LLC

GD3 VENTURES I, LLC

GD3 VENTURES TYLER, LLC

GN1, LLC

GN2, LLC

GN3, LLC

GN4, LLC

GN5, LLC

GORMAN ROAD, LLC

GREAT LAKES NITROGEN PIPELINE COMPANY, INC.

GREAT LAKES OXYGEN WELDERS SUPPLY, INC.

GREAT LAKES PARKWAY, LLC

GREAT LAKES PLAZA, LTD.

GREAT LAKES PROPANE, INC.

GREAT PLAINS EXPLORATION, LLC

HALE ROAD, LLC

HAMILTON PARTNERS, INC.

HAMILTON-MERCANTILE LAND LLC

HAMILTON-MERCANTILE LLC

HAMILTON/MERCANTILE DEVELOPMENT COMPANY, INC.

HEISLEY STORAGE & MINI LTD.

HEISLEY-HOPKINS, INC.

HOPKINS HEISLEY CORP.

JACKSON-HOPKINS, LLC

THE JEROME T. OSBORNE FAMILY LIMITED PARTNERSHIP

JOHN D. OIL AND GAS COMPANY

JOHN D. OIL AND GAS MARKETING COMPANY, LLC

JOHN D. RESOURCES, LLC

JTO MATERIALS, LLC

KEENE PROPERTIES, LLC

KAY-MC, INC.

KYKUIT RESOURCES, LLC

LAKE COUNTY TITLE, LLC

LAKE HEISLEY I & II, INC.

LAKE SHORE BLVD, LLC

LAKE SHORE GAS STORAGE, INC.

LAKESHORE & RT. 306, LLC

LEC HOUSE, LLC

LEIMCO ACQUISITION COMPANY, LLC

LEIMCO DEVELOPMENT COMPANY, LTD.

LEIMCO HOLDING COMPANY, LLC

LIBERTY SELF-STOR III, LTD.

LIBERTY SELF-STOR II, LTD.

LIBERTY SELF STOR, LTD.

LIGHTNING OIL CO., LTD.

LIGHTNING OIL COMPANY

LIGHTNING PIPELINE COMPANY II, INC.

LIGHTNING PIPELINE COMPANY LTD.

LITTLE INCH, LLC

LITTLE OATS, LLC

LUCKY BROTHERS, LLC

LUDLOW NATURAL GAS COMPANY, LLC

MADISON LAND LLC

MADISON/ROUTE 20, LLC

MARIETTA LAND PROPERTIES LLC

MATCHWORKS TAVERN, LLC

MATCHWORKS, LLC

MEADOWLANDS APARTMENTS, INC.

MENTOR CONDOMINIUMS, LLC

MENTOR EQUIPMENT RENTAL LLC

MENTOR JOINT VENTURE

MENTOR LEASING, INC.

MENTOR-BARD PROPERTIES, LLC

MERIDIAN POINT REALTY TRUST '83

MIDDLE SISTER ISLAND CO.

MIDWAY INDUSTRIAL CAMPUS CO., LTD.

MINI MANAGEMENT COMPANY, LTD.

NATHAN PROPERTIES, LLC

NEO GAS MARKETING, LLC

NORTHWESTERLY, LTD.

OHIO PIPELINE LLC

OPD SANITARY SEWER DEVELOPMENT COMPANY, LLC

ORWELL NATURAL GAS COMPANY

ORWELL-TRUMBULL PIPELINE CO., LLC

OSAIR, INC

OSBORNE CONCRETE & STONE CO.

OSBORNE CRUSHED STONE & CONCRETE LLC

OSBORNE MARKETING AND SALES, LLC

OSBORNE MONETARY FINANCE, LLC

OSBORNE SECURITIES, INC.

OSSCO PROPERTIES LTD.

OZ ACQUISITION, LLC

OZ GAS AVIATION, LLC

OZ GAS, LTD.

PAINESVILLE BALLFIELD, LLC

PAINESVILLE BANK BUILDING, LLC

PAINESVILLE TOWNSHIP TRAILER PARK, INC.

PARKWAY COMMERCE LLC

PLAZA AVENUE, LLC

POPEYE'S MARINA, INC.

RAVENNA ROAD II, LLC

RENAISSANCE PARKWAY LLC

RICHARD OSBORNE PUBLISHING, LTD.

RICK'S II, LLC

RICK'S LTD.

RICKY HOMES, INC.

RIGRTONA HOLDING COMPANY, LLC

RMO, INC.

ROCKEFELLER OIL COMPANY, LLC

ROCKEFELLER RENTALS, LLC

ROCKWELL GARAGE, LLC

ROCKWELL PROPERTY, LLC

ROUTE 20 BOWLING ALLEY, INC.

ROUTE 306 PROPERTIES, LLC

ROUTE 306, LLC

ROUTE 44, LLC

ROUTE 84 LLC

S.C.R.O. COMPANY, LLC

S.O.L. PROPERTIES, LLC

SCULPTYOUR IMAGE, LLC

SLEEPY HOLLOW OIL & GAS, LLC

SOUTHEAST RETIREMENT COMPANY LTD.

SPELMAN PIPELINE, LLC

STATION STREET LEASING, LLC

STATION STREET PARTNERS, LLC

STEVE-RICK, LTD.

STIFFTHEBANKS.COM, LLC

SUCH A DEAL, LLC

SUGAR BUSH HOLDINGS, LLC

SUGARBRUSH PROPERTIES, LLC

SUGARBUSH PROPERTIES I, LLC

TATONKA OIL COMPANY LLC

THE JEROME T. OSBORNE FAMILY LIMITED PARTNERSHIP

THE RETIREMENT MANAGEMENT COMPANY

TIN MAN STORAGE, LLC

TINMAN STORAGE CENTER, LLC

TURBINE STORAGE LLC

TURKEY VULTURE FUND XIII, LTD.

TURKEY VULTURE FUND XIV, LTD.

TURKEY VULTURE MANAGEMENT, LTD.

TYLER BOULEVARD HOLDING COMPANY

TYLER BOULEVARD, LLC

VROOMAN ROAD DEVELOPMENT LTD.

VROOMAN ROAD WATERLINE, LLC

WILLIAMS RD., LLC

WILSON LAND PROPERTIES, LLC

WOODLANDS ASSISTED LIVING RESIDENCE - EASTLAND, LLC

WOODLANDS ASSISTED LIVING RESIDENCE, LLC

YELLOWBRICK STORAGE, LLC