# Exhibit 4

<u>MEMBERSHIP INTERESTS PURCHASE AGREEMENT</u>

THIS MEMBERSHIP INTERESTS PURCHASE AGREEMENT (this "<u>Agreement</u>") is made by and between Kari B. Coniglio, as Chapter 7 Trustee for the Bankruptcy Estate of Richard M. Osborne in United States Bankruptcy Court, Northern District of Ohio Case Number 17-17361 (the "<u>Trustee</u>" or "<u>Seller</u>") and _____ ("<u>Buyer</u>"). The "<u>Effective Date</u>" of this Agreement shall be the date this Agreement is signed by Seller, if Seller is the last to sign, or by Buyer, if Buyer is the last to sign.

RECITALS

**WHEREAS**, the Trustee, is authorized to sell the Membership Interests (as defined below) of [_____] (the "<u>Company</u>").

**WHEREAS**, the Seller, desires to sell, and Buyer desires to purchase from Seller, subject to the terms and conditions set forth in this Agreement, all of the membership interests in the Company owned by Richard M. Osborne, Sr. (the "<u>Membership Interests</u>").

**NOW, THEREFORE**, in consideration of the foregoing premises, which are incorporated into, and made part of, this Agreement, and the other representations, warranties, covenants and agreements herein contained, and intending to be legally bound hereby, the parties agree as follows:

1.      <u>RECITALS</u>. The Recitals set forth above are incorporated by reference into this Agreement.

2.      <u>THE MEMBERSHIP INTERESTS</u>. On the terms and subject to the conditions of this Agreement  Seller shall sell, transfer and deliver all of the Membership Interests to Buyer, and Buyer shall purchase all of the Membership Interests from Seller, in consideration for the Purchase Price.

3.      <u>PURCHASE PRICE</u>. The price shall be $_____ (the "<u>Purchase Price</u>"), to be paid in immediately available funds to Seller within fourteen (14) business days following the Effective Date.

4.      <u>PAYMENT</u>.  Buyer shall tender the Purchase Price to Seller within 14 days after the Effective Date. Upon receipt of available funds and the Assignment of Membership Interests (the "Assignment) in the form attached hereto as <u>Exhibit A</u> executed by Buyer, Seller shall execute and deliver to Buyer the Assignment.

5.      <u>CONDITION OF THE MEMBERSHIP INTERESTS; DISCLOSURES</u>.

        **a.**      <u>Purchase of the Property "As-Is."</u> **EXCEPT AS OTHERWISE EXPRESSLY PROVIDED HEREIN, BUYER DOES HEREBY ACKNOWLEDGE,**

