IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: RICHARD M. OSBORNE, | ) | Case No. 17-17361-aih |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |

---

**MOTION OF COBRA PIPELINE CO., LTD. FOR ORDER REQUIRING THE CASE TRUSTEE TO EXECUTE DEEDS TO REAL PROPERTY, OR TO APPOINT A RESPONSIBLE PERSON TO EXECUTE DEEDS, CONSISTENT WITH THIS COURT'S ORDERS**

---

Cobra Pipeline Co., Ltd. ("Cobra"), moves this Court for the entry of an order requiring the Case Trustee to execute deeds to real estate titled in the names of two separate single-member LLCs formerly owned by Richard M. Osborne, for the purpose of transferring legal ownership of the real estate to Cobra in accordance with this Court's judgments rendered in Adversary Proceedings 20-1091 and 20-1100, or to appoint a responsible person to do so, consistent with the Order entered at Docket No. 1178 in this case. In support of its Motion, Cobra respectfully sets forth the following:

**I.      JURISDICTION, VENUE, AND PROCEDURAL POSTURE**

1.      This case was commenced on December 17, 2017, when the Richard M. Osborne filed a Voluntary Petition for Relief under Chapter 11 of the U.S. Bankruptcy Code.

2.      Mr. Osborne's case was converted to a case under Chapter 7 of the Bankruptcy Code on July 3, 2019.

3.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C.§ 157(b)(2). Cobra consents to the entry of final orders

by the Bankruptcy Court with respect to this matter. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief sought herein is 11 U.S.C. §105. In addition, this Motion relies on the previous Order of this Court [Docket No. 1178] authorizing the Trustee to liquidate the assets of certain single member LLCs, including the two single member LLCs in which real estate belonging to Cobra is presently titled.

5. On June 7, 2021, counsel for Mr. Osborne file a Notice of Death of Debtor [Docket No. 1116], notifying the Court that Mr. Osborne passed away on June 4, 2021.

## II. THE FRAUDULENT CONVEYANCE CASES

6. Cobra filed an Adversary Complaint commencing Adversary Proceeding No. 20-1091on September 6, 2020, seeking a judgment that a transfer of real estate from Cobra to 2124 N. Newton Falls Road LLC constituted a fraudulent conveyance.

7. This Court rendered judgment in favor of Cobra in Case No. 20-1091 on November 5, 2021.

8. Cobra filed an Adversary Complaint commencing Adversary Proceeding No. 20-1100 on September 21, 2020, seeking a judgment that a transfer of real estate from Cobra to Marietta Land Properties LLC constituted a fraudulent conveyance.

9. This Court rendered judgment in favor of Cobra on November 5, 2021.

## III. THE TRUSTEE'S AUTHORITY

10. Both 2124 N. Newton Falls Road LLC and Marietta Land Properties LLC are single member LLCs identified in Mr. Osborne's bankruptcy schedules as property of the estate in this case.

11. Both 2124 N. Newton Falls Road LLC and Marietta Land Properties LLC are scheduled in a Motion filed by the Trustee in this case [Docket No. 1173] as single member LLCs over which the Trustee sought authority to dissolve or liquidate.

12. On February 9, 2022, this Court entered an Order [Docket No. 1178] which provides, in paragraph 6, as follows: "The Trustee is authorized, with respect to the RMO Entities as a whole, to take all other actions necessary to exercise the Debtor's equity interests in the RMO Entities to cause the dissolution and/or liquidation of some or all of the RMO Entities, including but not limited to, holding meetings, electing directors or officers, signing pleadings, signing agreements, making filings with the applicable governmental offices and/or courts, and taking any entity governance actions that the holder of an equity interest can exercise."

13. On April 27, 2022, by email (attached as Exhibit A, along with the Trustee's response), Cobra, through its counsel, requested that the Trustee appoint a responsible person to sign deeds re-conveying the real estate that was the subject of this Court's fraudulent conveyance judgments to Cobra.

14. On April 28, 2022, by email (*see* attached Exhibit A), the Trustee declined to assist Cobra, asserting that she did not have the corporate authority to comply with the request, absent an Order permitting the Trustee to operate the entities.

15. The Trustee's assertions are at odds with the express terms of the Order [Docket No. 1178] entered by this Court and quoted above.

