## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, SR., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

### APPLICATION OF TRUSTEE TO EMPLOY AUCTIONEER

Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne, Sr. (the "Debtor"), respectfully applies (this "Application") to this Court, pursuant to Bankruptcy Code Section 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for an order authorizing her retention and employment of Neal Grossman and Grossman, Inc. (the "Auctioneer") to act as auctioneer for the sale of a 2016 Wellscraft Scarab boat (the "Boat") which is property of the Debtor's estate.[1]  In support of this Application, the Trustee respectfully represents as follows:

1. Contemporaneously herewith the Trustee is filing and serving a motion seeking authority to sell the Boat.

2. The Trustee estimates that the Boat has a potential sale value of at least $25,000.00 based on the Debtor's schedules and estimates from the Neal Grossman of Grossman, Inc., the proposed auctioneer (the "Auctioneer").

3. The Trustee presently anticipates that an auction will be conducted via the Auctioneer's website and will culminate in the selling of the Boat at a public or online action to be conducted on a subsequent date.  In order to facilitate the Auctioneer's marketing efforts and

---

[1] The Debtor identified the Boat as a 2015 Wellscraft Scarab in his Schedules of Assets; however, the registration with the Ohio Bureau of Motor Vehicles indicates that the Boat is actually a 2016 Wellscraft Scarab.  For the avoidance of all doubt, the Boat referenced herein is noted as Asset 144 on the Trustee's Form 1.

the sale of the Boat, the present employment of an auctioneer is required to accelerate the time of sale and thereby reduce administrative expenses.

4. The Trustee further represents that to the best of her knowledge the Auctioneer, whose address is 1305 West 80th Street, Cleveland, Ohio 44102 is an auctioneer duly licensed and/or authorized in the place where the sale is to be conducted; and is willing to act as auctioneer in these proceedings; and is experienced in handling such auctions; and that it is necessary to employ such auctioneer in anticipation of the public sale to be conducted and to expedite such proceedings and prepare the property for sale, all pursuant to 11 U.S.C. § 327 and Rule 2014 of the Federal Rules of Bankruptcy Procedure. The Trustee asserts that the Auctioneer will conduct the proposed auction in a commercially reasonable manner in consultation with the Trustee.

5. The Trustee further represents that to the best of her knowledge the Auctioneer has no connections with the Debtor, the creditors, any other parties in interest, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth below and as more fully set forth in the Affidavit attached hereto and incorporated herein by reference, and it would be in the best interests of the within estate if this Application was granted.

6. Specifically, the Trustee represents that the Auctioneer previously served as both an appraiser and auctioneer for the Estate of Jerome T. Osborne (the "JTO Estate") during which time he appraised and sold personal property that had been owned by the Debtor, subject to a security interest in favor of Osborne Farms and Huron River (together, the "JTO Entities"), entities in which the JTO Estate held an interest and which held claims against the Debtor's estate. The Auctioneer concluded the auction for the JTO Estate in March of 2020 and has performed no services for the JTO Estate, the JTO Entities, or any other creditor or party in interest since that

time. The Trustee further asserts that the claims of the JTO Entities were withdrawn in this Debtor's case in March of 2022.

7. Following the auction, the Auctioneer will provide the Trustee with a Report of Sale and a receipt or invoice for all expenses incurred.

8. The Auctioneer proposes to charge a fee equal to ten percent (10%) of the gross amount received from the sale of the Boat. In addition, the Auctioneer will seek reimbursement of reasonable and actual expenses incurred by the Auctioneer in the sale of the Boat, including but not limited to expenses incurred in picking up and transporting the Boat for auction, which such expenses are a one-time fee of $100.00. The Auctioneer will account for all auction expenses and sale proceeds and will seek compensation and reimbursement of expenses through an application to this Court with payment of such amounts subject to Court approval.

WHEREFORE, the Trustee prays that this Application be granted.

Respectfully submitted,
*/s/ Kari Balog Coniglio*
Kari Balog Coniglio
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6167
(216) 479-3766 (facsimile)
kbconiglio@vorys.com
Chapter 7 Bankruptcy Trustee

# NOTICE

Pursuant to Local Bankruptcy Rule 9013-1, any objection to this motion must be filed by August 5, 2022.  If no response or objection is timely filed, the Court is authorized to grant the relief without further notice.

