# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

**TRUSTEE'S SECOND MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING SALE OF EQUITY INTERESTS, (II) APPROVING COMPETITIVE AND INTERACTIVE BIDDING PROCEDURES FOR THE SALE OF EQUITY INTERESTS, AND (III) APPROVING FORM AND MANNER OF NOTICE**

Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1**, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing and approving the sale of the certain equity interests, described below, to the party or parties that submit the highest and best bid(s) in a competitive and interactive bidding process, (ii) approving the bidding process and other procedures relating to the sale of such equity interests (collectively, the "Bidding Procedures") and (iii) approving the form and manner of notice of the Bidding Procedures (the "Bidding Procedures Notice"), attached hereto as **Exhibit 2**. In support of this Motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for relief requested herein are sections 105(a) and 363 of the Bankruptcy Code.

## FACTUAL BACKGROUND

4. On December 17, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor's bankruptcy proceeding was converted to a case under chapter 7 of the Bankruptcy Code on July 3, 2019 (the "Conversion Date").

6. On the Conversion Date, the Trustee was appointed the trustee for the Debtor's estate.

7. On June 7, 2021, counsel for the Debtor filed the Notice of Death of Debtor [Doc. 1116], notifying the Court that the Debtor passed away on June 4, 2021.

8. The Debtor indicated in Schedule A/B [Doc. 912] that he owned equity interests in a variety of business entities (the "RMO Entities"). The Debtor's equity interests in the RMO Entities are property of the Debtor's bankruptcy estate.

9. The Trustee, after exercising her business judgment, determined that a section 363 sale is the most efficient way to maximize the value of some of the Debtor's equity interests in the RMO Entities.

10. Accordingly, on May 31, 2022, the Trustee filed her *First Motion for Entry of Order (I) Authorizing and Approving Sale of Equity Interests, (II) Approving Competitive and Interactive Bidding Procedures for the Sale of Equity Interests, and (III) Approving Form and Manner of Notice* (the "First Motion to Sell"), seeking to sell the Debtor's membership interests in five RMO Entities.

11. As of the filing of this Motion, the First Motion to Sell resulted in recovery $28,000.00 to the estate based on the sale of the Debtor's equity in one of the RMO Entities. *See Report of Sale* [Doc. 1222].

12. Outside of the scope of the First Motion to Sell, the Trustee entered into an agreement, pending court approval, to sell the Debtor's equity in another RMO Entity (8491 Mayfield Acquisitions, LLC) for $10,000.00. *See Motion to Sell Property Free and Clear of Liens Under Section 363(f) (Membership Interests in 8491 Mayfield Acquisitions, LLC)* (the "Second Motion to Sell") [Doc. 1223]. Ultimately, the Court granted the Second Motion to Sell authorizing the sale of the Debtor's equity in 8491 Mayfield Acquisitions, LLC for $15,000.00.

13. Additionally, outside the scope of the First Motion Sell, the Trustee entered into another agreement, pending court approval, to sell the Debtor's equity in another RMO Entity (Tatonka Oil Company LLC) for $100,000.00. *See Motion to Sell Property Free and Clear of Liens Under Section 363(f) (Membership Interests in Tatonka Oil Company LLC)* (the "Third Motion to Sell") [Doc. 1226].

14. Based upon the results of the First Motion to Sell, the Second Motion to Sell, and the pending Third Motion to Sell, the Trustee believes that marketing the equity in the RMO Entities is in the best interest of the estate. The Trustee has also received additional offers for the equity in some of the RMO Entities. As a result, there may be interest by prospective purchasers for some or all of the remaining equity interests in the RMO Entities.

15. Specifically, the Trustee determined that a section 363 sale for the equity interests (collectively, the "Equity Interests") listed on the attached **Exhibit 3** is in the best interest of the bankruptcy estate.

16. To the extent that there are no buyers for the Equity Interests, the Trustee reserves the right to take any other appropriate action necessary to administer the Equity Interests.

