# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 17-17361 |
| | ) | |
| RICHARD M. OSBORNE, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Arthur I. Harris |

## TRUSTEE'S MOTION FOR MODIFICATION OF SALE ORDER AND APPROVAL OF COMPROMISE

Kari B. Coniglio (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Richard M. Osborne (the "Debtor"), seeks approval to compromise the claims between and among the Trustee and Earl R. Davis ("Davis") related to the dispute related to the above-captioned case, as further described herein. In support of this Motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief requested is Fed. R. Bankr. P. 9019.

## FACTUAL BACKGROUND

4. On November 1, 2022, the Trustee filed her *Motion of Trustee to Sell Personal Property (Membership Interests in Tatonka Oil Company LLC)* (the "Motion to Sell") seeking authority to sell the Debtor's membership interests in Tatonka Oil Company LLC (the "Membership Interests") to Legacy OGM LLC ("Legacy") for $100,000.00.

5. Pursuant to the Motion to Sell, the Trustee would entertain higher and better bids for the Membership Interests until November 29, 2022 (the "Bid Deadline").

6. Davis submitted a bid for the Membership Interests prior to the Bid Deadline by delivering a signed copy of the Membership Interests Purchase Agreement (the "MIPA") to the Trustee.

7. Hammerhead Holdings LLC ("Hammerhead") submitted a bid for the Membership Interest prior to the Bid Deadline.

8. In order to resolve the competing bids among Legacy, Davis, and Hammerhead, the Trustee conducted an auction on December 5, 2022 (the "Auction"). The Trustee did not receive any objections prior to, during, of after the Auction.

9. At the Auction, Davis bid $690,000.00, Legacy bid $680,000.00, and Hammerhead bid $210,000.00.

10. Prior to the Auction, Davis provided the Trustee with financial information indicating sufficient funds to close the transaction at the Purchase Price (as defined below).

11. Based upon Davis' bid, the Trustee declared Davis the winning bidder.

12. On December 6, 2022, the Court held a hearing on the Motion to Sell where the Trustee requested that the Court approve a sale of the Membership Interests to Davis.

13. On December 8, 2022, the Court entered an order (the "Sale Order") authorizing the Trustee to sign the MIPA to Davis.

14. On December 9, 2022, the Trustee executed the MIPA.

15. Pursuant to the express terms of the MIPA, Davis was required to pay the Trustee $690,000.000 (the "Purchase Price") on or before December 16, 2022.

16. Davis failed to pay the Purchase Price on or before December 16, 2022, thereby materially breaching the MIPA.

17. Without waiving her rights to enforce the terms of the MIPA, the Trustee agreed to forebear enforcing her rights under the MIPA if Davis paid her the Purchase Price on or before December 27, 2022.

18. Davis did not pay the Purchase Price to the Trustee on or before December 27, 2022.

19. In an effort avoid litigation over the Purchase Price and with Trustee's desire being to achieve maximum recovery for the bankruptcy estate from the sale of the Membership Interests, the Trustee and Davis entered into negotiations.

20. As a result of these negotiations, the Trustee and Davis agreed to resolve this dispute (the "Settlement") as follows:

    a. Davis will pay to the Trustee a non-refundable deposit of $250,000.00 by 4:00 p.m. on January 6, 2023.[1]

    b. Davis will confess to judgment in the amount of $440,000.00, in which he will waive all defenses and claims, including any defense of failure to mitigate, and will consent to jurisdiction and venue in the Northern District of Ohio.[2]

    c. The Trustee will file a motion seeking to modify the Sale Order. To the extent the Court denies that motion, the MIPA will remain in force and unmodified, and Davis will forfeit the deposit.

---

[1] This Motion is being filed prior to such deadline. If Davis does not pay the $250,000 deposit by 4:00 p.m. on January 6, 2023, then the Trustee intends to withdraw this Motion and seek damages against Davis under the MIPA and/or confession of judgment set forth in item b.

[2] Davis has already delivered a copy of such confession of judgment to the Trustee.