REPRESENT, WARRANT AND AGREE TO AND WITH SELLER THAT: (I) BUYER IS EXPRESSLY PURCHASING THE MEMBERSHIP INTERESTS IN THEIR EXISTING CONDITION "AS IS, WHERE IS, AND WITH ALL FAULTS" AND SPECIFICALLY AND EXPRESSLY WITHOUT ANY WARRANTIES, REPRESENTATIONS OR GUARANTIES, EITHER EXPRESS OR IMPLIED, OF ANY KIND, NATURE OR TYPE WHATSOEVER FROM OR ON BEHALF OF SELLER WITH RESPECT TO ALL FACTS, CIRCUMSTANCES, CONDITIONS AND DEFECTS; (II) SELLER HAS SPECIFICALLY BARGAINED FOR THE ASSUMPTION BY BUYER OF ALL RESPONSIBILITY TO INSPECT AND INVESTIGATE THE MEMBERSHIP INTERESTS AND THE COMPANY AND OF ALL RISK OF ADVERSE CONDITIONS AND HAVE STRUCTURED THE PURCHASE PRICE AND OTHER TERMS OF THIS AGREEMENT IN CONSIDERATION THEREOF; (III) BUYER IS AND WILL BE RELYING STRICTLY AND SOLELY UPON SUCH INSPECTIONS AND EXAMINATIONS AND THE ADVICE AND COUNSEL OF ITS CONSULTANTS, AGENTS, LEGAL COUNSEL AND OFFICERS TO DETERMINE IF THE PURCHASE PRICE IS FAIR AND ADEQUATE CONSIDERATION FOR THE MEMBERSHIP INTERESTS; (IV) SELLER IS NOT MAKING AND HAS NOT MADE ANY WARRANTY OR REPRESENTATION WITH RESPECT TO ANY MATERIALS OR OTHER DATE PROVIDED BY SELLER TO BUYER (WHETHER PREPARED BY OR FOR THE SELLER OR OTHERS) OR THE EDUCATION, SKILLS, COMPETENCE OR DILIGENCE OF THE PREPARERS THEREOF OR THE PHYSICAL CONDITION OR ANY OTHER ASPECT OF ALL OR ANY PART OF THE PROPERTY AS AN INDUCEMENT TO BUYER TO ENTER INTO THIS AGREEMENT AND THEREAFTER TO PURCHASE THE MEMBERSHIP INTERESTS FOR ANY OTHER PURPOSE; AND (V) BY REASON OF ALL THE FOREGOING, BUYER ASSUMES THE FULL RISK OF ANY LOSS OR DAMAGE FOLLOWING CLOSING OCCASIONED BY ANY FACT, CIRCUMSTANCE, CONDITION OR DEFECT PERTAINING TO THE MEMBERSHIP INTERESTS. WITHOUT LIMITING THE GENERALITY OF ANY OF THE FOREGOING, BUYER SPECIFICALLY ACKNOWLEDGES THAT SELLER DOES NOT REPRESENT OR IN ANY WAY WARRANT THE ACCURACY OF ANY INFORMATION DESCRIBING THE MEMBERSHIP INTERESTS OR THE INFORMATION, IF ANY, PROVIDED BY SELLER TO BUYER.

b.     No Warranties. SELLER HEREBY DISCLAIMS ALL WARRANTIES OF ANY KIND OR NATURE WHATSOEVER (INCLUDING WARRANTIES OF CONDITION, MERCHANTABILITY, AND FITNESS FOR PARTICULAR PURPOSES), WHETHER EXPRESSED OR IMPLIED. BUYER FURTHER ACKNOWLEDGES THAT BUYER IS BUYING THE MEMBERSHIP INTERESTS "AS IS" AND IN ITS PRESENT CONDITION AND THAT EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THIS AGREEMENT, BUYER IS NOT RELYING UPON ANY REPRESENTATION OF ANY KIND OR NATURE

**MADE BY SELLER, OR ANY OF ITS RESPECTIVE EMPLOYEES, AGENTS OR OTHER REPRESENTATIVES WITH RESPECT TO THE LAND OR PROPERTY, AND THAT, IN FACT, NO SUCH REPRESENTATIONS WERE MADE EXCEPT AS EXPRESSLY SET FORTH IN THIS AGREEMENT.**

        c.    <u>No Representations</u>. **TO SELLER'S KNOWLEDGE AND BELIEF, RICHARD M. OSBORNE, SR. (THE "DEBTOR") OWNED ALL OR SOME OF THE MEMBERSHIP INTERESTS IN THE COMPANY AND SUCH MEMBERSHIP INTERESTS OWNED BY THE DEBTOR ARE PROPERTY OF THE DEBTOR'S BANKRUPTCY ESTATE. SELLER MAKES NO REPRESENTATIONS AS TO THE OWNERSHIP OR VALIDITY OF THE MEMBERSHIP INTERESTS OR IF ANY LIENS, CLAIMS, OR OTHER INTERESTS EXIST IN THE MEMBERSHIP INTERESTS. BUYER TAKES TITLE TO THE MEMBERSHIP INTERESTS ASSUMING ALL RISKS AND LIABILITIES ASSOCIATED WITH THE MEMBERSHIP INTERESTS. ADDITIONALLY, SELLER MAKES NO REPRESENTATIONS OR WARRANTIES REGARDING THE ASSETS AND/OR LIABILITIES OF THE COMPANY.**