16. This Court's Order provides a safe harbor for the Trustee to exercise corporate authority over the LLCs implicated in this Motion when it provides, in Paragraph 7, that the exercise of authority under the terms of the Order shall not make the Trustee responsible for the

obligations of any of the Entities, and shall not be deemed an exercise of control over the operations of any of the entities or their affiliates.

17. Panel Trustees are expected to take a practical approach to the administration of estates. The Trustee's assertion that Cobra should seek a time-consuming and expensive state court receivership to obtain relief that the Trustee is authorized to provide with the stroke of a pen in inconsistent with a practical approach and is not justified.

**WHEREFORE,** Cobra respectfully requests that this Court enter an Order requiring the Case Trustee to execute deeds to real property conveying that property to Cobra in accordance with this Court's judgments in the adversary cases, or to appoint a responsible person to do so under the terms of this Court's Order entered at Docket No. 1178.

Respectfully submitted,

/s/ Thomas W. Coffey (0046877)
Coffey Law LLC
2430 Tremont Avenue
Cleveland, OH 44113
(216) 870-8866
tcoffey@tcoffeylaw.com

*Counsel for Cobra Pipeline Co. Ltd.*

**CERTIFICATE OF SERVICE**

Copies of the foregoing Motion of Cobra Pipeline Co., Ltd. for Order Requiring the Case Trustee to Execute Deeds to Real Property, or to Appoint a Responsible Person to Execute Deeds, Consistent with This Court's Orders, together with Notice of the Hearing thereon, were served om all counsel of record in this by operation of the Court's electronic filing system on July 11, 2022.

/s/Thomas W. Coffey
Thomas W. Coffey (0046877)

# EXHIBIT A

| | |
|---|---|
| **From:** | Coniglio, Kari B. <kbconiglio@vorys.com> |
| **Sent:** | Thursday, April 28, 2022 12:16 PM |
| **To:** | tcoffey@tcoffeylaw.com |
| **Cc:** | 'Steve Rigo'; Woyt, Elia O. |
| **Subject:** | RE: [EXTERNAL] Cobra Pipeline Fraudulent Conveyance Judgments |

Tom – Thanks for the email. I disagree with your assessment that I have the present ability to take corporate authority on behalf of the entities in the absence of any order authorizing me to operate the entities (which I am not inclined to seek). The case law from the bankruptcy courts in our district, and Ohio corporate law, provide that I (in my capacity as Trustee) have the economic interests of the entities only. I believe you'll need to proceed as a creditor to collect upon your judgment. Perhaps seeking appointment of a receiver over the entities is the way to handle the situation.



**Kari Balog Coniglio**
Partner

Vorys, Sater, Seymour and Pease LLP
200 Public Square | Suite 1400
Cleveland, Ohio 44114

Direct: 216.479.6167
Mobile: 440.225.2075
Email: kbconiglio@vorys.com
*www.vorys.com*

---

**From:** tcoffey@tcoffeylaw.com <tcoffey@tcoffeylaw.com>
**Sent:** Wednesday, April 27, 2022 11:38 PM
**To:** Coniglio, Kari B. <kbconiglio@vorys.com>
**Cc:** 'Steve Rigo' <sgr31030@gmail.com>
**Subject:** [EXTERNAL] Cobra Pipeline Fraudulent Conveyance Judgments

**CAUTION: External Email**

Kari,
In anticipation of the expected approval by the Public Utilities Commission of Ohio of the sale of much of Cobra's property, we are cleaning up some important details in the Cobra case. One of those details involves three fraudulent conveyances of real estate (two from Cobra to an Osborne single-member LLC known as 2421 N. Newton Falls Road LLC and one from Cobra to Marietta Land Properties LLC, another Osbourne single-member LLC). I filed adversary Complaints (attached) in 2020, and we received summary judgment in both cases (Orders attached in 2021.

As a result of the summary judgment Orders, we are soliciting your assistance as Trustee for Mr. Osborne's estate, in the form of the appointment of a responsible person to sign deeds re-conveying the properties to Cobra. My thought, submitted for your consideration, is that you own the membership interests in each LLC and can therefore appoint officers, directors or other responsible parties who can be authorized to execute deeds.

When you have a moment, can you let me know your thoughts on this? This seems workable to me, but I am interested in your assessment, including any other solutions that you believe might work.
Thanks,
Tom