>*/s/ Kari Balog Coniglio*
>Kari Balog Coniglio, Trustee

## CERTIFICATE OF SERVICE

I certify that on July 22, 2022, a copy of the foregoing *Application of Trustee to Employ Auctioneer* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers   prakers@vorys.com
- Gregory P. Amend   gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer   alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain   rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker   abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes   abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr   rbarr@koehler.law, syackly@koehler.law
- Jeffrey W. Bieszczak   jwbieszczak@vorys.com
- David T. Brady   DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius   cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio   kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey   bknotice@clunkhoose.com
- Richard W. DiBella   rdibella@dgmblaw.com
- Melody A. Dugic   mgazda@hendersoncovington.com
- Marcel C. Duhamel   mcduhamel@vorys.com, mdwalkuski@vorys.com
- Douglas M. Eppler   deppler@walterhav.com
- Bryan J. Farkas   bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com
- Matthew D. Fazekas   mdfazekas@vorys.com
- Scott D. Fink   ecfndoh@weltman.com
- Glenn E. Forbes   bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com
- Stephen R. Franks   amps@manleydeas.com
- Stephen John Futterer   sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Marc P. Gertz   mpgertz@gertzrosen.com, dmichna@gertzrosen.com
- Michael R. Hamed   mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein   hheberlein@porterwright.com, mvitou@porterwright.com
- Dennis J. Kaselak   dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym   bk@hhkwlaw.com
- Jerry R. Krzys   jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Scott B. Lepene   scott.lepene@thompsonhine.com, Christine.Broz@thompsonhine.com;ECFDocket@thompsonhine.com
- Jeffrey M. Levinson   jml@jml-legal.com
- Matthew H. Matheney   mmatheney@porterwright.com, cpeskar@porterwright.com
- Shannon M. McCormick   bankruptcy@kamancus.com

- Michael J. Moran    mike@gibsonmoran.com, moranecf@gmail.com;r55982@notify.bestcase.com
- Heather L. Moseman    heather@mosemanlaw.com
- Kelly Neal    kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann    dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- Timothy P. Palmer    timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek    dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft    tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler    kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com;deppler@walterhav.com
- John J. Rutter    jrutter@ralaw.com
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- Michael J. Sikora    msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn    nsinn@porterwright.com, cpeskar@porterwright.com
- Robin L. Stanley    rstanley@peteribold.com, Sonya@peteribold.com;Cynthia@peteribold.com;5478@notices.nextchapterbk.com
- Rachel L. Steinlage    rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas    rthomas@hendersoncovington.com, mgazda@hendersoncovington.com
- Stephen G. Thomas    steve@sgtlaw.net, kim@sgtlaw.net
- Andrew M. Tomko    atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole    jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee    (Registered address)@usdoj.gov
- Michael S. Tucker    mtucker@ulmer.com
- Phyllis A. Ulrich    bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo    Leslie@Wargo-Law.com
- Karey Werner    kewerner@vorys.com
- Elia O. Woyt    eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06    maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35    Scott.R.Belhorn@usdoj.gov

*/s/ Kari Balog Coniglio*
Kari Balog Coniglio, Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, SR., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

**AFFIDAVIT AND VERIFIED STATEMENT OF NEAL GROSSMAN PURSUANT TO RULES 5002 AND 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Neal Grossman of Grossman, Inc., being first duly sworn, deposes and states as follows:

1. He makes this Verified Statement pursuant to the provisions of Sections 327(a) and (c) of the Bankruptcy Code regarding the employment of professional persons by the trustee, and in light of the restrictions and requirements imposed thereon by Rules 2014(a) and 5002 of the Federal Rules of Bankruptcy Procedure.

2. This Verified Statement supplements the disclosures contained in and accompanying the Application of Kari Balog Coniglio, Chapter 7 Trustee, to Employ him and Grossman, Inc. (Grossman) as Auctioneer filed with this Court. Affiant will be the auctioneer working on this matter.

3. This Verified Statement is to affirm to this Court that neither Affiant, nor any person with whom he is associated as auctioneer, is a relative by blood or marriage of any Bankruptcy Judge of the Northern District of Ohio, and that he is not now nor has he ever been so connected with any such Judge as to render his appointment or the Court's approval of his law firm's employment as Auctioneer in the above-captioned matter improper.

4. This Verified Statement is to further affirm to this Court that neither Affiant, nor any person with whom he is associated in the auctioneer practice, is connected with the Debtor, creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as otherwise disclosed below.

5. Affiant states that he previously served as both an appraiser and auctioneer for the Estate of Jerome T. Osborne (the "JTO Estate") during which time he appraised and sold personal property that had been owned by the Debtor, subject to a security interest in favor of Osborne Farms and Huron River (together, the "JTO Entities"), entities in which the JTO Estate held an interest and which held claims against the Debtor's estate. Affiant further states that he concluded the auction for the JTO Estate in March of 2020. Affiant further states that the claims of the JTO Entities were withdrawn in this Debtor's case, he has performed no services for the JTO Estate since the conclusion of the auction in March 2020, and he is unaware of any other connections with the any other party in interest in this case.

5. Further, this Verified Statement is to fully disclose to the Court matters that might be considered by any party to create any issue or claim of conflict or lack of being a disinterested party, as relates to Auctioneer acting as auctioneer in this case, and to disclose to the Court that the only fees and expenses to be paid to Affiant shall be those allowed pursuant to order of this Court, with none of such fees or expenses to be shared with third parties other than the members and associates of Auctioneer.

_____
Neal Grossman

SWORN TO BEFORE ME, and subscribed in my presence this 21 day of July, 2022.

_____
Notary Public

MICHELLE RUNYON
NOTARY PUBLIC • STATE OF OHIO
My commission expires July 24, 2024