17. The information listed on **Exhibit 3** related to the Equity Interests is derived from the information provided by the Debtor, including his bankruptcy schedules, his agents, and/or his

attorneys. The Trustee makes no representation of the accuracy and/or completeness of the Debtor's ownership interest in these various entities.

18. The Trustee is unaware of any liens or security interests perfected in the Equity Interests.

## RELIEF REQUESTED

19. The Trustee has concluded that the best method to obtain the highest and best price for the Equity Interests is to market the Equity Interests and solicit bids from potential purchasers through a procedure that provides for competitive and interactive bidding.

20. The Trustee seeks to sell the Equity Interests through a two-step process, which consists of (A) authorizing and approving the sale of the Equity Interests and approving the Bidding Procedures and Bidding Procedures Notice, and (B) executing a competitive and interactive bidding process to be conducted in accordance with the Bidding Procedures. Upon closure of any sales, the Trustee will file a sale report with the Court.

21. The Trustee seeks authority to sell the Equity Interests pursuant to Section 363(b).

22. The Trustee will market the Equity Interests by publishing a notice identifying the Equity Interests for sale in a general, trade, and/or business publication that the Trustee determines to be most appropriate.

23. The sale of each Equity Interests will be on an "as is, where is" basis and without representation or warranties of any kind, nature, or description by the Trustee or her agents. Each purchaser of an Equity Interest will represent and warrant that such purchaser (i) is aware of the business affairs and financial condition of the issuer of the Equity Interest; (ii) has conducted its own due diligence regarding such issuer and Equity Interest and (iii) has acquired sufficient information to reach an informed and knowledgeable decision to acquire the Equity Interest. To

the extent securities laws apply to such sales, such sales will be made pursuant to exemptions from registration under the Securities Act of 1933, as amended (the "Act") and applicable state securities laws; such sales will not be approved or disapproved by the United States Securities and Exchange Commission (the "SEC"), any state securities commission or any securities exchange or association, nor will the SEC, any state securities commission or any securities exchange or association review or comment on the accuracy or adequacy of the statements contained herein.

24. The Trustee will provide information[1] that she has compiled after a reasonable search of her files regarding the Equity Interests, and/or the companies in which the Equity Interests are held, in a data room to any interested bidder who has signed a non-disclosure agreement, the terms of which will be in the Trustee's sole and absolute discretion. This information was provided to the Trustee by the Debtor, his agents, his attorneys, and/or any other third-party. The trustee makes no representations or warranties as to the accuracy or completeness of the information contained in the data room.

25. Additionally, certain of the RMO Entities have been and/or are involved in litigation or have been and/or are currently in bankruptcy. The Trustee has included some documents filed with such courts as they relate to the Equity Interests. The Trustee will not provide each and every document filed with a state and/or federal court that relates to the Equity Interests. The trustee makes no representations or warranties as to the accuracy or completeness of the information contained in these court filings. The Trustee encourages interested buyers to conduct their own due diligence and review publically available information.

---

[1] The Trustee will not provide any documents that are covered by the work-product doctrine, the attorney-client privilege, or any other applicable state or federal privilege.

26. The Trustee also seeks approval of the Bidding Procedures and the form and manner of the Bidding Procedures Notice, which is attached hereto as **Exhibit 2**. The Bidding Procedures contain the following material terms and timetable:

   a. <u>Call for Offers</u>. During the period of time that the Equity Interests are being advertised for sale, the Trustee shall entertain bids to purchase from any third party who has an interest in purchasing any of the Equity Interests (each an "<u>Interested Party</u>" and collectively "<u>Interested Parties</u>").