3

    d. Assuming payment of the $250,000 deposit is timely made by Davis in accordance with the foregoing, the Trustee will forebear from exercising her rights under the MIPA until January 31, 2023. If Davis fails to pay the remaining balance of $440,000.00 on or before January 31, 2023, then Davis will forfeit the deposit and the Trustee will file the Confession of Judgment and will take all appropriate steps to collect on that judgment.

21. Accordingly, through this Motion, the Trustee requests that the Court modify the Sale Order allowing the Trustee to sell the Membership Interests to Davis pursuant to the terms of the Settlement, and enter an Order approving the Settlement. Specifically, if Davis pays the full Purchase Price of $690,000.00 to the Trustee in accordance with the Settlement on or before January 31, 2023, then the Trustee, after the Trustee has verified the funds and notwithstanding the terms of the MIPA, seeks authority to convey the Membership Interests to Davis through execution of the Assignment of Membership Interests substantially in the form attached as Exhibit A to the MIPA. Additionally, the Trustee seeks the authority to execute, in her sole and absolute discretion, an amendment to the MIPA or an amended and restated MIPA providing for the due date of January 31, 2023 for Davis' tender of the Purchase Price to the Trustee, provided that the first $250,000.00 be received on or before 4:00 p.m. on January 6, 2023 in accordance with the Settlement.

## LEGAL DISCUSSION

### Standard of Review

22. Bankruptcy Rule 9019(a) authorizes a bankruptcy court to approve compromises or settlements as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States

trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

23. A bankruptcy court has "an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable." *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988). *See also In re Horvath*, No. 13-34137, 2015 Bankr. LEXIS 654, at *27 (N.D. Ohio Mar. 3, 2015) (quoting *Protective Committee for Indep. Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968)).

24. A trustee has the burden of persuading a court that a compromise is fair and equitable, and thus be approved. *Horvath*, 2015 Bankr. LEXIS 654, at *29 (citation omitted).

25. Courts consider the following factors when determining whether a compromise or settlement is fair and equitable:

(1) the probability of success in litigation;
(2) the difficulties, if any, to be encountered in collecting any judgments that might be rendered;
(3) the complexity of the litigation involved, as well as the expense, inconvenience and delay necessarily attendant to the litigation; and
(4) the paramount interests of creditors with proper deference to their reasonable views.

*McGraw v. Yelverton (In re Bell & Beckwith)*, 87 B.R. 476, 478 (N.D. Ohio 1988) (citation omitted).

26. In considering these factors, a court "does not resolve disputed factual and legal issues, nor should it substitute its judgment for that of the trustee," but it should "canvass the issues and determine whether the proposed settlement "'falls below the lowest point in the range of reasonableness.'" *Horvath*, 2015 Bankr. LEXIS 654, at *28–29 (quoting *McGraw*, 87 B.R. at 478–79; *In re Nicole Gas Prod., Ltd.*, 518 B.R. 429, 441 (Bankr. S.D. Ohio 2014)). In other words, a court must inquire whether the compromise is in the best interest of the estate. *McGraw*, 87 B.R. at 478.

## Application

### Probability of Success in Litigation

27. This factor weighs in favor of approval of the Settlement. While the Trustee believes that she will ultimately prevail in any litigation against Davis, she recognizes the chance that she may lose and recover nothing. The Trustee would have to overcome any of Davis' denials, and any affirmative defenses. This would require the Trustee to expend significant funds. The Trustee believes that the Settlement provides a roadmap for obtaining the most sale proceeds for the Membership Interests, i.e., the Purchase Price, albeit on a slightly delayed basis than initially envisioned by the MIPA.

### Difficulty in Collecting Judgment

28. This factor weighs heavily in favor of approval of the Settlement. In this case, in addition to the potential for administrative expenses relating to legal briefing, discovery, and court appearances. Additionally, Davis is a New York citizen. While he has consented to jurisdiction in the Northern District of Ohio, any collection actions may require the Trustee to initiate litigation in a New York court. This would require additional expenses, as well as the potential for additional disputes.