      6.    <u>REPRESENTATIONS AND WARRANTIES OF BUYER</u>. Buyer represents and warrants to Seller as follows:

        a.   That Buyer has the full power and authority to enter into this Agreement and to carry out the obligations herein.

        b.   That Buyer is aware of the business affairs and financial condition of the Company.

        c.   That Buyer has conducted its own due diligence regarding the Company.

        d.   That Buyer has acquired sufficient information to reach an informed and knowledgeable decision to acquire the Membership Interests.

        e.   That Buyer is purchasing the Membership Interests solely for the account of the Buyer for investment and not with a view to, or for resale in connection with, any distribution thereof within the meaning of the Securities Act of 1933, as amended (the "Act"). The Buyer further represents that it does not have any present intention of selling, offering to sell or otherwise disposing of or distributing the Membership Interests or any portion thereof.

        f.   That Buyer is aware that this sale will be made pursuant to exemptions from registration under the Act and applicable state securities laws, and will not be approved or disapproved by the United States Securities and Exchange Commission (the "<u>SEC</u>"), any state securities commission or any securities

exchange or association, nor will the SEC, any state securities commission or any securities exchange or association review or comment on the accuracy or adequacy of the statements contained herein.

g. The Buyer understands that the Membership Interests have not been registered under the Act. In this connection, the Buyer understands that it must retain the Membership Interests indefinitely without any intention of reselling or otherwise disposing of the Membership Interests either presently or at the end of any particular period unless it is subsequently registered under the Act or an exemption from registration is available.

7. <u>REGISTRATION OF THE MEMBERSHIP INTERESTS</u>. The parties hereto stipulate and agree that the Membership Interests have not and will not be registered under any state or federal securities laws, and the sale of the Membership Interests contemplated hereby is exempt from such registration.

8. <u>EXPENSES</u>. Each party hereto shall bear its own expenses incurred in connection with this Agreement and the transactions herein contemplated whether or not such transaction shall be consummated, including, without limitation, fees of its legal counsel, financial advisors, and accountants.

9. <u>ENTIRE AGREEMENT; ASSIGNMENT</u>. This Agreement, including any addendum, constitutes the entire agreement between the parties. No other conditions representations, warranties or agreements, expressed or implied, have been made or relied upon by Buyer or Seller. The representations, warranties and agreements contained in this Agreement shall survive the transfer of title. This Agreement shall not be assigned, changed, modified, altered or amended except by written agreement duly executed by both parties.

10. <u>NON-RECOURSE TO TRUSTEE</u>. This Agreement is executed by the Trustee solely in Trustee's capacity as Chapter 7 Trustee for the Bankruptcy Estate of Richard M. Osborne in United States Bankruptcy Court, Northern District of Ohio Case Number 17-17361, and this Agreement (and any document executed in connection herewith) is without recourse against the Trustee individually, her law firm, the Debtor's estate, or any of the assets of each.

11. <u>PARTIES BOUND AND BENEFITTED</u>. This Agreement shall bind and benefit the parties hereto and their heirs, personal representatives, successors and assigns.

12. <u>NOTICE</u>. All notices given pursuant to this Agreement shall be communicated in writing (including electronic mail) and shall be deemed given upon actual receipt, and shall be provided for as follows:

If to Seller:   Kari B. Coniglio
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Email: kbconilgio@vorys.com

With a copy to: Marcel C. Duhamel
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Email: mcduhamel@vorys.com

If to Buyer: _____
_____
_____
_____

With a copy to:_____
_____
_____
_____

13.    <u>GOVERNING LAW</u>.  The laws of the state of Ohio govern this Agreement (without giving effect to its conflicts of law principles).

14.    <u>WAIVER OF JURY TRIAL</u>. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH PARTY HERETO HEREBY IRREVOCABLY AND EXPRESSLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDINGS, OR COUNTERCLAIM (WHETHER BASED UPON  CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY OR THE ACTIONS OF ANY PARTY IN CONNECTION WITH THE NEGOTIATION, ADMINISTRATION, OR ENFORCEMENT OF THIS AGREEMENT.