   b. <u>Submission of Qualified Bids</u>. To submit a qualified bid ("<u>Qualified Bid</u>" and, if more than one, "<u>Qualified Bids</u>"), an Interested Party must submit a purchase offer that (1) is in writing, (2) is submitted to the Trustee or her attorney(s), (3) includes an executed Membership Purchase Agreement or Stock Purchase Agreement (in substantially the same form as **Exhibit 4(a) and Exhibit 4(b) respectively**) (each, the "<u>Purchase Agreement</u>") that clearly designates the Equity Interests that the Interested Party seeks to purchase and the offered purchase price (the "<u>Purchase Price</u>") attributable to each of such Equity Interests, (4) if the Interested Party is a partnership, corporation, limited liability company or other entity, provides information and documentation sufficient to demonstrate, in the Trustee's sole and absolute discretion, that the individual executing the Purchase Agreement is authorized to take action on behalf of the Interested Party to consummate the transaction contemplated by the Purchase Agreement, (5) provides evidence sufficient, in the Trustee's sole and absolute discretion, to demonstrate that the Interested Party has immediately available funds in an amount sufficient to close the contemplated transaction, (6) identifies all the Interested Party's connections, if any, to the Debtor or any of his related entities and (7) provides an acknowledgment that the Interested Party has received, reviewed, and understands the Bidding Procedures and the terms of the sale. Qualified Bids may be submitted to the Trustee through and including January 26, 2023 at 5:00 p.m. (the "<u>Bid Deadline</u>"). To the extent that a written offer to purchase any of the Equity Interests does not constitute a Qualified Bid, the Trustee, in her sole and absolute discretion, may choose to contact the Interested Party and provide an opportunity to amend the written offer such that the written offer will constitute a Qualified Bid.

   c. <u>Earnest Money Deposit</u>. The Trustee may, in her sole and absolute discretion, require any Interested Party who has submitted a Qualified Bid (a "<u>Qualified Bidder</u>") to submit a good faith earnest money cash deposit (the "<u>Deposit</u>") in an amount equal to 10% of the Purchase Price. The Deposit shall be held in an escrow account to be identified and established by the Trustee. If the Trustee requires an Interested Party to submit a Deposit (the "<u>Depositing Bidder</u>"), the Trustee will also require any other Interested Party to submit a Deposit who has submitted a Qualified Bid for the same Equity Interest(s) as the Depositing Bidder. Failure by any Interested Party to submit a Deposit when required by the Trustee in accordance with the foregoing may, in the Trustee's sole and absolute discretion, cause the

- d. <u>Evaluation of Qualified Bid</u>. Immediately following the Bid Deadline through and including February 6, 2023 (the "<u>Final Bid Deadline</u>"), the Trustee shall review each Qualified Bid. Through and including the Final Bid Deadline, the Trustee may contact any Interested Party that submitted a written offer that did not constitute a Qualified Bid and provide such Interested Party an opportunity to amend its written offer such that it will constitute a Qualified Bid.

- e. <u>Designation of the Winning Bid</u>. If any of the Equity Interests receive only one Qualified Bid, such bid shall be selected as the winning bid for such Equity Interests (the "<u>Winning Bid</u>"). The Trustee reserves the right to reject any Winning Bid should the Trustee determine, in the exercise of her business judgment, that such Winning Bid does not represent fair consideration for such Equity Interests or if rejecting the Winning Bid would be in the best interest of the estate.

  If any of the Equity Interests receives more than one Qualified Bid, the Trustee shall contact the Interested Parties that submitted the Qualifying Bids via telephone and/or electronic mail, inform the parties of the highest and best purchase price and provide each party an opportunity to submit a revised Qualified Bid that provides for an increased proposed purchase price (the "<u>Final Qualified Bid</u>"). A Final Qualified Bid must be received by the Trustee, or her attorney(s), by 5:00 p.m. eastern time on the Final Bid Deadline. The highest and best Final Qualified Bid for any of the Equity Interests, as deemed by the Trustee in her sole and absolute discretion, shall be selected as the Winning Bid. If no Final Qualified Bids are submitted, then the highest and best Qualified Bid, as determined by the Trustee in her sole and absolute discretion, shall be deemed the Winning Bid.

- f. <u>Closing</u>. Upon identification of the Winning Bid for each of the Equity Interests, the Trustee shall inform the Interested Party that submitted the Winning Bid (the "<u>Winning Bidder</u>"). A Winning Bidder and the Trustee shall close the transaction (the "<u>Closing</u>") contemplated by the respective Purchase Agreement no later than thirty (30) days after the Final Bid Deadline, unless such date is extended by agreement of the parties. If any Winning Bidder fails to timely close the transaction contemplated by the applicable Agreement, the Trustee, in her sole and absolute discretion, may terminate the Purchase Agreement.