29. Moreover, Davis' failure to pay the Purchase Price timely indicates that he may lack assets to pay the Purchase Price in full. If Davis pays the Trustee the deposit on or before January 6, 2023, she will recover a portion of the Purchase Price prior to having to initiate additional litigation. This deposit alone is greater than what she would have received at the Auction because without Davis' bids, the winning bid would have been $210,000.00.

Complexity, Expense, and Inconvenience of Litigation

30. This factor strongly weighs in favor of approval of the Settlement. As explained above, absent a settlement, the Trustee could expend significant time and expense enforcing her rights under the MIPA. Likewise, the Trustee would incur significant time and expense in moving for summary judgment. Additionally, she may be unable to collect on any favorable judgment. The Settlement allows the estate to recover the full amount of the Purchase Price without the need for further litigation expenses. Therefore, the expense and delay of this case support approval of the Settlement.

Interests of Creditors

31. This factor weighs heavily in favor of approval of the Settlement. Here, the compromise will avoid both the time and administrative expenses. If the Settlement is not approved, there is a significant likelihood that the Debtor's estate will incur substantial administrative expenses and recover nothing. The creditors of the estate will be benefited by the compromise.

32. For the foregoing reasons, the Trustee requests that the Court enter an order approving this compromise and modifying the Sale Order as set forth in this Motion.

Respectfully submitted,

/s/ Marcel C. Duhamel
Marcel C. Duhamel (0062171)
Elia O. Woyt (0074109)
Matthew D. Fazekas (0099693)
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, Ohio 44114
(216) 479-6100
(216) 479-6060 (facsimile)
mcduhamel@vorys.com
eowoyt@vorys.com
mdfazekas@vorys.com

*Counsel to the Trustee*

**CERTIFICATE OF SERVICE**

I certify that on January 5, 2023, a copy of the foregoing *Trustee's Motion for Modification of Sale Order and Approval of Compromise* was served via the Court's Electronic Case Filing System on the following who are listed on the Court's Electronic Mail Notice List:

- Patrick R. Akers    patrick.akers@moyewhite.com
- Gregory P. Amend    gamend@bdblaw.com, grichards@bdblaw.com
- Alison L. Archer    alison.archer@ohioattorneygeneral.gov, Trish.Lazich@ohioattorneygeneral.gov;angelique.dennis-noland@ohioattorneygeneral.gov
- Richard M. Bain    rbain@meyersroman.com, mnowak@meyersroman.com;jray@meyersroman.com
- Adam S. Baker    abakerlaw@sbcglobal.net, adam@bakerlaw.us;abakerlaw@gmail.com
- Austin B. Barnes    abarnes@sandhu-law.com, bk1notice@sandhu-law.com
- Robert D. Barr    rbarr@koehler.law, syackly@koehler.law
- Jeffrey W. Bieszczak    jwbieszczak@vorys.com
- David T. Brady    DBrady@Sandhu-Law.com, bk1notice@sandhu-law.com
- Carrie M. Brosius    cmbrosius@vorys.com, mdwalkuski@vorys.com
- Thomas W. Coffey    tcoffey@tcoffeylaw.com
- Kari Balog Coniglio    kbconiglio@vorys.com, mdwalkuski@vorys.com;kbc@trustesolutions.net;jncash2@vorys.com
- LeAnn E. Covey    bknotice@clunkhoose.com
- Richard W. DiBella    rdibella@dgmblaw.com
- Melody A. Dugic    mdugic@hendersoncovington.com
- Marcel C. Duhamel    mcduhamel@vorys.com, mdwalkuski@vorys.com
- Douglas M. Eppler    deppler@walterhav.com, mzitnik@walterhav.com
- Bryan J. Farkas    bjfarkas@vorys.com, bjfarkas@vorys.com;savasquez@vorys.com;mdwalkuski@vorys.com
- Matthew D. Fazekas    mdfazekas@vorys.com, mdwalkuski@vorys.com
- Scott D. Fink    ecfndoh@weltman.com
- Glenn E. Forbes    bankruptcy@geflaw.net, gforbes@geflaw.net;r45233@notify.bestcase.com
- Stephen R. Franks    amps@manleydeas.com
- Stephen John Futterer    sjfutterer@sbcglobal.net, r43087@notify.bestcase.com
- Marc P. Gertz    mpgertz@gertzrosen.com, ptsarnas@gertzrosen.com
- Michael R. Hamed    mhamed@kushnerhamed.com, kgross@kushnerhamed.com
- Heather E. Heberlein    hheberlein@porterwright.com, mvitou@porterwright.com
- Dennis J. Kaselak    dkaselak@peteribold.com, Cynthia@peteribold.com
- Christopher J. Klym    bk@hhkwlaw.com
- Jerry R. Krzys    jkrzys@hendersoncovington.com, jerrykrzys@gmail.com
- Scott B. Lepene    scott.lepene@thompsonhine.com, Laura.Montgomery@thompsonhine.com;ECFDocket@thompsonhine.com
- Matthew H. Matheney    mmatheney@porterwright.com, mvitou@porterwright.com
- Shannon M. McCormick    bankruptcy@kamancus.com