15.    <u>SEVERABILITY</u>. The parties may execute this Agreement in any number of counterparts, each of which is an original but all of which constitute one and the same instrument. This Agreement is signed when a party's signature is delivered by facsimile, email, or other electronic medium. Such signatures shall be treated in all respects as having the same force and effect as original signatures.

16.    <u>COUNTERPARTS; ELECTRONIC SIGNATURES</u>. The parties may execute this Agreement in any number of counterparts, each of which is an original but all of which constitute one and the same instrument. This Agreement is signed when a party's signature is delivered by

facsimile, email, or other electronic medium. Such signatures shall be treated in all respects as having the same force and effect as original signatures.

17.     <u>CONDITION PRECEDENT</u>. It shall be a condition precedent to Seller's obligations hereunder that Seller shall have received all necessary authorizations and approvals from the Court in United States Bankruptcy Court, Northern District of Ohio Case Number 17-17361, and the conditions of Buyer under Section 4 of this Agreement are satisfied.

[*Signature Page Follows*]

**THIS AGREEMENT IS A LEGALLY BINDING CONTRACT. IF YOU HAVE ANY QUESTIONS OF LAW, CONSULT YOUR ATTORNEY.**

SELLER:                                              BUYER

                                                     [_____]

By: _____          By: _____
Kari B. Coniglio, as Chapter 7 Trustee       Print (name):_____
for the Bankruptcy Estate of Richard M.
Osborne in United States Bankruptcy Court,
Northern District of Ohio Case Number
17-17361

Date:_____          Date:_____

<u>**Exhibit A**</u>

**ASSIGNMENT OF MEMBERSHIP INTERESTS**

This ASSIGNMENT OF MEMBERSHIP INTERESTS (this "<u>Assignment</u>") is made effective as of _____, 2022 by and between Kari B. Coniglio, Chapter 7 Bankruptcy Trustee ("<u>Assignor</u>") and _____ _____ ("<u>Assignee</u>") pursuant to and in accordance with that certain *Order Granting Trustee's Motion for Entry of Order (I) Authorizing and Approving Sale of Specific Property, (II) Approving Competitive and Interactive Bidding Procedures For the Sale of Specific Property, and (III) Approving Form and Manner of Notice* entered on _____, 2022 in the Chapter 7 bankruptcy proceeding known as In re: Richard M. Osborne, Sr.., Case No. 17-17361, United States Bankruptcy Court for the Northern District of Ohio, Eastern Division.

For valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Assignor and Assignee agree as follows:

1.      <u>Incorporation of Purchase Agreement</u>. This assignment is subject to the terms and conditions of that certain Membership Interests Purchase Agreement (the "<u>Agreement</u>") made by and between Assignor and Assignee and effective as of _____.

2.      <u>Assignment</u>.  Assignor does hereby grant, convey, transfer, assign, set over, and deliver to Assignee all of the membership interests of Richard M. Osborne, Sr. in _____, an Ohio limited liability company (the "<u>Membership Interests</u>"). This Assignment is executed without recourse and without representations or warranties of any kind or nature, expressed, implied or imposed by law, except as provided in the Agreement.

3.      <u>Acceptance of Assignment</u>.  Assignee hereby accepts the assignment from Assignor of the Membership Interests.

4.      <u>Miscellaneous</u>.

(a)      <u>Headings</u>.  The headings in this Assignment are solely for convenience and shall not be given any effect in the construction or interpretation of this Assignment.

(b)      <u>Counterparts</u>.  This Assignment may be executed in a number of counterparts, each of which shall be deemed an original and all of which shall constitute one and the same Assignment. Any counterpart may be executed by facsimile or .pdf signature and such facsimile or .pdf signature shall be deemed an original.

IN WITNESS WHEREOF, Assignor and Assignee have caused this Assignment to be duly executed as of the date first written above.

SELLER:                                       BUYER

                                              [_____]

By: _____            By: _____
Kari B. Coniglio, as Chapter 7 Trustee        Print (name):_____
for the Bankruptcy Estate of Richard M.
Osborne in United States Bankruptcy Court,
Northern District of Ohio Case Number
17-17361

Date:_____            Date:_____