- g. <u>Back Up Bidder</u>. If there are two or more Qualified Bids, including the Winning Bid, the Qualified Bidder that submits the second highest Qualified Bid shall be required to serve as the back-up bidder (the "<u>Back-Up Bidder</u>") and keep such Back-Up Bidder's Qualified Bid (the "<u>Back-Up Bid</u>") open and irrevocable until the earlier of (i) 5:00 p.m. Eastern Time on the date which is five days after the sale to the Winning Bidder becomes final and non-appealable, and (ii) the Closing with

(Trustee to declare as invalid any and all bids by such Interested Party with respect to the applicable Equity Interest(s). For the purpose of clarity, any bid declared invalid by the Trustee in accordance with the immediately preceding sentence shall no longer be a Qualified Bid.)

the Winning Bidder. If the Winning Bidder fails to close, then the Trustee shall declare the Back-Up Bidder the winner, and the Back-Up Bidder shall be obligated to close as set forth in its respective Purchase Agreement.

    h. <u>Sale Report</u>. No later than thirty (30) days after a sale closes, the Trustee will file a sale report with the Court identifying, at a minimum, the Winning Bidder (or if applicable, the Back-Up Bidder), the sale proceeds (the "<u>Sale Proceeds</u>"), an accounting of the Sale Proceeds, and any other information required by the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or an order of this Court.

27. The Trustee shall serve the Bidding Procedures within five business days after entry of an order granting this Motion or by December 12, 2022, whichever is later, upon (a) all parties and/or their counsel who have previously expressed an interest in purchasing any of the Equity Interests from the Debtor's Estate; (b) any known members or shareholders of the entities listed on **Exhibit 3**; (c) any entity asserting an interest in any of the Equity Interests; (d) any known secured creditor of the entities listed on **Exhibit 3**; and (e) in accordance with the Court's Order Granting Motion for Order Pursuant to 11 U.S.C. §§ 102(1) and 105(a) and Bankruptcy Rules 2002(m) and 9007 to Establish Noticing Procedures [Doc. 125] (the "<u>Noticing Procedures Order</u>"), the Master Service List.

## SUPPORT FOR RELIEF REQUESTED

**Authorization and Approval of Sale Under Section 363(b) of the Bankruptcy Code**

28. The Trustee seeks authorization and approval to sell the Equity Interests to the bidders that submit the highest and best bids for the respective Equity Interests in accordance with Sections 21, 22, 23, 24, and 25 above and the Bidding Procedures described in Section 26 above.

29. Section 363(b)(1) of the Bankruptcy Code authorizes the Trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate."

30. Although this section does not provide an express standard for determining when a court should approve a particular sale of estate property, case law consistently applies an

articulated business judgment standard. *See In re Weatherly Frozen Food Grp., Inc.*, 149 B.R. 480, 482-83 (Bankr. N.D. Ohio 1992) (citing *Stephens Indus., Inc. v. McClung (In re McClung)*, 789 F.2d 386, 390 (6th Cir. 1986)). "The trustee's business judgment is to be given 'great judicial deference.'" *In re Pyschromteric Sys.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007) (citation omitted).

31. Under section 363 of the Bankruptcy Code, a court may not substitute its business judgment for that of the trustee. *See Epic Aviation, Inc. v. Phillips (In re Phillips)*, Nos. 2:12-cv-585-FtM-29, 2:12-cv-669-FtM-20, 2:13-mc-5-FtM-29, 2013 U.S. Dist. LEXIS 65602, at *33 (M.D. Fla. May 7, 2013). Rather, a court must ascertain whether the trustee has articulated a valid business justification for the proposed transaction. *See id.*

32. The Court's power to authorize a sale under section 363(b) of the Bankruptcy Code is to be exercised at its discretion, utilizing a flexible, case-by-case approach. *See In re Baldwin United Corp.*, 43 B.R. 905 (Bankr. S.D. Ohio 1984). The key consideration is a court's finding that a good business reason exists for the sale. *See McClung*, 789 F.2d at 386.