- Michael J. Moran     mike@gibsonmoran.com, moranecf@gmail.com;r55982@notify.bestcase.com
- Heather L. Moseman     heather@mosemanlaw.com
- Kelly Neal     kelly.neal@bipc.com, donna.curcio@bipc.com;eservice@bipc.com
- David M. Neumann     dneumann@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com
- Timothy P. Palmer     timothy.palmer@bipc.com, donna.curcio@bipc.com;eservice@bipc.com
- Drew T. Parobek     dtparobek@vorys.com, mdwalkuski@vorys.com
- Tricia L. Pycraft     tpycraft@ccj.com, giess@ccj.com
- Michael P. Quinlan     mquinlan@mggmlpa.com, cvacar@mggmlpa.com
- Kirk W. Roessler     kroessler@porterwright.com, kballa@porterwright.com;slasalvia@porterwright.com
- John J. Rutter     jrutter@ralaw.com
- Frederic P. Schwieg     fschwieg@schwieglaw.com
- Michael J. Sikora     msikora@sikoralaw.com, aarasmith@sikoralaw.com
- Nathaniel Sinn     nsinn@porterwright.com, cpeskar@porterwright.com
- Robin L. Stanley     rstanley@peteribold.com, 5478@notices.nextchapterbk.com
- Rachel L. Steinlage     rsteinlage@meyersroman.com, jray@meyersroman.com;mnowak@meyersroman.com;rbain@meyersroman.com
- Richard J. Thomas     rthomas@hendersoncovington.com, dciambotti@hendersoncovington.com
- Andrew M. Tomko     atomko@sandhu-law.com, bk1notice@sandhu-law.com
- Jeffrey C. Toole     jtoole@bernsteinlaw.com, lyoung@bernsteinlaw.com
- United States Trustee     (Registered address)@usdoj.gov
- Michael S. Tucker     mtucker@ulmer.com
- Phyllis A. Ulrich     bankruptcy@carlisle-law.com, bankruptcy@carlisle-law.com
- Emma Mae Walton     ewalton@porterwright.com
- Leslie E. Wargo     Leslie@Wargo-Law.com
- Karey Werner     kewerner@vorys.com
- Elia O. Woyt     eowoyt@vorys.com, eowoyt@vorys.com;mdwalkuski@vorys.com
- Maria D. Giannirakis ust06     maria.d.giannirakis@usdoj.gov
- Scott R. Belhorn ust35     Scott.R.Belhorn@usdoj.gov

And by regular U.S. Mail on the following:

Legacy OGM LLC
1086 N. 4th Street, Suite 109
Columbus, OH 43201

Brandon D.R. Dynes
c/o Bridey Matheney
1282 W. 58th Street
Cleveland, OH 44102

Brandon D.R. Dynes
1282 W. 58th Street
Cleveland, OH 44102

Earl R. Davis
295 Madison Avenue, 12th FL
New York, NY 10017

10

Mary K. Whitmer
Whitmer & Ehrman LLC
2344 Canal Road, Suite 401
Cleveland, OH 44113

/s/ Marcel C. Duhamel
Marcel C. Duhamel (0062171)