33. Here, the Court should authorize the sale of the Equity Interests because the sale reflects the Trustee's sound business judgment. The Trustee has determined that the best way to maximize the value of the Equity Interests is to conduct a competitive bidding process pursuant to section 363 of the Bankruptcy Code.

34. A competitive and interactive bidding process represents the best means of maximizing the value of the Debtor's estate. The Equity Interests will be appropriately marketed to potential bidders as set forth above.

35. The Trustee has determined that taking any action pursuant to state law, such as initiating dissolution proceedings, would not maximize the value of the Equity Interests. Further,

9

17-17361-aih    Doc 1232    FILED 11/08/22    ENTERED 11/08/22 15:28:37    Page 9 of 18

the proposed sale will not negatively impact the estate because it will maximize the value of the Equity Interests by generating funds to pay the estate's creditors.

36. Generally, to obtain approval of a proposed sale of assets, the Trustee must demonstrate that the "proffered purchase price is the highest and best offer" under the circumstances of the case. *In re Integrated Resources*, 135 B.R. 746, 750 (Bankr. S.D.N.Y.), *aff'd* 147 B.R. 650 (S.D.N.Y. 1992); *see also In re Wilson Freight Co.*, 30 B.R. 971, 965 (Bankr. S.D.N.Y. 1983) (stating debtor's paramount duty in connection with sale is to obtain the best price).

37. By exposing the Equity Interests to a competitive and interactive bidding process, the trustee will be able to ensure that the best possible price is obtained. Generally, "a competitive auction strongly indicates that a purchaser has paid appropriate value for estate assets." *Pursuit Capital Mgmt. Fund I, L.P. v. Burtch (In re Pursuit Capital Mgmt., LLC)*, 874 F.3d 124, 137 (3d Cir. 2017) (citation omitted); *see also In re Jackus*, 442 B.R. 365, 372 (Bankr. D.N.J. 2011). *Cf. Ready v. Rice*, Nos. L-05-3358, L-05-3398, 2006 U.S. Dist. LEXIS 96202, at *12 (D. Md. Sept. 26, 2006). Here, the bidding procedures mimic those of an auction in that they provide an opportunity for the Interested Parties who placed bids on the Equity Interests to raise their offers in an effort to outbid each other.

38. The Bidding Procedures are intended to create a competitive bidding process that is designed to achieve the highest and best offers for the Equity Interests. The Trustee thus submits that the sale of the Equity Interests pursuant to the Bidding Procedures is in the best interest of the estate, and assures that the Trustee is receiving the highest and best offer of the Equity Interests.

39. Accordingly, the Trustee seeks approval to sell the Equity Interests at an amount obtained in a competitive and interactive bidding process, subject to the terms and conditions set forth in the Bidding Procedures.

**Determination of Purchaser as Good Faith Purchaser Under Section 363(m) of the Bankruptcy Code**

40. A court authorizing a sale of assets pursuant to section 363(m) of the Bankruptcy Code must make a finding with respect to the "good faith" of the purchaser. *See In re Abbotts Dairies*, 788 F.2d 143, 149-50 (3d Cir. 1986). The purpose of this requirement is to facilitate the operation of section 363(m) of the Bankruptcy Code, which provides a safe harbor for purchasers of a debtor's property when the purchase is in "good faith." *See T.C. Inv'rs v. Joseph (In re M Capital Corp.)*, 290 B.R. 743, 752 (B.A.P. 9th Cir. 2003).

41. The process of marketing and selling of the Equity Interests is designed to ensure a good faith sale to a potential purchaser. The Equity Interests will be marketed by the Trustee as set forth above. Among other things, the Bidding Procedures provide for a fair, competitive and interactive bidding process that will ensure an arms-length, good faith sale. Moreover, the Bidding Procedures are designed with the intent of encouraging competitive bidding, thereby maximizing value. Accordingly, if the sale is approved as requested, the Trustee requests that the Court deem that the Winning Bidder for each respective Equity Interests is a good faith purchaser within the purview of section 363(m) of the Bankruptcy Code.

**Approval of Bidding Procedures**

42. The Trustee seeks entry of an order approving the Bidding Procedures. Generally, to obtain approval of a proposed sale of asset, a trustee must demonstrate that the "proffered purchase price is the highest and best offer" under the circumstances of the case. *Integrated Resources*, 135 B.R. at 750.

43. The implementation of competitive bidding procedures to facilitate the sale of a debtor's assets outside of the ordinary course of debtor's business is routinely approved by bankruptcy courts as a means of ensuring that such sale will generate the highest and best return for a debtor's estate. *See* 11 U.S.C. § 105(a); *In re Gould*, 977 F.2d 1038, 1041-42 (7th Cir. 1992) (stating the requirements that the sale be publicly advertised, that bidders supply a ten percent earnest money deposit, and that a purchaser pay the balance of the sale price at closing are routinely competitive bidding procedures in bankruptcy sales); *In re Summit Corp.*, 891 F.2d 1, 5 (1st Cir. 1989) (stating bankruptcy courts have plenary power to provide for competitive bidding); *In re Big Rivers Elec. Corp.*, 213 B.R. 962 (Bankr. W.D. Ky. 1997) (stating bankruptcy court has broad discretion with regard to ordering bidding procedures on sale of such property other than in the ordinary course of business).

44. Approval of the Bidding Procedures will facilitate orderly marketing and bidding for the Equity Interests, and will maximize the value of the Equity Interests and recoveries to the Debtor's creditors.

45. Moreover, the Bidding Procedures serve numerous legitimate purposes. The Bidding Procedures (a) foster competitive bidding among any serious potential purchasers and create a fair and level playing field for all interested bidders; (b) eliminate from consideration purchasers who would waste the estate's time because they would not have the financial ability to consummate the transaction; (c) insure that the highest possible price is obtained for each Equity Interests; and (d) afford broad notice of the proposed sale as possible under the circumstances.

46. Accordingly, the Trustee submits that approving the Bidding Procedures will further the objective of obtaining the highest and best offer for Equity Interests.

**Form and Manner of Bidding Procedures Notice**

47. The Trustee shall serve the Bidding Procedures, attached hereto as **Exhibit 2**, within five business days after entry of an order granting this Motion or by December 12, 2022, whichever is later, upon (a) all parties who have previously expressed an interest in purchasing any of the Equity Interests from the Debtor's Estate; (b) any known members or shareholders of the entities listed on **Exhibit 3**; (c) any entity asserting an interest in any of the Equity Interests; (d) any known secured creditor of the entities listed on **Exhibit 3**; and (e) in accordance with the Noticing Procedures Order, the Master Service List.

48. The Trustee shall also publish a notice identifying the Equity Interests for sale in a general, trade, and/or business publication that the Trustee determines to be most appropriate.

**NOTICE**

49. Notice of this Motion and hearing will be served upon (a) all parties who have previously expressed an interest in purchasing Equity Interests from the Debtor's Estate; (b) any known members or shareholders of the entities listed on **Exhibit 3**; (c) any entity asserting an interest in any of the Equity Interests; (d) any known secured creditor of the entities listed on **Exhibit 3**; and (e) in accordance with the Noticing Procedures Order, the Master Service List.

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit 1**,

1. Granting the Motion;

2. Authorizing and approving the sale of the Equity Interests to the party or parties that submits the highest and best bid(s) in a competitive bidding process subject to the terms and conditions identified in this Motion and Bidding Procedures;

3. Approving the Bidding Procedures;

4. Approving the form and manner of the Bidding Procedures Notice, attached hereto as **Exhibit 2**;

5. Deeming that the Winning Bidder for any of the Equity Interests is a good faith purchaser within the purview of section 363(m) of the Bankruptcy Code;

6. Granting the Trustee such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Marcel C. Duhamel
Marcel C. Duhamel (0062171)
Elia O. Woyt (0074109)
Matthew D. Fazekas (0099693)
VORYS, SATER, SEYMOUR AND PEASE LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
mcduhamel@vorys.com
eowoyt@vorys.com
mdfazekas@vorys.com

*Counsel to the Trustee*

14

# CERTIFICATE OF SERVICE

I certify that on November 8, 2022, a copy of the foregoing *Trustee's Second Motion for Entry of Order (I) Authorizing and Approving Sale of Equity Interests, (II) Approving Competitive and Interactive Bidding Procedures for the Sale of Equity Interests, and (III) Approving Form and Manner of Notice* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers    prakers@vorys.com
- Gregory P. Amend    gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer    alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain    rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker    abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes    abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr    rbarr@koehler.law, syackly@koehler.law
- Jeffrey W. Bieszczak    jwbieszczak@vorys.com
- David T. Brady    DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius    cmbrosius@vorys.com, mdwalkuski@vorys.com
- Kari B. Coniglio    kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey    bknotice@clunkhoose.com
- Richard W. DiBella    rdibella@dgmblaw.com
- Melody A. Dugic    mgazda@hendersoncovington.com
- Marcel C. Duhamel    mcduhamel@vorys.com, mdwalkuski@vorys.com
- Douglas M. Eppler    deppler@walterhav.com
- Bryan J. Farkas    bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com
- Matthew D. Fazekas    mdfazekas@vorys.com
- Scott D. Fink    ecfndoh@weltman.com
- Glenn E. Forbes    bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com
- Stephen R. Franks    amps@manleydeas.com
- Stephen John Futterer    sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Marc P. Gertz    mpgertz@gertzrosen.com, dmichna@gertzrosen.com
- Michael R. Hamed    mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein    hheberlein@porterwright.com, mvitou@porterwright.com
- Dennis J. Kaselak    dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym    bk@hhkwlaw.com
- Jerry R. Krzys    jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Scott B. Lepene    scott.lepene@thompsonhine.com, Christine.Broz@thompsonhine.com;ECFDocket@thompsonhine.com
- Jeffrey M. Levinson    jml@jml-legal.com
- Matthew H. Matheney    mmatheney@porterwright.com, cpeskar@porterwright.com

- Shannon M. McCormick   bankruptcy@kamancus.com
- Michael J. Moran   mike@gibsonmoran.com, moranecf@gmail.com;r55982@notify.bestcase.com
- Heather L. Moseman   heather@mosemanlaw.com
- Kelly Neal   kelly.neal@bipc.com, donna.curcio@bipc.com
- David M. Neumann   dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- Timothy P. Palmer   timothy.palmer@bipc.com, donna.curcio@bipc.com
- Drew T. Parobek   dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft   tpycraft@ccj.com, bowman@ccj.com
- Kirk W. Roessler   kroessler@walterhav.com, kballa@walterhav.com;slasalvia@walterhav.com;deppler@walterhav.com
- John J. Rutter   jrutter@ralaw.com
- Frederic P. Schwieg   fschwieg@schwieglaw.com
- Michael J. Sikora   msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel R. Sinn   nsinn@porterwright.com, cpeskar@porterwright.com
- Robin L. Stanley   rstanley@peteribold.com, Sonya@peteribold.com;Cynthia@peteribold.com;5478@notices.nextchapterbk.com
- Rachel L. Steinlage   rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas   rthomas@hendersoncovington.com, mgazda@hendersoncovington.com
- Stephen G. Thomas   steve@sgtlaw.net, kim@sgtlaw.net
- Andrew M. Tomko   atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole   jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee   (Registered address)@usdoj.gov
- Michael S. Tucker   mtucker@ulmer.com
- Phyllis A. Ulrich   bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Leslie E. Wargo   Leslie@Wargo-Law.com
- Karey Werner   kewerner@vorys.com
- Elia O. Woyt   eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06   maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35   Scott.R.Belhorn@usdoj.gov

And on the following by regular U.S. Mail:

Richard M. Osborne, Jr.
7050 Jackson St.
Mentor, OH 44060

Jerome T. Osborne III
9535 Reedhurst Lane
Mentor, Ohio 44060-7184

Donald R. Whiteman
11440 Robin Wood Lane
Chagrin Falls, OH 44023

OsAir, Inc.
c/o Robert D. Barr
1111 Superior Avenue East
Suite 1360
Cleveland, OH 44114

16

Gregory J. Osborne  
2608 Camden Ct  
Celina, TX 75009-1967  

Dworken & Bernstein Co., L.P.A.  
c/o Howard S. Rabb  
60 South Park Place  
Painesville, OH 44077  

Pete Herzog  
2700 Via Fortuna  
Austin, TX 78746  

Thomas J. Smith  
1750 Harrington Park Drive  
Jacksonville, FL 3225  

Omar Kanaan  
158 Rainbow Drive, Suite 5829  
Livingston, TX 77399  

Angel Macatigos  
158 Rainbow Drive, Suite 5829  
Livingston, TX 77399  

Chris Provost  
2700 Via Fortuna  
Austin, TX 78746  

Legacy Ridge PA LLC  
c/o Corporation Service Company  
50 West Broad Street, Suite 1330  
Columbus, OH 43215  

Citizens Bank, N.A.  
c/o Corporation Service Company  
50 West Broad Street  
Suite 1330  
Columbus, OH 43215  

Mark Grossi  
2915 Rocky Ridge Dr  
Westlake, OH 44145-6840  

Martin Hathy  
8185 Lake Shore Blvd  
Mentor, OH 44060-1417  

2020 Train Avenue, Inc. n/k/a ROMH Enterprises, Inc.  
c/o Melvyn E. Resnick  
153 E. Erie St, 3rd Floor  
Painesville, OH 44077  

Michael Osborne  
9610 Hobart Rd  
Waite Hill, OH 44094  

Loreto Development Company  
Attn: Loreto Iafelice, Jr.  
2794 Som Center Rd,  
Willoughby Hills, OH 44094  

Huron Lime Company, LLC  
P.O. Box 658  
Mentor, OH 44061  

Huron Lime, Inc.  
P.O. Box 658  
Mentor, OH 44061  

First National Bank of Pennsylvania  
Attn: Legal Dept.  
3015 Glimcher Blvd.  
Hermitage, PA 16148  

Huntington National Bank  
17 S. High St.  
Columbus, OH 43215

Erie Bank
c/o CNB Bank
One South Second Street
Clearfield, PA 16830

JTO Materials, LLC
c/o RAR Statutory Service Corp.
6685 Beta Drive
Cleveland, OH 44143

26 Broadway LLC
c/o Jordan Berns
3733 East Drive, Suite 200
Beachwood, OH 44122

Wuliger & Wuliger, LLC
2003 St. Clair Ave
Cleveland, OH 44114

Diane M. Osborne
8255 Morley Road
Mentor, OH 44060

Scott Enterline
12 Pinoak Drive
Oil City, PA 16301

Louie V, LLC
c/o Beth Osborne
7321 Markell Road
Waite Hill, OH 44094

Osborne, Inc.
c/o Dworken & Bernstein
60 South Park Place
Painesville, OH 44077

Brandon D.R. Dynes
1282 W. 58th Street
Cleveland, OH 44102

Willoughby, LLC
c/o Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, OH 44077

Independence Bank
PO Box 318048
4401 Rockside Road
Independence, OH 44131

Premier Bank
c/o Corporate Creations Network Inc.
119 E. Court Street
Cincinnati, OH 45202

Jarratt Associates, Inc.
c/o William T. Jarratt
108 N. Lafayette
South Lyon, MI 48178

Walton Hills Green Transfer, LLC
c/o RAR Statutory Service Corp.
6685 Beta Drive
Cleveland, OH 44143

Todd Randolph
105 Pleasant Drive
Pleasant Twp, PA 16365

Mentor Lumber and Supply Co.
c/o Reed. H. Martin
Mentor, OH 44060

Brandon D.R. Dynes
c/o Bridey Matheney
1282 W. 58th Street
Cleveland, OH 44102

/s/ Marcel C. Duhamel
Marcel C. Duhamel (0062171)